# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>               Plaintiff,<br>vs.<br><br>JAKKS PACIFIC, INC., JAKKS PACIFIC (H.K.) LIMITED, ROAD CHANMPS LIMITED, THQ, INC., THQ/JAKKS PACIFIC L.L.C., THE JOINT VENTURE OF THQ, INC., STANLEY SHENKER ASSOCIATES, INC., STANLEY SHENKER, BELL LICENSING, L.L.C., JAMES BELL, JACK FRIEDMAN, STEPHEN BERMAN and JOEL BENNETT,<br>               Defendants. | Civil Action No. 1:04-cv-08223-KMK<br>Electronically Filed |
| LYDIA GARCIA, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>vs.<br><br>JAKKS PACIFIC, INC., JACK FRIEDMAN, STEPHEN BERMAN and JOEL BENNETT,<br><br>               Defendants. | Civil Action No. 1:04-cv-08807-KMK<br>Electronically Filed |

(captions continued on following page)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF QUANTUM EQUITIES LLC AND FRANK WHITING FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

388329

| | |
|---|---|
| QUANTUM EQUITIES L.L.C., individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>vs.<br><br>JAKKS PACIFIC, INC., JACK FRIEDMAN, STEVEN G. BERMAN and JOEL M. BENNETT,<br><br>        Defendants. | Civil Action No. 1:04-cv-08877-KMK<br>Electronically Filed |
| JAMES T. KAHN, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>vs.<br><br>JAKKS PACIFIC, INC., JACK FRIEDMAN, JOEL BENNETT and STEPHEN BERMAN,<br><br>        Defendants. | Civil Action No. 1:04-cv-08910-KMK<br>Electronically Filed |
| JONCO INVESTORS, LLC, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>JAKKS PACIFIC, INC., JACK FRIEDMAN, STEPHEN BERMAN and JOEL BENNETT,<br><br>       Defendants. | Civil Action No. 1:04-cv-09021-KMK<br>Electronically Filed |
| JAMES IRVINE, individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>JAKKS PACIFIC, INC., JACK FRIEDMAN, STEPHEN BERMAN and JOEL BENNETT,<br><br>       Defendants. | |

388329

## TABLE OF CONTENTS

**PAGE NO.**

Table of Authorities ................................................................................................... ii

INTRODUCTION ......................................................................................................... 1

PROCEDURAL BACKGROUND ............................................................................... 2

STATEMENT OF FACTS ............................................................................................ 2

ARGUMENT ................................................................................................................. 6

I.     MOVANTS QUANTUM EQUITIES LLC AND FRANK
WHITING SHOULD BE APPOINTED LEAD PLAINTIFF ............................. 6

     A.    The Procedure Required By the PSLRA ................................................ 6

     B.    Movants Quantum Equities LLC and Frank Whiting
Satisfy the "Lead Plaintiff" Requirements of the PSLRA ..................... 7

          1.    Movants Quantum Equities LLC and Frank
Whiting Have Complied With the PSLRA
and Should Be Appointed Lead Plaintiff ................................... 7

          2.    Movants Have the Largest Financial
Interest in the Relief Sought By the Class ................................. 8

          3.    Movants Otherwise Satisfy Rule 23 ......................................... 8

II.    THE COURT SHOULD APPROVE MOVANTS
QUANTUM EQUITIES LLC AND FRANK WHITING'S
CHOICE OF COUNSEL ................................................................................... 11

CONCLUSION ............................................................................................................ 12

i

388329

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

Avagliano v. Sumitomo Shoji America, Inc.,
    103 F.R.D. 562 (S.D.N.Y. 1984) ...................................................................9

Bishop v. New York City Department of Housing Preservation and Development,
    141 F.R.D. 229 (S.D.N.Y. 1992) ...................................................................9

In re Cable & Wireless, PLC, Securities Litigation,
    217 F.R.D. 372 (E.D. Va. 2003) ...................................................................9

