I R E L L  &  M A N E L L A  LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7547
FACSIMILE (310) 203-7199
smorenberg@irell.com

February 3, 2005

**VIA MESSENGER**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

     Re:    <u>World Wrestling Entertainment, Inc. v. Jakks Pacific, Inc., et al.,</u>
              Case No. 04 CV 8233

Dear Judge Karas:

     Pursuant to the Court's amended order of January 31, 2005, we write on behalf of defendant THQ Inc. ("THQ") on the issue of whether plaintiff World Wrestling Entertainment, Inc. ("WWE") should be permitted to take discovery during the pendency of THQ's (and other defendants') motions to dismiss. THQ has a strong interest in this matter because WWE's counsel has indicated that immediate discovery from THQ is among WWE's highest priorities. THQ strongly believes discovery ought not to proceed at this time, for many reasons, including the following:

     **1.    Immediate Discovery by WWE is Premature Under the Federal Rules of Civil Procedure.** Federal Rule of Civil Procedure 26(d) provides that no party may seek discovery from any other source before the conference of counsel mandated by Rule 26(f). No Rule 26(f) Conference has yet been held in the case, nor would it make sense to do so now. Until the serious questions concerning this Court's subject matter jurisdiction and venue are resolved and the pleadings are settled, the full scope of the claims to be litigated in this action cannot be determined. Specifically, if WWE's claims ultimately proceed in this court, it seems reasonably likely that one or more of the defendants will file counterclaims or cross-claims in this action. Until these pleadings are filed, no accurate assessment of the "subjects on which discovery may be needed" can be made, and no meaningful and efficient discovery plan can be established as required by Rule 26(f). Indeed, the prospects for inefficient and burdensome discovery are magnified by immediate discovery, as depositions or document productions may need to be duplicated as additional issues are added to the mix when new pleadings are filed.

     Although in extraordinary circumstances discovery may be permitted in advance of the Rule 26(f) Conference, no such exigent circumstances have been or could be established here. (Moreover, it would be WWE's burden to demonstrate why the usual regime of the Federal Rules should be discarded in favor of discovery now). See <u>Qwest Communs. Int'l</u>

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Kenneth M. Karas
February 3, 2005
Page 2

Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003) ("a party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures"). Although WWE professes a need to move quickly in this case, WWE has known about these allegations for several years without previously asserting any claims against THQ.

     **2.    Independently, a Stay of Discovery Pending the Resolution of the Motions to Dismiss and Transfer is Appropriate.** Independent of, and in addition to the grounds set forth above, a stay of discovery is appropriate under the present circumstances. As addressed in more detail in the letters submitted concurrently by the Jakks Defendants and counsel for the LLC, and incorporated herein by reference, "courts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law." Johnson v. N. Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).[1] THQ and the other defendants have raised "substantial grounds" tending to show that a motion to dismiss will be granted without leave to amend on all of the federal claims in this case (and, in any event, that good cause lies to transfer this case to the Central District of California).[2] WWE cannot seriously claim that the arguments raised by THQ in favor of dismissal of almost all of the claims "appear to be without foundation in law." Id. As a result, a stay of discovery is appropriate to prevent the burden of allowing discovery to proceed as to THQ prior to resolution of that motion.

     Forcing THQ to participate in discovery prior to an opportunity to be dismissed from this case altogether may result in substantial prejudice to THQ. United States v. County of Nassau, 188 F.R.D. 187, 189 (E.D.N.Y. 1999). ("It is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention from ... business to focus on the retrieval of discovery . . . would be an unnecessary expense in the event that [the] motion

---

[1] See also Spencer Trask Software & Info. Servs. v. RPost Int'l, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (stay of discovery appropriate because "defendants . . . appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit . . . [and] proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources"); McDevitt & Street Co. v. Square 485 Development Group Limited Partnership, 1990 WL 91615 at *1 (D.D.C. 1990); and the other authorities cited in the letters filed by the Jakks Defendants and the LLC.

[2] As set forth in additional detail in THQ's pre-motion letter, WWE's Complaint in this action is wholly devoid of allegations that THQ engaged in, or had knowledge of, any wrongdoing (as opposed to allegations of wrongdoing by those connected with defendant Jakks Pacific, Inc. ("Jakks"), the other member of a joint venture ,THQ/Jakks Pacific LLC (the "LLC"), which has also been named as a defendant here). Indeed, if the allegations of the Complaint are true (and we have no reason to believe that they are), THQ may be as much a victim of the alleged misconduct as WWE claims it is.

1215604.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Kenneth M. Karas
February 3, 2005
Page 3

to dismiss is ultimately granted."). This potential burden can be easily avoided by a short stay of discovery that will not materially prejudice WWE.

**3.    Discovery Prior to WWE's Initial Disclosures and the Production of Records by WWE in a Related Lawsuit Would be Unfair.**  WWE admits in its Complaint, and in its previous correspondence to this Court, that it has been engaged in discovery for several years in a Connecticut state court lawsuit (the "Connecticut action") related to this one.  As a result, WWE has had access to documents and deposition testimony from various parties in the Connecticut action, including certain of the defendants in this case other than THQ, to which THQ has been denied access for various reasons, including (we are told) the entry of a protective order in that case.[3]

Once again, in the ordinary course of a lawsuit under the Federal Rules of Civil Procedure, the documents and deposition testimony adduced in the Connecticut action would (or, at least, should) be identified and produced in accordance with the Initial Disclosure requirements set forth in Rule 26(a).  As a matter of both proper procedure and fairness, discovery of THQ should not be permitted here unless and until WWE (and other parties to this case, if applicable) provide to THQ all disclosures required by Rule 26(a), including all of the discovery materials from the Connecticut action (or any other proceeding) that allegedly support WWE's allegations in this case.

For the above stated reasons, THQ respectfully requests that this Court not permit WWE to begin discovery against THQ.

Respectfully submitted,

*Steven A. Marenberg* /PAK

Steven A. Marenberg

---

[3] THQ does not suggest that WWE counsel (or any other counsel) have done anything improper in this instance by denying THQ access to documents and deposition transcripts.  To the contrary, we believe that counsel have simply been honoring their obligations under protective orders entered in another case.

1215604.