# DORNBUSH SCHAEFFER STRONGIN & WEINSTEIN, LLP

747 THIRD AVENUE
NEW YORK, NY 10017
www.dsswlaw.com

Tel (212) 759-3300                                                                                      Fax (212) 753-7673

February 3, 2005

**BY HAND and ELECTRONIC FILING**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

    Re:    World Wrestling Entertainment, Inc. v. JAKKS Pacific, Inc., et al.;
            Case No. 04CV8223 (KMK)

Dear Judge Karas:

      This firm represents Defendant THQ/JAKKS Pacific LLC (the "LLC") in the above action. We join in the request of the JAKKS Defendants ("JAKKS") to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) pending the resolution of Defendants' motions to dismiss the complaint (the "Complaint") filed by the World Wide Wrestling Entertainment, Inc. ("WWE"). As we had advised in our letter to the Court dated January 18, 2005, the LLC intends to file a motion to dismiss essentially for those reasons stated by JAKKS and defendant THQ, Inc. in their earlier letters to the Court.

      In addition to those reasons cited in the letter of the JAAKS Defendants in support of a stay of discovery, the LLC alternatively requests that discovery be stayed pending disposition of the Defendants' motion to transfer venue to the Central District of California.

      As the court explained in <u>Enplanar, Inc. v. Marsh</u>, 11 F.3d 1284 (5th Cir. 1994), in holding that the district court did not abuse its discretion in staying discovery pending disposition of a defendant's motion for a change of venue:

> <u>The [Plaintiffs] cite to no authority, and we have found none, holding the district court has abused its discretion in denying merits-related discovery pending ruling on a motion for change of venue.</u> Federal courts have long recognized that two of the factors supporting a change in venue are convenience of the witnesses and the

165952.1

DORNBUSH SCHAEFFER STRONGIN & WEINSTEIN, LLP

Honorable Kenneth M. Karas
February 3, 2005
Page 2

      location of records and documents. Although these factors are usually considered in connection with securing the witnesses' and documents' availability for trial, they also necessarily implicate the ease of conducting merits-related discovery in a location which is near the relevant witnesses and documents. Moreover, if a change of venue motion is granted, the discovery is not denied but merely delayed.

Id. at 1291 (emphasis added) (citations omitted); see also McDonnell Douglas Corporation v. Polin, 429 F.2d 30, 30-31 (3d Cir. 1970) (affirming stay of discovery on merits until court considers motion to transfer); Glamorgan Coal Corp. v. Ratners Group PLC, 854 F. Supp. 436, 439 (W.D. Va. 1993) (transferring case to Southern District of New York and staying discovery pending the resolution of motion for judgment on the pleadings by the transferee court); Noriega v. Lever Bros. Co., No. 86 CIV. 6820, 1989 WL 16613, at *1 (S.D.N.Y. Feb. 23, 1989) (noting that district court granted motion to stay discovery pending disposition of motion to dismiss or transfer venue).

      Here, because the events giving rise to this litigation substantially occurred in the Central District of California, and a majority of the Defendants, witnesses and documents are located in that same jurisdiction, this Court should transfer venue to the Central District of California. In the interest of judicial economy, we respectfully submit that these same factors warrant a stay of discovery pending disposition of Defendants' motion for a change of venue.

      For those reasons cited in the JAAKS Defendants letter to the Court, as well as the reasons stated herein, the LLC respectfully requests that the Court stay all discovery pending the disposition of Defendants' motions to dismiss and for a change of venue.

                                            Respectfully submitted,

                                            /s/

                                            Richard Schaeffer

RJS:ml

cc: All Counsel

165952.1