SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
───
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2550
DIRECT FAX
917-777-2550
EMAIL ADDRESS
JLERNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
─────
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
─────
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 3, 2005

BY HAND

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

      Re:  World Wrestling Entertainment, Inc. v. JAKKS
         Pacific, Inc., et al., 1:04-CV-08223-KMK

Dear Judge Karas:

  Pursuant to Your Honor's Amended Order dated January 31, 2005, we write on behalf of the JAKKS Defendants ("JAKKS") to request that discovery be stayed pursuant to Federal Rule of Civil Procedure 26(c) pending the resolution of Defendants' motions to dismiss the complaint (the "Complaint") filed by World Wrestling Entertainment, Inc. ("WWE").

**Federal Courts Routinely Stay Discovery Pending Resolution of Motions to Dismiss**

  It is well settled that the Court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (hereinafter "Spencer Trask"); see also Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120, 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996) ("[G]ood cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss."). In this connection, "courts in this district have held 'that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to

have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citations and quotations omitted); Gandler v. Nazarov, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (court should stay discovery where dismissal motion "is potentially dispositive, and appears to be not unfounded in the law.").

Accordingly, courts in this circuit have routinely stayed discovery pending the resolution of motions that, if successful, may dispose of all, or substantially all, of the claims in an action. See, e.g., Spencer Trask, 206 F.R.D. at 368 (S.D.N.Y. 2002) (staying discovery pending the resolution of motion to dismiss where court noted at "preliminary stage that defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit.")[1]; Johnson, 205 F.R.D. at 434 (S.D.N.Y. 2002) (staying discovery where defendant's motion to dismiss was "potentially dispositive and [did] not appear to be unfounded in the law."); Thypin Steel Co. v. Certain Bills of Lading Issued for Cargo of 3017 Metric Tons, More or Less, of Hot Rolled Steel Plate Laden on Board M/V Geroi Panfilovsky, No. 96 Civ. 2166, 1998 WL 912100, at *7 (S.D.N.Y. Dec. 30, 1998) (granting stay of discovery pending resolution of motion to dismiss RICO claims), aff'd, 215 F.3d 273 (2d Cir.

---

[1] During the pre-motion conference on 1/25/05 (the "1/25/05 Hearing"), WWE's counsel tried to distinguish Spencer Trask, which had been cited in JAKKS' 12/3/04 pre-motion letter, as merely "essentially a 16-day request for a stay of discovery." 1/25/05 Hearing Transcript at 15:7-10. The Spencer Trask decision nowhere supports this temporal distinction. Indeed, the stay in Spencer Trask was entered on April 9, 2002, and by its terms was intended to, and did in fact, remain in place until the motion to dismiss was decided, which occurred on January 23, 2003, over nine months later. See Spencer Trask Civil Docket for Case #: 2:02-CV-01276-PKL (items 18 and 24).

2000); United States v. County of Nassau, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999) (staying discovery pending resolution of motion to dismiss where, inter alia, "the motion, if successful, is dispositive of the entire action"); Anti-Monopoly, Inc., 1996 WL 101277, at *4-5 (granting stay of discovery relating to Robinson-Patman Act claims pending motion for judgment on the pleadings ) (citing cases); see also Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987) (protective order staying discovery pending motion to dismiss RICO claims for forum non conveniens was proper).[2]

In their pre-motion letter to the Court dated December 3, 2004, Defendants identified several separate and independent grounds warranting dismissal of WWE's claims as a matter of law. Because WWE's federal claims under the Robinson-Patman Act and RICO are fatally deficient, and diversity of citizenship is lacking, we respectfully submit that the Court lacks subject matter jurisdiction over WWE's claims and should dismiss the entire action. Accordingly, Defendants' forthcoming dismissal motions are exactly the type of entirely dispositive motions that may resolve this entire case without the need for discovery. See, e.g., Sinclair Nat'l Bank v. Office of Comptroller of Currency, No. 00-2398, 2000 WL 34012862, at *2, *5 (D.D.C. Dec. 18, 2000) (staying discovery pending a decision on "'the threshold issue of

---

[2] Accord Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); Coastal States Gas Corp. v. DOE, 84 F.R.D. 278, 282 (D. Del. 1979) (staying discovery pending ruling on potentially dispositive motion is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources").

