# michael a. freeman | attorney at law

24 West 40th Street, 17th Floor
New York, New York 10018

tel 646.366.0881
fax 646.366.1384
maf@freemanlawyer.com
www.freemanlawyer.com

February 3, 2005

**BY HAND DELIVERY**

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York. NY 10007

       **Re:**    World Wrestling Entertainment, Inc. v. Jakks Pacific Inc. et al.
                No. 04-CV-8223

Dear Judge Karas:

       I represent defendants Stanley Shenker and Associates, Inc. ("SSAI") and Stanley Shenker (collectively, the "Shenker Defendants") in the above-referenced action. I submit this letter pursuant to the Court's Amended Order, dated January 31, 2005, in support of the Shenker Defendants' request for a stay of discovery pending resolution of their motion to dismiss the complaint.

       During the conference held before Your Honor on January 25, 2005, plaintiff's counsel, Jerry McDevitt, in response to a statement by counsel for Jakks regarding a stay of discovery, argued, in sum and substance, that discovery should proceed without waiting for resolution of defendants' dispositive motions because even if this Court determines that the action does not belong in the Southern District of New York, some iteration of this action will be prosecuted in another forum. While that may be true as to some of the defendants in this case, it certainly is not true for the Shenker Defendants. If the dubious RICO claims asserted against the Shenker Defendants are dismissed, there will be no further litigation between the parties separate from the ongoing Connecticut state court action, which has been pending for over four years and where extensive discovery already has occurred. For this reason, while there is ample authority to support this Court's decision to stay discovery as to all defendants pending resolution of the dispositive motions, even if this Court were to order discovery to proceed as to some defendants, discovery should be stayed as to the Shenker Defendants.

Hon. Kenneth M. Karas
February 3, 2005
Page 2

I.      Relevant Background Facts

SSAI was the exclusive outside licensing agent for plaintiff World Wrestling Entertainment, Inc. ("WWE") from March 1997 to June 2000, when WWE terminated the licensing agreement with SSAI without cause. In October 2000, SSAI sued WWE in Connecticut state court (the "Connecticut Action") for commissions both past due and that would become due in the future based upon deals that SSAI had placed for WWE. WWE countersued in the Connecticut Action, seeking compensatory damages equal to commissions wrongfully paid to SSAI, losses allegedly suffered by WWE because it did not obtain maximum value for its videogame license, and treble damages under Conn. Gen. Stat. § 52-564. According to counsel representing SSAI in the Connecticut Action, Mr. Shenker already has been deposed in that action for a total of 11 days, five former SSAI employees, including Mr. Shenker's wife, have been deposed, and the Shenker Defendants have produced over 30,000 pages of documents to WWE in discovery. WWE also has taken numerous depositions of its current and former licensees, twice deposed the accountant for the Shenker Defendants, and obtained discovery from banks where the Shenker Defendants maintained accounts.

As a result of Mr. Shenker having admitted to giving false testimony in the early stages of his deposition in the Connecticut Action before correcting that testimony on the record, the judge in the Connecticut Action dismissed SSAI's claims in their entirety and entered a default in favor of WWE on its counterclaims. The parties are currently awaiting a hearing to assess damages and other sanctions, including an award of attorneys' fees. In the meantime, WWE has obtained a prejudgment remedy against the Shenker Defendants that has effectively frozen all of their assets. At my request, Connecticut counsel moved the Connecticut court to unfreeze certain assets to enable the Shenker Defendants to pay their legal fees in this action, and the court has authorized the Shenker Defendants to spend up to $50,000 to defend this action.

While WWE has asserted as many as 14 different causes of action against some of the defendants in this action, WWE has named the Shenker Defendants in only two claims under RICO § 1962(c) and (d). The Shenker Defendants have received permission from the Court to move to dismiss the claims against them on the grounds that: (a) WWE cannot sue the Shenker Defendants in this Court because of the prior pending Connecticut Action; (b) WWE has failed to adequately allege a "pattern of racketeering activity" under RICO; and (c) WWE has failed to adequately allege a RICO "enterprise."

