Not Reported in F.Supp.
RICO Bus.Disp.Guide 9457
(Cite as: 1998 WL 80168 (S.D.N.Y.))

Page 8

United States District Court, S.D. New York.

Raymond ALLEN and Alice Allen Plaintiffs,
v.
BERENSON PARI-MUTUEL OF NEW YORK,
Inc., Berenson Pari-Mutuel, Inc., Louis S.
Berenson, Monticello Raceway, Inc., William
Sullivan, Individually and as
General Manager of Monticello Raceway, Monte
Sachs, Equine Veterinary Services,
Inc., Monticello Harness Horsemen's Association,
Inc., Mid-Atlantic Harness
Horsemen's Association, Inc., Rocco Yanoti,
Individually and as Executive
Secretary of the Monticello Horsemen's
Association, Defendants.

No. 95 Civ. 10289(KMW).

Feb. 25, 1998.

OPINION AND ORDER

WOOD, J.

*1 Plaintiffs bring this action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961-4 (1984 and West Supp.1997) ("RICO"), alleging that defendants engaged in racketeering activities in connection with the operation of Monticello Raceway, a harness racing facility. [FN1] Plaintiffs further allege common law breach of contract and fiduciary duties, libel, slander, tortious interference with business relations, and violation of New York State's "Whistle-blower Statute," New York Labor Law § 740 et seq. (West 1998), against various defendants, and maintain that they are entitled to punitive damages. Defendants, Berenson Pari-Mutuel of New York, Inc. ("BPM-NY"), Berenson Pari-Mutuel, Inc. ("BPMI") Louis S. Berenson ("Berenson"), Monticello Raceway, Inc. ("Monticello Raceway"), William Sullivan ("Sullivan"), Monte Sachs ("Sachs"), Equine Veterinary Services, Inc. ("EVSI"), Rocco Yanoti ("Yanoti"), Monticello Harness Horsemen's Association, Inc. ("MHHA"), the Mid-Atlantic Harness Horsemen's Association, Inc. ("MAHHA") [FN2] move to dismiss the plaintiffs' complaint for (1) failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and (2) failure to plead fraud with sufficient particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

For the reasons set forth below, I grant defendants' motion with regard to the RICO claims as well as the state pendent law claims. However, I dismiss these claims without prejudice and grant plaintiffs' request for leave to amend the complaint within thirty (30) days of this Order.

I. Background

Plaintiffs Raymond Allen and Alice Allen are a husband and wife horse training and grooming team. They worked at Monticello Raceway, a harness racing facility located in Monticello, New York until June 15, 1993 Plaintiff Raymond Allen was a member in good standing of the MAHHA and the MHHA prior to June 15, 1993. Defendant BPM-NY, a wholly-owned subsidiary of defendant BPMI, owns and operates Monticello Raceway. Defendant Berenson is an officer of BPM-NY and defendant Sullivan is an employee of the same, responsible for the operation of the Monticello Raceway. Defendant EVS is a professional corporation providing veterinary services to owners and trainers of horses at the Monticello Raceway and defendant Monte Sachs is a doctor of veterinarian medicine associated with EVS. Defendant MHHA is a trade association acting on behalf of the interests of persons engaged in owning and training horses at Monticello Raceway and defendant Yanoti is executive secretary of MHHA.

Plaintiffs previously filed an action in New York State Supreme Court, based upon the same set of circumstances (the "New York State Action") on or about February 4, 1994. The State Supreme Court dismissed the complaint with respect to all defendants except EVS and Sachs on July 5, 1994 (the "July 5th Opinion"). After the dismissal of the complaint, plaintiffs moved for reconsideration of the July 5th Opinion and defendants EVS and Sachs moved for dismissal of the complaint as against them. On September 16, 1994, the State Supreme Court affirmed its prior decision, and granted the remaining defendants' motion to dimiss. However, the State Supreme Court granted plaintiffs leave to replead their claim of tortious interference with business relations against all defendants. Plaintiffs elected not to replead this cause of action in state

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo



Not Reported in F.Supp.  
(Cite as: 1998 WL 80168, *1 (S.D.N.Y.))

Page 9

court. Plaintiffs filed the instant action on December 6, 1995 and defendants moved to dismiss of the complaint on March 4, 1996.

## II. Analysis

### A. Standard of Review

*2 The role of a district court in considering a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.1983). In considering a motion to dismiss, "all factual allegations in the complaint must be taken as true and construed ... favorably to the plaintiff." LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir.1991); see also Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Moreover, under Federal Rule of Civil Procedure 12(b)(6) "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir.1996) (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir.1991). The complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Weiss v. Wittcoff, 966 F.2d 109, 112 (2d Cir.1992). The factual allegations in the complaint will be recounted, as needed, in the discussion below.

