Not Reported in F.Supp.
(Cite as: 1994 WL 708142 (S.D.N.Y.))
<KeyCite Citations>

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

**ASSOCIATED ARTISTS ENTERTAINMENT, INC., Plaintiff,**
v.
**WALT DISNEY PICTURES, Touchstone Pictures, Inc., Buena Vista Distribution, Inc., All Girls Productions, Inc., Bette Midler, Whoop, Inc., Whoopi Goldberg, Creative Artists Agency, Inc., Scott Rudin Productions, Inc., Scott Rudin, and Paul Rudnick, Defendants.**

**No. 93 Civ. 3934 (RJW).**

Dec. 19, 1994.

MEMORANDUM DECISION

ROBERT J. WARD, District Judge.

*1 Defendants seek an order transferring this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"). For the reasons that follow, defendants' motion is granted on condition that all parties accept videotaped depositions of non-party witnesses otherwise outside the subpoena power of the transferee forum.

BACKGROUND

On June 11, 1993, Associated Artists Entertainment, Inc. ("Associated"), an Oklahoma corporation with its principal place of business in the State of Oklahoma, brought suit in the United States District Court for the Southern District of New York alleging the wrongful misappropriation of a movie proposal. In a stipulation signed by this Court on July 12, 1994, defendants Whoop, Inc., Whoopi Goldberg, and Creative Artists Agency, Inc. were dismissed from this action pursuant to Rule 41(a)(1), Fed.R.Civ.P. All of the remaining corporate and individual defendants, except for Paul Rudnick, are incorporated in, have their principal place of business in, or reside in the State of California.

Walt Disney Pictures and Television ("Disney"),

Buena Vista Pictures Distribution, Inc. ("Buena Vista"), and Scott Rudin Productions, Inc. ("Rudin Productions") are all California corporations with their principal places of business in the State of California. It appears that Disney is doing business as Touchstone Pictures ("Touchstone") and that Touchstone is not itself a corporate entity. All Girls Productions, Inc. ("All Girls"), which may or may not be defunct, is a trade name of Miss M Productions, Inc., a Delaware corporation with its sole place of business in California. The individual defendants Bette Midler ("Midler") and Scott Rudin ("Rudin") are both residents of California. Only defendant Paul Rudnick ("Rudnick") is a resident of New York. Nevertheless, he conducts extensive business in California and joins with the other defendants in this motion to transfer venue.

Associated claims that defendants developed and produced the highly successful film "Sister Act" based on a concept submitted to them by plaintiff several years earlier. Plaintiff alleges that it acquired an option for all media rights to a book entitled "A Nun in the Closet" and that it later exercised that option with the intent to develop and produce a full-length feature film. In 1987, Associated submitted a formal proposal to Disney which Disney subsequently rejected. Plaintiff then developed a screenplay, a business plan, and a joint venture proposal and submitted these and the book to All Girls in 1988, which rejected it, and again to Disney in 1990. In 1992, Disney released the film "Sister Act" which plaintiff claims strongly resembles its proposal.

The case was originally assigned to Judge Pierre N. Leval but, on January 7, 1994, was reassigned to this Court. Defendants filed their original motion to transfer this action before Judge Leval on November 16, 1993. The remaining defendants continue to seek a change of venue to the Central District of California based primarily on convenience of the parties, given their extensive contacts with the State of California. Plaintiff's principal concern in opposing this motion is the loss of subpoena power over non-party witnesses who reside or conduct business outside of the proposed forum state.

DISCUSSION

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo



Not Reported in F.Supp.
(Cite as: 1994 WL 708142, *2 (S.D.N.Y.))

Page  13

*2 28 U.S.C. § 1404(a) states:
For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The statute prohibits a transfer of venue unless the proposed transferee court would have had proper original jurisdiction.   See Viacom Int'l, Inc.   v. Melvin Simon Prods., Inc., 774 F.Supp. 858, 868 (S.D.N.Y.1991); Entenmann's Inc. v. King Bees Distribution Co., 692 F.Supp. 157, 159 (E.D.N.Y.1988).   Here, this Court and the Central District of California have subject matter jurisdiction pursuant to 28 U.S.C. § 1331, based on plaintiff's allegations that defendants violated 28 U.S.C. § 1338(a) and (b), and pursuant to 28 U.S.C. § 1332, since the parties are diverse and the amount in controversy exceeds the jurisdictional minimum.   Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3).     Finally, all defendants except Paul Rudnick are subject to personal jurisdiction and are amenable to service of process in the Central District of California either because they reside in, are incorporated in, or have their principal place of business in California.    Because Paul Rudnick's business activities in California are substantial, systematic, and continuous, he too is subject to personal jurisdiction in that forum.   See Olsen by Sheldon v. Gov't of Mexico, 729 F.2d 641, 648 (9th Cir.), cert. denied, 469 U.S. 917 (1984).

