Not Reported in F.Supp. **Page 23**
(Cite as: 1996 WL 257614 (S.D.N.Y.))
<KeyCite Citations>

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

Frank M. BROWN, III, Plaintiff,
v.
DOW CORNING CORPORATION, Dow Corning Wright Corporation, The Dow Chemical Company, American Heyer-Schulte Corporation, f/k/a Heyer-Schulte Corporation, American Hospital Supply Corporation, Baxter Healthcare Corporation, Baxter International Inc. and General Electric Co., Defendants.

No. 93CIV.5510(AGS).

May 15, 1996.

OPINION & ORDER

SCHWARTZ, District Judge:

*1 This matter is before the Court upon the motion of defendants Baxter International Inc. and Baxter Healthcare Corporation (collectively, the "defendants") to transfer this action to the District of Connecticut, pursuant to Title 28, United States Code, Section 1404(a). [FN1] For the reasons set forth below, the motion is granted.

BACKGROUND

This is a product liability action in which plaintiff Frank M. Brown, III alleges that he was injured as a result of receiving a silicone chin implant and silicone injections. The Court exercises diversity jurisdiction over this matter, as plaintiff is a resident of the State of Connecticut, all of the defendants are corporations duly organized under the laws of states other than New York, with principal places of business outside the State of New York, and the amount in controversy exceeds the sum of $50,000.

Plaintiff alleges that in or about August 1976 he underwent a surgical procedure wherein a prosthetic chin implant was placed into his body and silicone gel was directly injected into his body. Plaintiff claims that he sustained injuries caused by the implant and/or gel and that defendants, who were and are in the business of designing, testing, inspecting, manufacturing, distributing and selling prosthetic chin implants or silicone gel, are liable for his injuries. Plaintiff asserts causes of action sounding in negligence, strict liability and fraud; he seeks compensatory, punitive and exemplary damages in excess of $4,000,000.

DISCUSSION

Defendants move to transfer this action to the United States District Court for the District of Connecticut, pursuant to Title 28, United States Code, Section 1404(a). Defendants argue that the Southern District of New York has no connection to any of the events giving rise to this claim and that the action could have been brought in Connecticut. Plaintiff is a resident of Connecticut. He underwent the chin implant surgery and silicone injections giving rise to this action in Connecticut and received all medical treatment, prior and subsequent to the surgery and injections, in Connecticut. Furthermore, defendants state that of plaintiff's more than twenty treating physicians, who were identified during the course of discovery, all but one are located in Connecticut. The one physician not located in Connecticut apparently resides in London, England.

Plaintiff responds that the defendants themselves have significant contacts with the Southern District of New York and that plaintiff's medical expert and one treating physician maintain offices in New York. Moreover, plaintiff argues, the majority of plaintiff's treating physicians maintain offices in Fairfield County, Connecticut, which is within the subpoena powers of the Court, and two witnesses have supplied affirmations stating that it would not be burdensome to travel to New York to testify.

Title 28, United States Code, Section 1404(a) provides that:
 [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
*2 28 U.S.C. § 1404(a). It is well established that "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992). The purpose of Section 1404(a) "is to prevent the waste of time, energy and money

Not Reported in F.Supp.
(Cite as: 1996 WL 257614, *2 (S.D.N.Y.))

Page 24

and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 809 (1964) (internal quotations and citations omitted).

In determining whether a case should be transferred under Section 1404(a), courts consider the following factors:
(1) the place where the operative facts occurred; (2) the convenience to parties; (3) the convenience of witnesses; (4) the relative ease of access to sources of proof; (5) the availability of process to compel attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) the forum's familiarity with the governing law; and (8) trial efficiency and the interests of justice.
Viacom Int'l, Inc. v. Melvin Simon Prods., Inc., 774 F.Supp. 858, 867-68 (S.D.N.Y. 1991) (citations omitted). Balancing these factors is left to the sound discretion of the district court. Filmline (Cross-Country) Prods., Inc. v. Untied Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989). However, the moving party bears the "burden of making out a strong case for transfer." Id. at 521.

A. Locus of the Operative Facts

Where there is "no material connection between this district and the operative facts, ... the interests of justice require the transfer of [the] action." Mobile Video Servs., Ltd. v. National Ass'n of Broadcast Employees and Technicians, AFL-CIO, 574 F.Supp. 668, 671 (S.D.N.Y. 1983). It is undisputed that plaintiff's implant surgery, silicone injections and medical treatment occurred in Connecticut. Plaintiff can point to no operative fact that took place within the Southern District of New York. Accordingly, this factor weighs heavily in favor of transferring this action to Connecticut.

