Not Reported in F.Supp.2d
(Cite as: 2001 WL 1242277 (S.D.N.Y.))
<KeyCite Citations>

Page  18

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

**LIGHTING WORLD, INC., Plaintiff,**
v.
**BIRCHWOOD LIGHTING, INC., Defendant.**

No. 01 CIV. 4751(BSJ).

Oct. 16, 2001.

Order & Opinion

JONES, District J.

*1 Plaintiff Lighting World, Inc. ("Lighting World") filed this patent infringement action on June 1, 2001, in the United States District Court for the Southern District of New York. In its complaint, Lighting World alleges that Defendant Birchwood Lighting, Inc. ("Birchwood") is infringing two of Plaintiff's patents, both of which cover Fluorescent Lighting Fixtures. Birchwood has moved to dismiss this action pursuant to 28 U.S.C. § 1400(b), or, in the alternative, to transfer the action to the Central District of California under 28 U.S.C. § 1404(a). For the reasons stated below, this court denies Defendant's motion to dismiss and grants Defendant's motion to transfer.

FACTS

Birchwood is a light fixture design company with fifteen employees. It is a California company with its headquarters, principal place of business, and sole facilities located in Los Angeles, California. Declaration of Darrin Weedon at ¶ 3 ("Weedon Decl.") While Birchwood maintains two independent sales representatives in New York, it has no offices or employees in New York. Weedon Decl. ¶¶ 4, 9; Belfer Decl. at ¶ 2 & Ex. A. Nor does Birchwood maintain a regular place of business or permanent physical location in New York. Weedon Decl. ¶ 9. According to defendant, only four percent of its total sales are from New York state. Weedon Decl. ¶ 12. Regarding the allegedly infringing products, Birchwood claims that it has not sold any of these products to retailers, distributors, or consumers in New York. Weedon Decl. ¶ 8. Nor were these products developed or manufactured in New York, but rather they were developed and manufactured in California, as are all Birchwood products. Weedon Decl. ¶¶ 5, 8. Thus, Birchwood claims, all of its witnesses and documents related to this litigation are located in the Central District of California. Mark Wine Decl. ¶ 3-4.

Plaintiff Lighting World, Inc. ("Lighting World") is a New Jersey corporation with its principal place of business in New Jersey. Belfer Decl. ¶ 1. According to Plaintiff, most of its witnesses are located either in New York or New Jersey. Belfer Decl. ¶¶ 5, 8. This includes the inventor of Plaintiff's patented products, as well as third party witnesses related to the lighting design industry in general. Id. Plaintiff further contends that documents relating to the allegedly infringed patents in this case are located in the New York/New Jersey area. [FN1] Belfer Decl. ¶ 5.

FN1. When describing the location of their documents and witnesses, Plaintiff uses terms such as "New York area" and "New York metropolitan area" without specifying whether either term encompasses the Southern District of New York.

Plaintiff claims that Defendant has offered the allegedly infringing devices for sale to New York customers at a Las Vegas trade show. See Declaration of Bruce Belfer at ¶ 4 ("Belfer Decl." ). In addition, Plaintiff alleges that Birchwood's web site has links to 27 states nationwide, including New York. Id. at ¶ 2. Upon clicking on the New York link, a web user is directed to a listing of two Birchwood New York sales representatives, including their phone and fax numbers. Id. Because of these connections to the New York/New Jersey area, Plaintiff argues that the Southern District of New York is the appropriate and proper venue for this action.

VENUE

*2 Venue in patent infringement actions is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." When

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.2d

Page 19

(Cite as: 2001 WL 1242277, *2 (S.D.N.Y.))

determining whether a corporate defendant "resides" in a particular judicial district under 1400(b), the court must consider whether the defendant is subject to personal jurisdiction in that district. 28 U.S.C. § 1391(c) ("a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced"); VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574 (Fed.Cir.1990) (the definition of "resides" set forth in 28 U.S.C. § 1391(c) applies to § 1400(b)). Thus, if this court finds that Birchwood is subject to personal jurisdiction in this district, then venue is proper.

In a case arising under a federal statute which does not specifically provide for national service of process, federal courts apply the forum state's personal jurisdiction rules. See PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir.1997); Imagineering, Inc. v. Van Klassens, Inc., 797 F.Supp. 329, 331 (S.D.N.Y.1992). This court therefore applies New York's long arm statute to determine whether personal jurisdiction over Defendant exists. [FN2]

> FN2. Although plaintiff bears the burden of demonstrating personal jurisdiction over Defendant, a plaintiff facing a motion to dismiss "made before any discovery need only allege facts constituting a prima facie showing of personal jurisdiction." PDK Labs, Inc., 103 F.3d at 1108. Furthermore, at this early stage of the litigation, this court construes all pleadings and affidavits in Plaintiff's favor. Id.

For our purposes, the relevant section of the New York long-arm statute is N.Y. C.P.L.R § 302(a)(3)(ii). Under this section, jurisdiction is proper where a defendant commits a tortious act outside the state causing injury to a person or property within the state where (1) defendant expects or should reasonably expect the act to have consequences in the state, and (2) defendant derives substantial revenue from interstate or international commerce. For the reasons stated below, Plaintiff has satisfied its burden of demonstrating that this court has personal jurisdiction over Defendant under this section of New York's long arm statute.

By offering the allegedly infringing products for sale to New York customers at the Las Vegas trade show, Birchwood has committed a tort outside of the state. 35 U.S.C. § 271(a) (direct infringement occurs whenever someone, without the authority of the patent holder, uses, offers to sell, or sells any patented invention). [FN3] By committing this tortious act, Lighting World alleges that Birchwood has caused Plaintiff injury in New York; specifically, Plaintiff claims that by competing for the same New York customers as Plaintiff, Defendant is threatening Plaintiff's business in New York. Plaintiff's allegations of loss of business in New York are sufficient to demonstrate injury in New York under 302(a)(3). See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 791-93 (2d Cir.1999); Starmedia Network, Inc. v. Star Media Inc., 2001 WL 417118, *2 (S.D.N.Y.); see also Harrison Conference Services, Inc. v. Dolce Conference Services, Inc., 768 F.Supp. 405, 407 (E.D.N.Y.1991).

> FN3. In addition to its activities in Las Vegas, Defendant concedes that it has responded to other requests from potential New York customers regarding the allegedly infringing product, though it has not actually sold any of the products in New York. See Supplemental Declaration of Darrin Weedon at ¶ 4 ("Weedon Supp. Decl.")

*3 Plaintiff also has demonstrated that Birchwood reasonably should expect its acts to have consequences in New York. According to Plaintiff, Birchwood offered the infringing devices to New York lighting designers, architects, and specifiers at a recent trade show in Law Vegas. Belfer Decl. ¶ 4. Considering that New York carries a large concentration of persons and businesses in the lighting industry, Plaintiff alleges that Defendant reasonably should have foreseen it acts to have consequences in New York; in particular, Defendant should have expected its acts to threaten and cause injury to Plaintiff's business in New York. [FN4] These allegations are sufficient to meet this element of the long arm statute.

> FN4. According to Plaintiff, Birchwood also has two New York sales representatives in New York, presumably to facilitate sale of Defendant's products to New York customers. Belfer Decl. ¶ 2 & Ex. A. Indeed, Plaintiff alleges that these sales representatives send promotional literature and advertisements in an effort to recruit such customers. Belfer Decl. ¶¶ 2, 6. New York

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.2d
(Cite as: 2001 WL 1242277, *3 (S.D.N.Y.))

customers need only access Defendant's web site and click on the "New York" link in order to find specific information regarding how to contact these sales representatives. Belfer Decl. ¶ 2.

Finally, Plaintiff has demonstrated that Birchwood derives substantial revue from interstate commerce. Specifically, Birchwood's web site contains links to 27 states, each with at least one local Birchwood sales representatives. Belfer Decl. ¶ 2 & Ex. A. Furthermore, Defendant concedes that approximately four percent of its total sales are from New York. Declaration of Darrin Weedon at ¶ 12 ("Weedon Decl."). This evidence that Birchwood conducts business throughout the United States is sufficient to satisfy the remaining element of 302(a)(3)(ii). [FN5]

> FN5. Because New York's long-arm statute "does not exhaust the full jurisdictional potential permissible under the federal constitution," this court's finding of jurisdiction over Birchwood under New York's long-arm statute accords with due process. See, e .g., Hedlund v. Products From Sweden, Inc., 698 F.Supp. 1087, 1090 (S.D.N.Y.1988); see also Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 869 F.Supp. 152, 156 (S.D.N.Y.1994).

## MOTION TO TRANSFER

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice" to "any other district or division where it might have been brought." [FN6] When evaluating a motion to transfer venue under § 1404(a), courts consider a number of factors, including: (1) the place where the operative facts occurred; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the weight accorded the Plaintiff's choice of forum; and (8) trial efficiency and the interests of justice, based on the totality of circumstances. See Wechsler v. Macke International Trade, Inc., 1999 WL 1261251, *3 (S.D.N.Y.). The determination of whether a transfer is warranted lies within the broad discretion of the district court, and each factor need not be accorded equal weight.

Id.

> FN6. The parties do not dispute that this case could have been brought in the Central District of California.

Applying the above factors to this case, this court finds that a transfer of the action to the Central District of California is warranted. Perhaps the most important of the above factors is the identification of the locus of the operative facts, as this informs the court's analysis of several other factors. In an action for patent infringement, the locus of operative facts is in the transferee forum if the design and development of the allegedly infringing product took place there and the designers and developers of the product live and work in that forum. See Wechsler, 1999 WL 1261251 at *4; see also Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 11 F.Supp.2d 729, 730 (S.D.N.Y.1998) (locus of operative facts is where the allegedly infringing device was developed and the resultant product line is managed).

*4 In this case, the Central District of California is the locus of most of the operative facts. The allegedly infringing product was developed and manufactured in California, and all distribution of Birchwood products takes place there. Weedon Decl. ¶ 5. All Birchwood witnesses reside in the Central District of California, and all Birchwood documents, including its sales and product records, are located in the Central District of California. Id. at ¶ 7; Declaration of Mark Wine ¶ 3-4 ("Wine Decl."). This is unsurprising, considering that Birchwood is a California corporation with its headquarters, principal place of business and sole facilities located in the Central District of California. Weedon Decl. at ¶ 3. Moreover, Defendant has not sold any of the allegedly infringing product in New York. Weedon Supp. Decl. ¶ 4. Because "most of the witnesses, documents, and sources of proof concerning the alleged infringement" will be found in the Central District of California, factors one, three and four therefore favor Defendant. See Amersham, 11 F.Supp.2d at 730; see also Wechsler, 1999 WL 1261251 at *4. [FN7]

> FN7. Plaintiff claims its documents and witnesses are located throughout the New York/New Jersey area. However, as demonstrated above, most of

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.2d                                                    **Page 21**
(Cite as: 2001 WL 1242277, *4 (S.D.N.Y.))

these documents and witnesses do not pertain to the operative facts of the case. Moreover, given that Plaintiff is a New Jersey corporation with its place of business in New Jersey, it is unclear exactly how many of Plaintiff's documents and intended witnesses are located specifically in the Southern District of New York. Although Plaintiff lists three witnesses that are from the New York City area, Belfer Decl. ¶ 8, Plaintiff does not indicate what they will testify regarding or how they are connected to this case.

As traveling 3,000 miles is inconvenient for both parties, factor number two does not clearly favor either party. Indeed, each party asserts that it would suffer significant hardship should it be compelled to litigated in a distant forum. See Weedon Decl. ¶ 13; Belfer Decl. ¶ 1. It is notable, however, that while Defendant is located within the Central District of California, Plaintiff is located outside the Southern District of New York, about one hour from New York City. Belfer Decl. ¶ 1. Thus, this factor can be described as neutral or slightly favoring Defendant.

Factors five and six are neutral in this case. [FN8]

> FN8. Factor five does not favor one party over the other in this case. Regarding factor six, because "patent law is federal law and any district court may handle a patent case with equal skill." Wechsler, 1999 WL 1261251 at *9 (internal quotations omitted).

Factor seven slightly favors Defendant. First, transfer of this action to the Central District of California would facilitate discovery, thereby promoting trial efficiency. See Wechsler, 1999 WL 1261251 at *10 ("Transfer of an action facilitates discovery when: (i) the action is in the early stages of litigation; and (ii) the transferee district is the place where the operative events occurred and where many witnesses and documents are located."). Second, that the locus of operative events is in California renders New York's interest in this action minimal. Id.

Finally, although plaintiff's choice of forum is ordinarily entitled to "substantial consideration," this choice is accorded less weight where the case's operative facts have little or no connection with the transferor forum. See Clay Paky v. Vari-Lite, Inc., 2000 WL 977709, *7 (S.D.N.Y.) (quoting In re

Warrick, 70 F.3d736, 741 (2d Cir.1995)); see also Amersham, 11 F.Supp.2d at 730. This is particularly the case where plaintiff brings suit outside his home forum. See Wechsler, 1999 WL 1261251 at *9 (finding plaintiff's choice of forum should be accorded little weight where plaintiff resides and works in the Eastern District of New York, but filed suit in the Southern District of New York). Here, as indicated above, the operative facts of this litigation have little connection with the Southern District of New York forum. Moreover, as indicated previously, Plaintiff is a New Jersey corporation with its principal place in New Jersey; it does not claim to have facilities or employees within the Southern District of New York. Thus, this factor does not favor Plaintiff.

*5 In sum, after a consideration of the relevant factors, this court finds that transfer is appropriate in this case and grants Defendant's motion to transfer this action to the Central District of California.

### CONCLUSION

For the reasons set forth above, the court denies Defendant's motion to dismiss and grants Defendant's motion to transfer. Plaintiffs request for additional discovery on these issues is denied. Accordingly, the Clerk of the Court is ordered to transfer this case to the Central District of California.

SO ORDERED:

2001 WL 1242277 (S.D.N.Y.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo