Slip Copy                                                                                    Page 12
(Cite as: 2004 WL 2578912 (S.D.N.Y.))

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.

MARSHALL GOBUTY INT'L USA, INC.,
Plaintiff,
v.
NIKE, INC, Defendant.

No. 04 Civ. 6975(SAS).

Nov. 10, 2004.

Joshua Lee Raskin, Steinberg & Raskin, P.C., New York, New York, for Plaintiff.

Scott B. Kidman, Quinn Emanuel Urquhart Oliver & Hedges, LLP, New York, New York, for Defendant.

MEMORANDUM OPINION AND ORDER

SCHEINDLIN, J.

*1 Marshall Gobuty International USA, Inc. ("MGI") brings this suit against Nike, Inc. ("Nike"), alleging infringement of its patented cuff and sleeve design, [FN1] which MGI markets under the trade name "Handcuffs." [FN2] Nike and MGI exchanged letters [FN3] regarding Nike's proposed motion for a change of venue to the Central District of California. [FN4] Following a conference with the parties in which Nike made clear its intent to make the motion, I am treating these letters as if Nike has formally moved to transfer this action. For the following reasons, the motion to transfer is granted.

> FN1. See United States Patent Number 5,784,720 for Garment Cuff With a Thumb Opening, Ex. A to Complaint ("Compl."); United States Patent Number 6,035,441 for Garment Cuff With a Thumb Opening, Ex. B to Compl.; United States Patent Number 6,249,916 for Garment Cuff With a Thumb Opening, Ex. C to Compl.
>
> FN2. Handcuffs apparel "features shirts and sweatshirts having extendable sleeves which, when unrolled, form built-in hand-warmers with thumb hole openings for keeping hands warm while maintaining manual dexterity and sense of touch."

> Compl. ¶ 11.
>
> FN3. See 10/22/04 Letter from Kidman to the Court ("Nike Letter"); 10/26/04 Letter from Raskin to the Court ("MGI Letter").
>
> FN4. See 28 U.S.C. § 1404(a).

I. LEGAL STANDARD

Section 1404 provides: "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." [FN5] The defendant must make a "convincing showing" that the action would be better litigated elsewhere. [FN6] Relevant factors include the: (1) deference accorded to plaintiff's choice of forum; (2) convenience to witnesses and parties; (3) situs of operative facts; (4) interests of justice and judicial economy; (5) relative ease of access to sources of proof; (6) availability of process to compel unwilling witnesses; (7) relative means of the parties; and (8) forum's familiarity with the governing law. [FN7] Of these factors, plaintiff's choice of forum is usually given the greatest weight, but when the plaintiff is a nonresident and the operative facts bear little connection to the chosen forum, plaintiff's choice is shown less deference. [FN8]

> FN5. Id.
>
> FN6. Alonso v. Saudi Arabian Airlines Corp., No. 98 Civ. 7781, 1999 WL 244102, at *6 (S.D.N.Y.1998). See also Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1947) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").
>
> FN7. See Berman v. Informix Corp., 30 F.Supp.2d 653, 657 (S.D.N.Y.1998); see also Gulf Oil, 330 U.S. at 508.
>
> FN8. See Invivo Research Inc. v. Magnetic Resonance Equip. Corp., 119 F.Supp.2d 433, 438 (S.D.N.Y.2001); see also Berman, 30 F.Supp.2d at 657-59.

II. DISCUSSION

Because of Nike's extensive business activities in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Slip Copy                                                                                                      Page 13
(Cite as: 2004 WL 2578912, *1 (S.D.N.Y.))

California, [FN9] MGI could have brought this action in the Central District of California. [FN10] For the reasons that follow, Nike has made a sufficiently convincing showing to justify transfer to that venue.

> FN9. See Nike Letter at 2.

> FN10. See 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district ... where the defendant has committed acts of infringement and has a regular and established place of business.").

A. Deference Accorded to Plaintiff's Choice of Forum

Generally, a court should not disturb a plaintiff's choice of forum "unless the balance of the factors weighs strongly in favor of transfer." [FN11] However, where the "plaintiff sues in a forum which is neither its home nor has any ties to the controversy, plaintiff's choice is to be accorded less weight than would ordinarily be the case." [FN12] There is no dispute that MGI is a California corporation. [FN13] While MGI alleges that its principal place of business is in New York City, [FN14] Nike contends that "[a]ll of the evidence" indicates that MGI's principal place of business is in fact in Los Angeles, California. [FN15]

> FN11. Renaissance Cosmetics v. Development Specialists, 277 B.R. 5, 18 (S.D.N.Y.2002) (citation omitted).

> FN12. AMVEST Capital Corp. v. Banco Cent., S.A., 628 F.Supp. 1258, 1259 (S.D.N.Y.1986). See also Calay Sys., Inc. v. Barrister Info. Sys. Corp., No. 89 Civ. 1155, 1989 WL 68301, at *2 (S.D.N.Y. June 21, 1989) ("Although a plaintiff's choice of forum normally will not be disturbed, this presumption is less weighty where, as here, the plaintiff has no connection with the forum.").

> FN13. See Compl. ¶ 3; Nike's Answer and Counterclaim ("Nike's Answer") ¶ 3.

> FN14. See Compl. ¶ 3.

> FN15. Nike Letter at 1.

To support its argument, Nike offered the following exhibits: (1) a recent Dunn & Bradstreet report indicating that MGI has been based in Los Angeles since its inception; (2) a recent California Secretary of State search revealing that MGI's current mailing address and agent for service of process are in Los Angeles; (3) an excerpt from MGI's website--bearing a 2004 copyright--that calls MGI a "New Innovative LA-based Company"; and (4) two complaints--one from 2000 and the other from 2001--in which MGI alleges that its principal place of business is Los Angeles. [FN16]

> FN16. See Exs. 1-5 to Nike Letter.

*2 MGI's response to this evidence is unconvincing. MGI contends that it closed its California office in 1999 and no longer has employees there. [FN17] According to MGI, its mailing address in Los Angeles is merely that of its accountant. [FN18] This argument does not address the fact that since 1999 MGI has continued to hold itself out as a Los Angeles-based company both to consumers and the courts. In any case, by its own admission, MGI's principal place of business is certainly not New York. MGI contends that its managing shareholder, Marshall Gobuty, now resides in Israel, where he runs MGI's day-to-day operations. [FN19] MGI also represents that a large part of its business is run out of Toronto, Canada, where the company's books and corporate records are kept. [FN20] In light of these admissions, Mr. Gobuty's assertion that he maintains a business address for MGI in New York City is irrelevant. [FN21] While such contacts with New York City might make MGI a resident of New York for purposes of defending a law suit, they are insufficient to make the Southern District of New York MGI's home forum. [FN22]

> FN17. See MGI Letter at 3.

> FN18. See id.

> FN19. See 10/26/04 Declaration of Marshall Gobuty ("Gobuty Decl ."), Ex. 1 to MGI Letter, ¶ 3.

> FN20. See id. ¶ 8.

> FN21. See id. ¶ 6. As an aside, a quick search of an electronic yellow and white pages database revealed no entry in New York for "Marshall

Gobuty."

FN22. See Manchester Modes v. Schuman, 426 F.2d 629, 632 (2d Cir.1970) (holding that a corporate plaintiff is not a resident of a district for venue purposes simply by virtue of doing business there).

Moreover, the Southern District of New York has no greater ties to the controversy than any other jurisdiction where Nike's allegedly infringing products are sold. While MGI's attorneys are located in New York City, the location of counsel is "not a consideration in the transfer analysis." [FN23] Therefore, MGI's choice of forum is entitled to very little weight.

FN23. Bionx Implants, Inc. v. Biomet, Inc., No. 99 Civ. 740, 1999 WL 342306, at *4 (S.D.N.Y. May 27, 1999).

B. Convenience of the Witnesses

In light of the diminished deference to be accorded MGI's choice of forum, the convenience of party and non-party witnesses becomes the most important consideration. [FN24] This factor favors transfer to the Central District of California. MGI intends to call only two witnesses, other than experts: Marshall Gobuty, who resides in Israel, and Patrick Lo, MGI's Vice President of Finance, who works and resides in Toronto. [FN25] Nike, on the other hand, asserts that it is "highly likely" that all of its own employee witnesses are located at its company headquarters in Portland, Oregon. [FN26] While New York is obviously more convenient to MGI's witnesses than Los Angeles, the distance they would already have to travel were the case to remain in New York suggests that a transfer to Los Angeles only modestly increases the inconvenience to them. Likewise, any Nike employee who testifies would have to resort to air travel, regardless of whether the action is located in New York or Los Angeles. The inconvenience to party witnesses of one forum or the other is, therefore, roughly the same.

FN24. See Invivo, 119 F.Supp.2d at 437 ("The convenience of party and non-party witnesses is perhaps the most important consideration of a Section 1404(a) motion.") (quotation marks and citation omitted).

FN25. See MGI Letter at 4.

FN26. Nike Letter at 1.

Nike has pointed out, however, that Los Angeles would be far more convenient for two potential non-party witnesses--the inventors of the patents-in-suit--who reside in Fresno, California. While the Court recognizes that Fresno is by no means next door to Los Angeles, the two cities are nonetheless within driving distance of one another. Testifying in Los Angeles would be considerably less burdensome for these witnesses. Moreover, as discussed in Part II.G infra, these witnesses are not within the subpoena power of the Southern District of New York. Therefore, this factor favors transfer.

C. Convenience of the Parties

*3 This factor favors MGI slightly, if at all. Mr. Gobuty, who appears to be MGI's primary employee, represents that he frequently travels to New York for business and personal reasons. [FN27] Presumably, his appearances for this litigation could be combined with such trips to New York. The court is not convinced, however, that shifting the venue to Los Angeles would have much impact on MGI's business. It is important to remember that there is a distinction between MGI and Mr. Gobuty himself. Mr. Gobuty has opted to take advantage of the corporate form; he is not a party to this action. What inconveniences Mr. Gobuty does not necessarily inconvenience MGI to the same degree. [FN28] There is little reason to believe that when Mr. Gobuty is away from Israel, he cannot conduct MGI's affairs from Los Angeles as effectively as he does from New York.

FN27. See Gobuty Decl. ¶ 10.

FN28. Cf. Caville v. Malibu Toys, Inc., No. 03 Civ. 9727, 2004 WL 1516799, at *3 (S.D.N.Y. July 7, 2004) (holding that convenience of the parties favored denying transfer from Southern District of New York where individual foreign plaintiff took frequent business trips to New York City).

Los Angeles would be a less burdensome venue for Nike because its employees would not have to travel as far. But this difference deserves little weight, given Nike's size and resources. Thus, this

Slip Copy
(Cite as: 2004 WL 2578912, *3 (S.D.N.Y.))

Page 15

factors weighs against transfer, but only marginally.

### D. The Situs of Operative Facts

"Courts have held that the situs of operative facts in an infringement action is the jurisdiction where the product was designed, developed, and marketed." [FN29] Because Nike's allegedly infringing products were designed and developed in Oregon and are marketed throughout the United States, most of the operative facts occurred in Oregon. Therefore, this factor favors neither party.

> FN29. Id. See also Bionx, 1999 WL 342306, at *4 (holding that locus of operative facts was where product allegedly infringing plaintiff's patent had been designed, developed, and marketed); Coloplast v. Amoena Corp., No. 92 Civ. 3432, 1992 WL 346359, at *2 (S.D.N.Y. Nov. 18, 1992) (holding operative events were where alleged infringement, manufacture and sales has occurred).

### E. Interests of Justice and Judicial Economy

This factor favors Nike. California has an interest in rendering a judgment relating to MGI, which is a California corporation and, at least, holds itself out as doing business principally in California. California and New York have indistinguishable interests in rendering a judgment as to Nike.

### F. Access to Sources of Proof

This factor does not favor either party. "The location of relevant documents and ease of access to sources of proof is typically dependent on the locus of the operative facts." [FN30] Many of the documents and sources of proof are sure to be located in Oregon. Whether MGI's documents are located in Israel, Toronto, Los Angeles, or New York, it should make little difference in this day and age whether the action takes place in New York or Los Angeles.

> FN30. Weschler v. Macke Int'l Trade, Inc., No. 99 Civ. 5725, 1999 WL 1261251, at *8 (S.D.N.Y. Dec. 27, 1999).

### G. Availability of Process to Compel Unwilling Witnesses

This factor weighs strongly in favor of Nike. Charles and Mark Mellon, the inventors of the patents-in-suit, who reside in Fresno, are within the subpoena power of the Central District of California, but are not within the subpoena power of this Court.

### H. Relative Means of the Parties

While it is obvious that Nike's means exceed MGI's, it is unclear how this disparity will disadvantage MGI if the action is transferred. While Mr. Gobuty insists that he will be inconvenienced, it does not follow that MGI would incur substantially greater costs by being compelled to pursue its law suit in Los Angeles. On the contrary, MGI will pay for Mr. Gobuty to fly from Israel and Mr. Lo to fly from Toronto regardless of the venue. Moreover, it is not a significant burden for a corporation to maintain an action in the jurisdiction that it claims as the location of its principal place of business. This factor is therefore neutral.

### I. Forum's Familiarity with the Governing Law

*4 "Patent law is federal law and any district court may handle a patent case with equal skill." [FN31] This factor is therefore neutral.

> FN31. Id. at *9 (quotation marks and citations omitted).

### J. Summary of Factors

Nike has met its burden of demonstrating that this action should be transferred to the Central District of California. Although deference to plaintiff's choice of forum as well as the convenience of the parties slightly favor MGI, these factors are substantially outweighed by the convenience of the witnesses, the interests of justice, and the availability of process to compel unwilling witnesses.

### III. CONCLUSION

For the foregoing reasons, Nike's motion to transfer this action to the Central District of California is granted. The Clerk of the Court is directed to close this case and transfer the file forthwith to the Central District of California.
SO ORDERED:

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Slip Copy  
(Cite as: 2004 WL 2578912, *4 (S.D.N.Y.))

Page 16

2004 WL 2578912 (S.D.N.Y.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo