| | 982(a)(15.4) |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>Michael L. Mallow    SBN #188745<br>Kirkpatrick & Lockhart LLP<br>10100 Santa Monica Boulevard<br>7th Floor<br>Los Angeles, California 90067<br>TELEPHONE NO.: 310/552-5000    FAX NO.: 310/552-5001<br>ATTORNEY FOR (Name): Defendant, World Wrestling Federation | CALENDARED ✓    FOR COURT USE ONLY<br><br>EXHIBIT<br>Blume # 6<br>6/10/04 ✓ Rptr<br>CRI (212) 986-1344 |
| NAME OF COURT: Los Angeles Superior Court<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, California<br>BRANCH NAME: Central District | |
| PLAINTIFF/PETITIONER: STANLEY SHENKER & ASSOCIATES, INC.<br>DEFENDANT/RESPONDENT: WORLD WRESTLING FEDERATION ENTER. | |
| **DEPOSITION SUBPOENA**<br>For Personal Appearance and Production of Documents and Things | CASE NUMBER: Connecticut Case No.<br>DN X05CV-00-0180933s |

THE PEOPLE OF THE STATE OF CALIFORNIA, TO (name, address, and telephone number of deponent, if known): Jakks Pacific, Inc., 22761 Pacific Coast Highway, Suite 226, Malibu, California 90265

1. YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:

Date: July 29, 2002    Time: 10:00 am    Address: Kirkpatrick & Lockhart 10100 Santa Monica Boulevard 7th Fl Los Angeles, California 90067

a. [X] As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025, subd. (d)(6).)
b. You are ordered to produce the documents and things described in item 3.
c. [X] This deposition will be recorded stenographically  [X] through the instant visual display of testimony.
   and by  [ ] audiotape  [X] videotape.
d. [X] This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025(u)(4).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows: See Attachment 3

   [X] Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows: See Attachment 3

   [ ] Continued on Attachment 4.

5. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, AND CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

6. At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition.

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: June 11, 2002

Michael L. Mallow    SBN #188745
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PERSON ISSUING SUBPOENA)
Attorney for Defendant
(TITLE)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(15.4) [New January 1, 2000]

DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS

Legal Solutions Plus

Code of Civil Procedure, §§ 2020, 2025; Government Code, § 68097.1

| Attorney or Party without Attorney:<br>MICHAEL L. MALLOW, ESQ. SBN#188745<br>KIRKPATRICK & LOCKHART LLP<br>10100 SANTA MONICA BLVD<br>7TH FLOOR<br>LOS ANGELES, CA 90067 | Telephone No.:<br>(310) 552-5000 | For Court Use Only |
|---|---|---|
| Attorney for: Defendant | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES SUPERIOR COURT-CENTRAL DISTRICT

Plaintiff: STANLEY SHENKER & ASSOCIATES, INC.
Defendant: WORLD WRESTLING FEDERATION ENTERTAINMENT

| PROOF OF SERVICE<br>(Deposition Subpena-personal) | Hearing Date:<br>Mon, Jul. 29, 2002 | Time:<br>10:00AM | Dept/Div | Case Number:<br>DNX05CV-00-0180933S |
|---|---|---|---|---|

1. At the time of service I was at least 18 Years of age and not a party to this action, and I served copies of the: DEPOSITION SUBPENA-PERSONAL APPEARANCE AND PRODUCTION OF DOCS & THINGS; NOTICE OF DEPOSITION; COMMISSION TO TAKE DEPOSITION

2. a. Party Served:      JAKKS PACIFIC, INC.
   b. Person Served:     PASCHA PERKINS, RECEPTIONIST
   c. Address:           22761 PACIFIC COAST HIGHWAY
                         SUITE 226
                         MALIBU, CA 90265

3. I served the party named in item 2
   a. by personally delivering the copies
      (1) on:    Fri, Jun. 14, 2002
      (2) at:    1:30PM

4. Witness fees were not demanded or paid.

5. Person serving:
   BRAD BLANKENSHIP
   SHERMAN, ALEXANDER & ASSOCIATES LLC
   264 SOUTH LA CIENEGA BLVD
   PMB 806
   BEVERLY HILLS, CA 90211
   (310) 652-9222

   Recoverable Costs Per CCP 1033.5(a)(4)(B)
   a. Fee for service:
   d. Registered California process server.
      (2) Registration No.: 4052
      (3) County: LOS ANGELES
      (4) Expiration date: 09/25/2003

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: Jun. 14, 2002

Jud. Coun. form, rule 982(a)(23)   PROOF OF SERVICE   (Signature)   KIRKPATR.48712

# ATTACHMENT 3

| | |
|---|---|
| DN X05CV-00-0180933s | SUPERIOR COURT |
| STANLEY SHENKER & ASSOCIATES, INC.,<br>Plaintiff, | COMPLEX LITIGATION<br>DOCKET |
| vs. | AT STAMFORD |
| WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC.,<br>Defendant. | JUNE 10, 2002 |

## NOTICE OF DEPOSITION

To: Jakks Pacific, Inc.
22761 Pacific Coast Highway
Suite 226
Malibu, CA 90265

PLEASE TAKE NOTICE that, pursuant to Practice Book Section 13-26, Defendant, World Wrestling Federation Entertainment, Inc. ("WWFE"), will take the deposition upon oral examination of Jakks Pacific, Inc. on July 29, 2002 at 10:00 a.m. before a notary public or person authorized to administer oaths, at the offices of Kirkpatrick & Lockhart LLP, 10100 Santa Monica Boulevard, Seventh Floor, Los Angeles, CA 90067.

### Definitions And Instructions

The following definitions are applicable to the corporate designation and document requests:

1. "Document" or "documents" whenever used herein shall mean all written, typed, printed, recorded, photographic or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, now or formerly in the possession, custody or control of you, your agents, representatives, and attorneys, or any of them, including, but not limited to electronically

8. "Person" shall mean all entities and, without limiting the generality of the foregoing, includes natural persons, joint owners, associations, societies, fraternal organizations, companies, partnerships, joint ventures and corporations.

9. The term "or" means "and/or" and the term "and" means "and/or."

10. "Refer to" shall mean embodying, containing, recording, noting, reflecting, relating to, describing or mentioning.

11. "Relate to" shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

### Corporate Designation

Pursuant to Connecticut Practice Book Section 13-27(h), Jakks Pacific, Inc. is required to designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, regarding:

1. any and all written agreements by, between and among Jakks Pacific, Inc. and SSAI and/or Shenker;

2. any and all oral agreements by, between and among Jakks Pacific, Inc. and SSAI and/or Shenker;

3. any and all written agreements by, between and among Jakks Pacific, Inc. and Bell and/or Bell Consulting;

4. any and all oral agreements by, between and among Jakks Pacific, Inc., Bell and/or Bell Consulting;

5. any and all offers from SSAI and/or Shenker to Jakks Pacific, Inc. to provide any type of services for Jakks Pacific, Inc.;




6. any payments from Jakks Pacific, Inc. to SSAI and/or Shenker;

7. any payments from Jakks Pacific, Inc. to Bell or Bell Consulting;

8. any requests for Jakks Pacific, Inc. to forgo any contractual rights contained in your license agreement with WWFE;

9. the licensed elements contained in your license agreement with WWFE;

10. the identification of all business records and files kept and maintained by Jakks Pacific, Inc. that refer or relate to SSAI and/or Shenker;

11. the identification of all business records and files kept and maintained by Jakks Pacific, Inc. that refer or relate to Bell and/or Bell Consulting;

12. the identification of all business records and files kept and maintained by Jakks Pacific, Inc. that refer or relate to WWFE;

13. the identification of the person or persons who conducted the search for documents listed below in Schedule A;

14. any document destruction or retention policy used by Jakks Pacific, Inc.; and

15. the manner by which Jakks Pacific, Inc. was first introduced to WWFE.

16. any contacts, communications and/or discussions with Bell and/or Bell Consulting; and

17. any contacts, communications and/or discussions with Shenker and/or SSAI.

## Document Requests

Pursuant to Connecticut Practice Book Section 13-27(g), the deponent is hereby requested to produce for inspection and copying at the deposition the categories of documents listed below in Schedule A.

4




## SCHEDULE A

1. All documents, from January 1, 1994 to the present, that refer or relate to any and all written agreements by, between and among you and SSAI and/or Shenker.

2. All documents, from January 1, 1994 to the present, that refer or relate to any and all oral agreements by, between and among you and SSAI and/or Shenker.

3. All documents, from January 1, 1994 to the present, that refer or relate to any and all written agreements by, between and among you and Bell and/or Bell Consulting.

4. All documents, from January 1, 1994 to the present, that refer or relate to any and all oral agreements by, between and among you and Bell and/or Bell Consulting.

5. All documents, from January 1, 1994 to the present, that refer or relate to any and all communications by, between and among you and SSAI and/or Shenker.

6. All documents, from January 1, 1994 to the present, that refer or relate to any and all correspondence by, between and among you and SSAI and/or Shenker.

7. All documents, from January 1, 1994 to the present, that refer or relate to any and all communications by, between and among you and Bell and/or Bell Consulting.

8. All documents, from January 1, 1994 to present, that refer or relate to any and all correspondence by, between and among you and Bell and/or Bell Consulting.

9. All documents, from January 1, 1994 to present, that refer or relate to any and all offers from SSAI and/or Shenker to you to provide any type of services for Jakks Pacific, Inc.

10. All documents, from January 1, 1994 to present, that refer or relate to any and all payments made by you to SSAI and/or Shenker, including, but not limited to, cancelled checks, general ledger entries, journal entries and invoices.

JUN. 12. 2002  1:42PM     KIRKPATRICK LOCKHART                              NO. 8608   P. 7

11. All documents, from January 1, 1994 to present, that refer or relate to any and all payments made by you to Bell and/or Bell Consulting, including, but not limited to, cancelled checks, general ledger entries, journal entries and invoices.

12. All documents, from January 1, 1994 to present, that refer or relate to any request made by SSAI and/or Shenker to you for you to forego any contractual rights contained in your license agreement with WWFE.

13. All documents, from January 1, 1994 to present, that refer or relate to any request made by Bell and/or Bell Consulting to you for you to forego any contractual rights contained in your license agreement with WWFE.

The deposition shall continue from day to day until completed. The deposition will be videotaped, in addition to being recorded stenographically. You are invited to attend and cross-examine.

DEFENDANT, WORLD WRESTLING
FEDERATION ENTERTAINMENT, INC.

By: _____
Stanley A. Twardy
Richard P. Colbert
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901-2047
(203) 977-7300
Juris No.: 14230

Jerry S. McDevitt (Pro Hac Vice)
Amy L. Barrette (Pro Hac Vice)
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222