| | | |
|---|---|---|
| Docket No. CV-00-0180933 | : | SUPERIOR COURT |
| | : | |
| STANLEY SHENKER & ASSOCIATES, INC., | : | JUDICIAL DISTRICT OF |
| Plaintiff, | : | STAMFORD/NORWALK |
| | : | |
| vs. | : | AT STAMFORD |
| | : | |
| WORLD WRESTLING FEDERATION | : | |
| ENTERTAINMENT, INC., | : | |
| Defendant. | : | APRIL 11, 2001 |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Defendant, World Wrestling Federation Entertainment, Inc. ("WWFE"), by and through its undersigned counsel, hereby files the following Answer to Plaintiff's Substitute Complaint and Counterclaim, stating as follows:

### Answer to Plaintiff's Substitute Complaint

WWFE answers the numbered paragraphs of Plaintiff's Substitute Complaint as follows:

### First Count (Breach by Wrongful Termination of Contract):

1.    The allegations contained in paragraph 1 of the First Count of the Substitute Complaint are admitted.

2.    After reasonable investigation, WWFE is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph

2 of the First Count of the Substitute Complaint and, therefore, said allegations are denied and strict proof thereof is demanded at the time of trial.

   3.  The allegations contained in paragraph 3 of the First Count of the Substitute Complaint are admitted.

   4.  The allegations contained in paragraph 4 of the First Count of the Substitute Complaint are admitted.

   5.  The allegations contained in paragraph 5 of the First Count of the Substitute Complaint are admitted in part and denied in part. It is admitted that SSAI "provided licensing services to WWFE, both nationally and internationally in exchange for royalties, under various terms and conditions pursuant to various written . . . agreements since approximately 1994." It is specifically denied that any oral agreements were entered into between WWFE and Plaintiff, and strict proof thereof is demanded at the time of trial.

   6.  The allegations contained in paragraph 6 of the First Count of the Substitute Complaint are denied as stated. It is specifically denied that the "exclusiv[ity]" of the Agency Agreement was subject only to the exception listed in paragraph 6 of the First Count of the Substitute Complaint. By way of further response, the Agency Agreement was also subject to other exceptions, including, but not limited to, an exception with respect to licensing agreements with "Existing Rights Holders," as that term is defined in the Agency Agreement, as well as an exception for licensing agreements negotiated by WWFE with entities not first brought to WWFE's attention by Plaintiff.

7.     The allegations contained in paragraph 7 of the First Count of the Substitute Complaint are denied as stated.  It is specifically denied that Plaintiff was entitled to "an eleven percent (11%) commission on all royalties received by WWFE on the licensing agreements procured by SSAI."  By way of further response, the Agency Agreement provided for an eleven percent (11%) commission on royalties received by WWFE on licensing agreements *negotiated and* procured by Plaintiff *during the term of the Agency Agreement*. Moreover, this provision was subject to exceptions, including, but not limited to, royalties on products containing the Intellectual Property, as that term is defined in the Agency Agreement. It is also specifically denied that "the Agency Agreement expressly included all renewals."  By way of further response, Plaintiff's entitlement to commissions did not extend to renewals *beyond the term of the Agency Agreement*.   Moreover, Paragraph 13(a)(iii) of the Agency Agreement expressly provides that, in the event of termination, Plaintiff is entitled to commissions only for the term of the agreements negotiated or consummated by Plaintiff.

8.     The allegations contained in paragraph 8 of the First Count of the Substitute Complaint are denied as stated.  It is specifically denied that "WWFE also agreed to pay SSAI for any licensed products purchased for resale from entities sourced by SSAI at the rate of seven percent (7%) of net catalog and electronic sales and at the rate of three and a half (3.5%) of net venue sales."  This provision of the Agency Agreement covered only products *containing the Intellectual Property*, as that term is defined in the Agency Agreement, purchased from entities sourced by Plaintiff *for resale through WWFE's catalog, venue and/or electronic sales operations*.

9.    The allegations contained in paragraph 9 of the First Count of the Substitute Complaint are denied as stated.  It is specifically denied that "WWFE agreed to pay SSAI within 15 days of the receipt by WWFE of any royalties upon which it owed SSAI a commission."  This 15-day provision was contained in the section of the Agency Agreement that concerned eleven percent (11%) commissions, not in the section that concerned seven percent (7%) and three and one half percent (3.5%) commissions.

10.    The allegations contained in paragraph 10 of the First Count of the Substitute Complaint are denied as stated.  It is specifically denied that the agreement whereby "SSAI has allowed WWFE to pay it on a quarterly basis, within forty-five (45) days of the end of each fiscal quarter" was made "[s]olely for the convenience of WWFE."

11.    Because "extremely successful" and "lucrative" are statements of Plaintiff's opinion and not statements of fact, after reasonable investigation, WWFE is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 11 of the First Count of the Substitute Complaint and, therefore, said allegations are denied and strict proof thereof is demanded at the time of trial.  It is admitted that Plaintiff procured domestic and international licensing agreements for WWFE.

12.    Because "[a]s a result of SSAI's successful licensing work for WWFE" is a statement of opinion and not a statement of fact, after reasonable investigation, WWFE is without knowledge of information sufficient to form an opinion as to the truth of this allegation, and therefore, this allegation is denied and strict proof thereof is demanded at the time of trial.

The remainder of the allegations contained in paragraph 12 of the First Count of the Substitute Complaint are admitted.

13.    The allegations contained in paragraph 13 of the First Count of the Substitute Complaint are denied as stated. Whether WWFE agreed to pay "promptly" is a matter of opinion that cannot be admitted without more specific knowledge of Plaintiff's meaning. It is admitted that WWFE reserved the right to collect royalties on licensing contracts procured by Plaintiff. It is also admitted that WWFE initially agreed to pay Plaintiff within fifteen (15) days of receipt of the royalties that were subject to commissions, and that WWFE and Plaintiff subsequently agreed to payment within forty-five (45) days of the end of each fiscal quarter.

14.    The allegations contained in paragraph 14 of the First Count of the Substitute Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, it is specifically denied that "WWFE has a fiduciary obligation" to Plaintiff "[a]s a result of this contractual undertaking and the implied covenant of good faith and fair dealing." By way of further response, Plaintiff was a fiduciary of WWFE as a result of the Agency Agreement and thus owed WWFE the utmost good faith, loyalty and honesty.

15.    The allegations contained in paragraph 15 of the First Count of the Substitute Complaint are denied as stated. To the extent that the allegations contained in paragraph 15 of the First Count of the Substitute Complaint imply that the termination provisions did not survive the Extension, said allegations are specifically denied. By way of further response, the termination provision to which Plaintiff refers in paragraph 15 of the First Count of

20. The allegations contained in paragraph 20 of the First Count of the Substitute Complaint are denied.

21. The allegations contained in paragraph 21 of the First Count of the Substitute Complaint are denied.

22. The allegations contained in paragraph 22 of the First Count of the Substitute Complaint are denied. By way of further response, under the Agency Agreement and Extension, WWFE retained the right to refuse to enter into any licensing agreement proposed by Plaintiff.

23. The allegations contained in paragraph 23 of the First Count of the Substitute Complaint are denied.

24. The allegations contained in paragraph 24 of the First Count of the Substitute Complaint are denied.

25. The allegations contained in paragraph 25 of the First Count of the Substitute Complaint are denied.

26. The allegations contained in paragraph 26 of the First Count of the Substitute Complaint are denied.

27. The allegations contained in paragraph 27 of the First Count of the Substitute Complaint are denied.

## Second Count (Breach of Covenant of Good Faith):

1-27.  WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 27 of the First Count.

28.    The allegations contained in paragraph 28 of the Second Count of the Substitute Complaint constitu te legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in paragraph 28 of the Second Count of the Substitute Complaint are denied.

## Third Count (Violation of CUTPA):

1-28.  WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 28 of the Second Count.

29.    The allegations contained in paragraph 29 of the Third Count of the Substitute Complaint constitute legal conclusions to which no response is required.

30.    The allegations contained in paragraph 30 of the Third Count of the Substitute Complaint are denied.

31.    The allegations contained in paragraph 31 of the Third Count of the Substitute Complaint are denied.

### Fourth Count (Breach of Contract):

1-27.   WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 27 of the First Count.

28.    The allegations contained in paragraph 28 of the Fourth Count of the Substitute Complaint are denied.

29.    The allegations contained in paragraph 29 of the Fourth Count of the Substitute Complaint are denied.

### Fifth Count (Accounting):

1-27.   WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 27 of the First Count.

28.    The allegations contained in paragraph 28 of the Fifth Count of the Substitute Complaint constitute legal conclusions to which no response is required.   To the extent that a response is required, the allegations contained in paragraph 28 of the Fifth Count of the Substitute Complaint are denied.

### Sixth Count (Declaratory Judgment):

1-27.   WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 27 of the First Count.

ST:17901.1

28.    The allegations contained in paragraph 28 of the Sixth Count of the Substitute Complaint are denied.

29.    The allegations contained in paragraph 29 of the Sixth Count of the Substitute Complaint are denied.

## Seventh Count (Breach of Contract NYC Restaurant):

1-27.    WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 27 of the First Count.

28.    The allegations contained in paragraph 28 of the Seventh Count of the Substitute Complaint are admitted in part and denied in part. It is specifically denied that "SSAI procured" Parkview as a licensee or potential licensee of WWFE.

29.    In response to the allegations contained in paragraph 29 of the Seventh Count of the Substitute Complaint, it is admitted that *on or about* August 1, 1997, "WWFE entered into an agreement . . . with Parkview pursuant to which WWFE would be paid royalties on the sale of merchandise, food and beverages at the NYC Restaurant subject to the 'World Wrestling Federation License Agreement Standard Terms and Conditions.'"

30.    The allegations contained in paragraph 30 of the Seventh Count of the Substitute Complaint are denied.

31.    The allegations contained in paragraph 31 of the Seventh Count of the Substitute Complaint are admitted.

ST:17901.1

10

32.    The allegations contained in paragraph 32 of the Seventh Count of the Substitute Complaint are denied as stated.  Parkview opened the NYC Restaurant in or about November 1999, not "November 2000."

33.    The allegations contained in paragraph 33 of the Seventh Count of the Substitute Complaint are denied as stated.  Parkview paid no royalties to WWFE prior to the buyout of Parkview by WWFE on or about May 3, 2000.  Instead, credits were taken for royalties due when WWFE acquired Parkview's interest in the NYC Restaurant on or about May 3, 2000.  It is admitted that no commissions were paid to SSAI with respect to the NYC Restaurant.

34.    The allegations contained in paragraph 34 of the Seventh Count of the Substitute Complaint are admitted in part and denied in part.  It is admitted that "WWFE acquired Parkview's interest in the NYC Restaurant," though WWFE did so on or about May 3, 2000.  The remainder of the allegations contained in paragraph 34 of the Seventh Count of the Substitute Complaint are denied.

35.    The allegations contained in paragraph 35 of the Seventh Count of the Substitute Complaint are denied.

### Eighth Count (Accounting NYC Restaurant):

1-35.    WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 35 of the Seventh Count.

36.     The allegations contained in paragraph 36 of the Eighth Count of the Substitute Complaint are denied.

37.     The allegations contained in paragraph 37 of the Eighth Count of the Substitute Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in paragraph 37 of the Eighth Count of the Substitute Complaint are denied.

## Ninth Count (Conversion):

1-35.   WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 35 of the Seventh Count.

36.     The allegations contained in paragraph 36 of the Ninth Count of the Substitute Complaint are admitted.

37.     The allegations contained in paragraph 37 of the Ninth Count of the Substitute Complaint are denied.

38.     The allegations contained in paragraph 38 of the Ninth Count of the Substitute Complaint are denied.

### First Defense to First Count

1.      The First Count of Plaintiff's Substitute Complaint is barred because WWFE properly terminated the Agency Agreement in accordance with Paragraph 13(a)(iii) of the Agency Agreement.

2.      This termination provision survived the Extension.

3.      This provision allowed for termination in the event that WWFE changed its strategic business direction, as determined in WWFE's sole discretion, including a change in the ownership structure of WWFE.

4.      WWFE changed its ownership structure through an initial public offering of stock.

### Second Defense to First Count

1.      The First Count of Plaintiff's Substitute Complaint is barred because Plaintiff has not fully performed its obligations under the Agency Agreement.

2.      Plaintiff has engaged in acts of, _inter alia_ , deceit and unethical conduct, which the Agency Agreement defines as constituting a breach.

3.      Upon information and belief, Plaintiff has sought kickbacks disguised as requests for "consulting fees and/or service fees" from WWFE licensees and potential licensees in breach of his fiduciary relationship with WWFE.

### First Defense to Second Count

The Second Count of Plaintiff's Substitute Complaint is barred because the express terms of the Agency Agreement and the Extension gave WWFE the right to terminate the Agency Agreement in its sole discretion.

### Second Defense to Second Count

The Second Count of Plaintiff's Substitute Complaint is barred because WWFE has not acted in bad faith.

### First Defense to Third Count

The Third Count of Plaintiff's Substitute Complaint is barred because WWFE has not violated any public policy.

### Second Defense to Third Count

The Third Count of Plaintiff's Substitute Complaint is barred because WWFE has not engaged in any immoral, unethical, oppressive or unscrupulous conduct.

### Third Defense to Third Count

The Third Count of Plaintiff's Substitute Complaint is barred because WWFE's termination of the Agency Agreement has not caused substantial injury to consumers, competitors or other businesses.

### Fourth Defense to Third Count

The Third Count of Plaintiff's Substitute Complaint is barred because Plaintiff has merely alleged an ordinary breach of contract without substantially aggravating circumstances.

### First Defense to Fourth Count

1.    The Fourth Count of Plaintiff's Substitute Complaint is barred because Plaintiff has not fully performed its obligations under the Agency Agreement.

2.    Plaintiff has engaged in acts of deceit and unethical conduct, which the Agency Agreement defines as constituting a breach.

3.    Upon information and belief, Plaintiff has sought kickbacks in the form of "consulting fees and/or service fees" from WWFE licensees in breach of his fiduciary relationship with WWFE.

### First Defense to Fifth Count

The Fifth Count of Plaintiff's Substitute Complaint is barred because WWFE does not owe fiduciary obligations to Plaintiff.

### First Defense to Sixth Count

The Sixth Count of Plaintiff's Substitute Complaint is barred or otherwise limited because the Agency Agreement expressly provides that Plaintiff is not entitled to commissions

on renewals of licensing agreements beyond the termination or expiration of the Agency Agreement.

### First Defense to Seventh Count

The Seventh Count of Plaintiff's Substitute Complaint is barred because Plaintiff did not procure Parkview as a licensee or potential licensee of WWFE.

### Second Defense to Seventh Count

1.    The Seventh Count of Plaintiff's Substitute Complaint is barred or otherwise limited because the Agency Agreement does not provide for commissions on royalties from the sale of food and beverages.

2.    WWFE and Plaintiff have not entered into any additional agreement or amendment regarding the NYC Restaurant.

### Third Defense to Seventh Count

The Seventh Count of Plaintiff's Substitute Complaint is barred or otherwise limited because no commissions were earned after WWFE acquired Parkview's interest in the NYC Restaurant, since there were no royalties on which commissions could be earned.

### First Defense to Eighth Count

The Eighth Count of Plaintiff's Substitute Complaint is barred because Plaintiff did not procure Parkview as a licensee or potential licensee of WWFE.

ST:17901.1

16

### Second Defense to Eighth Count

The Eighth Count of Plaintiff's Substitute Complaint is barred because WWFE does not owe fiduciary obligations to Plaintiff.

### First Defense to Ninth Count

The Ninth Count of Plaintiff's Substitute Complaint is barred because Plaintiff has not alleged the conversion of specifically identified monies.

### Second Defense to Ninth Count

The Ninth Count of Plaintiff's Substitute Complaint is barred because Plaintiff has not alleged the conversion of monies actually owned by Plaintiff.

WHEREFORE, Defendant, World Wrestling Federation Entertainment, Inc., denies any and all liability to Plaintiff and respectfully requests that this Honorable Court enter judgment in favor of WWFE and dismiss all nine counts of Plaintiff's Substitute Complaint, and grant WWFE such other and further relief as it deems just and appropriate, including costs and attorneys' fees.

### COUNTERCLAIM

### First Count – Breach of Fiduciary Duties

1.      This Counterclaim arises out of the acts of deceit, unethical conduct and duplicity perpetrated by Plaintiff, Stanley Shenker & Associates, Inc. ("Plaintiff" or "SSAI"),

ST:17901.1

17

through its President Stanley Shenker ("Shenker"). This egregious conduct has caused tremendous damage to Defendant World Wrestling Federation Entertainment, Inc. ("WWFE"), its licensees and the consuming public as a whole.

2.     WWFE is a Delaware corporation having its principal place of business at 1241 East Main Street, Stamford, Connecticut 06902. WWFE is an integrated media and entertainment company principally engaged in the development, promotion and marketing of television programming, pay-per-view programming and live arena events, and the licensing and sale of branded consumer products featuring the highly successful WORLD WRESTLING FEDERATION ("WWF") brand.

3.     Plaintiff is a New Jersey corporation having its principal place of business at 25 Van Zant Street, Norwalk, Connecticut 06855. Plaintiff is engaged in the business of providing licensing services as an agent of various licensors.

4.     Shenker is the President of Plaintiff. At all times relevant to this Counterclaim, Shenker was acting as agent for and on behalf of Plaintiff.

5.     By written agreement dated March 7, 1997, Plaintiff agreed to act as licensing agent for WWFE (the "Agreement") from August 20, 1996 to December 31, 1998. The Agreement provided that, subject only to certain limited exceptions, Plaintiff would be WWFE's exclusive licensing agent and thus a fiduciary of WWFE owing it the highest duty of loyalty, trust and fair dealing.

ST:17901.1

18

6.    Pursuant to the Agreement, WWFE and Plaintiff agreed that the services to be provided by Plaintiff would be specifically and primarily performed by Shenker. Thus, Plaintiff's interactions with WWFE and with WWFE licensees were primarily accomplished through Shenker.

7.    By letter agreement dated March 26, 1998, WWFE and Plaintiff agreed to extend the Agreement from January 1, 1999 to December 31, 2003 (the "Extension"). Pursuant to the Extension, Plaintiff and WWFE also agreed that the territory serviced by Plaintiff pursuant to the Agreement and the Extension would not include Austria, Switzerland and other German-speaking European countries. The Extension also provided that the terms of the Agreement were ratified and confirmed without limitation or exception, except as expressly or by necessary implication modified by the Extension.

8.    Pursuant to Paragraph 13(a)(iv) of the Agreement, Plaintiff agreed not to engage in any act of fraud, theft, deceit or unethical conduct. The Agreement specifically defined such conduct as constituting a breach of the Agreement.

9.    Throughout the time the Agreement was in force, Shenker, a fiduciary of WWFE, engaged in wrongful and unethical conduct that included, but was not limited to, wrongfully soliciting and demanding so-called "consulting fees and/or service fees" from WWFE licensees.

ST:17901.1

10.    In fact, upon information and belief, these "consulting fees and/or service fees" were kickbacks given to Shenker in exchange for his agreement to negotiate and/or appropriately service a licensing deal between WWFE and the potential licensee.

11.    Because of the tremendous success of the WWF brand, there was a great demand among potential licensees to enter agreements pursuant to which they could utilize WWFE intellectual property in connection with the sale of good and services.

12.    Thus, this great demand for use of the WWF brand, coupled with Plaintiff's status as exclusive licensing agent for WWFE, allowed Shenker to exploit Plaintiff's position for his own selfish gain by demanding extra compensation in the form of these kickbacks, despite the fact that the Agreement made Shenker a fiduciary of WWFE and already provided for generous compensation to Plaintiff.

13.    These "consulting fees" or "service fees" were demanded without the knowledge or consent of WWFE.

14.    In fact, when a licensee notified Shenker that the licensee would need to seek the approval of WWFE before paying the "consulting fees" or "service fees," Shenker instructed the licensee not to do so and to "forget about it."

15.    As a result, upon information and belief, Shenker was aware that WWFE would strongly disapprove of Shenker's demand and receipt of these "consulting fees" or "service fees."

ST:17901.1

16.    By engaging in wrongful conduct including, but not limited to, demanding and receiving " consulting fees" or "service fees," Plaintiff has engaged in self-dealing and acted with a conflict of interest due to his role as licensing agent and fiduciary for WWFE. WWFE had no knowledge of this conduct and would strongly disapprove of this conduct, and thus Plaintiff also acted with extreme disloyalty and dishonesty toward WWFE.

17.    Because Plaintiff was an agent of WWFE, Plaintiff owed fiduciary duties to WWFE.

18.    Because Plaintiff owed fiduciary duties to WWFE, Plaintiff had a duty to act with loyalty and honesty toward WWFE. Plaintiff also had a duty not to engage in self-dealing nor to act with a conflict of interest.

19.    As a result of Plaintiff's self-dealing, conflict of interest, disloyalty and dishonesty, Plaintiff has breached its fiduciary duties to WWFE.

20.    These acts of, inter alia, demanding kickbacks, "consulting fees" or "service fees" constitute conduct that is outrageous, and that is done with bad motive and with reckless indifference to the rights of WWFE and its licensees.

21.    WWFE has been damaged by Plaintiff's breach of fiduciary duties in that, inter alia, WWFE's goodwill and business reputation have been severely injured.

ST:17901.1

## Second Count – Breach of Contract

1-21.   WWFE hereby adopts and incorporates by reference Paragraphs 1 through 21 of the First Count as if fully stated herein.

22.   These acts of, _inter alia_, demanding kickbacks, "consulting fees" or "service fees" constitute acts of fraud, theft, deceit or unethical conduct.

23.   As a result, Plaintiff has breached Paragraph 13(a)(iv) of the Agreement, which defines a breach of contract to include acts of fraud, theft, deceit and unethical conduct.

24.   WWFE has fully performed all of its obligations under the Agreement.

25.   WWFE has been damaged by Plaintiff's breach of the Agreement in that, _inter alia_, WWFE's goodwill and business reputation have been severely injured.

## Third Count – Breach of the Covenant of Good Faith and Fair Dealing

1-25.   WWFE hereby adopts and incorporates by reference Paragraphs 1 through 25 of the Second Count as if fully stated herein.

26.   Plaintiff has acted in bad faith by, _inter alia_, demanding kickbacks, "consulting fees" or "service fees."

27.   As a result, Plaintiff has violated the covenant of good faith and fair dealing that is implied into the Agreement under Connecticut law.

28.    WWFE has been damaged by Plaintiff's breach of the covenant of good faith and fair dealing in that, <u>inter alia</u>, WWFE's goodwill and business reputation have been severely injured.

## Fourth Count – Violation of the Connecticut Unfair Trade Practices Act

1-28.    WWFE hereby adopts and incorporates by reference Paragraphs 1 through 28 of the Third Count as if fully stated herein.

29.    Plaintiff provides licensing services in the course of trade and commerce.

30.    By acting in the manner described above, Plaintiff has engaged in conduct that is deceptive and unfair.

31.    WWFE has suffered ascertainable loss because of Plaintiff's conduct.

32.    By breaching its fiduciary duties and the covenant of good faith and fair dealing, Plaintiff has violated the public policy of Connecticut.

33.    Plaintiff's conduct described above is immoral, unethical, oppressive and unscrupulous. Plaintiff's conduct is immoral and unethical because it is in violation of Plaintiff's fiduciary duties, as well as in violation of both the terms and spirit of the Agreement. Plaintiff's conduct is oppressive and unscrupulous in that Plaintiff has extorted money from WWFE licensees.

ST:17901.1

23

34. Plaintiff has caused substantial injury (i) to consumers in the form of higher prices due to the passed-on costs of providing kickbacks to Shenker, (ii) to the businesses from which he demanded payment, and (iii) to WWFE in the form of, <u>inter alia</u>, loss of goodwill and damage to its business reputation.

35. As a result, Plaintiff has committed a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a <u>et seq.</u>

## **PRAYER FOR RELIEF**

WHEREFORE, WWFE respectfully requests that this Honorable Court enter judgment in favor of WWFE and award WWFE the following relief:

(1)    Actual damages suffered by WWFE as a result of the conduct complained of herein;

(2)    Punitive damages, costs and attorneys' fees in accordance with Conn. Gen. Stat. § 42-110g;

(3)    Punitive damages under the common law;

(4)    attorneys' fees;

(5)    costs; and

(6)    Such other and further relief as this Court deems just and appropriate.

Dated: April 11, 2001

**DEFENDANT, WORLD WRESTLING FEDERATION ENTERTAINMENT, INC.**

By: _Mary A. Gambardella_

Mary A. Gambardella
EPSTEIN, BECKER & GREEN, P.C.
One Landmark Square – Suite 1800
Stamford, Connecticut 06901-2601
(203) 348-3737
Juris No.: 103062

Jerry S. McDevitt (Pro Hac Vice)
Mark A. Rush (Pro Hac Vice)
Mark D. Feczko (Pro Hac Vice)
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
(412) 355-6500

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Answer and Counterclaim was served this 8th day of March, 2001, upon the following counsel of record:

Peter M. Nolin
Sandak Friedman Hennessey & Greco
970 Summer Street
Stamford, Connecticut 06905

Mary A. Gambardella

ST:17901.1

Docket No. CV-00-0180933                    :    SUPERIOR COURT
                                            :
STANLEY SHENKER & ASSOCIATES, INC.,         :    JUDICIAL DISTRICT OF
                Plaintiff,                  :    STAMFORD/NORWALK
                                            :
vs.                                         :    AT STAMFORD
                                            :
WORLD WRESTLING FEDERATION                  :
        ENTERTAINMENT, INC.,                :
                Defendant.                  :    APRIL 11, 2001


## <u>AMOUNT IN DEMAND</u>

The amount in demand, exclusive of interest and costs, exceeds $15,000.


Dated: April 11, 2001                    **DEFENDANT, WORLD WRESTLING**
                                         **FEDERATION ENTERTAINMENT, INC.**

                                         By: _____
                                             Mary A. Gambardella
                                             EPSTEIN, BECKER & GREEN, P.C.
                                             One Landmark Square – Suite 1800
                                             Stamford, Connecticut 06901-2601
                                             (203) 348-3737
                                             Juris No.: 103062

                                             Jerry S. McDevitt (Pro Hac Vice)
                                             Mark A. Rush (Pro Hac Vice)
                                             Mark D. Feczko (Pro Hac Vice)
                                             KIRKPATRICK & LOCKHART LLP
                                             Henry W. Oliver Building
                                             535 Smithfield Street
                                             Pittsburgh, Pennsylvania 15222
                                             (412) 355-6500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Statement of Amount in Demand* was served this 8th day of March, 2001, upon the following counsel of record:

Peter M. Nolin
Sandak Friedman Hennessey & Greco
970 Summer Street
Stamford, Connecticut 06905

_____
Mary A. Gambardella