

2002 FEB 27  P 4: 01

| | | |
|---|---|---|
| Docket No. X05 CV 000180933S | : | SUPERIOR COURT |
| | : | |
| | : | |
| STANLEY SHENKER & ASSOCIATES, INC., | : | COMPLEX LITIGATION |
| Plaintiff, | : | DOCKET AT STAMFORD |
| | : | |
| vs. | : | |
| | : | |
| WORLD WRESTLING FEDERATION | : | |
| ENTERTAINMENT, INC., | : | |
| Defendant. | : | FEBRUARY 27, 2002 |

## DEFENDANT'S AMENDED COUNTERCLAIM

Defendant, World Wrestling Federation Entertainment, Inc. ("WWFE"), by and through its undersigned counsel, hereby files the following Amended Counterclaim, stating as follows:

### First Count – Breach of Fiduciary Duties

1. This Counterclaim arises out of the acts of deceit, unethical conduct and duplicity perpetrated by Plaintiff, Stanley Shenker & Associates, Inc. ("Plaintiff" or "SSAI"), through its President Stanley Shenker ("Shenker"). SSAI's conduct damaged Defendant World Wrestling Federation Entertainment, Inc. ("WWFE"), its licensees and the consuming public as a whole.

2. WWFE is a Delaware corporation having its principal place of business at 1241 East Main Street, Stamford, Connecticut 06902. WWFE is an integrated media and entertainment company principally engaged in the development, promotion and marketing of

television programming, pay-per-view programming and live arena events, and the licensing and sale of branded consumer products featuring the highly successful WORLD WRESTLING FEDERATION ("WWF") brand.

3.    Plaintiff is a New Jersey corporation having its principal place of business at 25 Van Zant Street, Norwalk, Connecticut 06855.  Plaintiff is engaged in the business of providing licensing services as an agent of various licensors.

4.    Shenker is the President of Plaintiff.  At all times relevant to this Counterclaim, Shenker was acting as agent for and on behalf of Plaintiff.

5.    By written agreement dated March 7, 1997 (the "Agreement"), Plaintiff agreed to act as licensing agent for WWFE from August 20, 1996 to December 31, 1998.  The Agreement provided that, subject only to certain limited exceptions, Plaintiff would be WWFE's exclusive licensing agent and thus a fiduciary of WWFE, owing it the highest duty of loyalty, trust and fair dealing.

6.    Pursuant to the Agreement, WWFE and Plaintiff agreed that the services to be provided by Plaintiff would be specifically and primarily performed by Shenker.  Thus, Plaintiff's interactions with WWFE and with WWFE licensees were primarily accomplished through Shenker.

7.    By letter agreement dated March 26, 1998, WWFE and Plaintiff agreed to extend the Agreement from January 1, 1999 to December 31, 2003 (the "Extension").  Pursuant to the Extension, Plaintiff and WWFE also agreed that the territory serviced by

Plaintiff pursuant to the Agreement and the Extension would not include Austria, Switzerland and other German-speaking European countries. The Extension also provided that the terms of the Agreement were ratified and confirmed without limitation or exception, except as expressly or by necessary implication modified by the Extension.

8.     Pursuant to Paragraph 13(a)(iv) of the Agreement, Plaintiff agreed not to engage in any act of fraud, theft, deceit or unethical conduct. The Agreement specifically defined such conduct as constituting a breach of the Agreement.

9.     While the Agreement was in force, Shenker, a fiduciary of WWFE, engaged in wrongful and unethical conduct that included, but was not limited to, wrongfully soliciting and demanding so-called "consulting fees and/or service fees" from WWFE licensees.

10.     In fact, upon information and belief, these "consulting fees and/or service fees" were kickbacks given to Shenker in exchange for favorable treatment or terms. In all cases, SSAI and Shenker did not disclose these illegal kickbacks to WWFE and acted to affirmatively conceal such arrangements.

11.     Because of the tremendous success of the WWF brand, there was a great demand among potential licensees to enter agreements pursuant to which they could utilize WWFE intellectual property in connection with the sale of goods and services.

12.     Thus, this great demand for use of the WWF brand, coupled with Plaintiff's status as exclusive licensing agent for WWFE, allowed Shenker to exploit Plaintiff's position for his own selfish gain by demanding extra compensation in the form of these kickbacks,

despite the fact that the Agreement made Shenker a fiduciary of WWFE and already provided for generous compensation to Plaintiff.

13.    These "consulting fees" or "service fees" were demanded without the knowledge or consent of WWFE.

14.    Indeed, Plaintiff, through the conduct of Shenker, has engaged in a pattern of conduct designed to hide the solicitation, demand and receipt of these kickbacks from WWFE.  When a licensee notified Shenker that the licensee would need to seek the approval of WWFE before paying the "consulting fees" or "service fees," Shenker instructed the licensee not to do so and to "forget about it."

15.    In furtherance of its efforts to conceal SSAI's and Shenker's deceitful acts, Plaintiff provided untruthful and incomplete responses to WWFE's Third Set of Interrogatories and Second Request for Production of Documents, which sought information related to the solicitation, demand and receipt of these "consulting fees" or "service fees." Plaintiff's response stated that Shenker "received approximately $35,000 in payment from Trinity Products on a separate oral consulting agreement," and that, "[a]fter a thorough search of his documents," no documents regarding this "separate oral consulting agreement" could be located.

16.    Because Plaintiff was a fiduciary of WWFE and because Trinity Products was a WWFE licensee, any agreement between Trinity Products and Plaintiff and/or its principal Shenker was not "separate."  Furthermore, upon information and belief, documents related to

4

this allegedly "separate oral consulting agreement," and responsive to WWFE's Third Set of Interrogatories and Second Request for Production of Documents, including but not limited to checks and financial records, have not been produced in an attempt to prevent WWFE from learning of this wrongful and unethical conduct.

17.    These deceitful acts demonstrate that Shenker was aware that WWFE would strongly disapprove of Shenker's demand and receipt of these "consulting fees" or "service fees."

18.    By engaging in wrongful conduct including, but not limited to, demanding and receiving "consulting fees" or "service fees" and attempting to hide this conduct from WWFE, Plaintiff has engaged in self-dealing and acted with a conflict of interest due to his role as licensing agent and fiduciary for WWFE.  Because WWFE had no knowledge of this conduct and would strongly disapprove of this conduct, Plaintiff has also acted with extreme disloyalty and dishonesty toward WWFE.

19.    Because Plaintiff was an agent of WWFE, Plaintiff owed fiduciary duties to WWFE.

20.    Because Plaintiff owed fiduciary duties to WWFE, Plaintiff had a duty to act with loyalty and honesty toward WWFE.  Plaintiff also had a duty not to engage in self-dealing nor to act with a conflict of interest.

21.    As a result of Plaintiff's self-dealing, conflict of interest, disloyalty and dishonesty, Plaintiff has breached its fiduciary duties to WWFE.

22.     These acts of, <u>inter alia</u>, demanding kickbacks, "consulting fees" or "service fees" and hiding this conduct from WWFE constitute conduct that is outrageous, and that is done with bad motive and with reckless indifference to the rights of WWFE and its licensees.

23.     WWFE has been damaged by Plaintiff's breach of fiduciary duties in that, <u>inter alia</u>, WWFE's goodwill and business reputation have been severely injured.

## <u>Second Count – Breach of Contract</u>

1-23.     WWFE hereby adopts and incorporates by reference Paragraphs 1 through 23 of the First Count as if fully stated herein.

24.     These acts of, <u>inter alia</u>, demanding kickbacks, "consulting fees" or "service fees" and hiding this conduct from WWFE constitute acts of fraud, theft, deceit or unethical conduct.

25.     As a result, Plaintiff has breached Paragraph 13(a)(iv) of the Agreement, which defines a breach of contract to include acts of fraud, theft, deceit and unethical conduct.

26.     WWFE has fully performed all of its obligations under the Agreement.

27.     WWFE has been damaged by Plaintiff's breach of the Agreement in that, <u>inter alia</u>, WWFE's goodwill and business reputation have been severely injured.

6

### Third Count – Breach of the Covenant of Good Faith and Fair Dealing

1-27.    WWFE hereby adopts and incorporates by reference Paragraphs 1 through 27 of the Second Count as if fully stated herein.

28.    Plaintiff has acted in bad faith by, inter alia, demanding kickbacks, "consulting fees" or "service fees," as well as by attempting to hide this conduct from WWFE.

29.    As a result, Plaintiff has violated the covenant of good faith and fair dealing that is implied into the Agreement under Connecticut law.

30.    WWFE has been damaged by Plaintiff's breach of the covenant of good faith and fair dealing in that, inter alia, WWFE's goodwill and business reputation have been severely injured.

### Fourth Count – Violation of the Connecticut Unfair Trade Practices Act

1-30.    WWFE hereby adopts and incorporates by reference Paragraphs 1 through 30 of the Third Count as if fully stated herein.

31.    Plaintiff provides licensing services in the course of trade and commerce.

32.    By acting in the manner described above, Plaintiff has engaged in conduct that is deceptive and unfair.

33.    WWFE has suffered ascertainable loss because of Plaintiff's conduct.

34.    By breaching its fiduciary duties and the covenant of good faith and fair dealing, Plaintiff has violated the public policy of Connecticut.

35.    Plaintiff's conduct described above is immoral, unethical, oppressive and unscrupulous. Plaintiff's conduct is immoral and unethical because it is in violation of Plaintiff's fiduciary duties, as well as in violation of both the terms and spirit of the Agreement. Plaintiff's conduct is oppressive and unscrupulous in that Plaintiff has extorted money from WWFE licensees.

36.    Plaintiff has caused substantial injury (i) to consumers in the form of higher prices due to the passed-on costs of providing kickbacks to Shenker, (ii) to the businesses from which he demanded payment, and (iii) to WWFE in the form of, inter alia, loss of goodwill and damage to its business reputation.

37.    As a result, Plaintiff has committed a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq.

**Fifth Count – Accounting**

1-37.    WWFE hereby adopts and incorporates by reference Paragraphs 1 through 37 of the Fourth Count as if fully stated herein.

38.    Plaintiff owed a fiduciary duty to WWFE, as agent for WWFE under the terms of the Agreement.

39.     Because Plaintiff solicited, demanded and received kickbacks from WWFE licensees in the form of "consulting fees" and/or "service fees," without WWFE's knowledge, there exists a need for discovery to determine the amount and extent of these kickbacks.

40.     Because Plaintiff's conduct was intentionally hidden from WWFE, WWFE was deceived regarding Plaintiff's actions and was, as a result, prevented from discovering its legal right to terminate the Agreement pursuant to Paragraph 13(a)(iv).

41.     WWFE has demanded that Plaintiff account for all monies received from WWFE licensees and/or potential licensees, in contravention of the fiduciary duties that Plaintiff owed to WWFE under the Agreement.

42.     Despite due demand, Plaintiff has failed and refused to account to WWFE for these monies received from WWFE licensees and/or potential licensees.

43.     As a result, pursuant to Conn. Gen. Stat. § 52-401 et seq. and the common law, WWFE is entitled to an accounting of these monies wrongfully obtained by Plaintiff.

**Sixth Count – Declaratory Judgment**

1-43.     WWFE hereby adopts and incorporates by reference Paragraphs 1 through 43 of the Fifth Count as if fully stated herein.

44.     Paragraph 13(a)(iv) of the Agreement provides that WWFE may terminate the Agreement at any time prior to its expiration, by providing written notice to Plaintiff, "if [Plaintiff] engages in any act of fraud, theft, deceit, [or] unethical conduct."

9

45.     Paragraph 13(a)(iv) also provides that, in the event that the Agreement is terminated because Plaintiff has engaged in "any act of fraud, theft, deceit, [or] unethical conduct," Plaintiff "shall not be entitled to any further commissions under this Agreement."

46.     After discovering and investigating evidence of Plaintiff's demands for kickbacks despite Plaintiff's attempts to keep these acts hidden, WWFE supplemented the grounds for termination of the Agreement by notifying Plaintiff in writing that the Agreement was also being terminated pursuant to Paragraph 13(a)(iv).  Moreover, WWFE advised Plaintiff that it was not entitled to "any further commissions" pursuant to Paragraph 13(a)(iv).

47.     Despite the clear and unambiguous language of the Agreement, Plaintiff disputes the propriety of WWFE's termination of the Agreement as well as WWFE's contention that Plaintiff is not entitled to "any further commissions."

48.     Accordingly, WWFE requires a declaration that it properly terminated the Agreement pursuant to Paragraph 13(a)(iv), and that Plaintiff is not entitled to "any further commissions" under the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, WWFE respectfully requests that this Honorable Court enter judgment in favor of WWFE and award WWFE the following relief:

(1)    Actual damages suffered by WWFE as a result of the conduct complained of herein;

(2)    Punitive damages, costs and attorneys' fees in accordance with Conn. Gen. Stat. § 42-110g;

(3)    Punitive damages under the common law;

(4)    An accounting of all monies received by Plaintiff or its agents from WWFE licensees and/or potential licensees in contravention of Plaintiff's fiduciary duties under the Agreement;

(5)    A declaration that WWFE properly terminated the Agreement pursuant to Paragraph 13(a)(iv), and that Plaintiff is entitled to no further commissions under the Agreement;

(6)    Attorneys' fees;

(7)    Costs; and

(8)    Such other and further relief as this Court deems just and appropriate.

11

DEFENDANT, WORLD WRESTLING
FEDERATION ENTERTAINMENT, INC.

By: _____

Mary A. Gambardella
EPSTEIN, BECKER & GREEN, P.C.
One Landmark Square – Suite 1800
Stamford, Connecticut 06901-2601
(203) 348-3737
Juris No.: 103062

Jerry S. McDevitt (Pro Hac Vice)
Mark A. Rush (Pro Hac Vice)
Mark D. Feczko (Pro Hac Vice)
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
(412) 355-6500

Docket No. X05 CV 000180933S      :      SUPERIOR COURT
: 
: 
STANLEY SHENKER & ASSOCIATES, INC.,    :      COMPLEX LITIGATION
           Plaintiff,              :      DOCKET AT STAMFORD
: 
vs.                                : 
: 
WORLD WRESTLING FEDERATION       : 
     ENTERTAINMENT, INC.,         : 
           Defendant.          :      FEBRUARY 27, 2002

## <u>AMOUNT IN DEMAND</u>

The amount in demand, exclusive of interest and costs, exceeds $15,000.

**DEFENDANT, WORLD WRESTLING**
**FEDERATION ENTERTAINMENT, INC.**

By: _____

Mary A. Gambardella
EPSTEIN, BECKER & GREEN, P.C.
One Landmark Square – Suite 1800
Stamford, Connecticut 06901-2601
(203) 348-3737
Juris No.: 103062

Jerry S. McDevitt (Pro Hac Vice)
Mark A. Rush (Pro Hac Vice)
Mark D. Feczko (Pro Hac Vice)
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
(412) 355-6500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendant's Amended Counterclaim* was served via U. S. Mail delivery, postage prepaid, this 27th day of February, 2002, upon the following counsel of record:

Peter M. Nolin, Esquire
Sandak Friedman Hennessey & Greco
970 Summer Street
Stamford, CT 06905

_____
Mary A. Gambardella