ORIGINAL

# SETTLEMENT AGREEMENT
## AND GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims ("Agreement") is entered into this 15th day of January, 2004, by and between World Wrestling Entertainment, Inc., with its principal place of business at 1241 East Main Street, Stamford, CT 06902 ("WWE") and Jakks Pacific, Inc. with its principal place of business at 22619 Pacific Coast Highway, Malibu, CA 90265 ("Jakks") (hereinafter WWE and Jakks shall be referred to individually as a "Party" and collectively as the "Parties").

WHEREAS, WWE and Jakks entered into a Consumer Product License Agreement dated October 24, 1995 for the territory of the United States and Canada and a Consumer Product License Agreemenet dated February 10, 1999 for the territories of Australia, Bahrain, Cyprus, Egypt, France, Germany, Israel, Italy, Kuwait, Lebanon, Jordan, Morocco, New Zealand, Oman, Qatar, Saudi Arabia, South Africa, Spain, Syria, Tunisia, United Arab Emirates and United Kingdom for the right for Jakks to sell, among other products, WWE action figures (collectively defined as "License Agreements");

WHEREAS, pursuant the License Agreements WWE conducted an Audit of Jakks accounting records for the accounting period of the second quarter of 1996 through June 30, 2002 ("the Audit");

WHEREAS, a dispute exists between the Parties concerning the Audit in that WWE contends Jakks failed to report various sales and that Jakks took unsupported deductions and wherein Jakks contends that it overpaid WWE;

WHEREAS, the Parties, without admitting any liability, desire to resolve any and all disputes that may exist between them concerning the Audit;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1.    **PAYMENT**: Subject to Paragraph 4 below, in exchange for the full and general release of all claims and the covenant not to sue set forth below, Jakks shall pay World Wrestling Entertainment, Inc., Two Hundred Thousand US Dollars, (US$200,000.00) within five (5) days of WWE's execution hereof.

2.    **RELEASE OF KNOWN AND UNKNOWN CLAIMS**: The Parties, their subsidiaries, affiliates, parent companies, employees, officers, directors, licensees, successors, contractors, agents, assigns, and any other person or entity claiming through them (hereinafter collectively referred to as "Releasors"), hereby fully and completely releases the other Party, its parent companies, subsidiaries, successors, assigns and its and their respective employees, officers, directors, licensees, representatives and agents ("Releasees") from any and all claims, causes of action, rights, obligations, debts, liabilities, accounts, liens, damages, losses and expenses of every kind and nature whatsoever, whether known or

unknown, foreseen or unforeseen, patent or latent, suspected or unsuspected, fixed or contingent, which Releasors have or may have against Releasees, arising from or relating to the Audit. Releasors acknowledge that it is aware and that it may hereafter discover facts different from or in addition to those it now knows or believes to be true with respect to the Audit and the claims, causes of action, rights, obligations, debts, liabilities, accounts, liens, damages, losses and expenses herein released, and Releasors agree that the within release shall be and remain in effect in all respects as a complete and general release as to all matters released herein, notwithstanding any such different or additional facts.

3.    **COVENANT NOT TO SUE:**  Releasors agree that it will not make, assert, or maintain against Releasees any claim, demand, action, suit or proceeding arising out of or relating in any way to the Audit including but not limited to the matters released in this Agreement.

4.    **CONFIDENTIALITY:**  Releasors acknowledge and agree that it shall not divulge the terms and conditions of this Agreement to any third Party other than to its attorneys, financial advisors and employees who have a need to know this information or as required by law.

5.    **INDEMNIFICATION:**    Releasors will indemnify, defend and hold Releasees, its parent and subsidiary companies, and their respective officers, directors, employees, successors, licensees, contractors and assigns harmless from and against all actions, suits, proceedings, judgments, claims, liabilities, losses or expenses whatsoever, including reasonable attorneys' fees (including an allocation for in-house counsel fees and expenses) arising from a breach of any of Releasors' obligations, representations or warranties under this Agreement.

6.    **WAIVER:**  The failure at any time of any Party to demand strict performance of the other Party of any of the terms, covenants or conditions set forth in this Agreement shall not be construed as a continuing waiver or relinquishment thereof, and such Party may, at any time, demand full, strict and complete performance by the other Party of such terms, covenants and conditions.

7.    **SEVERABILITY:**  If any provision of this Agreement, or any part thereof, is determined to be invalid or unenforceable by any court of competent jurisdiction, it is the intention of the Parties that the same shall be limited only to the minimum extent necessary to permit compliance with the minimum legal requirement and thereby remain in effect, that no other provision of this Agreement shall be affected thereby and that all such other provisions shall continue in full force and effect.

8.    **SURVIVAL:**  All representations, warranties and indemnities contained herein or made by either Party in connection herewith shall survive the execution, delivery, suspension, expiration and/or termination of this Agreement or any provision hereof.

9.    **GOVERNING LAW; JURISDICTION:**

        a.    <u>Governing Law</u>:  This Agreement shall be governed by, and construed in accordance with, the laws of the State of Connecticut applicable to contracts entered into and to be fully performed therein.

        b.    <u>Jurisdiction</u>:  In connection with entering an arbitration award as a final judgment only, the Parties hereto agree to submit to the jurisdiction of the United States District Court located in Bridgeport, Connecticut and the Fairfield County Superior Court, located in Stamford, Connecticut.  The Parties agree that service of process by mail shall be effective service of same and such service shall have the same effect as personal service within the State of Connecticut and result in personal jurisdiction over the Parties in the forum in the State of Connecticut.  The provisions contained in this Paragraph 9 shall survive the termination and/or expiration of this Agreement.

    10.    **FURTHER ASSURANCES**:  Both Parties agree to execute such other further documents and do such other acts as may be required to effectuate the purposes of this Agreement including the respective rights of the Parties hereunder.

    11.    **COMPLETE AGREEMENT**:  This Agreement constitutes the entire understanding of the Parties and replaces and supersedes as of the date of execution any and all prior agreements and understandings, whether oral or written, between the Parties relating to the Audit.  No change, modification, waiver or discharge of any or all of the terms and provisions of this Agreement shall be effective unless made in writing and executed by both of the Parties hereto.

    12.    **SECTION AND OTHER HEADINGS:**  The section and other headings contained in this Agreement are for reference purposes only and shall not be deemed to be part of this Agreement or to affect the meaning or interpretation of this Agreement.

    13.    **EXECUTION IN COUNTERPARTS:**  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

    14.    <u>**ASSIGNMENT**</u>:  This Agreement is non-assignable either Party.

    15.    **NOTICES:**  All notices, statements, and other documents required to be given to each Party shall be given in writing and sent, either by personal delivery, by registered mail postage prepaid, or by facsimile to the following addresses:

    If to WWE:

          Edward L. Kaufman
          Executive Vice President, General Counsel
          World Wrestling Entertainment, Inc.
          1241 East Main Street
          Stamford, Connecticut 06902

If to Jakks to:

> Stephen Berman
> Jakks Pacific Inc.
> 22619 Pacific Coast Highway
> Malibu, CA 90265

or such address as may be designated in writing by either Party in a notice conforming with this Paragraph 15. The date of such mailing, personal delivery or facsimile shall be the date of delivery of such notice.

16.    **RELATIONSHIP OF PARTIES**:  Nothing contained in this Agreement shall be deemed or construed as creating any joint venture, partnership, employment, agency or other relationship between Jakks and WWE.

17.    **RESERVATION OF RIGHTS**:  Nothing however, contained herein shall limit any rights or remedies that the Parties may have in contract, by law or otherwise in respect of any claim not related to the Audit.

(Continued on the next page)

ORIGINAL

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date first above written.

WORLD WRESTLING
ENTERTAINMENT, INC.
("WWE")

By: _Donna Goldsmith_

Name: _Donna Goldsmith_

Title: _Sr. VP Consumer Products_

Date: _1/15/04_

JAKKS PACIFIC, INC.

By: _Joel M. Bennett_

Name: _Joel M. Bennett_

Title: _EVP/CFO_

Date: _Jan. 16, 2004_