SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
—
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2550
DIRECT FAX
917-777-2550
EMAIL ADDRESS
JLERNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 17, 2005

BY FACSIMILE

Honorable Kenneth M. Karas
United States District Court Judge
United States District Court
500 Pearl Street, Room 920
Southern District of New York
New York, New York 10007

     Re: World Wrestling Entertainment, Inc. v. JAKKS
       Pacific, Inc., et al., 1:04-CV-08223-KMK

Dear Judge Karas:

  Pursuant to Your Honor's Orders dated February 14, 2005, we write in response to Mr. McDevitt's February 10, 2005 Letter (the "WWE Letter") in which he takes great liberties with the law and the facts in his zeal to prematurely commence discovery in this Court -- a forum improvidently selected by WWE to gain tactical advantage despite controlling legal authority plainly establishing a lack of subject matter jurisdiction (as demonstrated in the Memorandum of Law in Support of the JAKKS Defendants' Motion to Dismiss filed yesterday).

  On February 11, 2005, to try to foreclose any illumination of the issues in WWE's Letter, Mr. Licker unequivocally represented that "there were no 'misleading factual or legal assertions' in our letter to the Court, and there is certainly no need for 'correction'." Only after the Court allowed a reply, was Mr. McDevitt suddenly "reminded" that a key representation -- one he previously called "notable" -- was dead wrong, confessing yesterday that WWE has not only been able to, but did in fact, conduct discovery of THQ as early as June 2002 -- ascribing the error to a "lapse in memory."[1]

  In its lengthy letter, WWE conspicuously ignores the substantial authority holding that where, as here, a potentially dispositive dismissal motion would deprive a court of subject matter jurisdiction, a stay is proper. See authorities cited in JAKKS 2/10/05 letter at 4-5.[2]

---

[1] Mr. McDevitt's excuse for his misstatement is ironic, given the cheap shot he takes at the JAKKS Defendants for the inability of senior JAKKS officials to recall in 2004 the details of the two Stanful invoices transmitted six years previously in 1998 -- which is the foundation on which his case against JAKKS is built.

[2] WWE's cases are facially inapposite as none involved the court's subject matter jurisdiction. Rather they all involve cases where -- unlike here -- the proposed motion was "not necessarily

(continued...)

Honorable Kenneth M. Karas
February 17, 2005
Page 2

      Given JAKKS' dispositive Motion, which would deprive the Court of jurisdiction, even if the JAKKS Defendants were not prejudiced, which they would be, discovery would be improper. "Regardless of the burden suffered by [a] defendant . . . discovery would be inappropriate if this Court lacks jurisdiction over the subject matter of plaintiff's action." McDevitt & Street Co. v. Square 486 Development Group Limited Partnership, 1990 WL 91615, at *1 (D.D.C. June 19, 1990). Here, however, there can be no doubt that JAKKS would be severely prejudiced. Unnecessarily exposing the JAKKS Defendants to the burden, expense and distraction of merits discovery, when the case ultimately will be dismissed, constitutes severe prejudice to them. (See JAKKS' Letter at 6-7.) The prejudice is exacerbated by the burdens of expensive satellite litigation and concomitant need for judicial oversight that is virtually inevitable given the history of difficulties in Connecticut -- which, contrary to the WWE Letter -- were not one-sided.[3]

      Indeed, WWE admits that it is attempting to prejudice the JAKKS Defendants by using this Court's broad discovery powers to obtain evidence to aid the WWE in filing a case in a different "appropriate forum." In WWE's own words: "further delay jeopardizes WWE's ability to refile state claims in the appropriate forum with the strongest case possible . . ." (WWE Letter at 8) (emphasis added.) It is patently prejudicial to JAKKS, and highly improper, for WWE to attempt an unseemly rush to use this Court's broad discovery procedures before dismissal of its federal claims to advance a claim in a different forum. Oppenheimer Fund., Inc. v. Sanders, 437 U.S. 340, 353 n.17 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied."); Blount Int'l Ltd. v. Schuylkill Energy Resources Inc., 124 F.R.D. 523, 526-27 (D. Mass. 1989) (party prohibited from taking discovery "for the purpose of 'discovering' a right of action" to be brought in another case.)[4] Plainly, the JAKKS Defendants would be prejudiced if they were forced to

---

[2](...continued)
dispositive since it concern[ed] the particularity of the pleadings, which may be amended." See, e.g., Howard v. Galesi, 107 F.R.D. 348, 351 (S.D.N.Y. 1985). Here, in contrast, WWE's federal claims must be dismissed as a matter of law because of defects that cannot be cured by amendment. See, e.g., W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch, 2004 WL 2187069, at *16 (S.D.N.Y. Sept. 29, 2004) (dismissing RICO claims with prejudice).

[3] In its letter, WWE professes to believe that JAKKS' reference to the need for judicial oversight is a veiled threat that JAKKS will engage in discovery misconduct. This is untrue and WWE knows better. As shown in the attached Order, to which we had previously refrained from calling attention, the Connecticut court noted WWE's misconduct when it fined Mr. McDevitt, WWE's counsel, for obstructing discovery. See Ex. A.

[4] WWE misleadingly cites Wolf v. United States, 157 F.R.D. 494, 495 (D. Kan. 1994) to justify its conduct, but in Wolf there was no issue of federal jurisdiction, only whether the case would proceed in district court or the Court of Claims. Id.

Honorable Kenneth M. Karas
February 17, 2005
Page 3

comply with federal discovery requirements that may not apply in any state court in which WWE might ultimately be able to establish a viable claim. (See JAKKS 2/3/05 Letter at 7.)

On this record, and given the substantial controlling authority supporting a stay, WWE cannot sincerely claim it may begin the full merits discovery it originally sought. (1/25/05 Hearing Tr. 15-16.) So it seeks to cloak its broad discovery request in more palatable garb by disingenuously labeling it as "limited." (WWE Letter at 5.) In reality, there is nothing at all "limited" about the full blown merits discovery that WWE is seeking -- except that it is one-sided.[5] In fact, by requesting that documents be produced to WWE "within thirty days" -- without even a discovery conference or document request, WWE is really seeking expedited and unilateral discovery that would run roughshod over all the procedural controls mandated by the Federal Rules of Civil Procedure to ensure fairness to the parties, including Rule 26(f) -- which mandates that a discovery conference and a discovery plan be prepared by both sides. Given its substantial delay in bringing this action, WWE is not entitled to premature accelerated discovery. See Irish Lesbian and Gay Org. v. Giuliani, 918 F. Supp. 728, 731 (S.D.N.Y. 1996) (denying request for expedited discovery where plaintiff's delay in seeking discovery undermined its claim).

Finally, the balance of discovery sought by WWE -- the first two of the three categories of so-called "limited" discovery -- is moot. (See WWE Letter at 5-7.) Given the glaring defects in WWE's federal claims and the release WWE issued which bars its entire case, the individual JAKKS Defendants have not raised a personal jurisdiction defense, and the basis for transferring the case from New York, which has no real connection to the Complaint's allegations or parties, is more than sufficiently established by the allegations in the WWE's Complaint. See, e.g., Marshall Gobuty Int'l USA, Inc. v. Nike, Inc., 04 Civ. 6975, 2004 WL 2578912, *1 (Nov. 10, 2004) (J. Scheindlin) (granting transfer on basis of pre-motion letter).

Accordingly, we respectfully submit that the JAAKS Defendants' request for a stay of discovery pending disposition of its Motion to Dismiss should be granted.

Respectfully submitted,

Jonathan J. Lerner

cc:    All Counsel

---

[5] On its face, the third category of the so-called "limited" discovery sought by WWE seeks the production of substantially every document related to the merits -- and only to the merits -- of the WWE's Complaint. (See WWE Letter at 6.)

# EXHIBIT A

```
D. N. X05CV000180933S            :    Superior Court

Stanley Shenker &                :    Complex Litigation
Associates, Inc.                      Docket at Stamford

     v.

World Wrestling                  :    July 30, 2002
Federation Entertainment,
Inc.
```

ORDER

The motion for order of compliance dated May 30, 2002 is granted. The court has reviewed the deposition of Linda McMahon in its entirety. Counsel for the defendant engaged in conduct that was totally inappropriate and demonstrated a fundamental misunderstanding of how depositions are conducted in Connecticut. The court notes that local counsel for the defendant did not appear to be present during the deposition. Local counsel is ordered to be present during any further depositions. Counsel for defendant are ordered to review the attached decision of Justice Vertefeuille and the discussions in Tait and Laplante's Handbook of Connecticut Evidence regarding work product and attorney/client privilege. The deposition of Linda McMahon may then proceed and she must answer all questions regarding third party communications, unless after answering foundation questions, there is clearly a basis for claiming privilege. Any disputed claims of privilege will be ruled on by the court and will result in a further award of costs if the claims are not upheld by the court as having been made in good faith and consistent with Connecticut law. Costs are awarded in the amount of $150.00, which constitutes an award of reasonable attorneys fees, based on the court's review of the transcript and specifically the delay caused by the inappropriate speaking objections put forth by counsel for the defendant.

SO ORDERED.

CHASE T. ROGERS
SUPERIOR COURT JUDGE

## CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to practice law before this Court, hereby certifies under penalty of perjury that on February 17, 2005, I caused a true copy of the foregoing

- *Letter Brief in Further Support of a Request for a Discovery Stay*

to be served upon the following parties in the manner indicated:

### By First-Class Mail

Michael A. Cornman, Esq.
Schweitzer Cornman Gross & Bondell, LLP
292 Madison Avenue
New York, NY 10017

Isaac S. Greaney, Esq.
Sidley Austin Brown & Wood LLP
787 Seventh Avenue
New York, NY 10019

Eugene Licker, Esq.
Kirkpatrick & Lockhart LLP
599 Lexington Avenue
New York, NY 10022-6030

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

Steven A. Marenberg, Esq.
Irell & Manella, LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Jerry S. McDevitt, Esq.
Kirkpatrick & Lockhart LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

Richard Schaeffer
Dornbush Schaeffer Strongin & Weinstein, LLP
747 Third Avenue
New York, NY 10017

Michael A. Freeman, Esq.
24 West 40th Street, 17th Floor
New York, NY 10018


Dated: New York, New York
       February 17, 2005

                                                  Steven Ray Katzenstein (S.K. 7599)

2