UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WORLD WRESTLING ENTERTAINMENT, INC.,　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　No: 04-CV-8223(KMK)
　　　　　　　　- against -　　　　　　　　　　　　　　　　　　　　:　Hon. Kenneth M. Karas
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
JAKKS PACIFIC, INC.; JAKKS PACIFIC (H.K.)　　　　　:
LIMITED; ROAD CHAMPS LIMITED; THQ, INC.;　　　　:
THQ/JAKKS PACIFIC LLC, THE JOINT VENTURE　　　:
OF THQ, INC. and JAKKS PACIFIC, INC.;　　　　　　　　:
STANLEY SHENKER AND ASSOCIATES, INC.;　　　　　:
STANLEY SHENKER; BELL LICENSING, LLC;　　　　　　:
JAMES BELL; JACK FRIEDMAN; STEPHEN　　　　　　　:
BERMAN and JOEL BENNETT,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　　　　　　　　　　　　　　　　:　*Electronically Filed*
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF DEFENDANTS BELL LICENSING, LLC
AND JAMES BELL TO DISMISS OR STAY THIS ACTION**

JOHN R. WILLIAMS AND ASSOCIATES, LLC
John R. Williams (ct00215), *pro hac vice*
Telephone: (203) 562-9931
Facsimile: (203) 776-9494

*Attorney for Defendants Bell Licensing, LLC, and James Bell*

February 28, 2005

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Authorities | 3 |
| Statement of the Case | 6 |
| Argument | 8 |
|     The Plaintiff Has Failed To State A Claim Against The Bell Defendants For Violation of, or Conspiracy to Violate 18 U.S.C. §1962 | 8 |
|     This Action Is Barred As To The Bell Defendants By The Prior Pending Action Doctrine, By The Single Recovery Rule, And By The Doctrine Of *Res Judicata* | 8 |
| Conclusion | 13 |

# TABLE OF AUTHORITIES

Page

FEDERAL CASES

Computer Assoc. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 369 (2d Cir. 1997) . . . 10

Davis v. City of Chicago, 53 F.3d 801 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . 9

Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . 8

Fink v. Magner, 988 F. Supp. 74, 78 (D. Conn. 1997) . . . . . . . . . . . . . . . . . . . . 9

Flaherty v. Lang, 199 F.3d 607 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 10

Homola v. McNamara, 59 F.3d 647 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 9

Hutcherson v. Lauderdale County, Tennessee, 326 F.3d 747 (6th Cir. 2003) . . 9

Long v. Shorebank Development Corp., 182 F.3d 548, 560 (7th Cir. 1999) . . . . 8

L-Tec Electronics Corp. v. Cougar Electronic Organization, Inc., 198 F.3d 85 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 381 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Meehan v. Town of East Lyme, 919 F. Supp. 80, 83 (D. Conn. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Misischia v. Pirie, 60 F.3d 626 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255 (10th Cir. 1997) . . . 8

Saud v. Bank of New York, 929 F.2d 916, 920 (2d Cir. 1991) . . . . . . . . . . . . . 10

SEC v. First Jersey Sec., 101 F.3d 1450, 1464 (2d Cir. 1996) . . . . . . . . . . . . . . 9

Waldman v. Village of Kiryas Joel, 207 F.3d 105, 113 (2d Cir. 2000) . . . . . . . . 9

Wilkes v. Wyoming Dept. of Employment, 314 F.3d 501 (10th Cir. 2002) . . . . . 9

STATE CASES

Beaudoin v. Town Oil Co., 207 Conn. 475, 484, 542 A.2d 1124 (1988) . . . . . . . 7

Cumberland Farms, Inc. v. Town of Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Durand v. Carrington, 1 Root 355 (Conn. 1792) . . . . . . . . . . . . . . . . . . . . . . 6, 7

Halpern v. Board of Education, 196 Conn. 647, 652, 495 A.2s 264 (1985) . . . . 7

Henry v. Raab Connecticut, Inc. v. J.W. Fisher Co., 183 Conn. 108, 438 A.2d 834 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Quinebaug Bank v. Turbox, 20 Conn. 509, 514 (1850) . . . . . . . . . . . . . . . . . . . 7

Ward v. Curtiss, 18 Conn. 290 (1847) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Zachs v. Public Utilities Commission, 171 Conn. 387, 370 A.2d 984 (1976) . . . 7

FEDERAL STATUTES

18 U.S.C. § 1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Full Faith and Credit Statute, 28 U.S.C. sec. 1738 . . . . . . . . . . . . . . . . . . . . . . 7

STATE STATUTES

Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a  . . . . . . . 4

## **STATEMENT OF THE CASE**

The defendant James Bell, a Connecticut resident, was for many years an executive with the plaintiff, World Wrestling Entertainment, Inc., a corporation whose headquarters are located in the State of Connecticut. The defendant Bell Licensing, LLC, is a single-member limited liability corporation organized under the laws of the State of Connecticut, through which Mr. Bell has conducted certain business activities relevant to this litigation.

Two years ago, in February of 2003, World Wrestling Entertainment, Inc. (hereinafter "WWE") brought suit against Mr. Bell and Bell Licensing, LLC (hereinafter "Bell") in the Connecticut Superior Court.[1] That action, in fourteen counts, alleges breach of fiduciary duty, fraudulent misrepresentation, civil conspiracy, statutory theft, common law conversion, breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference, violation of the Connecticut Unfair Trade Practices Act, *Conn. Gen. Stat. §§ 42-110a, et seq.*, Civil RICO in violation of 18 U.S.C. § 1962(c), and conspiracy to violate the civil RICO statute. The alleged co-conspirators in all the conspiracy counts are Stanley Shenker and the Shenker entities named as defendants in

---

[1] A true and accurate copy of the Complaint in that action has been submitted by the JAKKS defendants as Exhibit C to the Declaration of Michael H. Gruenglas.

this action.  The suit expressly alleges that Shenker and Bell unlawfully deprived WWE of, *inter alia*, commissions from Jakks/THQ.  (Connecticut Complaint, pp. 8-9)

The Connecticut court has conducted many days of evidentiary hearings and oral arguments in that litigation, and discovery has been pursued with great vigor.

On August 17, 2004, the Connecticut court granted summary judgment against Bell and in favor of WWE, and has assigned the case for trial on the limited issue of damages.  2004 WL 2039700 (Conn. Super.)[2]

Just two months after obtaining summary judgment against the Bell defendants in the Connecticut action, WWE brought the present suit.  The Bell defendants are named only in Count One (Civil RICO) and Count Two (Conspiracy to Commit Civil RICO).

---

[2] A true and accurate copy of the Connecticut court's ruling has been submitted to this court by the JAKKS defendants as Exhibit E attached to the Declaration of Michael H. Gruenglas.

## **A R G U M E N T**

### The Plaintiff Has Failed To State A Claim
### Against The Bell Defendants For
### Violation of, or Conspiracy to Violate
### 18 U.S.C. § 1962

With respect to the failure of the present Complaint to state a cause of action for violation of, or conspiracy to violate, the Civil RICO Statute, the Bell defendants adopt and rely upon the comprehensive memoranda submitted on this issue by the JAKKS defendants and by the Shenker defendants.

### This Action Is Barred As To The Bell Defendants
### By The Prior Pending Action Doctrine, By The
### Single Recovery Rule, And By The Doctrine
### Of *Res Judicata*

The Bell defendants adopt the arguments presented by the Shenker defendants with respect to the Prior Pending Action Doctrine, the Single Recovery Rule and *Res Judicata*.

The Prior Pending Action Doctrine in the Connecticut courts has a history reaching back to 1792.  Durand v. Carrington, 1 Root 355 (Conn. 1792).  The doctrine precludes the filing of a second action when there is a pending lawsuit

between the same parties which is of the same character and which has been brought to achieve the same objective.  Halpern v. Board of Education, 196 Conn. 647, 652, 495 A.2s 264 (1985); Cumberland Farms, Inc. v. Town of Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998); Beaudoin v. Town Oil Co., 207 Conn. 475, 484, 542 A.2d 1124 (1988).  While the doctrine does not defeat subject matter jurisdiction, Henry v. Raab Connecticut, Inc. v. J.W. Fisher Co., 183 Conn. 108, 111-12, 438 A.2d 834 (1981); it always has been held to abate the second action.  Zachs v. Public Utilities Commission, 171 Conn. 387, 370 A.2d 984 (1976); Quinebaug Bank v. Turbox, 20 Conn. 509, 514 (1850); Ward v. Curtiss, 18 Conn. 290 (1847); Durand v. Carrington, *supra*.

     Obviously the Prior Pending Action Doctrine applies to protect the Bell defendants in this matter.  The prior action is currently pending and has been pending for years, it is between the same parties, it is of the same character, and it seeks the same relief.  It would be an outrageous abuse of small litigants like the Bell defendants to subject them to this second litigation, in another state, after two years of litigating the same matter in Connecticut.

     Res judicata "does not concern itself with the determination of whether a district court may properly exercise subject matter jurisdiction in a particular case.  Rather, res judicata constitutes an affirmative defense and is dependant upon the Full Faith and Credit Statute, 28 U.S.C. sec. 1738, which requires

federal courts to give a state court judgment the same preclusive effect it would have in state court." Long v. Shorebank Development Corp., 182 F.3d 548, 560 (7th Cir. 1999), *citing* Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 381 (1985).

The doctrine of res judicata provides that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy....Following a valid final judgment, therefore, res judicata bars future litigation between the same parties, or those in privity with them, on the same cause of action." Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997), quoting New York law. Thus, a plaintiff was barred from litigating a First Amendment claim for the very first time because the same underlying facts had provided the basis of an unsuccessful state suit on other theories.

"Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997).

"[A] former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim.  A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose."  Meehan v. Town of East Lyme, 919 F. Supp. 80, 83 (D. Conn. 1996), citing Connecticut law.  Thus, the doctrine applied to bar a Title VII claim on behalf of a former employee who had settled an Equal Pay Act claim based on the same facts prior to receiving a right-to-sue letter from the EEOC.  Wilkes v. Wyoming Dept. of Employment, 314 F.3d 501 (10th Cir. 2002).  "For res judicata to apply, three elements must be present:  1) a final judgment on the merits; 2) identity of parties or privity with a party from the first litigation; and 3) the claims in the second transaction must arise from the same transaction as those that were or could have been litigated in the first action."  Fink v. Magner, 988 F. Supp. 74, 78 (D. Conn. 1997), also citing Connecticut law.  See also, *e.g.*, Hutcherson v. Lauderdale County, Tennessee, 326 F.3d 747, 758 (6th Cir. 2003); Homola v. McNamara, 59 F.3d 647 (7th Cir. 1995); Davis v. City of Chicago, 53 F.3d 801 (7th Cir. 1995); Misischia v. Pirie, 60 F.3d 626 (9th Cir. 1995).

"[R]es judicata will not bar a suit based upon legally significant acts occurring after the filing of a prior suit that was itself based upon earlier acts." Waldman v. Village of Kiryas Joel, 207 F.3d 105, 113 (2d Cir. 2000).  Citing SEC

v. First Jersey Sec., 101 F.3d 1450, 1464 (2d Cir. 1996) (finding no res judicata bar to suit based on fraudulent acts that occurred after filing of prior suit, although acts were part of same pattern that formed basis of first suit). "Without a demonstration that the conduct complained of in the [second] action occurred prior to the initiation of the [first] action, res judicata is simply inapplicable." Computer Assoc. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 369 (2d Cir. 1997). See Flaherty v. Lang, 199 F.3d 607 (2d Cir. 1999), restating the rule but finding an exception where the plaintiff did move to amend his prior action to include the subsequent events an, instead of just denying the motion, the court conducted three hearings on it and made a finding that the plaintiff's rights had not been violated, thus creating a collateral estoppel bar. However, res judicata does bar a second action based only upon newly discovered evidence, unless the plaintiff can prove that "the evidence was either fraudulently concealed or it could not have been discovered with due diligence." L-Tec Electronics Corp. v. Cougar Electronic Organization, Inc., 198 F.3d 85, 88 (2d Cir. 1999), quoting Saud v. Bank of New York, 929 F.2d 916, 920 (2d Cir. 1991).

    The claims made by WWE against the Bell defendants in the present litigation are virtually identical to those made in the Connecticut case and, to the extent that there is any difference, the claims made here surely *could* have been made in the Connecticut case. On its own motion, WWE has obtained summary

judgment against the Bell defendants on its central claims in the Connecticut litigation and awaits only a computation of its damages. Because damages have not yet been fixed, the judgment could be characterized as not "final" for appellate purposes; but it is final as to the issues of liability and that is sufficient to bar this action.

## **C O N C L U S I O N**

As to the Bell defendants, this action should be dismissed.

Respectfully submitted,

JOHN R. WILLIAMS AND ASSOCIATES, LLC

By:_____/s/_____
John R. Williams (ct00215)
*Pro Hac Vice*
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com

Attorney for the defendants
James Bell and Bell Licensing, LLC

New Haven, Connecticut
February 28, 2005