# EXHIBIT B

*tion,* supra, 80 Conn.App. at 580, 836 A.2d 453. In accordance with the reasoning in *King,* we conclude that the court properly dismissed the petitioner's claim.

## II

[4] The petitioner next claims that the court improperly ordered that the amount of presentence confinement credit earned on docket three be reduced by eight days, thereby lengthening his sentence by eight days. The petitioner claims that because neither the petitioner nor the respondent raised that issue before the habeas court, the court acted without giving the petitioner notice that would afford him an adequate opportunity to address the issue.[2] We agree with the petitioner.

Our Supreme Court has held that "it is a principle of natural justice of universal obligation, that before the rights of an individual be bound by a judicial sentence he shall have notice … of the proceedings against him…. Fundamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." (Citations omitted; internal quotation marks omitted.) *Kron v. Thelen,* 178 Conn. 189, 193, 423 A.2d 857 (1979).

The court correctly noted that the respondent incorrectly had calculated the petitioner's confinement credit. Because the petitioner was not given notice and an opportunity to address that issue, however, the extension of the discharge date cannot stand.

The judgment is reversed only with respect to the extension of the petitioner's discharge date by eight days and the case is remanded with direction to vacate that portion of the judgment. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.



48 Conn.Sup. 357

STANLEY SHENKER AND ASSOCIATES, INC., et al.

v.

WORLD WRESTLING FEDERATION ENTERTAINMENT, INC.

No. X05–CV 00–0180933S.

Superior Court of Connecticut, Complex Litigation Docket at Stamford.

Oct. 16, 2003.

**Background:** In proceedings on civil complaint brought by licensing firm against former client, and on former client's counterclaims against licensing firm, former client brought motion for sanctions based upon admissions by president and sole owner of plaintiff firm of discovery abuse.

**Holdings:** The Superior Court, Complex Litigation Docket at Stamford, Rogers, J., held that:

(1) dismissal with prejudice of licensing firm's action was appropriate sanction for discovery abuse, and

(2) entry of default judgment against plaintiff and in favor of defendant on each of defendant's counterclaims was

---

2. The respondent argues that the petitioner was obligated to file a motion for articulation for review of that order. Although the petitioner filed a motion to correct, and that motion was denied, no articulation of the order is necessary for our review.