

**Kirkpatrick & Lockhart Nicholson Graham LLP**

Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
412.355.6500
Fax 412.355.6501
www.klng.com

May 23, 2005

Jerry S. McDevitt

412.355 8608
jmcdevitt@klng.com

**VIA FACSIMILE  (212) 805-7968**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

> Re:   **World Wrestling Entertainment, Inc. v. JAKKS Pacific, Inc., et al.**
> **1:04-CV-08223-KMK**

Dear Judge Karas:

I wanted to express my gratitude to the Court for modifying the date by which we had to respond to the latest submission of Defendants until this Wednesday, May 25, 2005. I was able to complete our response after the funeral ahead of the extended date, and we enclose our response herewith.

Very truly yours,

Jerry S. McDevitt

JSM/emw

Enclosure

cc:   All Counsel of Record (via electronic mail)

PI-1370450 v1



**Kirkpatrick & Lockhart Nicholson Graham** LLP

Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
412.355.6500
Fax 412.355.6501
www.klng.com

May 23, 2005

Jerry S. McDevitt

412.355.8608
Fax: 412.355 6501
jmcdevitt@klng.com

**VIA FACSIMILE  (212) 805-7968**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

      **Re:**    **World Wrestling Entertainment, Inc. v. JAKKS Pacific, Inc., et al.**
             **1:04-CV-08223-KMK**

Dear Judge Karas:

      WWE hereby submits a consolidated response to the letters of the Jakks Defendants

("Jakks") and THQ dated May 13, 2005. WWE has placed before this Court, in the manner

prescribed by law, claims involving misconduct by the highest ranking executives of Jakks

Pacific, Inc. and THQ which go to the heart of the free enterprise system. WWE respectfully

submits it is entitled to have its claims adjudicated in accordance with the Federal Rules either

through motions and briefing or at trial, and that further letter writing would serve no purpose.[1]

For the reasons stated herein, we again request that the Court set a response date and/or briefing

schedule for all Defendants to answer or move to dismiss the Amended Complaint and end the

collateral litigation unrelated to the merits of the case.

---

[1]  We must admit to some confusion as to the purpose or legal effect of the latest round of letters by
Jakks, THQ and Shenker, since letters are not motions under your Honor's individual practices or the
Local Rules of this Court. Also, none shed light on the issues identified by the Court at the last
conference.

PI-1368333 v3

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON

Honorable Kenneth M. Karas
May 23, 2005
Page 2

## I.    DEFENDANTS' LETTERS FAIL TO ADDRESS THE ISSUES IDENTIFIED BY THE COURT AT THE LAST CONFERENCE

WWE has performed exactly two official legal acts to date in these proceedings.  On October 19, 2004, it filed an original Complaint.  On March 30, 2005, it filed an Amended Complaint adding an additional defendant, an additional claim, and even more substantial facts relating to the illegal conduct of Defendants.  By law, WWE had an absolute right to amend once as of right under Rule 15(a), and no Local Rule, Individual Practice or Order of this Court indicated otherwise.

Jakks did not address the issue identified by the Court at the last conference of whether the right to amend as of right is absolute.  Instead, despite the Court's admonition to cease personal attacks, Jakks continued their personal attacks, a strategy initially unleashed after WWE performed its second legal act in this case and amended its Complaint.  The accusations *du jour* have now involved pleas to hold WWE in contempt; charges of bad faith and vexatiousness; disingenuity and other polemics.  All these attacks have been made because WWE amended the Complaint and exercised a right which is, in fact, absolute, and numerous courts have so stated in those words.[2]

---

[2]    See Shaver v. Operating Eng'rs Local 428 Pension Trust Fund, 332 F.3d 1198, 1201 (9th Cir. 2003) ("[T]he motion to dismiss was not a responsive pleading within the meaning of Fed.R.Civ.P. 15(a).  Thus, at the time of the hearing, the appellants still had an absolute right to amend their complaint . . .") (internal citation omitted); Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 420 (6th Cir. 2000) ("Fed.R.Civ.P. 15(a) gives plaintiffs an absolute right to amend their complaint one time before a 'responsive pleading' is served."); James V. Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 282-83 (D.C. Cir. 2000) ("The Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading."); Smith v. Nat'l Collegiate Athletic Ass'n, 139 F.3d 180, 189 (3d Cir. 1998) ("[A] plaintiff has an absolute right to amend her complaint once at any time before a responsive pleading is served."); Am. Postal Workers Union v. United States Postal Serv., 823 F.2d 466, 478 (11th Cir. 1987) ("Appellant . . . had an absolute right to

Honorable Kenneth M. Karas
May 23, 2005
Page 3

No matter how the attack is packaged or repackaged, the plain thrust of Defendants'

arguments is that WWE's absolute right to amend once under Rule 15(a) was implicitly lost on

January 25, 2005 because Defendants obtained a briefing schedule that day pursuant to your

Honor's individual practices.  Defendants are clearly asking this Court to repudiate controlling

law universally applied in every Circuit that only an answer, not a motion to dismiss, cuts off the

right to amend.[3]  Defendants are also asking this Court to abrogate WWE's right to amend prior

to the time the Second Circuit has ruled that the right is lost, which occurs when there is an order

of dismissal if no attempt has been made to exercise the right.  Swan v. Bd. of Higher Educ. of

the City of New York, 319 F.2d 56, 60-61 (2d Cir. 1963).  In inviting the Court to err on multiple

grounds, Defendants also never address how this Court could explicitly, let alone implicitly,

deny WWE the right to file a pleading authorized by law without ignoring controlling Second

Circuit law consistently holding that trial courts cannot prevent a litigant from filing a pleading

authorized by the Federal Rules in the first place.[4]

---

amend its complaint."); Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312
(S.D.N.Y. 2001) ("As no defendant has answered, plaintiff has an absolute right to amend his complaint,
without seeking leave of the Court."); Heller v. First Town Mortgage Corp., No. 97 Civ. 8575(JSM),
1998 WL 614197, at *1 (S.D.N.Y. Sept. 14, 1998) ("The defendant . . . has not served an answer.
Therefore, plaintiff has an absolute right to amend.").  The right is not lost just because a defendant
obtains a briefing schedule, which happens every time such a motion is filed.  See, e.g., Ciro, Inc. v. Gold,
816 F.Supp. 253, 256 (D. Del. 1993) (Court noted plaintiff amended as of right "days before the
scheduled oral argument" and simply reset the schedule after defendants moved to dismiss the amended
complaint).

[3]  The only case Jakks has ever cited even remotely on point, United States v. Broadway Const., Inc., No.
97 C 8284, 1998 WL 246385 (N.D. Ill. Apr. 24, 1998), is not a case from this district or this circuit, is
against the law in that district and that circuit, and stands alone uncited by any subsequent court.  More
importantly, the court in Broadway simply never discussed Rule 15(a)'s amendment as of right provision.

[4]  Jakks simply dismisses Second Circuit authority repeatedly containing this admonition as "entirely
inapposite" without ever explaining why the jurisprudential limitations repeatedly noted by the Second

Honorable Kenneth M. Karas
May 23, 2005
Page 4

Further, given the absolute nature of the right, it is not surprising that Jakks has not

mustered a single case wherein any Court even considered sanctioning a party and/or its attorney

and awarding the other side's costs in preparing motions to dismiss because the plaintiff

exercised its absolute right to amend the complaint after such motions were filed. That alone

should be a strong indication to the Court that such considerations are unprecedented and

inappropriate.

We submit, therefore, that what is really going on here is clear. These defendants want

WWE's claims tossed out, and/or sanctions entered in their favor, solely because WWE brought

even stronger claims before this Court in the manner prescribed by law.

## II.    JAKKS' RESPONSE

A.    **The Charge of Non-Compliance** – At the conference on April 27, 2005, the Court

directed WWE to explain how the Amended Complaint responded, if at all, to the arguments

advanced by Defendants in the Motions to Dismiss and to address whether sanctions could be

imposed to pay counsel fees incurred in preparing motions to dismiss. WWE's May 6, 2005

submission did exactly that.

Ignoring this Court's direction not to respond and to await the Court's directives after

reading WWE's submission, Jakks, then THQ, sought and received permission to file yet another

letter. Despite the Court's admonition to refrain from *ad hominem* attacks, Jakks' response

opens with personal attacks on WWE's counsel. Out of whole cloth, Jakks constructs what it

calls "unequivocal admissions" of contumacious intent regarding the Court's briefing schedule

---

Circuit are not engaged by the request that this Court deny WWE the right to file a pleading authorized by
the Rules.

Honorable Kenneth M. Karas
May 23, 2005
Page 5

and then charges WWE's counsel with being "disingenuous" and "gamesmanship." After once

again trying to pre-condition the Court with such portrayals of opposing counsel, Jakks next

accuses WWE of being "conspicuously silent" on how the Amended Complaint cures "multiple

dispositive defects" supposedly demonstrated by Jakks. Despite the broad generality of that

charge, Jakks thereafter identified precisely <u>two</u> specific issues on which WWE was supposedly

"conspicuously silent" – the Robinson-Patman claims and Jakks' "enterprise" argument.[5]

 Regarding the "enterprise" issue, WWE was not "conspicuously silent" as Jakks

contends. To the contrary, WWE's response to that argument is conspicuously <u>present</u> at pages

9-10 of its May 6, 2005 letter, and demonstrated that argument was meritless. WWE's statement

of the law which governs the enterprise issue is hardly "conspicuous silence" or a good faith

basis to charge an adversary with violating an order. Likewise, failing to distinguish a case cited

by the opposing party is hardly grounds for charging contempt, especially when the quote from

<u>First Capital</u> relied upon by Jakks neither alters nor changes the law cited by WWE.[6]

---

[5] <i>Ad hominem</i> attacks always create a dilemma. If ignored to honor the Court's admonition, a risk is
taken that the Court will construe silence as a form of admission. If responded to in kind, the incivility
escalates.

[6] Personal attacks do obscure principled legal argument, as noted by the Court at the last conference and
as evidenced by this aspect of Jakks' response. There is no dispute, nor could there be after <u>Turkette</u>, that
a RICO plaintiff must prove the existence of an enterprise and separate and distinctly the additional
element that the enterprise engages in a pattern of racketeering activity. <u>United States v. Turkette</u>, 452
U.S. 576, 583 (1981). <u>First Capital</u> adds precisely nothing to that formulation and does not claim to do
so. The cases cited by WWE, in particular <u>United States v. Coonan</u>, 938 F.2d 1553 (2d Cir. 1991), are the
law of this Circuit and <u>First Capital</u> neither overrules that law nor is <u>Coonan</u> inapposite because it is an
older criminal case, as Jakks suggests. Indeed, <u>Coonan</u> is cited <u>with approval</u> a few sentences after the
quote from <u>First Capital</u> which Jakks relies upon <u>and</u> also in <u>First Nationwide Bank v. Gelt Funding,
Corp.</u>, 820 F.Supp. 89, 98 (S.D.N.Y. 1993), which was the <u>sole</u> authority cited by the Second Circuit in
<u>First Capital</u> for the quote Jakks relies upon. <u>First Capital Asset Mgmt., Inc. v. Satinwood, Inc.</u>, 385 F.3d
159, 174 (2d Cir. 2004). Thus, evidently neither Judge Mukasey nor the Second Circuit so blithely
dismisses <u>Coonan</u> as an older inapposite criminal case not applicable to civil RICO cases.

Honorable Kenneth M. Karas
May 23, 2005
Page 6

The only other point used to charge WWE with impropriety is equally meritless. The

arguments regarding whether the Robinson-Patman Act covers the bribes paid to WWE's agents

raise an issue of law regarding the proper interpretation and scope of a federal statute. As

WWE's letter clearly pointed, the Amended Complaint made no amendments (nor could it)

aimed at addressing pure issues of law raised by Defendants.[7]

No other matters are advanced by Jakks to support their personal attack or the charge that

WWE violated the Court Order of April 27, 2005. Indeed, Jakks does not even seriously suggest

that any other of their grounds for dismissal remain viable in the face of WWE's fifteen-page

submission on the actual law which governs the claims. For that reason, the rest of Jakks'

submission is a plea to the Court to just toss out the whole case without briefing and provide

Jakks and its officers with a judicial pass for their conduct, all because WWE filed an Amended

Complaint to assert those claims fully.[8]

---

[7]  Contrary to the suggestion that the issues of statutory interpretation involved in that legal argument
have been conclusively determined, neither the Supreme Court nor the Second Circuit has determined the
issue *sub judice*. See Federal Trade Commission v. Simplicity Pattern Co., 360 U.S. 55, 65 (1959)
(holding that the RPA section in question "unqualifiedly" makes certain business practices other than
price discrimination unlawful); Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts
Worldwide, Inc., 369 F.3d 212, 221 (2d Cir. 2004) (noting that Second Circuit has not decided if 15
U.S.C. §13(c) embraces commercial bribery). Such issues of law require full briefing to respond to
Defendants' arguments. The same is true with respect to Shenker's *res judicata* and other legal
arguments, as well as issues raised by THQ as to whether there is a private right of action for commercial
bribery, all of which are matters of law requiring briefs to address.

[8]  Although the May 6, 2005 letter of WWE to which Jakks is allegedly responding nowhere mentions
"supplemental pleading," and Jakks neither sought nor obtained leave to reopen that issue, Jakks
nonetheless reopens its supplemental pleading argument and states that WWE "erroneously" claimed only
four paragraphs supplement the original Complaint. Jakks, not WWE, asserted that the pleading had been
supplemented by four paragraphs in their opening letter of April 4, 2005 on the subject. Based on
authorities previously provided to the Court, it was and is WWE's position that the Amended Complaint
supersedes for all purposes the original Complaint; that the paragraphs in question are continuations of
matters originally alleged; and that constructing a leave requirement puts Defendants in no different a

Honorable Kenneth M. Karas
May 23, 2005
Page 7

**B.**     <u>**Sanctions**</u> – First, Jakks and THQ appear to contend that the entire case should be

dismissed without any Defendant ever identifying what arguments they maintain apply to the

Amended Complaint and with no opportunity given to WWE to contest their remaining

arguments by proper legal briefing.  No authority cited by Defendants comes remotely close to

holding that this Court can just toss out the Amended Complaint without following some

articulated procedure under Rule 15(a) providing an opportunity to contest dismissal <u>after</u>

Defendants indicate what arguments they maintain are viable as against the Amended Complaint.

Rule 15(a) does not impose a duty of clairvoyance on WWE as to what any Defendant

will do once an Amended Complaint is filed.  For that reason, Rule 15(a) explicitly provides that

Defendants "shall plead in response to an amended pleading."  WWE has no way of knowing in

advance of amending whether Defendants will move again for dismissal and, if so, on what

grounds.  That is particularly true with respect to arguments based on alleged factual

insufficiencies.  All WWE asks for is what Rule 15(a) and procedural due process requires, and

that is a clear identification of the basis for moving to dismiss the Amended Complaint and the

opportunity to brief those arguments.  If Defendants truly believe their original arguments still

have merit, they can stand on their briefs and need not file anything further.  WWE will file its

response and Defendants can then reply.

---

position than adherence to Rule 15(a)'s language requiring them to plead to the Amended Complaint.
Jakks has never disputed that the paragraphs they question are continuations of matters set forth in the
original Complaint.  Likewise, Jakks has yet to identify <u>any</u> basis upon which they could or would oppose
leave to add these paragraphs if it should be required.

Honorable Kenneth M. Karas
May 23, 2005
Page 8

Jakks also contends that WWE should be sanctioned by being required to pay the costs

incurred by Defendants in preparing their Motions to Dismiss.[9]  For reasons previously stated,

this argument is as unprecedented and improper as is the request to toss out a lawsuit alleging

hundreds of millions of dollars in damages because an Amended Complaint was filed.  After

arguing that sanctions can flow from the Court's "inherent powers," all of which require a

finding of bad faith in these circumstances[10] and which this Court has stated does not exist, Jakks

then cites cases dealing with the Court's powers under Rule 16 as if the same thing.  Jakks does

not point out that the cases relied upon all deal with a party's right to amend after the deadline

established in a Rule 16(b) order.[11]  Indeed, the authorities cited by Jakks demonstrate that the

lenient standard for court approved leave to amend embodied in Rule 15(a) does not give way

until a Rule 16(b) order has been entered establishing the last date for amending pleadings; the

---

[9]  An additional observation is in order about Jakks' argument that they disclosed the basis for their
Motion to Dismiss in their pre-motion letter and related notion that WWE should have to pay their
counsel fees.  In reliance on Jakks' pre-motion letter, WWE spent substantial time and money doing
additional factual and legal research regarding Jakks' anticipated arguments about personal jurisdiction
and venue—both of which Jakks indicated they intended to raise.  At some point thereafter, Jakks clearly
decided not to raise such issues.  Jakks neither announced to the Court, or WWE, in advance of filing
their Motion to Dismiss that they no longer intended to raise such issues.  Instead, Jakks simply made
their filing; offered no explanation for why they said they would raise issues which they did not raise; and
voiced no concern about legal costs WWE incurred researching issues they in fact did not raise.  WWE
did not bother the Court with collateral motion practice about the costs it incurred as a result of Jakks'
failure to brief such issues, accuse them of bad faith, or seek sanctions and costs.  WWE went about its
business; determined to file the Amended Complaint, and did so in accordance with the Rules and in
exactly the manner that Jakks had done.

[10]  United States v. Seltzer, 227 F.3d 36, 41-42 (2d Cir. 2000).

[11]  Ironically, Rule 16(b) orders traditionally provide that either party is permitted to amend without leave
if done by a cutoff date.  Thus, had such an order been entered, there would be no issue about WWE's
right to amend once as of right or for that matter again as long as within the schedule set forth in a Rule
16(b) order.

Honorable Kenneth M. Karas
May 23, 2005
Page 9

passage of that date; and an attempt to amend thereafter.  See Parker v. Columbia Pictures Indus.,

204 F.3d 326, 339-40 (2d Cir. 2000).  Here, we are not even dealing with the leave requirement

of Rule 15(a), but the as-of-right clause.  And as Jakks knows, no Rule 16(b) order has been

entered here, largely because Jakks moved to stay discovery from the onset.  The January 25,

2005 conference and Order were pursuant to your Honor's individual practices, and so

understood by everybody, including Jakks, which never cited Rule 16 in any of their prior

submissions seeking sanctions.[12]  That order was decidedly not a Rule 16(b) order and did not

address WWE's right to amend.  Implied orders are not a basis for sanctions under Rule 16 or

any other sanction.  See, e.g., Salahuddin v. Harris, 782 F.2d 1127, 1133 (2d Cir. 1986) (finding

that Rule 16(f) "did not loose a strange and capricious new beast"; requires a violation of an

explicit court order; and that "implied" orders do not justify sanctions under Rule 16(f)).

### III.    THQ'S RESPONSE

Finally, THQ's submission is clearly another ten pages of argument more properly

contained in a brief in support of a motion to dismiss the Amended Complaint.  Together with its

original brief, THQ has now set forth over 35 pages of legal arguments for dismissal.  If THQ

wishes to stand on its original brief, as supplemented by its recent letter, in opposition to the

Amended Complaint, it certainly can do so.  It need file nothing more.  WWE is prepared to file

its brief on any issues any Defendant wishes to identify which are contended to be applicable to

---

[12]   On December 23, 2004, the Court ordered all counsel to appear "for a pre-motion conference on
January 25, 2005."  The January 25, 2005 Order referenced rulings made "at today's pre-motion
conference."

Honorable Kenneth M. Karas
May 23, 2005
Page 10

the Amended Complaint. It is plainly unreasonable, however, to expect WWE to respond to 35

pages of briefing in five pages.

Accordingly, WWE respectfully requests the Court to establish a briefing schedule with

respect to the Amended Complaint and terminate the collateral litigation over WWE's exercise

of its absolute right to file the Amended Complaint.

Very truly yours,

Jerry S. McDevitt

JSM/emw

cc:    All Counsel of Record (via electronic mail)

## CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to practice law before this Court, hereby certifies under penalty of perjury, that on May 23 , 2005, I caused a true copy of the foregoing to be served upon the following parties via electronic mail service:

John R. Williams
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

Michael A. Cornman
Schweitzer Cornman Gross & Bondell, LLP
292 Madison Avenue
New York, NY 10017

Steven A. Marenberg
Irell & Manella, LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Steven M. Bierman
Sidley Austin Brown & Wood
787 Seventh Avenue
New York, NY 10019

Michael A. Freeman
24 West 40th Street
17th Floor
New York, NY 10018

Jonathan J. Lerner
Skadden, Arps, Slate, Meagher &
    Flom, LLP
Four Times Square
New York, NY 10036-6522

Murray L. Skala, Esquire
Feder, Kaszovitz, Isaacson, Weber,
    Skala, Bass & Rhine, LLP
750 Lexington Avenue
New York, NY 10022-1200

Richard Schaeffer
Dornbush Schaeffer Strongin &
    Weinstein, LLP
747 Third Avenue
New York, NY 10017

_____
Jerry S. McDevitt

Dated: May 23, 2005