Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 22843 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Not Reported in F.Supp.2d, 2005 WL 22843 (S.D.N.Y.)
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Gloria BRAPHMAN-BINES, Plaintiff,
v.
NEW YORK CITY POLICE DEPARTMENT, Defendant.
**No. 03 Civ. 10207(KMK).**

Jan. 3, 2005.

Rosemary Caroll , Caroll & Friess, New York, NY, for the Plaintiff.
Susan Ronni Davidson, Corporation Counsel of the City of New York, Brooklyn, NY, for the Defendant.

*MEMORANDUM OPINION AND ORDER*

KARAS, J.
*1 Plaintiff Gloria Braphman-Bines, an African-American female and former police officer with the New York City Police Department ("NYPD"), alleges that Defendant NYPD discriminated against her on the basis of race, color, and gender in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). NYPD brings a motion pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings. For the reasons discussed below, the motion is denied.

*I. Background*

Accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party, the facts are as follows. Braphman-Bines was hired as a police office with the New York City Transit Authority in July 1984. (Compl.¶ 8(2); Answer ¶ 10(2).) FN1 In 1994, Braphman-Bines was arrested and convicted at trial for assault in the third degree in connection with an off-duty incident in which she shot her then-husband. (Compl.¶ 8(4).) Braphman-Bines alleges that "[b]ased solely upon the criminal conviction," she was summarily terminated in July 1996. (Compl.¶ 8(7).)

FN1. Paragraph 8 of the Complaint refers to a separate typewritten paragraph consisting of 37 sentences. In the Answer to the Complaint, NYPD numbered and responded to each separate sentence of paragraph 8. For the purpose of identifying the portion of the Complaint containing the factual allegation, the Court indicates this sentence number parenthetically.

Following her termination, Braphman-Bines challenged the decision to dismiss her without a hearing in New York Supreme Court. (Compl.¶ 8(8).) In that action, the Honorable Helen J. Freedman held that NYPD must hold a departmental hearing prior to terminating a police officer, such as Braphman-Bines, who is convicted of a crime. *See Braphman v. Safir,* 659 N.Y.S.2d 710, 713 (N.Y.Sup.Ct.1997). While NYPD appealed Justice Freedman's decision, the New York Court of Appeals determined, in another case, that an officer convicted of a misdemeanor is entitled to an administrative hearing unless the underlying misconduct constitutes a violation of the oath of office. *See Foley v. Bratton,* 92 N.Y.2d 781, 789 (N.Y.1999). In accordance with these decisions, NYPD reinstated Braphman-Bines in July 1999. (Compl.¶ 8(10).) FN2

FN2. Braphman-Bines was put on modified assignment pending her department hearing. (Compl. Exh. 8 at 2 (Opinion of Hon. Ethel H. Corcoran, Assistant Deputy Commissioner-Trials, July 30, 2001).)

On July 30, 2001, following a departmental hearing, the Honorable Ethel H. Corcoran, Assistant Deputy Commissioner-Trials, issued an opinion recommending Braphman-Bines's dismissal from NYPD. The opinion provided two independent reasons for that decision: (1) pursuant to *Foley,* Braphman-Bines's misconduct disqualifies her from being a police officer; and (2) Braphman-Bines's conviction for misdemeanor assault of her husband is a domestic violence incident as defined by the Federal Gun Control Act of 1996, and therefore disqualifies her from carrying a handgun. FN3 In accordance with this recommendation, Braphman-Bines was dismissed from NYPD in November 2001.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 7:04-cv-08223-KMK   Document 93-5   Filed 09/19/2005   Page 2 of 7

Not Reported in F.Supp.2d                                                                                         Page 2
Not Reported in F.Supp.2d, 2005 WL 22843 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

(Compl.¶ 8(11).) FN4

> FN3. The Gun Control Act makes it unlawful for a person "who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(9). "A misdemeanor crime of domestic violence" is defined as
> an offense that-(i) is a misdemeanor under Federal or State law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.
> 18 U.S.C. § 921(a)(33)(A).

> FN4. The Trial Commissioner did not find that Braphman-Bines was legally barred from working as a police officer even if she was barred by federal law from carrying a firearm. That, she noted, "is a policy decision to be made by the Police Commissioner." (Compl. Exh. 8 at 14.) Instead, the Trial Commissioner expressed her opinion that Braphman-Bines's legal inability to carry a firearm under federal law meant that she should no longer be a police officer and therefore recommended to the Police Commissioner that she be terminated. (Compl. Exh. 8 at 14-15.)

In the Complaint, Braphman-Bines advances a number of allegations of discriminatory conduct, including unlawful termination of her employment (Compl.¶ 4, ¶ 8(11-14)), denial of her pension (Compl.¶ 8(15-16)), and a variety of mistreatment following the decision to rehire her back into the department in July 1999 (including withholding of vacation time (Compl.¶ 8(18-22)), denial of seniority status (Compl.¶ 8(23-24)), an unsanitary working environment (Compl.¶ 8(25-26)), drug testing (Compl.¶ 8(29)), and modified assignment status (Compl.¶ 8(30-31))). FN5 The Complaint maintains that "[t]here are several cases that involved white officers [who had engaged in criminal activity] that [was] much more severe, but they still maintained their jobs" (Compl.¶ 8(14)), and appends newspaper articles about the cases of these other officers (Compl.Exh. 12-13). FN6

> FN5. Braphman-Bines, acting at the time as a *pro se* plaintiff, filed her Complaint using a form available to all *pro se* plaintiffs seeking to file a civil rights action in this District. This form allows the *pro se* plaintiff to identify, by checking a box, the statute pursuant to which the action is brought (Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990). (Compl.¶ 1.) The form also asks a *pro se* plaintiff to identify the basis of the discrimination (race, gender, religion, national origin, etc.) (Compl.¶ 7), and the discriminatory conduct that is the basis of the action (failure to hire, termination, retaliation, failure to promote, etc.) (Compl.¶ 4). The form then has a section that permits the *pro se* plaintiff to list the facts that support the particular claims. (Compl.¶ 8.)
> In her Complaint, Braphman-Bines identified the statute pursuant to which she brings this action (Title VII) (Compl.¶ 1), and the basis for the alleged discrimination (race, color and gender) (Compl.¶ 7). She also provided a typed paragraph that contains the factual allegations in support of her Complaint. (Compl.¶ 8(1-37).) However, in the section identifying the discriminatory conduct, Braphman-Bines checked only "Termination of my employment," and left blank "Unequal terms and conditions of my employment," "Retaliation," and "Other acts" (Compl.¶ 4), all of which she might have checked given the factual allegations made elsewhere in the Complaint.
> This election, however, is not, at this time, dispositive for two reasons. First, as discussed below, even if the Complaint is to be construed only as alleging unlawful termination, NYPD's motion should be denied. Second, because "Rule 8 pleading is extremely permissive," the "[f]actual allegations alone are what matters." *Wynder*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 7:04-cv-08223-KMK    Document 93-5    Filed 09/19/2005    Page 3 of 7

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2005 WL 22843 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

_v. McMahon_, 360 F.3d 73, 77 (2d Cir.2004) (quotations omitted); _see also Albert v. Carovano_, 851 F.2d 561, 571 n. 3 (2d Cir.1988) (_en banc_) (rejecting notion that complaint which contains sufficient factual allegations should be dismissed for failure to "cite a statute, or to cite the correct one"). Thus, to the extent Braphman-Bines has comported with the core Rule 8 requirement that she provide fair notice of the allegations to NYPD, there is a reasonable argument that the Complaint not be limited by technicalities about which box is or is not checked. _Cf. McKinney v. Eastmann Kodak Co._, 975 F.Supp. 462, 465-66 (W.D.N.Y.1997) ("Just as a plaintiff would not be precluded from bringing an age discrimination claim simply because she checked the wrong box on her EEOC complaint (provided she alleged facts supporting an age discrimination claim), the fact that McKinney checked the box for sex discrimination does not mean that she can now bring such a claim in this action even though there were no facts alleged in her EEOC complaint relating to sex discrimination.").

FN6. These articles and other materials attached to the Complaint may be considered on a motion for judgment on the pleadings. "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." _Sira v. Morton_, 380 F.3d 57, 66 (2d Cir.2004) (internal citations omitted). Here, the articles were clearly attached as an exhibit, and were referenced in the Complaint.

*2 Braphman-Bines filed a charge regarding NYPD's allegedly discriminatory conduct with the Equal Employment Opportunity Commission ("EEOC") on or about January 15, 2002 (Compl.¶ 10), and the New York State Division of Human Rights ("SDHR") on or about February 15, 2002 (Compl.¶ 9). On June 11, 2003, the SDHR found that there was "NO PROBABLE CAUSE to believe that ... [NYPD] engaged in or is engaging in the unlawful discriminatory practice complained of." (SDHR Determination and Order After Investigation, Compl. Exh. 10.) FN7 The EEOC issued a Notice of Right to Sue letter on August 7, 2003. (EEOC Dismissal and Notice of Rights, Compl. Exh. 1.) The Complaint was filed on December 24, 2003.

FN7. There is nothing in the record indicating whether Braphman-Bines provided the same level of detail to the EEOC that she did in her Complaint before the Court, or whether she alleged anything other than wrongful termination. It bears noting, however, that the SDHR's conclusion that there was "[i]nsufficient evidence ... in support of complainant's allegation" related only to her "dismissal." (Compl.Exh. 10.)

_II. Discussion_

_A. Applicable Standard_

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." _Sellers v. M.C. Floor Crafters, Inc._, 842 F.2d 639, 642 (2d Cir.1988). FN8 In deciding a Rule 12(c) motion, the court applies "'the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" _Ziemba v. Wezner_, 366 F.3d 161, 163 (2d Cir.2004) (quoting _Burnette v. Carothers_, 192 F.3d 52, 56 (2d Cir.1999)). "The long-standing rule in appraising a complaint's sufficiency is that a claim should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" _A.I.B. Express, Inc. v. FedEx Corp._, No. 03 Civ. 8087, 2004 WL 2526293, at *2 (S.D.N.Y. Nov. 8, 2004) (quoting _Conley v. Gibson_, 355 U.S. 41, 45-46 (1957)).

FN8. Under Rule 12(c), the court may consider, "'in its discretion and upon notice to all parties,' materials outside the pleadings." _Sellers_, 842 F.2d at 642 (quoting _Falls Riverway Realty v. City of Niagra Falls_, 754 F.2d 49, 53 (2d Cir.1985)). If the court elects to consider materials outside the pleadings, then it

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 22843 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

"must convert a motion for judgment on the pleadings to one for summary judgment." *Sira,* 380 F.3d at 66 (quoting Fed.R.Civ.P. 12(c)).

Here, the parties have attempted to introduce supplemental affidavits that are "outside the pleadings." Braphman-Bines initiated this effort by filing a "supplemental affidavit" in opposition to NYPD's motion to dismiss. NYPD opposed consideration of Braphman-Bines's affidavit, but also submitted two affidavits in response. (Letter from Susan Davidson, Esq. of 9/22/04.) Braphman-Bines's affidavit, and those submitted by NYPD in response, deal with Braphman-Bines's pension claims and are not critical to determining the pending motion. Therefore, the Court declines to consider these materials and convert the motion. Rather, the parties may use these affidavits in connection with a motion for summary judgment after more extensive fact discovery has been completed. *See Lovely Peoples Fashion, Inc. v. Magna Fabrics, Inc.,* No. 95 Civ. 8450, 1996 WL 732634, at *2 n. 3 (S.D.N.Y. Dec. 19, 1996) (explaining deposition materials not considered in Rule 12(b)(6) motion could be submitted in connection with summary judgment motion subsequent to completion of discovery).

The Second Circuit has explained that the Rule 12(c) standard for dismissal "applies with particular strictness where the plaintiff files a *pro se* complaint alleging civil rights violations," and "has repeatedly warned that 'the pleading requirements in discrimination cases are very lenient, even *de minimis*.' " *Deravin v. Kerick,* 335 F.3d 195, 200 (2d Cir.2003) (quoting *Brown v. Coach Stores, Inc.,* 163 F.3d 706, 710 (2d Cir.1998)); *see also Lerman v. Bd. of Elections in the City of New York,* 232 F.3d 135, 142 n. 8 (2d Cir.2000) ; *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994). While the Complaint was filed *pro se,* Braphman-Bines is currently represented by counsel, and therefore it is an open question whether the stricter standard governing dismissal of *pro se* complaints is appropriate here. FN9 *Compare Gomez v. Kaplan,* 94 Civ. 3292, 2000 WL 1458804, at *13 (S.D.N.Y. Sept. 29, 2000) (construing civil rights complaint "liberally in favor" of plaintiff who "obtained the benefit of counsel" after filing of *pro se* complaint), *with Hanna v. Brown,* 93 C 3105, 1995 WL 103789, at *2 (N.D.Ill. March 6, 1995) ("[O]nce [plaintiff] retained an attorney, his original *pro se* status no longer entitled him to a liberal interpretation of his pleadings."). However, because the Complaint survives the current motion regardless of the applicability of the *pro se* standard of review, the question need not be answered at this time.

> FN9. Counsel only recently filed a notice of appearance, and only after the Court issued an order requiring Plaintiff to clarify her representation status. (Order, October 13, 2004.) The Court issued this Order after counsel submitted a memorandum of law in opposition to NYPD's motion to dismiss, but in separate correspondence indicated that she would only represent Braphman-Bines in connection with this motion. On October 18, 2004, counsel who submitted the brief, Rosemary Carroll, Esq., along with Richard Cardinale, Esq., entered a notice of appearance.

*B. The Sufficiency of Braphman-Bines's Complaint*

\*3 NYPD argues that Braphman-Bines's Complaint fails as a matter of law because it does not state a prima facie case of discrimination based on race, color, sex, or gender. In particular, NYPD contends that Braphman-Bines fails to meet her burden for establishing discrimination under Title VII pursuant to the framework laid out by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under *McDonnell Douglas,* "a plaintiff is required to adduce some evidence that would permit a factfinder to infer, inter alia, that the termination occurred under circumstances giving rise to an inference of discrimination." *Patterson v. County of Oneida,* 375 F.3d 206, 221 (2d Cir.2004). Specifically, *McDonnell Douglas* provides a four-prong test, requiring a plaintiff to show: 1) she is a member of a protected class; 2) she was qualified for her position; 3) she suffered an adverse employment action; and 4) the action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas,* 411 U.S. at 802; *Norville v. Staten Island Univ. Hosp.,* 196 F.3d 89, 95 (2d Cir.1999).

If the plaintiff satisfies this initial burden, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the action. *Patterson,* 375 F.3d at 221. If the employer carriers this burden, the burden shifts back to the plaintiff to demonstrate that the legitimate reasons offered are pretextual. *Id.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 22843 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 5

Whether Braphman-Bines has, or ultimately can, fulfill the requirements of the *McDonnell Douglas* test, however, is not the proper inquiry at this stage in the litigation. In *Swierkiewicz v. Sorema N.A.,* the Supreme Court unanimously rejected the use of the *McDonnell Douglas* framework in determining whether a plaintiff has met the pleading requirements, explaining that "[t]he prima facie case under *McDonnell Douglas* ... is an evidentiary standard, not a pleading requirement." 534 U.S. 506, 510 (2002). Indeed, the Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiff must satisfy in order to survive a motion to dismiss." Id. at 511. Imposing such a pleading requirement would be particularly inappropriate given that "the *McDonnell Douglas* framework does not apply in every employment discrimination case." Id. "For instance, if plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case." Id.

Rather than the *McDonnell Douglas* test, "the ordinary rules for assessing the sufficiency of a complaint apply." Id. That is, an employment discrimination complaint "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " Id. at 508 (quoting Fed.R.Civ.P. 8(a)(2)). "Thus, a complaint is sufficient if it gives " 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " Phelps v. N. Kapnolas, 308 F.3d 180, 186 (2d Cir.2002) (quoting Swierkiewicz, 534 U.S. at 512 (quoting Conley, 355 U.S. at 47)). "Under *Swierkiewicz,* Rule 8 pleading is extremely permissive." Wynder v. McMahon, 360 F.3d 73, 77 (2d Cir.2004).

*4 Because counsel for NYPD erroneously frames its argument under the *McDonnell Douglas* test, and, in fact, fails even to mention *Swierkiewicz,* the motion does not directly address the question at hand-whether the Complaint provides fair notice, and adequately states a claim that the pleader is entitled to relief. At argument, however, counsel for NYPD conceded that the Complaint provides sufficient notice of Braphman-Bines's claim for relief. The Complaint indicates that Braphman-Bines is an African-American female, that she was wrongfully terminated, and that white officers who were involved in more severe crimes kept their jobs. Accordingly, the Court finds these allegations provide adequate notice to NYPD, and therefore are sufficient even if they do not address the *McDonnell Douglas* factors. See Edwards v. City of Chicago, No. 04 C 3395, 2004 WL 2632925, at *3 (N.D.Ill. Nov. 17, 2004) (denying motion to dismiss based on claim that plaintiff did not assert "an adverse employment action" under third prong of *McDonnell Douglas* test); Pyne v. District of Columbia, 298 F.Supp.2d 7, 11 (D.D.C.2002) (denying motion to dismiss for alleged failure to plead that plaintiff was qualified for job under second prong of *McDonnell Douglas* test); Stanislaus v. White, 192 F.Supp.2d 426, 433 (D.Md.2002) (same).

However, this does not end the inquiry for, even under *Swierkiewicz,* a complaint must provide "fair notice" *and* "state claims upon which relief could be granted under Title VII." Swierkiewicz, 534 U.S. at 514. Thus, while a civil rights complaint cannot be dismissed for failure to address the *McDonnell Douglas* factors, it must still allege facts that, if true, could support the requested relief. See Timothy v. Our Lady of Mercy Medical Ctr., 03 Civ. 3556, 2004 WL 503760, at *6 (S.D.N.Y. March 12, 2004) (explaining that it is proper to review factual allegations to determine if complaint states a legal claim).

Here, to dismiss the Complaint, NYPD must be able to show beyond doubt that Braphman-Bines will be unable to prove facts entitling her to relief. See id. at *5. In support of this contention, NYPD first argues that Braphman-Bines cannot establish any discriminatory conduct because, as a result of her misdemeanor conviction and the Federal Gun Control Act of 1996, her termination was a direct result only of her legal incapacity to carry a firearm, and not any discriminatory conduct. (Def. Mem. at 7-8.) This argument fails for two reasons. First, even if, as NYPD contends, the Federal Gun Control Act precludes Braphman-Bines from carrying a firearm, and therefore provides a potentially nondiscriminatory justification for her termination, Braphman-Bines may still be able to advance facts entitling her to relief. For example, at this early stage of the case, factual questions remain as to whether a legal prohibition on carrying a firearm would preclude Braphman-Bines from occupying all positions in the police department. At argument, NYPD asserted that in order to be fit for duty as a police officer, an individual must be able to carry a firearm, and, therefore, there is no permanent job that Braphman-Bines could hold. NYPD, however, advances no information to substantiate this claim and there is evidence in the pleadings to the contrary. For example, in discussing Braphman-Bines's ability

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 7:04-cv-08223-KMK    Document 93-5    Filed 09/19/2005    Page 6 of 7

Not Reported in F.Supp.2d                                                                Page 6
Not Reported in F.Supp.2d, 2005 WL 22843 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

to continue as a police officer in light of her legal incapacity to carry a firearm, the trial commissioner who recommended Braphman-Bines's dismissal observed that "it is a policy decision to be made by the Police Commissioner as to whether [Braphman-Bines] should be retained as a police officer when she is prohibited by federal law from carrying a firearm." (Compl. Exh. 8 at 14); FN10 see also _Lenihan v. The City of New York,_ 636 F.Supp. 998, 1016 (S.D.N.Y.1986) (restraining NYPD from retiring civil rights plaintiff, but not requiring NYPD to "return her firearms or to assign her to motor patrol or to place her in any other specific assignment"); _Boss v. Kelly,_ 776 N.Y.S.2d 772, 777 (N.Y.Sup.Ct.2004) (upholding Police Commissioner's determination that police officer not be allowed to carry a firearm, but remanding for determination if "some other type of productive departmental service would be appropriate"). _But see Bonsignore v. City of New York,_ 521 F.Supp. 394, 397 (S.D.N.Y.1981) ("At the heart of plaintiff's complaint was the requirement in effect on December 20, 1976, that all New York City police officers must carry a gun at all times when they are within city limits."). Thus, while it may have been rational for the Police Commissioner to conclude that Braphman-Bines should no longer serve as an NYPD officer, _cf. Dertz v. City of Chicago,_ No. 94 C 542, 1997 WL 85169, at *12 (N.D.Ill. Feb. 24, 1997) ("The court has no doubt that such a requirement [that each police officer be able to safely and efficiently carry and use a firearm] is reasonably necessary for the position of a law enforcement officer."), the factual landscape is not yet sufficiently clear to conclude that Braphman-Bines's Complaint is legally deficient. Of course, discovery may shed sufficient light to place beyond dispute Braphman-Bines's proper prohibition from being a police officer as a result of her criminal conviction, or discovery may establish beyond doubt that any discretionary determination that Braphman-Bines, given her firearms conviction, should no longer be a police officer was devoid of any discriminatory intent or conduct. At this stage of the case, however, Braphman-Bines's burden is slight and the Court cannot say beyond doubt that Braphman-Bines will be unable to prove facts that will entitle her to relief.

> FN10. Because the Trial Commissioner's Opinion was attached to the Complaint, it is properly considered by the Court. See _Sira,_ 380 F.3d at 66.

*5 Second, even if there is a nondiscriminatory justification for her termination, Braphman-Bines's allegations potentially encompass more than just her termination, and, for example, might include loss of her pension and other alleged mistreatment before her termination. Because these allegations are independent of, and pre-date, her termination from NYPD, they appear to be unaffected by her legal incapacity to carry a firearm. Of course, Braphman-Bines may be vulnerable to other legal challenges to these claims by NYPD. However, given the permissive pleading paradigm embodied by Rule 8, NYPD has not yet established beyond doubt that the Complaint fails to state a claim regarding those allegations arguably independent of the unlawful termination claim.

Finally, in further support of its motion to dismiss, NYPD argues that the cases of two white officers not terminated for allegedly more egregious conduct than Braphman-Bines are distinguishable, and therefore, there is no evidence that Braphman-Bines was treated differently than similarly situated police officers. (Def. Mem. at 9.) Indeed, the two examples provided by Braphman-Bines in the materials attached to her Complaint appear to be readily distinguishable: one officer was female and was acquitted of firearms charges, while the other officer was not even charged with, let alone convicted of, any firearms offenses. Even if the distinctions advanced by NYPD have merit, however, these contentions go to the question of whether Braphman-Bines has presented sufficient _facts_ to support her claim for discrimination, and not to the facial sufficiency of the Complaint. See _Graham v. Long Island Rail Road,_ 230 F.3d 34, 39 (2d Cir.2000) ("Whether two employees are similarly situated ordinarily presents a question of fact for the jury."); _Madera v. Metro. Life Ins. Co.,_ 99 Civ. 4005, 2002 WL 1453827, at *7 (S.D.N.Y. July 3, 2002) ("Whether plaintiff can make a prima facie showing is a question for a later and evidentiary stage-that is, summary judgment or trial."); _see also Maduka v. Sunrise Hosp.,_ 375 F.3d 909, 912-13 (9th Cir.2004) ("Whether 'similarly situated individuals outside [plaintiff's] protected class were treated more favorably' is one of the four criteria for a prima facie case under _McDonnell Douglas,_ but [plaintiff's] Complaint need not satisfy this requirement under _Swierkiewicz._") (citations omitted). Braphman-Bines may be able to discover facts indicating that these cases are not factually distinguishable, or uncover additional examples of similarly situated officers not being terminated, thus supporting an inference of discrimination. See _Twombly v. Bell Atl. Corp.,_ 313 F.Supp.2d 174, 180, n. 1 (S.D.N.Y.2003) (explaining that absent discovery a party will not necessarily "be

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 7:04-cv-08223-KMK   Document 93-5   Filed 09/19/2005   Page 7 of 7

Not Reported in F.Supp.2d                                                  Page 7
Not Reported in F.Supp.2d, 2005 WL 22843 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

aware of the facts necessary to support an inference of discrimination, such as how similarly situated employees had been treated, or the employer's overall employment practices"). Therefore, Braphman-Bines's omission of examples of similarly situated officers receiving more favorable treatment is not fatal to her Complaint at this stage of the case, and therefore is no basis for dismissal on the pleadings.

*III. Conclusion*

\*6 For the foregoing reasons, the motion to dismiss is DENIED.

SO ORDERED.

S.D.N.Y.,2005.
Braphman-Bines v. New York City Police Dept.
Not Reported in F.Supp.2d, 2005 WL 22843 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:03cv10207 (Docket) (Dec. 24, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.