Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 115716 (S.D.N.Y.), RICO Bus.Disp.Guide 7522  
(Cite as: Not Reported in F.Supp.)

Page 1

Not Reported in F.Supp., 1990 WL 115716 (S.D.N.Y.), RICO Bus.Disp.Guide 7522  
Briefs and Other Related Documents

United States District Court, S.D. New York.  
Carole D. CHAZIN, Plaintiff,  
v.  
Marvin LIEBERMAN, et al., Defendants.  
**No. 89 CIV. 5968 (RPP).**

Aug. 6, 1990.

Carole Chazin, plaintiff pro se.  
Marvin Lieberman, pro se.  
Norman A. Olch, New York City, for defendants Elizabeth Lieberman and Harold Lieberman.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.  
*1 Plaintiff, proceeding *pro se,* brings a complaint seeking damages under RICO and pendent state law claims of fraud, unjust enrichment and violation of § 349 of New York's General Business law. Defendants Marvin Lieberman, Elizabeth Lieberman and Harold (a/k/a Calvin) Lieberman move to dismiss the complaint on the grounds of *Colorado River* abstention and, in the alternative for judgment on the pleadings.

In essence, the 56-page complaint alleges that from August 1987 through April 1988 the defendants conspired to defraud the plaintiff. It is alleged that on several occasions from August to December 1987, the plaintiff made four loans to Marvin Lieberman totalling $35,000 which he never repaid and all or part of which can be traced through bank accounts to his wife, Elizabeth Lieberman, and his son, Harold Lieberman. Plaintiff alleges that, on each occasion that she loaned money to him, Marvin Lieberman gave plaintiff a promissory note and indicated that the money was needed to meet his family's living expenses. He also told plaintiff that he would introduce her to individuals who could be helpful to her film-producing career.

Subsequently, from December 1987 through April 1988, it is alleged that Marvin Lieberman wrote six bad checks to plaintiff in purported payment of the loans. These checks were drawn on an account in the name of Calvin Lieberman, although they were signed by Marvin Lieberman. In each instance, Marvin Lieberman allegedly knew the checks were drawn on accounts with insufficient funds or he deliberately stopped payment on the checks. After making a written demand for payment on the indebtedness, plaintiff sued Marvin Lieberman and Elizabeth Lieberman in Supreme Court, New York County. A default judgment was taken against Marvin Lieberman, and the action against Mrs. Lieberman is still pending. Later, plaintiff sued Calvin Lieberman in Supreme Court, New York County. She eventually learned that "Calvin" is the middle name of Harold Lieberman.

The complaint further alleges that Marvin Lieberman had been the subject of legal disputes, civil and criminal, regarding fraudulent banking schemes. In particular, the complaint seizes upon a civil RICO suit brought by the Bank of New York against Marvin Lieberman and Peter Smyth, the bank's former Great Neck, New York branch manager, based on an alleged bank kiting scheme. The instant complaint then alleges that one of the $10,000 loans made by plaintiff to Marvin Lieberman "became part and parcel" of the loan scheme and wire fraud allegedly perpetrated against the Bank of New York.

The complaint then goes on to assert that while Marvin Lieberman and Peter Smyth were defrauding the Bank of New York, they were also defrauding plaintiff and others. Smyth is alleged to have made misrepresentations to plaintiff regarding the status of Marvin Lieberman's accounts at the Bank of New York. Marvin Lieberman allegedly maintained multiple New York address listings, and engaged in a series of financial schemes designed to defraud other individuals who had loaned him money. The complaint then recites 45 judgments totaling over $1.6 million which have been entered against Marvin Lieberman and accuses him of being guilty of fraud and deceit in misleading people into believing he could repay the loans he induced them to make to him.

*2 Next, after reviewing certain banking transactions made by the Liebermans and certain of their tax returns, the complaint alleges that the Liebermans were short on cash and concludes that the $35,000 plaintiff lent to Marvin Lieberman was "effectively

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 115716 (S.D.N.Y.), RICO Bus.Disp.Guide 7522  
**(Cite as: Not Reported in F.Supp.)**

channelled, in whole or in part," to Elizabeth Lieberman to pay for family and business expenses.

Finally, after asserting that discovery in this action will probably bring to light additional racketeering activity on the part of the defendants beyond the plaintiff and the Bank of New York, the complaint makes four claims for relief. The first claim alleges common law fraud. The second alleges that the fraudulent scheme violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and that the defendants conspired to violate RICO in violation of § 1962(d).

Defendants Elizabeth Lieberman and Harold Lieberman both filed *pro se* answers denying participation in a scheme to defraud the plaintiff before retaining counsel.

1. *Colorado River* Abstention

Federal courts generally have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). However, in certain "exceptional circumstances," a federal court may defer to a concurrent state court proceeding in the interests of " 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952). FN1 The party opposing the exercise of federal jurisdiction bears the burden of overcoming the "heavy presumption favoring the exercise of jurisdiction." *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir.1986) ; *Arkwright-Boston Mfrs. Mut. Ins. Co. v. New York*, 762 F.2d 205, 210 (2d Cir.1985).

The Supreme Court has established six factors to be considered in determining whether exceptional circumstances are present: (1) the assumption by one court of jurisdiction over property, (2) the convenience of the forums, (3) the desirability of avoiding piecemeal litigation, (4) the order in which the courts obtained jurisdiction and the progress of the federal court litigation, (5) whether federal law provides the rule of decision, and (6) whether the state court will adequately protect the parties' rights. *Colorado River*, 424 U.S. at 818-19; *Moses H. Cone Memorial Hospital v. Mercury Constr. Co.*, 460 U.S. 1, 23-27 (1983); *see also General Reinsurance Corp. v. CIBA-Geigy Corp.*, 853 F.2d 78 (2d Cir.1988) ; *Bethlehem Contracting*, 800 F.2d at 327. The decision to defer to a parallel state court litigation "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

*3 The Court finds that the requisite "exceptional circumstances" do not exist in this case. First, while defendants are correct that more progress has been made in the state court (default judgment has been entered against Marvin Lieberman, Elizabeth Lieberman's motion for summary judgment has been denied, and the defendants have been deposed), that progress has not been so great that the exercise of federal court jurisdiction would be "improvident, uneconomical, and intrusive." *American Disposal Services, Inc. v. O'Brien*, 839 F.2d 84, 86 (2d Cir.1988). *See also Telesco v. Telesco Fuel and Masons' Materials, Inc.*, 765 F.2d 356, 363 (2d Cir.1985) (state action brought several years before federal action, extensive discovery, and several interlocutory decisions by state court). Nor have defendants shown that there is substantial danger of piecemeal litigation, or that the state forum is more convenient than this one.

Additionally, while it does appear that state courts have concurrent jurisdiction over RICO actions, *Tafflin v. Levitt*, 110 S.Ct. 792 (1990), and plaintiff's complaint raises state law fraud and usury issues, the fact that state law provides the rule of decision does not militate strongly *against* the exercise of federal jurisdiction, unless novel or unique state law issues are involved. *Bethlehem Contracting Co.*, 800 F.2d at 328. Rather, it is the existence of *federal* law issues that militates in *favor* of such exercise. *See, e.g., Moses H. Cone*, 460 U.S. at 23-24 (existence of federal issues a factor in decision to retain jurisdiction). Moreover, the adequacy or inadequacy of the state courts to protect plaintiffs' rights "is significant only if it militates in favor of federal jurisdiction." *Zemsky v. New York*, 821 F.2d 148, 153 (2d Cir.), *cert. denied*, 484 U.S. 965 (1987) (citation omitted).

Accordingly, the defendants have not established that "exceptional circumstances" exist warranting *Colorado River* abstention in this case.

2. Motion for Judgment on the Pleadings

The Court does find merit, however, in defendants'

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 7:04-cv-08223-KMK    Document 93-6    Filed 09/19/2005    Page 3 of 4

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1990 WL 115716 (S.D.N.Y.), RICO Bus.Disp.Guide 7522
(Cite as: Not Reported in F.Supp.)

argument that plaintiff has failed to state a claim under RICO because she has not adequately alleged the underlying predicate acts or the elements of a RICO claim.

An element of the crime of wire fraud is that an interstate wire transmission be made "for the purpose of executing" a fraudulent scheme. 18 U.S.C. § 1343. See United States v. Mueller, 786 F.2d 293, 295 (7th Cir.1986) ; United States v. Freeman, 524 F.2d 337, 339 (7th Cir.1975), cert. denied, 424 U.S. 920 (1976). Although plaintiff alleges in a conclusory fashion that the defendants "initiated telephone inquiries over interstate telephone lines for the purpose of executing their scheme ... and caused electronic transfers of funds by means of wire communications in interstate commerce," Compl. ¶ 92, there are no factual allegations in the complaint from which to draw the conclusion that interstate wire or electronic transfers were made. In fact, the only inference to be drawn from the complaint's factual allegations is that all of the actions material to the claims took place in New York. See Utz v. Correa, 631 F.Supp. 592, 595 (S.D.N.Y.1986). Plaintiff's assertion that she hopes to be able to use discovery to obtain evidence supporting her conclusory allegations is inadequate; litigants are required to conduct a reasonable inquiry into the basis of their claim *before* they file suit, not after. See Fed.R.Civ.P. 11. When a plaintiff seeks to hold another liable for fraud, moreover, it must be in a position to comply with Fed.R.Civ.P. 9(b). The present complaint does not allege factual allegations sufficient to show any interstate wire transmission were made in connection with the alleged scheme.

*4 Furthermore, even if it could be determined that interstate communications were made, the factual allegations of the complaint provide no basis for a conclusion that any interstate commerce was used *for the purpose of executing the scheme.* See generally Kann v. United States, 323 U.S. 88, 94 (1944) (interpreting mail fraud statute). In response to the Court's inquiries at oral argument, plaintiff stated that the object of the alleged fraud was to borrow money from plaintiff for family expenses and never pay her back. Plaintiff alleges her money was transferred through multiple bank account transactions that occurred after Marvin Lieberman secured the funds. Nevertheless, plaintiff does not allege facts demonstrating that any interstate actions taken in furtherance of the fraudulent scheme. Thus, plaintiff's statements that certain of these banking transactions may have involved interstate transmissions is unhelpful to her. For these reasons, plaintiff has failed to allege the interstate commerce element of the predicate act of mail fraud.

The complaint also fails to allege that defendants Harold Lieberman and Elizabeth Lieberman participated in any meaningful way in the alleged fraud. The essence of plaintiff's allegations against these two defendants is that, after Marvin Lieberman defrauded plaintiff of $35,000, all or part of this money was eventually transferred into their possession. However, there is no allegation that these defendants assisted in the fraud, nor that they knew of the fraud or even knew the source of the funds. In addition, the complaint fails to allege two or more individual acts of racketeering by Harold or Elizabeth Lieberman. The complaint therefore fails to state a RICO claim against them. See United States v. Persico, 832 F.2d 705, 714 (2d Cir.1987), cert. denied, 486 U.S. 1022 (1988). Nor are these defendants alleged to have agreed to commit two or more predicate crimes. The complaint therefore fails to state a claim for RICO conspiracy under § 1962(d). See United States v. Ruggiero, 726 F.2d 913, 921 (2d Cir.1984), cert. denied, 469 U.S. 831 (1984) ; Persico, supra, at 713. For these reasons, the complaint fails to state a claim against defendants Harold and Elizabeth Lieberman.

Having found that the complaint fails to state a cause of action under RICO against any of the defendants, the Court will refrain from exercising pendent jurisdiction over plaintiff's state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

Accordingly, the defendants' motions for judgment on the pleadings is granted, and the complaint is hereby dismissed.

SO ORDERED.

> FN1. The *Colorado River* "exceptional circumstances" test must be distinguished from the traditional abstention doctrines, which are confined to three narrow categories. As outlined by the Supreme Court in *Colorado River,* those doctrines allow a federal court to abstain from exercising its jurisdiction: (1) where a federal constitutional issue is presented that might be mooted by a state court determination of state law, (2) where difficult questions of state law bearing on significant state policy problems are presented or whose resolution might be

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1990 WL 115716 (S.D.N.Y.), RICO Bus.Disp.Guide 7522
**(Cite as: Not Reported in F.Supp.)**

disrupted, and (3) where federal jurisdiction has been invoked to restrain state criminal or tax proceedings. *Colorado River,* 424 U.S. at 813-17. None of those doctrines is argued to apply in this case.

S.D.N.Y.,1990.
Chazin v. Lieberman
Not Reported in F.Supp., 1990 WL 115716 (S.D.N.Y.), RICO Bus.Disp.Guide 7522

Briefs and Other Related Documents (Back to top)

• 1:89cv05968 (Docket) (Sep. 07, 1989)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.