Westlaw.

Not Reported in A.2d                                                                                                             Page 1
Not Reported in A.2d, 1999 WL 786355 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

Not Reported in A.2d, 1999 WL 786355 (Conn.Super.)
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut.
Thomas E. TYNDALL,
v.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 677.
No. CV 970141684S.

Sept. 22, 1999.

MEMORANDUM OF DECISION

CARUSO.
*1 The following facts and procedural history are relevant to this case. Docket No. CV 95-0127640 S which was returnable to this court on July 18, 1995, involved the same parties and the identical cause of action as the instant case. The complaint in both cases are identical in all respects.

In the earlier matter the court granted the plaintiff's motion for default for failure to plead and the matter proceeded to a hearing in damages before Pellegrino, J., on February 6, 1996, at which time the plaintiff offered testimony. Counsel for the defendant appeared and offered oral argument. The matter was continued for the purpose of allowing the parties to file briefs. A brief was submitted by the plaintiff and on May 23, 1996, the court (Pellegrino, J.) entered judgment in favor of the plaintiff to recover of the defendant $720.00. On September 23, 1996, the plaintiff filed a motion to open judgment which was denied by the court (Pellegrino, J.) on January 7, 1997. There was no further activity on the case.

On September 4, 1997, the plaintiff filed this case returnable September 23, 1997, seeking the identical relief sought in the earlier case. An evidentiary hearing was held commencing May 4, 1999. At the conclusion of the plaintiff's case in chief the defendant made an oral motion to dismiss on the basis that the plaintiff had failed to make out a prima facie case. The motion was denied without prejudice. Thereafter the court was informed about the earlier case.

Following the initial evidentiary hearing the court heard the parties concerning the defendant's motion to dismiss, collateral estoppel and res judicata. The parties were ordered to brief these issues.

The court, having considered the testimony of the parties, reviewed the exhibits and briefs hereby grants the defendant's motion to dismiss. The plaintiff has failed to sustain his burden of proof on the complaint.

The court makes the following findings of fact and conclusions of law.

1. The plaintiff failed to prove that Timothy Collins, Secretary/Treasurer of the defendant had the authority of the defendant to act as alleged;

2. The plaintiff failed to prove that Timothy Collins made false or misleading statements or misrepresentations;

3. The plaintiff failed to prove the existence of an oral agreement; and

4. The plaintiff failed to prove he provided any consideration for the defendant's alleged promises.

The court will next address the issue of res judicata. "The judicial doctrine of res judicata 'expresses no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest' ... and promotes judicial economy by preventing relitigation of issues or claims previously resolved." (Citations omitted; internal quotation marks omitted.) _Joe's Pizza, Inc. v. Aetna Life and Casualty Co._, 236 Conn. 863, 872, 675 A.2d 441 (1996). "[C]ourts must implement res judicata to foster the important public policy of preventing a party from relitigating a matter that he has already had an opportunity to litigate ... 'Res judicata, as a judicial doctrine ... should be applied as necessary to promote its underlying purposes. These purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose ...' " (Citations omitted.) _Tucker v. Pace Investment Associates_, 32 Conn.App. 384, 389, 629 A.2d 470, cert. denied, 228 Conn. 906,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 7:04-cv-08223-KMK   Document 93-21   Filed 09/19/2005   Page 2 of 3

Not Reported in A.2d
Not Reported in A.2d, 1999 WL 786355 (Conn.Super.)
(Cite as: Not Reported in A.2d)

Page 2

634 A.2d 299 (1993).

*2 "Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim." Joe's Pizza, Inc. v. Aetna Life and Casualty Co., supra, 236 Conn. 871-72. "Application of the doctrine of res judicata requires that there be a previous judgment on the merits ... 'Judgments based on the following are not rendered on the merits: want of jurisdiction, pre-maturity; failure to prosecute; unavailable or inappropriate relief or remedy; lack of standing.' " Legassey v. Shulansky, 28 Conn.App. 653, 658, 611 A.2d 930 (1992). However, "the general rule is that a default judgment is just as conclusive as an adjudication between the parties of whatever is essential to support the judgment as one entered after answer and contest." Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 716, 627 A.2d 374 (1993), quoting Annot., The Doctrine of Res Judicata as Applied to Default Judgments, 77 A.L.R.2d 1410, 1419.

"A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." Tirozzi v. Shelby Insurance Company, 50 Conn.App. 680, 685, 719 A.2d 62, cert. denied, 247 Conn. 945, 723 A.2d 323 (1998). "The fact that a prior judicial determination may be flawed ... is ordinarily insufficient, in and of itself, to overcome a claim that otherwise applicable principles of res judicata preclude it from being collaterally attacked ..." CFM of Connecticut, Inc. v. Chowdhury, 239 Conn. 376, 395, 685 A.2d 1108 (1996).

The elements of res judicata are: (1) "[t]he identity of the parties to the actions are the same"; (2) "[t]he same claim, demand or cause of action are at issue"; (3) "[t]he judgment in the first action was rendered 'on the merits' by a court of competent jurisdiction"; and (4) "[t]he parties had the opportunity to fully litigate the matter." Tirozzi v. Shelby Insurance Company, supra, 50 Conn.App. 686-87. "[The court] must first examine the claim presented in [the first case] because 'the scope of matters precluded [in the subsequent suit] necessarily depends on what has occurred in the former adjudication ...'" This requires a comparison of the complaint in this action with the pleadings and the judgment in the earlier action." Joe's Pizza, Inc. v. Aetna Life and Casualty Co., supra, 236 Conn. 873. "The 'operative facts' of a claim determine whether such a claim is identical to a previously litigated cause of action; if the evidence needed to sustain the second action would have sustained the first action, then the first judgment is res judicata on the second claim." Slattery v. Maykut, 176 Conn. 147, 158, 405 A.2d 76 (1978).

*3 In the present case, all the elements of res judicata are met. First, the parties in this action are the same parties in the prior action. Second, the claim in the prior action is the same claim in the present action. The operative facts alleged in the first complaint that the plaintiff was entitled to pension credit for three years of service that the union did not include in calculating his pension benefits are the same operative facts alleged in the second complaint. The complaints are almost identical. The same evidence, therefore, would be used to sustain the second claim that was used to sustain the first claim. Third, the judgment in the prior action was a default judgment, which is a judgment rendered on the merits, made by a court of competent jurisdiction. Jackson v. R.G. Whipple, Inc., supra, 225 Conn. 716. There was no argument made in Tyndall I that the court lacked either subject matter jurisdiction or lacked personal jurisdiction over the defendant. Finally, the parties had the opportunity to fully litigate the prior claim. The court, Pellegrino, J., provided both parties the opportunity to present briefs and evidence to the court during the hearing in damages. Although the defendant did not submit a brief, the court was not convinced by the evidence presented by the plaintiff concerning the plaintiff's life expectancy or his right to the additional benefits the plaintiff claimed. Tyndall I, supra. The plaintiff did file a motion to open judgment which was denied, but failed to appeal the decision further. The fact that the prior decision may have been flawed does not preclude the application of the principles of res judicata. CFM of Connecticut, Inc. v. Chowdhury, supra, 239 Conn. 395. The plaintiff had a fair opportunity to fully litigate his claim in the prior action and should have appealed the decision if he considered it to be in err.

The doctrine of res judicata is an absolute bar to the present claim for the same benefits that the plaintiff sought in his first claim because all the elements of res judicata are met. Joe's Pizza, Inc. v. Aetna Life and Casualty Co., supra, 236 Conn. 871-72.

Conn.Super.,1999.
Tyndall v. Internation Brotherhood of Teamsters, Local 677
Not Reported in A.2d, 1999 WL 786355 (Conn.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.