Not Reported in F.Supp.  
Not Reported in F.Supp., 1992 WL 180132 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.)**

C  
Not Reported in F.Supp., 1992 WL 180132 (S.D.N.Y.)  
Briefs and Other Related Documents  
Only the Westlaw citation is currently available.  
United States District Court, S.D. New York.  
Carmen VALDES, as Administratrix of the Estate of Alfred Anthony Valdes, deceased, Plaintiff,  
v.  
SHOEI SAFETY HELMET CORP., Defendant.  
No. 92 Civ. 1656 (MBM).

July 17, 1992.

Leonard Weinstock , Garbarini & Scher, P.C., New York City, for plaintiff.  
Eileen B. Eglin , Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for defendant.

OPINION AND ORDER

MUKASEY, District Judge.

*1 Plaintiff Carmen Valdes, in her capacity as the administrator of the estate of Alfred Valdes, sues defendant, Shoei Safety Helmet Corp., for the allegedly defective design and manufacture of the helmet Alfred Valdes was wearing when he was killed in a motorcycle accident. Plaintiff initiated suit in New York Supreme Court, Bronx County, and defendant removed the action to this Court based on the parties' diversity of citizenship. Plaintiff, who previously had filed a separate state court action against others involved in the accident, now moves for abstention in favor of the state court in order to avoid duplicative litigation. For the reasons stated below, plaintiff's motion is denied.

I.

The facts as set forth in the complaint are as follows. At approximately 12:25 A.M. on June 29, 1990, Alfred Valdes, driving northbound on the Major Deegan Expressway, was thrown from his motorcycle after swerving to avoid a car that had stopped abruptly. Valdes's helmet was dislodged, and he struck the pavement and suffered severe injuries. He died on July 2, 1990.

On June 10, 1991, plaintiff initiated suit in state court against the City of New York, Shoei America Corp. and Ned Avinger, the driver of the car that had stopped short. A default judgment was entered against Avinger who failed to answer the complaint.

After learning that defendant Shoei Safety Helmet Corp. rather than Shoei America had manufactured the helmet worn by Alfred Valdes, plaintiff voluntarily dismissed the claim against Shoei America and filed this action in state court against Shoei Safety Helmet Corp. Defendant removed the action on March 6, 1992.

II.

In general, a parallel suit pending in state court does not relieve a federal court of the obligation to exercise its jurisdiction. As the Supreme Court explained long ago, "[t]he pendency of a prior suit in another jurisdiction is not a bar ... even though the two suits are for the same cause of action." *Stanton v. Embrey,* 93 U.S. 548, 554 (1877).

Emphasizing "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them", the Supreme Court explicitly limited the district court's power to defer to parallel state court litigation in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976). The Court held:

> Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist.

424 U.S. at 818. The *Colorado River* Court identified four factors to be considered in determining whether to defer to the state court: (1) whether the state and federal court have assumed jurisdiction over the same *res;* (2) the relative inconvenience of the federal forum; (3) the potential for piecemeal litigation; and (4) the order in which the suits were filed. *Id.* at 818-19. "Only the clearest of justifications will warrant dismissal." *Id.* at 819.

*2 In *Moses H. Cone Memorial Hospital v. Mercury*

Case 7:04-cv-08223-KMK   Document 93-22   Filed 09/19/2005   Page 2 of 3

Not Reported in F.Supp.
Not Reported in F.Supp., 1992 WL 180132 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.)

Page 2

*Construction, Corp.*, 460 U.S. 1, 16 (1983), the Court reaffirmed *Colorado River* 's exceptional circumstances test, holding that the decision to abstain rests "on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." See also *United States v. Pikna*, 880 F.2d 1578, 1582 (2d Cir.1989). *Moses H. Cone* added two factors to the *Colorado River* analysis: whether federal law provides the rule of decision and whether the state tribunal can protect the rights of the party that invoked federal jurisdiction. 460 U.S. at 23-28.

Plaintiff relies on *DeCisneros v. Younger*, 871 F.2d 305 (2d Cir.1989) to establish that exceptional circumstances exist here. In *DeCisneros*, plaintiff Ela DeCisneros had commissioned Robert Younger, an employee of Overall Construction Corp., to paint woodwork in her apartment. A fire, allegedly the result of Younger's improper storage of rags soaked in paint thinner, damaged DeCisneros's apartment and surrounding apartments. Several state court suits were filed against DeCisneros, Younger and Overall, and eventually were consolidated. In addition to filing cross-claims in the state suits, DeCisneros sued Younger and Overall in federal court alleging negligence and breach of implied warranty. *Id.* at 306-07.

The Second Circuit upheld the district court's stay. The Court explained that if DeCisneros proved Overall liable in federal court, she then would use that judgment preclusively in state court. However, if Overall prevailed in federal court it could not use that judgment in state court because the state plaintiffs-DeCisneros's neighbors-were not parties to the federal action and could not be joined in that action because their presence would destroy diversity jurisdiction. The Court concluded that as a result, "Overall would face liability in two forums with the risk of inconsistent results ... [and] these potentially contradictory findings of liability would 'cause friction between state and federal courts.'" *Id.* at 308 (quoting *Lumbermens Mut. Casualty Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411, 414 (2d Cir.1986)).

Plaintiff argues that *DeCisneros* holds that the "risk of piecemeal litigation" justifies abstention. (Pltf. Reply Mem. at 3) In so arguing, plaintiff ignores the circumstances-specifically the state court's ability to join all parties, protect Overall's rights and prevent friction between the state and federal courts-that distinguished the situation presented in *DeCisneros*

from the mere threat of piecemeal litigation. Moreover, plaintiff's interpretation of *DeCisneros* is flatly contradicted by *Colorado River*. There, the Court emphasized that the existence of parallel state and federal actions and, therefore, the risk of duplicative or piecemeal litigation is not in itself enough to justify federal court abstention. Under *Colorado River* only when faced with "exceptional circumstances", such as those presented in *DeCisneros*, may a federal court abstain in favor of parallel state proceedings. *Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 16-17.

*3 Here, unlike *DeCisneros*, there is little or no danger of piecemeal litigation or inconsistent results. The state suit, a negligence action, turns on whether New York City failed to exercise reasonable care in its maintenance of the Major Deegan Expressway. By contrast, this products liability action will focus on the design and manufacture of the helmet worn by Alfred Valdes at the time of the accident. A decision against plaintiff in either of the suits cannot be used preclusively against her in the other because the two suits involve different claims and parties. See *In re PCH Associates*, 949 F.2d 585, 593 (2d Cir.1991); *In re Teltronics Services, Inc.*, 762 F.2d 185, 190 (2d Cir.1985). Whether or not New York City was negligent in maintaining its roads has no bearing on whether the helmet worn by Alfred Valdes was defective in design or manufacture. Similarly, whether or not the helmet was defective will not be determinative of whether the road was maintained properly.

Potentially at issue in both actions is whether Alfred Valdes was contributorily negligent. This, however, does not justify abstention. Conduct that may be unreasonable in relation to the condition of the road, may or may not be unreasonable in relation to the design and manufacture of a motorcycle safety helmet. Thus, a determination regarding the reasonableness of Alfred Valdes's actions in one suit will not be binding in the other.

Because the state and federal proceedings involve different claims, parties and issues, abstention would be inappropriate. See *Crawley v. Hamilton County Commrs.*, 744 F.2d 28 (6th Cir.1984) (abstention inappropriate because of lack of parallel state proceedings); *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37 (3d Cir.1980) (abstention inappropriate because federal and state proceedings not truly duplicative). Plaintiff's motion is denied.

SO ORDERED:

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                          Page 3
Not Reported in F.Supp., 1992 WL 180132 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

S.D.N.Y.,1992.
Valdes v. Shoei Safety Helmet Corp.
Not Reported in F.Supp., 1992 WL 180132 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:92cv01656 (Docket) (Mar. 06, 1992)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.