| | |
|---|---|
| Docket No. X05 CV 000180933S | : SUPERIOR COURT |
| | : |
| STANLEY SHENKER & ASSOCIATES, INC., | : COMPLEX LITIGATION |
| | : |
| Plaintiff, | : DOCKET AT STAMFORD |
| | : |
| vs. | : |
| | : |
| WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., | : |
| | : |
| | : NOVEMBER 26, 2001 |
| Defendant. | : |

### DEFENDANT'S THIRD SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Defendant, World Wrestling Federation Entertainment, Inc. ("WWFE"), by and through its undersigned counsel, and pursuant to Practice Book Sections 13-6 et seq. and 13-9 et seq., hereby requests that Plaintiff, Stanley Shenker & Associates, Inc. ("SSAI" or "Plaintiff"), respond under oath to the following Interrogatories and Request for Production of Documents, and within thirty (30) days from service hereof, produce the documents and materials identified below at the offices of Epstein, Becker & Green, P.C., One Landmark Square – Suite 1800, Stamford, Connecticut 06901.

### DEFINITIONS

The following Interrogatories and Request for Production of Documents (collectively referred to herein as the "Discovery Requests" unless otherwise noted) are to be answered with reference to the definitions set forth below, each of which shall be deemed to be a material part of each Discovery Request:

1.      "WWFE" shall mean and refer to World Wrestling Federation Entertainment, Inc., formerly known as Titan Sports, Inc. ("Titan"), also known as World Wrestling Federation, and any officer, director, employee, associate, agent, attorney, predecessor, successor and affiliate thereof.

2.      "Plaintiff" and "SSAI," and "you" or "your," shall mean and refer to Stanley Shenker & Associates, Inc., Stanley Shenker, and any officer, director, employee, associate, representative, investigator, agent, attorney, predecessor, successor and affiliate thereof, and any others who are aware of or in the possession, custody or control of any information, document or thing for or on its behalf.

3.      "Shenker" shall mean and refer to Stanley Shenker, and any others who are aware of or in the possession, custody or control of any information, document or thing for or on his behalf.

4.      "Agency Agreement" shall mean and refer to the agreement dated March 7, 1997, between WWFE and SSAI regarding licensing services.

5.      "WWFE Licensee" shall mean and refer to a person or entity that is granted a license by WWFE to exercise the Merchandising Rights, as that term is defined in Paragraph 1(f) of the Agency Agreement.

6.      "Potential WWFE Licensee" shall mean and refer to a person or entity that inquired about obtaining through SSAI a license from WWFE to exercise the

Merchandising Rights, as that term is defined in Paragraph 1(f) of the Agency Agreement, or a person or entity that SSAI or Shenker approached regarding obtaining such a license from WWFE.

7. "License Agreement" shall mean and refer to an agreement between WWFE and a Licensee pursuant to which the Licensee is granted a license to exercise the Merchandising Rights, as that term is defined in Paragraph 1(f) of the Agency Agreement.

8. "Communication" shall mean any contact, whether in person, in writing, by telephone or any method whereby knowledge, facts or information is imparted or transmitted from one person or entity to another or to a file.

9. "Document" or "documents" whenever used herein shall mean all written, typed, printed, recorded, photographic or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, now or formerly in the possession, custody or control of you, your agents, representatives, and attorneys, or any of them, including, but not limited to, letters, correspondence, telegrams, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, guarantees, intra- and inter-office communications, audited or unaudited financial statements, audit reports, projections, account summaries, daily collateral reports, analyses, results of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, financial calculations, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks,

drafts, data sheets, statistical records, telephone records, tapes, tape recordings, partial or complete reports of telephone conversations, public and governmental filings, opinions, and any other writings or recordings.

      10.    "Person" shall mean all entities and, without limiting the generality of the foregoing, includes natural persons, joint owners, associations, societies, fraternal organizations, companies, partnerships, joint ventures and corporations.

      11.Refer to" shall mean embodying, containing, recording, noting, reflecting, relating to, describing or mentioning. As indicated, the term necessarily includes information that is in opposition to as well as in support of your position(s) and claim(s) in this action.

      12.    Relate to" shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to. As indicated, the term necessarily includes information that is in opposition to as well as in support of your position(s) and claim(s) in this action.

      13.    "Concerning" shall mean relating to, referring to, describing, evidencing, supporting, contradicting, opposing or constituting. As indicated, the term necessarily includes information that is in opposition to as well as in support of your position(s) and claim(s) in this action.

## GENERAL PROVISIONS AND INSTRUCTIONS

1. All information is to be divulged which is in your possession or control or within the possession or control of your attorneys, investigators, agents, employees or other representatives of you or your attorneys.

2. If you object to any Discovery Request, or any subparagraph or subpart of any Discovery Request, on t he basis of privilege (attorney-client communications, work product or any other alleged privilege), for each objection state:

    (a)    the date and place of the communication;

    (b)    the identity of each person who was present at or who participated in such communication;

    (c)    the type of communication;

    (d)    the general subject matter of the communication;

    (e)    the Discovery Request seeking the communication; and

    (f)    the privilege channel.

3. If you cannot answer any particular Discovery Request, please:

    (a)    identify any documents that might contain material which, in your opinion, is relevant to the answer sought; and

    (b)    identify any individual or entity that you believe might have knowledge of material that, in your opinion, is relevant to the answer sought.

4. The following rules of construction apply to these Discovery Requests:

    (a)    the term "all" shall be construed to mean each or any and the term "each" or "any" shall be construed to mean all as necessary to bring within the scope of the Discovery Request all responses that might

      otherwise be construed to be outside of its scope;

(b) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Request all responses that might otherwise be construed to be outside of its scope;

(c) the use of the singular form of any word includes the plural and *vice versa*;

(d) any Discovery Request propounded in the masculine shall be used as if propounded in the feminine and *vice versa*; and

(e) any Discovery Request propounded in the present tense shall be used as if propounded in the past tense and *vice versa*.

5. All requests for discovery by Defendant in this case are continuing. In the event that any information comes to your attention subsequent to the serving of your responses to these Discovery Requests, which information is responsive to any request for discovery below or which would alter or change in any way a response, and which was not included in your responses to the Discovery Requests below, such additional information shall be furnished to attorneys for Defendant as soon as possible without further request.

6. Whenever an answer to these Interrogatories refers to a conversation or oral statement, please give the date and place thereof, the identity of the persons speaking, the identity of any persons present and the substance of the conversation or oral statement.

## INTERROGATORIES

1.  Has SSAI or Shenker, or anyone acting on behalf of SSAI or Shenker, ever solicited, requested and/or demanded any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any WWFE Licensee?

**RESPONSE:**




2.  If your answer to Interrogatory No. 1 is yes, please provide the following information:

    (a)    the date on which each solicitation, request or demand occurred;

    (b)    the place where each solicitation, request or demand occurred;

    (c)    to whom each solicitation, request or demand was made;

    (d)    who made each solicitation, request or demand;

    (e)    the amount of each solicitation, request or demand;

    (f)    the purpose or nature of each solicitation, request or demand; and

    (g)    the response of the person or persons to whom each solicitation, request or demand was made.

**RESPONSE:**




3.  Has SSAI or Shenker, or anyone acting on behalf of SSAI or Shenker, ever solicited, requested and/or demanded any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any Potential WWFE Licensee?

**RESPONSE:**




4.  If your answer to Interrogatory No. 3 is yes, please provide the following information:

    (a)    the date on which each solicitation, request or demand occurred;

    (b)    the place where each solicitation, request or demand occurred;

    (c)    to whom each solicitation, request or demand was made;

    (d)    who made each solicitation, request or demand;

  (e)  the amount of each solicitation, request or demand;

  (f)  the purpose or nature of each solicitation, request or demand; and

  (g)  the response of the person or persons to whom each solicitation, request or demand was made.

**RESPONSE:**

5. Has SSAI or Shenker, or anyone acting on behalf of SSAI or Shenker, ever received any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any WWFE Licensee?

**RESPONSE:**

     6.     If your answer to Interrogatory No. 5 is yes, please provide the following information:

          (a)     the date on which each payment was received;

          (b)     the place where each payment was made and received;

          (c)     who made each payment;

          (d)     who received each payment;

          (e)     the amount of each payment;

          (f)     the purpose or nature of each payment; and

          (g)     the form in which each payment was made.

**RESPONSE:**

     7.     Has SSAI or Shenker, or anyone acting on behalf of SSAI or Shenker, ever received any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any Potential WWFE Licensee?

**RESPONSE:**

8. If your answer to Interrogatory No. 7 is yes, please provide the following information:

    (a) the date on which each payment was received;

    (b) the place where each payment was made and received;

    (c) who made each payment;

    (d) who received each payment;

    (e) the amount of each payment;

    (f) the purpose or nature of each payment; and

    (g) the form in which each payment was made.

**RESPONSE:**

# PLAINTIFF'S CERTIFICATION

I, _____, hereby certify that I have read the foregoing Interrogatories, and believe them to be true and correct to the best of my knowledge.

STANLEY SHENKER & ASSOC.

BY:_____

STATE OF _____:

COUNTY OF _____:

Subscribed and sworn to before me this _____ day of _____, 2001.

_____
Notary Public/
Commissioner of the Superior Court

## REQUEST FOR PRODUCTION OF DOCUMENTS

Produce documents responsive to the following paragraph:

1.     All documents that refer or relate in any way to the solicitation, request or demand of any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any WWFE Licensee.

**RESPONSE:**




2.     All documents that refer or relate in any way to the solicitation, request or demand of any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any Potential WWFE Licensee.

**RESPONSE:**




3.     All documents that refer or relate in any way to the receipt of any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any WWFE Licensee.

**RESPONSE:**

ST:20411.1

4. All documents that refer or relate in any way to the receipt of any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any Potential WWFE Licensee.

**RESPONSE:**

                          DEFENDANT, WORLD WRESTLING
                          FEDERATION ENTERTAINMENT, INC.

By: _____
                          Mary A. Gambardella
                          EPSTEIN, BECKER & GREEN, P.C.
                          One Landmark Square – Suite 1800
                          Stamford, Connecticut 06901-2601
                          (203) 348-3737
                          Juris No.: 103062

                          Jerry S. McDevitt (Pro Hac Vice)
                          Mark A. Rush (Pro Hac Vice)
                          Mark D. Feczko (Pro Hac Vice)
                          KIRKPATRICK & LOCKHART LLP
                          Henry W. Oliver Building
                          535 Smithfield Street
                          Pittsburgh, PA 15222

ST:20411.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendant's Third Set of Interrogatories and Second Request for Production of Documents Directed to Plaintiff* was served, via courier delivery, this 26th day of November, 2001, upon the following counsel of record:

>Peter M. Nolin, Esquire
>Sandak Friedman Hennessey & Greco
>970 Summer Street
>Stamford, CT 06905

_____
Mary A. Gambardella

ST:20411.1