| | |
|---|---|
| DN X05 CV-00-0180933s | SUPERIOR COURT |
| STANLEY SHENKER & ASSOCIATES, INC.,<br>Plaintiff | JUDICIAL DISTRICT OF<br>STAMFORD/NORWALK |
| vs. | AT STAMFORD |
| WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC.,<br>Defendant | DECEMBER 26, 2001 |

**PLAINTIFF'S COVER SHEET OF OBJECTIONS
TO DEFENDANT'S THIRD SET OF
INTERROGATORIES AND SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

Plaintiff Stanley Shenker & Associates, Inc. ("SSAI"), pursuant to Practice Book Sections 13-8 & 13-10(b) has filed 8 general objections and has filed individual objections to Defendant's interrogatories and document requests, dated November 26, 2001, as follows:

Interrogatories 1 through 8, and requests for production 1 through 4, as stated in detail below.

-1-

## GENERAL OBJECTIONS:

1.  SSAI objects to the interrogatories and production requests to the extent they seek information which is protected from discovery under the attorney-client privilege, the work-product doctrine and any other applicable privilege under the laws of Connecticut.

2.  SSAI objects to the interrogatories and production requests to the extent they seek information which is irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

3.  SSAI objects to the interrogatories and production requests to the extent they seek confidential proprietary information related to SSAI's business operations and/or seeks information which may be protected by copyright and trade-secret laws of the United States. Such information will only be produced subject to a suitable protective order. SSAI further object to the Production Requests to the extent they seek confidential proprietary information related to other businesses and entities which are not parties to these proceedings and have not been subpoenaed to provide information in these actions.

4.  SSAI objects to the interrogatories and production requests to the extent they are overly broad, vague, oppressive, unduly burdensome or that responding to them would subject

-2-

SSAI to undue burden and expense or would require SSAI tp perform an unreasonable amount of investigation.

5. SSAI objects to the interrogatories and production requests to the extent they are duplicative or call for the production of documents or information already provided to WWFE or which are in WWFE's possession and control, are equally available WWFE. or which cannot be provided by SSAI with substantially greater facility than WWFE

6. SSAI objects to the interrogatories and production requests to the extent they purport to obligate SSAI to produce materials in the custody or control of third-parties. SSAI will produce only that which is in its possession and control.

7. SSAI objects to the interrogatories and production requests to the extent any definitions, instructions or demands contained therein attempt to alter plain meaning or understanding of any item or attempt to impose obligations on SSAI that are inconsistent with and/or in addition to those required under the Practice Book.

8. SSAI hereby specifically incorporates each of the foregoing general objections into each and every response to the interrogatories and production requests.

## DEFINITIONS

The following Interrogatories and Request for Production of Documents (collectively referred to herein as the "Discovery Requests" unless otherwise noted) are to be answered with reference to the definitions set forth below, each of which shall be deemed to be a material part of each Discovery Request:

-3-

1.  "WWFE" shall mean and refer to World Wresting Federation Entertainment, Inc., formerly known as Titan Sports, Inc. ("Titan"), also known as World Wrestling Federation, and any officer, director, employee, associate, agent, attorney, predecessor, successor and affiliate thereof.

2.  "Plaintiff" and "SSAI," and "you" or "your," shall mean and refer to Stanley Shenker & Associates, Inc., Stanley Shenker, and any officer, director, employee, associate, representative, investigator, agent, attorney, predecessor, successor and affiliate thereof, and any others who are aware of or in the possession, custody or control of any information, document or thing for or on its behalf.

3.  "Shenker" shall mean and refer to Stanley Shenker, and any others who are aware of or in the possession, custody or control of any information, document or thing for or on his behalf.

4.  "Agency Agreement" shall mean and refer to the agreement dated March 7, 1997, between WWFE and SSAI regarding licensing services.

5.  "WWFE Licensee" shall mean and refer to a person or entity that is granted a license by WWFE to exercise the Merchandising Rights, as that term is defined in Paragraph 1(f) of the Agency Agreement.

6.  "Potential WWFE Licensee" shall mean and refer to a person or entity that inquired about obtaining through SSAI a license from WWFE to exercise the Merchandising Rights, as that term is defined in Paragraph 1(f) of the Agency Agreement, or a person or entity that SSAI or Shenker approached regarding obtaining such a license from WWFE.

7.  "License Agreement" shall mean and refer to an agreement between WWFE and a

-4-

Licensee pursuant to which the Licensee is granted a license to exercise the Merchandising Rights, as that term is defined in Paragraph 1(f) of the Agency Agreement.

8. "Communication" shall mean any contact, whether in person, in writing, by telephone or any method whereby knowledge, facts or information is imparted or transmitted from one person or entity to another or to a file.

9. "Document" or "documents" whenever used herein shall mean all written, typed, printed, recorded, photographic or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, now or formerly in the possession, custody or control of you, your agents, representatives, and attorneys, or any of them, including, but not limited to, letters, correspondence, telegrams, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, guarantees, intra- and inter-office communications, audited or unaudited financial statements, audit reports, projections, account summaries, daily collateral reports, analyses, results of investigations, reviews bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, financial calculations, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, statistical records, telephone records, tapes, tape recordings, partial or complete reports of telephone conversationsk, public and governmental filings, opinions, and any other writings or recordings.

10. "Person" shall mean all entities and, without limiting the generality of the foregoing, includes natural persons, joint owners, associations, soocieties, fraternal organizations, companies, partnerships, joint ventures and corporations.

11. "Refer to" shall mean embodying, containing, recording, noting, reflecting, relating to, describing or mentioning. As indicated, the term necessarily includes information that is in opposition to as well as in support of your position(s) and claim(s) in this action.

12. "Relate to" shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to. As indicated, the term necessarily includes information that is in opposition to as well as in support of your position(s) and claim(s) in this action.

13. "Concerning" shall mean relating to, referring to, describing, evidencing, supporting, contradicting, opposing or constituting. As indicated, the term necessarily includes information that is in opposition to as well as in support of your position(s) and claim(s) in this action.

## GENERAL PROVISIONS AND INSTRUCTIONS

1. All information is to be divulged which is in your possession or control or within the possession or control of your attorneys, investigators, agents, employees or other representatives of you or your attorneys.

2. If you object to any Discovery Request, or any subparagraph or subpart of any Discovery Request, on the basis of privilege (attorney-client communications, work product or any other alleged privilege), for each objection state:

    (a) the date and place of the communication;

-6-

    (b)    the identify of each person who was present at or who participated in such communication;

    (c)    the type of communication;

    (d)    the general subject matter of the communication;

    (e)    the Discovery Request seeking the communication; and

    (f)    the privilege channel.

3.    If you cannot answer any particular Discovery Request, please:

    (a)    identify any documents that might contain material which, is your opinion, is relevant to the answer sought; and

    (b)    identify any individual or entity that you believe might have knowledge of material that, in your opinion, is relevant to the answer sought.

4.    The following rules of construction apply to these Discovery Requests:

    (a)    the term "all" shall be construed to mean each or any and the term "each" or "any" shall be construed to mean all as necessary to bring within the scope of the Discovery Request all responses that might otherwise be construed to be outside of its scope;

    (b)    the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Request all responses that might otherwise be construed to be outside of its scope;

    (c)    the use of the singular form of any word includes the plural and *vice versa*;

    (d)    any Discovery Request propounded in the masculine shall be used as if propounded in the feminine and *vice versa*; and

    (e)    any Discovery Request propounded in the present tense shall be used as if propounded in the past tense and *vice versa*.

LAW OFFICES
SANDAK FRIEDMAN HENNESSEY & GRECO, LLP
970 SUMMER STREET • STAMFORD, CO' 06905 • (203) 425-4200 • JURIS NO. 401577

5. All requests for discovery by Defendant in this case are continuing. In the event that any information comes to your attention subsequent to the serving of your responses to these Discovery Requests, which information is responsive to any request for discovery below or which would alter or change in any way a response, and which was not included in your responses to the Discovery Requests below, such additional information shall be furnished to attorneys for Defendant as soon as possible without further request.

6. Whenever an answer to these Interrogatories refers to a conversation or oral statement, please give the date and place thereof, the identity of the persons speaking, the identity of any persons present and the substance of the conversation or oral statement.

## INTERROGATORIES

1. Has SSAI or Shenker, or anyone acting on behalf of SSAI or Shenker, ever solicited, requested and/or demanded any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any WWFE Licensee?

**OBJECTION:** Objection, in addition to SSAI's general objections, the foregoing interrogatory is vague and overly broad, and unclear.

2. If your answer to Interrogatory No. 1 is yes, please provide the following information:

    (a) the date on which each solicitation, request or demand occurred;

    (b) the place where each solicitation, request or demand occurred;

-8-

    (c)    to whom each solicitation, request or demand was made;

    (d)    who made each solicitation, request or demand;

    (e)    the amount of each solicitation, request or demand;

    (f)    the purpose or nature of each solicitation, request or demand; and

    (g)    the response of the person or persons to whom each solicitation, request or demand was made.

**OBJECTION:** Objection, in addition to SSAI's general objections, the foregoing interrogatory is vague and overly broad, and unclear.

3.    Has SSAI or Shenker, or anyone acting on behalf of SSAI or Shenker, ever solicited, requested and/or demanded any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any Potential WWFE Licensee?

**OBJECTION:** Objection, in addition to SSAI's general objections, the foregoing interrogatory is vague and overly broad, and unclear.

4.    If you answer to Interrogatory No. 3 is yes, please provide the following information:

    (a)    the date on which each solicitation, request or demand occurred;

    (b)    the place where each solicitation, request or demand occurred;

    (c)    to whom each solicitation, request or demand was made;

    (d)    who made each solicitation, request or demand;

(e) the amount of each solicitation, request or demand;

(f) the purpose or nature of each solicitation, request or demand; and

(g) the response of the person or persons to whom each solicitation, request or demand was made.

**OBJECTION:** Objection, in addition to SSAI's general objections, the foregoing interrogatory is vague and overly broad, and unclear.

5. Has SSAI or Shenker, or anyone acting on behalf of SSAI or Shenker, ever received any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any WWFE Licensee?

**OBJECTION:** Objection, in addition to SSAI's general objections, the foregoing interrogatory is vague and overly broad, and unclear.

6. If your answer to Interrogatory No. 5 is yes, please provide the following information:

(a) the date on which each solicitation, request or demand occurred;

(b) the place where each solicitation, request or demand occurred;

(c) to whom each solicitation, request or demand was made;

(d) who made each solicitation, request or demand;

(e) the amount of each solicitation, request or demand;

(f) the purpose or nature of each solicitation, request or demand; and

(g) the response of the person or persons to whom each solicitation, request or demand was made.

**OBJECTION:** Objection, in addition to SSAI's general objections, the foregoing interrogatory is

vague and overly broad, and unclear.

7.   Has SSAI or Shenker, or anyone acting on behalf of SSAI or Shenker, ever received any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any Potential WWFE Licensee?

**OBJECTION:** Objection, in addition to SSAI's general objections, the foregoing interrogatory is vague and overly broad, and unclear.

8.   If your answer to Interrogatory No. 7 is yes, please provide the following information:

    (a)   the date on which each solicitation, request or demand occurred;

    (b)   the place where each solicitation, request or demand occurred;

    (c)   to whom each solicitation, request or demand was made;

    (d)   who made each solicitation, request or demand;

    (e)   the amount of each solicitation, request or demand;

    (f)   the purpose or nature of each solicitation, request or demand; and

    (g)   the response of the person or persons to whom each solicitation, request or demand was made.

**OBJECTION:** Objection, in addition to SSAI's general objections, the foregoing interrogatory is vague and overly broad, and unclear.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Produce documents responsive to the following paragraph:

-11-

1. All documents that refer to or relate in any way to the solicitation, request or demand of any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any WWFE Licensee.

**OBJECTION:** Objection, in addition to SSAI's general objections, Plaintiff objects because the request is vague, and overly broad and is not reasonably limited in time or scope.

2. All documents that refer or relate in any way to the solicitation, request or demand of any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any Potential WWFE Licensee.

**OBJECTION:** Objection, in addition to SSAI's general objections, Plaintiff objects because the request is vague, and overly broad and is not reasonably limited in time or scope.

3. All documents that refer or relate in any way to the receipt of any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any WWFE Licensee.

**OBJECTION:** Objection, in addition to SSAI's general objections, Plaintiff objects because the request is vague, and overly broad and is not reasonably limited in time or scope.

4. All documents that refer or relate in any way to the receipt of any type of payment, including, but not limited to, any consulting fees, service fees, commissions, gifts, checks, cash or any other type of payment, from any Potential WWFE Licensee.

**OBJECTION:** Objection, in addition to SSAI's general objections, Plaintiff objects because the request is vague, and overly broad and is not reasonably limited in time or scope.

The Plaintiff, STANLEY SHENKER &
ASSOCIATES, INC.

By /s/ Peter M. Nolin
Peter M. Nolin
**Sandak Friedman Hennessey
& Greco, LLP**
970 Summer Street
Stamford, CT 06905
Telephone: (203) 425-4200
Facsimile: (203) 325-8608
Juris No.: 401577

### ORDER

The foregoing objections, to interrogatories 1 through 8 and requests for production 1 through 4 having first been heard, it is hereby ordered they are:

**SUSTAINED** as to objections to interrogatories:
and as to objections to request for production:
**OVERRULED** as to objections to interrogatories.
and as to objections to request for production:

BY THE COURT,

_____
Judge/Clerk

-13-

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 26th day of December 2001 to:

Mary A. Gambardella, Esq.
Epstein, Becker & Green, P.C.
One Landmark Square - Suite 1800
Stamford, CT 06901-2601

Jerry S. McDevitt, Esq. (Pro Hac Vice)
Mark A. Rush, Esq. (Pro Hac Vice)
Mark D. Feczko, Esq. (Pro Hac Vice)
Kirkpatrick &B Lockhart LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

_____
Commissioner of the Superior Court