In re Drexel Burnham Lambert Group, Inc.,
    960 F.2d 285 (2d Cir. 1992), cert. dismissed sub nom 506 U.S. 1088 (1993) ..............9

Fischler v. Amsouth Bancorporation,
    1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) .................................................9

Garfinkel v. Memory Metals, Inc.,
    695 F. Supp. 1397 (D. Conn. 1988).........................................................................10

Greebel v. FTP Software,
    939 F. Supp. 57 (D. Mass. 1996) ...........................................................................7

Lax v. First Merchants Acceptance Corp.,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997).................................................9

In re MicroStrategy Inc. Securities Litigation,
    110 F. Supp. 2d 427 (E.D. Va. 2000) .......................................................................9

Walsh v. Northrup-Grumman Corp.,
    162 F.R.D. 440 (E.D.N.Y. 1995)..............................................................................10

Zaltzman v. Manugistics Group, Inc.,
    1998 U.S. Dist. LEXIS 22867 (D. Md. Oct. 8, 1998)………………….......................9


**STATUTES**

Private Securities Litigation Reform Act ("PSLRA")
    15 U.S.C. § 78u-4(a)(3) ...................................................................... passim

Federal Rules of Civil Procedure
    Rule 42 (a)........................................................................................................4

388329

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF QUANTUM EQUITIES
LLC AND FRANK WHITING FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Plaintiffs Quantum Equities LLC and Frank Whiting submit this memorandum of law in support of their motion for: (i) consolidation; (ii) appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of Lead Plaintiff's selection of Lead Counsel.

## INTRODUCTION

This Action is a securities fraud class action brought against certain officers and/or directors (all collectively, "Defendants") of Jakks Pacific, Inc. ("Jakks" or the "Company"), alleging violations of Sections 10(b) and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder, on behalf of a class (the "Class") consisting of all persons, other than defendants, who acquired Jakks securities during the period from October 26, 1999 to October 19, 2004, inclusive (the "Class Period").

Movants Quantum Equities LLC and Frank Whiting ("Movants") acquired 67,250 shares of Jakks common stock during the Class Period and suffered $624,125.63 in losses as a result of Defendants' misconduct. Movants herein seek Court approval of their appointment as Lead Plaintiff and their selection of Lead Counsel for plaintiffs and the Class as set forth herein. As discussed below, movants have satisfied each of the requirements of the PSLRA and, therefore, are qualified for appointment as Lead Plaintiff in this Action.

388329

## PROCEDURAL BACKGROUND

On October 19, 2004, the plaintiff in the <u>Garcia</u> action[1] filed a complaint on behalf of a class consisting of all persons who purchased the securities of Jakks during a proposed Class Period of between February 17, 2004 and October 19, 2004, inclusive. [Movant Quantum Equities LLC filed a related case with the expanded Class Period of between October 26, 1999 and October 19, 2004, inclusive.] Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on November 5, 2004, plaintiff in the <u>Garcia</u> action published notice of the pendency of the action over a widely-available, national business-oriented newswire service, <u>Business Wire</u>, advising members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice. <u>See</u> Bruckner Decl., Ex. A. Movants are filing their motion within the 60-day period following publication of the November 5, 2004 notice given by plaintiff therein.

## STATEMENT OF FACTS[2]

Jakks is a multi-line, multi-brand toy company that designs, develops, produces and markets toys and related products. The focus of the Company's business is on acquiring or licensing well-recognized trademarks and brand names with long product histories. Jakks products are typically simpler, lower-priced, toys and accessories. Jakks corporate offices are located at 22619 Pacific Coast Highway, Malibu, California 90265. The Company also participates in a joint venture with THQ Inc. that has exclusive worldwide rights to publish and market WWE video games. In addition, the Company sells action figures and accessories including licensed characters, principally based on WWE among others.

---

[1]    <u>Lydia Garcia. v. Jakks Pacific, Inc., et al.,</u> 04-cv-08807-KMK.

[2]    All facts are taken from the complaint styled <u>Quantum Equities LLC v. Jakks Pacific, Inc., et al.,</u> 04-cv-08877-KMK.

388329

Throughout the Class Period, defendants issued statements, press releases and filed reports with the SEC describing the Company's business operations and financial condition. These representations were materially false and misleading throughout the Class Period because the defendants failed to disclose and misrepresented the following adverse facts: (a) the Company had obtained the WWE license as a result of its participation in an illicit bribery scheme; (b) the Company's success in obtaining at least one lucrative license was not reflective of the Company's ability to enter into licensing agreements through arms-length transactions but was, instead, reflective of the Company's perpetration of an unsustainable business tactic; (c) discovery of the Company's participation in the bribery scheme would substantially impact the Company's past, present and future revenue stream from the WWE license as the terms of the license could be materially modified, or revoked in its entirety, and the Company would be exposed to significant liability in the form of damages sought by WWE; (d) the Company's viability as an ongoing business operation would be materially impacted by potential business partners' reluctance to conduct business with an entity involved in such a bribery scheme; and (e) the Company's revenues and earnings would have been significantly less had the Company not engaged in the bribery scheme.

On October 19, 2004, at 3:00 a.m., the Company issued a press release entitled, "JAKKS Pacific Reports Third Quarter 2004 Financial Results" wherein the Company announced "record results" including a 128.2% increase in net sales for the third quarter and an increase of 148.8% in reported income for the third quarter 2004 as compared to the same period in 2003. In the press release, defendant Berman commented on the Company's financial performance as follows:

> We are pleased with the performance of our new products obtained through the acquisition of Play Along, including our new Cabbage

Patch Kids(R) dolls and Care Bears(R) plush and preschool learning toys.

Our ability to reinvent and expand our portfolio of brands is most evident in our traditional toys segment, which includes action figures, wheels, TV Games and plush dolls. We have maintained our industry-leading position in TV Games, and expect to continue to capitalize on this growing market in the coming quarters through innovation and new products based on top current and retro licenses. By the end of 2004, we will have a total of 12 TV Games(TM) products in the market, up from four at the end of 2003. We have also begun to expand our distribution of the games to international markets, including Europe, Australia and New Zealand. Looking to 2005, JAKKS will be introducing over 20 new exciting titles.

We are very encouraged about the upcoming holiday season based on early responses from our retail partners. We anticipate that Care Bears, Cabbage Patch Kids and TV Games will top several `Hot Toy' lists for the 2004 holiday season, as they have been named to several already. We have secured prime placement at retailers nationwide for our TV Games line in the fourth quarter of this year, and expect our plush toys and World Wrestling Entertainment product lines, as well as other lines, to perform very well.

Our strong performance led to $86.4 million in cash flow from operations during the first nine months of 2004. We have over $218.5 million of working capital, including cash and equivalents and marketable securities of $151.9 million. Given the increasing strength of our balance sheet, we are well positioned to take advantage of acquisition opportunities and to continue to deliver both sales and earning expansion throughout 2004 and beyond.

At the end of the lengthy press release, after the many positive comments regarding the

Company's performance, the press release stated:

The Company also announced that it is engaged in discussions with WWE concerning the restructuring of its toy license and with WWE and THQ with respect to the restructuring of the JAKKS THQ Joint Venture video games license agreement with WWE. The discussions are an outgrowth of certain litigation that has been pending between WWE and a former licensing consultant to WWE and a former employee of WWE, to which the Company is not a party. WWE has raised questions about the validity of the licenses as a result of certain transactions between the Company and that

4

> licensing consultant that occurred more than six years ago. The
> Company has denied any wrongdoing in connection with the
> transactions with the licensing consultant and maintains that they
> were unrelated to either the toy or video game license. If the
> discussions are satisfactorily concluded, the restructuring of the
> licenses may have an impact on the Company's future revenues
> and net income to an extent that is presently unknown. If the
> discussions with WWE and THQ are not satisfactorily concluded,
> the Company anticipates that litigation is likely to be commenced
> by WWE challenging the validity of the licenses and seeking
> compensatory and punitive damages, in which event the Company
> intends to vigorously defend itself against claims which it believes
> are without merit.

The Company's ambiguous statement regarding "certain litigation" between parties other than itself failed to disclose the true nature of the dispute between itself and WWE and completely disclose the full extent to which the dispute impacted the Company's past, present and future business operations.  The October 19th press release's failure to serve as adequate disclosure is evidenced by the trading activity of the Company's stock that same day, when the price of the Company's stock opened flat, without change, from the prior day's closing price.

Later on October 19, 2004, WWE commenced a civil action against Jakks.  The commencement of the WWE lawsuit was the first complete disclosure setting forth the full extent of the seriousness of the allegations made against the Company.

On October 19, 2004, at 9:51pm, Jakks issued a press release in response to the WWE lawsuit.  The press release stated:

> JAKKS Pacific, Inc. announced that a civil lawsuit was filed in the
> United States District Court for the Southern District of New York
> yesterday afternoon by World Wrestling Entertainment, Inc.
> ("WWE") concerning the video game license between WWE and
> the joint venture company operated by the Company and THQ,
> Inc. and the toy license between the Company and WWE. The
> Company denies any allegations of wrongdoing and believes that it
> will be completely vindicated in the litigation, and looks forward
> to having the claims against it dismissed. The Company will
> continue to devote its full energies and resources to bringing its

5

388329

outstanding products to market during the busy holiday season and beyond.

With the additional information provided to the marketplace through the WWE lawsuit, the market's reaction was strong and swift. On October 20, 2004, the first trading day in which the investing public had knowledge of the full extent of Jakks participation in the purported bribery scheme, the Company's stock opened for trading at $15.28, down $3.53 per share from the previous day's close. The stock would close at $12.96 per share on October 20, 2004.

## ARGUMENT

**I.     MOVANTS QUANTUM EQUITIES LLC AND FRANK WHITING SHOULD BE APPOINTED LEAD PLAINTIFF**

### A.     The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Garcia action caused notice to be published via Business Wire on November 5, 2004. See Bruckner Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing

6

the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).  In determining the "most adequate

plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate
> plaintiff in any private action arising under this title is the person
> or group of persons that --
>
> (aa)     has either filed the complaint or made a motion in response
> to a notice . . .
>
> (bb)     in the determination of the court, has the largest financial
> interest in the relief sought by the class; and
>
> (cc)     otherwise satisfies the requirements of Rule 23 of the
> Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D.

Mass. 1996).

### B.     Movants Quantum Equities LLC and Frank Whiting Satisfy the "Lead Plaintiff" Requirements of the PSLRA

#### 1.     Movants Quantum Equities LLC and Frank Whiting Have Complied With the PSLRA and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein

under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on January 4, 2005.  Pursuant to the provisions

of the PSLRA and within the requisite time frame after publication of the required notice

(published on November 5, 2004), Movant herein timely move this Court to be appointed Lead

Plaintiff on behalf of all members of the Class.

Movants have duly signed and filed certifications stating that they have reviewed the

complaint filed in the action and are willing to serve as a representative party on behalf of the

Class.  See Bruckner Decl., Ex. B.  In addition, Movants have selected and retained experienced

and competent counsel to represent itself and the Class.  See Bruckner Decl., Ex. C.

7

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and selection of counsel, as set forth herein, considered and approved by the Court.

### 2.    Movants Have the Largest Financial Interest in the Relief Sought By the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, Movants Quantum Equities LLC and Frank Whiting acquired 67,250 shares of Jakks common stock and thereby suffered $624,125.63 in losses as a result of Defendants' misconduct. Movants herein have a significant financial interest in this case.

Movants have not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's common stock. Therefore, Movants satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.    Movants Otherwise Satisfy Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the
interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy –
directly address the personal characteristics of the class representative. Consequently, in
deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and
adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the
lead plaintiff moves for class certification. Lax v. First Merchants Acceptance Corp., 1997 U.S.
Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997); Fischler v. Amsouth Bancorporation, 1997
U.S. Dist. LEXIS 2875, at *7-*8 (M.D. Fla. Feb. 6, 1997); Zaltzman v. Manugistics Group, Inc.,
1998 U.S. Dist. LEXIS 22867, at *20 (D. Md. Oct. 8, 1998).

Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby
justifying their appointment as lead plaintiff. Under Rule 23(a)(3), the claims or defenses of the
representative parties must be typical of those of the class. Typicality exists if claims "arise from
the same course of events, and each class member makes similar legal arguments to prove the
defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d
Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993); In re Cable & Wireless, PLC, Sec.
Litig., 217 F.R.D. 372, 375 (E.D. Va. 2003); In re MicroStrategy Inc. Sec. Litig., 110 F. Supp. 2d
427, 435-36 (E.D. Va. 2000). However, the claims of the class representative need not be
identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are
> factual dissimilarities or variations between the claims of the
> named plaintiffs and those of other class members, including
> distinctions in the qualifications of the class members.

Bishop v. New York City Dep't of Hous. Pres. and Dev., 141 F.R.D. 229, 238 (S.D.N.Y. 1992).
See also Avagliano v. Sumitomo Shoji America, Inc., 103 F.R.D. 562, 582 (S.D.N.Y. 1984).

9

Movants seek to represent a class of all persons, other than defendants, who acquired Jakks securities during the Class Period, who have identical, non-competing and non-conflicting interests. Movants satisfy the typicality requirement because they: (i) acquired Jakks securities during the Class Period; (ii) at a price allegedly artificially inflated as a result of Defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Movants "arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." Walsh v. Northup-Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by : (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Garfinkel v. Memory Metals, Inc., 695 F. Supp. 1397, 1405 (D. Conn. 1988).

Here, Movants are adequate representatives of the class. As evidenced by the injury suffered by Movants, which acquired Jakks securities at prices allegedly artificially inflated by Defendants' violations of the federal securities laws, the interests of Movants clearly aligned with the members of the class, and there is no evidence of any antagonism between Movants' interests and those of the other members of the class. In addition, as shown below, Movants proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movants prima facie satisfy the commonality, typicality and adequacy requirements of Rule 23.

388329

Clearly, the Proposed Lead Plaintiff satisfies all prongs of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii).

## II.    THE COURT SHOULD APPROVE MOVANTS QUANTUM EQUITIES LLC AND FRANK WHITING'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. In that regard, Movants have selected and retained Wolf Haldenstein Adler Freeman & Herz LLP to serve as Lead Counsel for the Class. This firm has extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts. See Bruckner Decl., Ex. C.

Because there is nothing to suggest that Movants or their counsel will not fairly and adequately represent the Class, or that Movants are subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Act – this Court should appoint Movants as Lead Plaintiff and approve their selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel for the Class.

388329

## CONCLUSION

For the foregoing reasons, Movants request that the Court: (i) consolidate the related actions; (ii) appoint Movants Quantum Equities LLC and Frank Whiting as Lead Plaintiff in the Action; and (iii) approve Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel for the Class.

DATED:  January 4, 2005
        New York, New York

                                  Respectfully submitted,

                                  **WOLF HALDENSTEIN ADLER
                                  FREEMAN & HERZ LLP**


                                  By: _____
                                       Fred Taylor Isquith, Esq.
                                       Gustavo Bruckner, Esq.
                                       Christopher Hinton, Esq.
                                  270 Madison Avenue
                                  New York, New York 10016
                                  Telephone:  (212) 545-4600
                                  Facsimile:  (212) 545-4653

                                  **Proposed Lead Counsel**

                                  Louis F. Burke, Esq.
                                  **Louis F. Burke P.C.**
                                  460 Park Avenue, 21st Floor
                                  New York, NY 10022
                                  Telephone: 212/682-1700
                                  Facsimile: 212/808-4280

                                  **Additional Plaintiff's Counsel**

388329