Honorable Kenneth M. Karas
February 3, 2005
Page 4

this Court's subject matter jurisdiction'" (citation omitted)); <u>Thypin Steel Co.</u>, 1998 WL 912100, at *7 (where appeal on whether Court had jurisdiction was dispositive, court reasoned that "it [was] only fair to stay discovery").[3]

**Proceeding with Discovery in the Presence of Serious Jurisdictional Issues Is Inappropriate**

Where, as here, JAKKS' motion to dismiss involves fundamental jurisdictional defects that deprive this Court of subject matter jurisdiction over the action, courts have held that proceeding with discovery would be inappropriate. For example, in <u>McDevitt & Street Co. v. Square 486 Development Group Limited Partnership</u>, No. 90-0158-LFO, 1990 WL 91615, at *1 (D.D.C. June 19, 1990), a case that is especially apt, the Defendants moved to dismiss for lack of subject matter jurisdiction and sought to stay discovery pending the resolution of their dismissal motion. In response, in an argument echoed by the WWE at the 1/25/05 Hearing, the plaintiff in <u>McDevitt & Street Co.</u> opposed a stay on the ground that even if the matter were dismissed for lack of federal jurisdiction, <u>discovery would still proceed in state court</u>. <u>Id.</u> The court categorically rejected this argument, declaring that:

> if defendants' contentions are accurate, this Court lacks jurisdiction over the entire complaint as it is presently comprised. Second, plaintiff argues that forcing Square 486 to respond to discovery would not be burdensome as that defendant

---

[3] A stay is especially appropriate where, as here, the fundamental jurisdictional defects in the pleadings cannot be cured by more discovery or by amending the Complaint. <u>See, e.g.</u>, <u>Petrus v. Bowen</u>, 833 F.2d at 583 (stay was proper where nothing that plaintiff "could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion"); <u>County of Nassau</u>, 188 F.R.D. at 188 (staying discovery pending motion to dismiss where "issue is one that in all likelihood cannot be cured by an amended pleading"). We adopt the additional ground that the Defendants' motion to transfer venue to California further militates in favor of a stay of discovery, as described in the letter submitted by THQ/JAKKS Pacific LLC.

Honorable Kenneth M. Karas
February 3, 2005
Page 5

> will eventually have to respond to discovery requests either in this Court or in Superior Court. Regardless of the burden suffered by defendant, however, <u>such discovery would be inappropriate if this Court lacks jurisdiction over the subject matter of plaintiff's action.</u>

<u>Id.</u> (emphasis added); <u>accord</u> <u>Cannon v. United Ins. Co. of Am.</u>, 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) ("[District] court should not order extended discovery when jurisdiction is doubtful, for the obvious reason that the court might not have the authority to order or direct any further proceedings.")[4]

### A Stay of Discovery Will Not Prejudice WWE

A stay of discovery pending the resolution of the motions to dismiss will not prejudice WWE in any way. <u>See</u> <u>Rivera v. Heyman</u>, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."). As there is no reason to doubt that the Court will decide the motions to dismiss expeditiously, there is no basis for expecting any prejudicial delay to WWE. <u>See</u> <u>Spencer Trask</u>, 206 F.R.D. at 368 (noting that stay would not delay action or prejudice plaintiffs where "Court intends to decide the motion expeditiously"). Nor is there any imminent discovery deadline that will be affected by a stay. <u>Cf.</u> <u>Anti-Monopoly, Inc.</u>, 1996 WL 101277, at *3 (despite imminent discovery cut-off, court rejected claim of prejudice because it had "every reason to believe" that the motion would be decided prior to the discovery cut-off.).

---

[4] Moreover, from the limited information the JAKKS Defendants have of the Connecticut litigation, there is ample reason to believe that the discovery process will be contentious and require significant Court oversight.

Honorable Kenneth M. Karas
February 3, 2005
Page 6

       Given the baselessness of WWE's contrived federal claims, it can hardly complain about any resulting consequence with respect to discovery. WWE chose to file its complaint against JAKKS in a forum where jurisdiction and venue were facially defective. Accordingly, any conceivable prejudice to WWE in awaiting the resolution of the serious jurisdictional issues of its own creation is, at best, wholly self-inflicted. In all events, WWE's asserted prejudice from a stay is chimerical. After all, WWE has been conducting discovery in the Connecticut litigation for several <u>years</u>, including from the JAKKS Defendants in this action (Compl. ¶ 101.), and <u>continues</u> to conduct parallel discovery on the very issues in this case in Connecticut, (albeit on an unfair essentially <u>ex parte</u> basis because JAKKS has not been allowed to participate in this discovery.)[5] In the Connecticut litigation, WWE has already taken some twenty (20) depositions of the Defendants in this case, including four (4) depositions of the JAKKS Defendants.

       In these circumstances, requiring the JAKKS Defendants to incur the expense and burdens of submitting to more discovery, when the case may ultimately be dismissed, necessarily represents severe prejudice to them. See <u>County of Nassau</u>, 188 F.R.D. at 189 ("[I]t is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention from . . . business to focus on the retrieval of discovery . . . would be an unnecessary expense in the event that [the] motion to dismiss is ultimately granted."); <u>see also</u> <u>Spencer Trask</u>, 206 F.R.D. at 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."); <u>Rivera v. Heyman</u>, 1997 WL 86394, at *1 (where disposition of

---

[5] In fact, WWE successfully opposed allowing JAKKS access to discovery in the Connecticut litigation by invoking JAKKS' non-party status – even to the point of physically blocking JAKKS' counsel from attending the deposition of Bell, even though JAKKS counsel came in response to a notice of the deposition.

Honorable Kenneth M. Karas
February 3, 2005
Page 7

motion would "significantly narrow, if not eliminate, the issues . . . in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants").

Further, even if the case were ultimately to proceed in a state court – where Defendants would also have dispositive motions entitling them to a stay of discovery – requiring Defendants to incur the costs and burden of complying with the automatic disclosure requirements under the Federal Rules of Civil Procedure, which do not exist, for example, in Connecticut state court, would constitute an unnecessary burden and unfair prejudice to them. E.g., County of Nassau, 188 F.R.D. at 188 (staying initial disclosures and the filing of discovery plan pursuant to Federal Rules of Civil Procedure 26(a)(1) and (f) pending resolution of dismissal motion).

### Conclusion

Given the multiple dispositive grounds for dismissing WWE's purported antitrust and RICO claims as a matter of law, and the extensive discovery WWE has already conducted in the Connecticut litigation, we respectfully request that, in the interests of fairness, economy and efficiency, the Court stay all discovery pending the disposition of Defendants' motions to dismiss.

Respectfully submitted,

Jonathan J. Lerner

cc:    All Counsel

CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to practice law before this Court, hereby certifies under penalty of perjury, that on February 3, 2005, I caused a true copy of the foregoing *Letter Requesting Discovery Stay* to be served upon the following parties in the manner indicated:

By Hand Delivery

Michael A. Cornman, Esq.
Schweitzer Cornman Gross & Bondell, LLP
292 Madison Avenue
New York, NY 10017

Richard Schaeffer
Dornbush Schaeffer Strongin & Weinstein, LLP
747 Third Avenue
New York, NY 10017

Isaac S. Greaney, Esq.
Sidley Austin Brown & Wood LLP
787 Seventh Avenue
New York, NY 10019

Michael A. Freeman, Esq.
24 West 40th Street, 17th Floor
New York, NY 10018

Eugene Licker, Esq.
Kirkpatrick & Lockhart LLP
599 Lexington Avenue
New York, NY 10022-6030

By First-Class Mail

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

Steven A. Marenberg, Esq.
Irell & Manella, LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Jerry S. McDevitt, Esq.
Kirkpatrick & Lockhart LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222


Dated: New York, New York
       February 3, 2005

*[signature]*
Steven Ray Katzenstein (S.K. 7599)