II.     Legal Discussion

A court has discretion to stay discovery "for good cause shown" pursuant to Fed. R. Civ. P. 26(c). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." Spencer Trask Software and Information Services, LLC v. RPost Intern. Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citing Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120, 1996 WL 101277 at *2 (S.D.N.Y. Mar. 7, 1996)). In deciding a motion for a stay of discovery, the factors the Court should consider,

Hon. Kenneth M. Karas
February 3, 2005
Page 3

in addition to those stated above, are: (a) the breadth of discovery sought; (b) the burden of responding to it; and (c) the strength of the dispositive motion that is the basis of the discovery stay application. Id. (citing Anti-Monopoly, 1996 WL 101277 at *3, and Gandler v. Nazarov, No. 94 Civ. 2272, 1994 WL 702004 at *4 (S.D.N.Y. Dec. 14, 1994)).

Applying these principles here, while the extent of discovery that will be requested by WWE is presently unknown, judging by the discovery tactics employed by WWE's counsel in the Connecticut Action, it is reasonable to assume that, if given the opportunity to proceed, plaintiff's discovery will be expansive. In terms of the burden on the Shenker Defendants, putting aside the substantial time and effort that will undoubtedly be involved in responding to discovery, any costs incurred that reduce the limited budget currently available to the Shenker Defendants to defend this action will impose a serious and possibly unnecessary financial burden on them. Further, there is absolutely no prejudice to WWE if discovery is stayed as to the Shenker Defendants because WWE already has obtained full and complete discovery from them in the Connecticut Action. Concerning the strength of the Shenker Defendants' anticipated motion, without repeating the arguments set forth in my December 3, 2004 pre-motion letter, suffice to say that there are very serious questions concerning the viability of WWE's claims against the Shenker Defendants. In this regard, one of the Shenker Defendants' primary arguments will be that this action should be dismissed because it will be an unnecessary drain on the resources of the parties and the courts to maintain two actions involving the same subject matter. See Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976); Evergreen Marine Corp. v. Welgrow Intern. Inc., 954 F. Supp. 101, 103-04 (S.D.N.Y. 1997). It would be quite anomalous for the Court to require the Shenker Defendants to engage in discovery at this stage of the proceeding where the relief they are seeking on their motion to dismiss is to avoid having to incur the cost of litigating the same issues twice.

Based on the foregoing, I respectfully request that discovery be stayed as to the Shenker Defendants pending the outcome of their dispositive motion.

                Respectfully submitted,

                /s/

                Michael A. Freeman

Cc:   See attached service list

Hon. Kenneth M. Karas
February 3, 2005
Page 4

**Service List**

Jerry S. McDevitt, Esq.
Kirkpatrick & Lockhart LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222
Served by fax:  (412) 355-6461

Attorneys for Plaintiff

Jonathan J. Lerner, Esq.
Michael Gruenglas, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Served by fax:  (212) 735-2000

Murray Skala, Esq.
Feder, Kaszovitz et al.
750 Lexington Ave.
New York, NY  10022
Served by fax:  (212) 888-7776

Attorneys for Defendants Jakks Pacific, Inc., Jakks Pacific (H.K.) Limited, Road Champs Limited, Jack Friedman, Stephen Berman and Joel Bennett

Steven A. Marenberg, Esq.
Irell & Manella LLP
Suite 900, 1800 Avenue of the Stars
Los Angeles, California 90067-4276
Served by fax:  (310) 203-7199

Steven Bierman, Esq.
Sidley Austin Brown & Wood
787 Seventh Avenue
New York, NY  10019
Served by fax: (212) 839-5599

Attorneys for Defendant THQ, Inc.

Hon. Kenneth M. Karas
February 3, 2005
Page 5

John Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510
Served by fax: (203) 776-9494

Michael Cornman, Esq.
Schweitzer Cornman Gross & Bondell LLP
292 Madison Ave.
New York, NY  10017
Served by fax:  (646) 424-0880

Attorneys for James Bell and Bell Licensing LLC