### B. Defendants' Motion to Dismiss

#### 1. RICO claim

In order to state a claim under RICO, plaintiffs must meet two burdens. First, they must allege that the defendants violated the substantive RICO statute, 18 U.S.C. § 1962 (1984 and West Supp.1997), commonly known as "criminal RICO." To meet this burden, plaintiffs must allege the existence of seven constituent elements: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce." Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir.1983). Second, plaintiffs must allege that they was "injured in his business or property by reason of a violation of § 1962." Id. (citing 18 U.S.C. § 1964(c)).

The defendants first move to dismiss plaintiffs' RICO claim on the grounds that do not have the standing to bring the claim under 28 U.S.C. § 1964(c). To establish standing, Second Circuit Court of Appeals requires plaintiffs to demonstrate: "(1) a violation of § 1962; (2) injury to business or property; and (3) causation of the injury by the violation." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 767 (2d Cir.1994); Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 23 (2d Cir.1990). Defendants maintain that plaintiffs have failed to satisfy the injury and causation prongs of this standard. [FN3]

As the Supreme Court has provided in Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 498 (1985), a plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Sedima, 473 U.S. at 496. To be compensable, plaintiffs must allege that such injury was proximately caused by individual RICO predicate acts or the pattern of racketeering activity. Hecht, 897 F.2d at 23. In this case, plaintiffs maintain that they sustained injuries as a result of defendants' fraudulent activities in three main respects. First, they allege that they were injured as "defrauded participants in 'fixed' races"; through the bribing of drivers, drugging of horses, fabrication of racing forms, and manipulation of the "odds" placed upon racing contests, defendants affected determinations of the "purses" for which plaintiff Allen competed. (Compl.¶ 14.) Second, they allege that they sustained damages as a result of defendants' fraud and misuse of capital funds. And third, they allege that defendants engaged in "acts of retribution" because plaintiffs did not cease in their complaints concerning race integrity and cooperation with governmental investigations; defendants retaliated by banning them from Monticello Raceway, "blackballing" them from other raceways, canceling their insurance and pension benefits, and "disparaging [plaintiffs'] reputation ." (Compl.¶ 14.) Defendants' activities allegedly left plaintiffs with "no business, no income, [and] no health benefits." (Mem. in Opp. at 8.)

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo



Not Reported in F.Supp.  
(Cite as: 1998 WL 80168, *3 (S.D.N.Y.))

Page 10

*3 Although recognizing that RICO should be "liberally construed to effectuate its remedial purposes," Sedima, 473, U.S. at 497 (quoting Pub.L. 91-452 § 904(a)), which include "the provision of a private action for those injured by racketeering activity," Id. at 498, the Court finds that plaintiffs have not sustained injury to business or property within the meaning of the statute. More specifically, this Court views plaintiffs' allegations of injury based upon defendants' alleged manipulations affecting the "purse" as too speculative to confer standing. As defendants correctly observe, plaintiffs cannot quantify with any certainty the extent of damages they may have suffered as the result of defendants' alleged manipulations. Accordingly, the Court concludes that the "actual amount" of injury plaintiffs claim on this basis is "indefinite and unprovable." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 768 (2d Cir.1994).

Moreover, even if injury to plaintiffs as a result of the alleged manipulations were quantifiable, plaintiffs have failed to demonstrate that the manipulation proximately caused such injury. The test of proximate cause is whether defendants' acts are "a substantial factor in the sequence of responsible causation," and whether "the injury is reasonably foreseeable or anticipated as a natural consequence." Hecht, 897 F.2d at 23-24. Where "factors other than defendant's fraud are an intervening direct cause of a plaintiff's injury, that same injury cannot be said to have occurred by reason of the defendant's actions." First Nationwide Bank, 27 F.3d at 769. Such a circumstance obtains in the instant case. As defendants correctly observe, there are many "independent factors" shaping the outcome of a harness race, (Def.Mem. in Support, at 17), making it difficult to determine whether and to what extent defendants' allegedly fraudulent activities caused plaintiffs' horses to finish as they did in the races at issue. Of the races identified as "fixed" in plaintiffs' RICO statement, plaintiffs' horse won at least one. [FN4] Indeed, in their description of this race, plaintiffs themselves note: "Despite Defendant's attempts to predetermine the outcome, Plaintiff's horse Dr. Jonathan still won the race." (RICO Statement at 9). This statement only serves to further underscore plaintiffs' failure to meet their burden with respect to the injury and causation pron

1998 WL 80168 (S.D.N.Y.), RICO Bus.Disp.Guide 9457

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