Proper jurisdiction having been established, this Court must now balance several factors to determine the propriety of transfer.    These include "(1) the place where the operative facts occurred;   (2) the convenience to parties;   (3) the convenience of witnesses;   (4) the relative ease of access to sources of proof;   (5) the availability of process to compel attendance of unwilling witnesses;   (6) the plaintiff's choice of forum;   (7) the forum's familiarity with the governing law;   and (8) trial efficiency and the interests of justice."   Viacom, 774 F.Supp. at 867-68; see also Don King Prods., Inc. v. Douglas, 735 F.Supp. 522, 533 (S.D.N.Y.1990).   None of these factors is afforded more weight than any other and, ultimately, the decision whether to transfer an action "is left to the sound discretion of the district court." Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir.1989); see also Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir.1978), cert. denied, 440 U.S.

908 (1979);  King, 735 F.Supp. at 534.

To first decide in which district the operative facts occurred, this Court looks to "the center of gravity of the litigation."   Viacom, 774 F.Supp. at 868. Plaintiff's narrow interpretation of this test, which focuses on a few specific events that allegedly gave rise to its claims, is inappropriate.    Rather, this Court adopts defendants' broader interpretation, which examines the case as a whole to determine with which district there exists a stronger connection.     See Sheet Metal Workers' Nat'l Pension Fund v. Gallagher, 669 F.Supp. 88, 92-93 (S.D.N.Y.1987).     Although several preliminary meetings may have taken place in New York, the development and production of the movie "Sister Act" appear to have primarily occurred in California.

*3 Next, the Court must balance the conveniences of each party to determine the appropriate forum. See Factors, 579 F.2d at 218.   The residence of the parties is one factor to consider.   See Sheet Metal, 669 F.Supp. at 92.   A motion to transfer an action based on the convenience of the parties will not be granted, however, if it merely shifts the inconvenience from one party to the other.    See Commercial Equip. Co. v. Barclay Furniture Co., 738 F.Supp.   974, 976 (W.D.N.C.1990);   15 Charles A. Wright et al., Federal Practice and Procedure § 3848, at 385-86 & n. 20 (2d ed. 1986). In support of their § 1404(a) motion, defendants argue that a New York forum would greatly inconvenience them.    All of the defendants are located in or conduct extensive business in California and, other than Rudnick, have limited contacts with the State of New York.    Further, Associated is an Oklahoma corporation with its principal place of business in Oklahoma.    That Associated is suing outside its own forum diminishes any inconvenience a transfer to the Central District of California would cause to plaintiff.

Courts give a plaintiff's choice of forum varying degrees of weight.    See Wright, supra, § 3848. When a plaintiff sues in a district other than the one in which it resides, however, that choice is entitled to far less deference than a decision to sue in plaintiff's home forum.     See Alexander & Alexander, Inc. v. Donald F. Muldoon & Co., 685 F.Supp. 346, 349 (S.D.N.Y.1988);  Savin v. CSX

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo



Not Reported in F.Supp.
(Cite as: 1994 WL 708142, *3 (S.D.N.Y.))

Page  14

Corp., 657 F.Supp. 1210, 1213 (S.D.N.Y.1987). As noted above, Associated is an Oklahoma corporation doing business primarily in that state. This, together with the fact that California is the home state of all but one of the defendants, diminishes the weight of Associated's choice of a New York forum.

Numerous witnesses involved in the making of "Sister Act" and all of the documents pertaining to the film's production are located in California. Nevertheless, plaintiff's primary concern in opposing this motion is the potential difficulty it faces in obtaining the testimony of non-party witnesses who are outside the subpoena power of the United States District Court for the Central District of California.   This point speaks to the convenience of witnesses, the relative ease of access to sources of proof, and the availability of process to compel attendance of unwilling witnesses.   However, this Court has the power to "impose conditions on which the motion [to transfer] will be granted."   Wright, supra, § 3844.   To ensure that this transfer does not deprive any party of testimony it considers vital to its case, defendants' motion is granted on condition that all parties accept videotaped depositions of non-party witnesses who are otherwise outside the subpoena power of the Central District of California.

Lastly, this Court must examine the implications of transfer on matters of trial efficiency and the interest of justice.   As noted above, all of the documents and most of the key witnesses in this case are located in California.   This bears on trial efficiency and lends support to defendants' motion to transfer.   Finally, there is no reason for this Court to find that justice is better served by retaining this action, especially since all other factors favor transfer to the Central District of California.   Both courts are equally competent to adjudicate the merits of the instant case.

## CONCLUSION

*4 Upon consideration of the factors underlying a decision to transfer venue pursuant to 28 U.S.C. § 1404(a), this Court finds that the balance tips decidedly in favor of transferring this action.   For the reasons herein stated, defendants' motion to transfer this action to the United States District Court for the Central District of California is

granted on condition that all parties accept videotaped testimony of non-party witnesses otherwise outside the subpoena power of the transferee court.

It is so ordered.

1994 WL 708142 (S.D.N.Y.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