B. Location of Witnesses

The location of witnesses and evidence is also an important factor to be weighed when evaluating a motion to transfer venue. Plaintiff points out that his medical expert and one treating physician maintain "business residences" in New York and that the remaining witnesses reside in Fairfield County, Connecticut, within the subpoena power of the Court. However, since an expert witness is paid for his or her time, "the convenience of expert witnesses is of little or no significance on a motion to transfer." Bernal v. Du Pont de Nemours E.I. and Corp., No. 93 Civ. 1639 (PKL), 1993 WL 378790, at *2 (S.D.N.Y. Sept. 24, 1993) (quoting Wibau, Westdeutsche Industrie v. American Hoist & Derrick Co., 293 F.Supp. 273, 275 (S.D.N.Y. 1968)). Moreover, "[w]hile the proximity of New York to [Connecticut] is relevant to a court's determination of a 1404 transfer motion, including its analysis of convenience to the witnesses and parties, such proximity alone does not preclude a transfer." Bausch & Lomb, Inc. v. Hudson Universal, Ltd., 90 Civ. 2790 (DNE), 1991 WL 267802 at *2 (S.D.N.Y. Dec. 4, 1991). As Judge Cedarbaum noted in De Jesus v. National R.R. Passenger Corp., 725 F.Supp. 207 (S.D.N.Y. 1989), the proximity of New York to Connecticut "does not alter the fact that this case has no significant connection with this forum," while it has substantial connection with Connecticut. Id. at 209. Therefore, the fact that nearly all of the potential witnesses reside in Connecticut weighs in favor of granting defendants' motion to transfer venue.

C. Plaintiff's Choice of Forum

*3 The plaintiff's choice of forum is generally accorded substantial weight on a motion to transfer venue. However, when a plaintiff brings suit outside his home forum, or in a forum that has no material connection with the action, this factor should be given little weight. Fontana v. E.A.R., A Div. of Cabot Corp., Inc., 849 F.Supp. 212, 215 (S.D.N.Y. 1994) ("the emphasis that a court places on plaintiff's choice of forum diminishes where ... the facts giving rise to the litigation bear little material connection to the chosen forum"); De Jesus, 725 F.Supp. at 208 ("when a plaintiff chooses a forum that is not his residence, that weight is diminished"); Bernal, 1993 WL 378790 at *3 (same). Plaintiff is a resident of Connecticut, and the operative facts in this action occurred in Connecticut. Therefore, plaintiff's choice of the Southern District of New York as a forum is accorded little weight. The Court finds that, on balance, this non-resident plaintiff's choice of forum is outweighed by the other factors noted herein.

D. Governing Law

The applicability of Connecticut state law is an additional factor weighing in favor of granting

Not Reported in F.Supp.  
(Cite as: 1996 WL 257614, *3 (S.D.N.Y.))

Page 25

defendants' motion. See Filmline, 865 F.2d at 520; Fontana, 849 F.Supp. at 215. While the Court is capable of applying Connecticut law to this action, presumably, a federal court located in Connecticut is more familiar with that state's law and has a greater interest in its application.

E. Trial Efficiency and the Interest of Justice

The Court finds that in the interests of justice and trial efficiency, this action should be transferred to the District of Connecticut. As noted above, all of the operative facts occurred in Connecticut and most of the witnesses reside in Connecticut. Plaintiff's claims have no relationship to this forum, whereas they are intimately connected to the District of Connecticut. The Court "may legitimately encourage trial of controversies in the localities in which they arise." National Union Fire Ins. Co. v Landry, 677 F.Supp. 704, 710 (S.D.N.Y. 1987). Moreover, there is no undue hardship or inconvenience to the plaintiff resulting from such a transfer. In short, the Court finds that defendants have met their burden of showing that this action should be transferred to Connecticut.

CONCLUSION

Defendants' motion to transfer venue is granted. The Clerk of the Court is directed to transfer this action to the United States District Court for the District of Connecticut.

SO ORDERED.

> FN1. Defendant General Electric Company has joined in the motion, and no defendant has opposed the motion.

1996 WL 257614 (S.D.N.Y.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo