```
X05CV000180933S                    :    SUPERIOR COURT
X05CV030193994S

STANLEY SHENKER AND
ASSOCIATES, INC.                   :    J.D. STAMFORD/NORWALK

vs.                                :    AT STAMFORD

WORLD WRESTLING FEDERATION
ENTERTAINMENT, INC.                :    MARCH 10, 2003
```

B E F O R E:
    The Honorable Chase Rogers, Judge

A P P E A R A N C E S:
    For the Plaintiffs
        Attorney Peter M. Nolin
        Attorney Stephanie A. McLaughlin
        Sandak, Hennessey & Greco, LLP

        Attorney James W. Bergenn
        Attorney Alexandra M. McHugh
        Shipman & Goodwin, LLP

    For the Defendants
        Attorney Jerry McDevitt
        (pro hac vice)
        Kirkpatrick & Lockhart

        Attorney Richard P. Colbert
        Attorney Amy Barrette
        Day, Berry & Howard, LLP

                          Court Clerk
                          Sharnett Jumpp

                          Court Reporter
                          Patricia A. Pernacchio

1   has not happened?
2       MR. NOLIN: No, it has not, Your Honor.
3       THE COURT: And then Mr. Nolin, while even
4   the motion -- what you were looking for was an
5   April 30 extension?
6       MR. NOLIN: That was at the time, probably
7   need to be longer this time.
8       THE COURT: We'll talk about it. All right.
9   In terms of the cross-motion for orders dated
10  February 5, what I'd like to do, if you all have a
11  copy of that, is walk through I believe it's
12  Page 44, what W.W. is seeking in the way of
13  orders. Everybody have it?
14      MR. MCDEVITT: I have it, Your Honor.
15      THE COURT: 44. March 10, 2003. So
16  Number one it appears has been addressed, correct?
17      MR. NOLIN: Yes, Your Honor.
18      MR. MCDEVITT: That's not our view,
19  Your Honor. They still have not censured
20  interroggatories dealing with the Stanfull payment
21  recently disclosed on January 24, a $300,000
22  payment to Jim Bell. They have provided really
23  none of the details necessary to understand the
24  sanction action.
25      THE COURT: There was specific
26  interrogatories in that regard?
27      MR. MCDEVITT: My understanding in

1   discussions about whether they would be
2   supplemented to reveal that there was
3   supplementation found, they don't address the
4   issue.
5       MR. NOLIN:  I don't believe --
6   interrogatories on Stanfull we did provide on the
7   28th of February, corrected deposition testimony,
8   that provided information and Stanfull we provided
9   some records on Stanfull.  We asked the defendant
10  to provide us with interrogatories and offered to
11  answer within fifteen days.
12      THE COURT:  I know you're going to have to
13  point to specific interrogatories on Stanfull you
14  believe have not been answered.  You have it?
15      MR. MCDEVITT:  It's my understanding there
16  had been a dialogue that was admitted between
17  Ms. Brett (phonetic) and counsel for Mr. Nolin
18  about that specific subject.
19      THE COURT:  Start with do you have a copy of
20  what the requests are, you believe have not been
21  answered?
22      MR. MCDEVITT:  Come back later on, we'll dig
23  it out, we have a whole bunch of stuff to dig out.
24      THE COURT:  I want to work through this
25  systematically.
26      MR. MCDEVITT:  Interrogatory Number ten,
27  identify all fact witnesses and documents which

1  refer or relate in anyway to any agreement,
2  arrangement or understanding between you and
3  Jim Bell while he was an employee of W.W.E. that
4  has not been supplemented.
5      THE COURT:  Has that been supplemented?
6      MR. NOLIN:  I don't believe that specific
7  question has been as to Stanfull.  Stanfull is a
8  separate company.  We have through the initial
9  deposition testimony provided that.  If they want
10 to interpret that to include Stanfull, we'll
11 answer that accordingly.
12     THE COURT:  That how you want to do it or a
13 separate one?
14     MR. MCDEVITT:  Again, Your Honor, we think
15 the questioning fairly asked him to identify the
16 payment of Jim Bell.  What we're talking about is
17 a $280,000 transaction, Your Honor, that's all I
18 can emphasize.  The importance to you, this was
19 never revealed in any discovery or court order.
20 The way we found out about this is the way we had
21 to find out about everything.  There had been a
22 document that was produced by Mr. Suchoff of
23 Mr. Shenker's accountability, which references the
24 $280,000 payment to Jim Bell, what was current
25 consulting services.  Then when you go to Bell's
26 accounting records obtained from his tax
27 accountant, there is a ledger entry for $280,000

8

1   but not a single record had ever been produced by
2   them to tell you what it was for. Mr. Bell when
3   confronted with it said he didn't remember what it
4   was for.
5        We know what we know, the little bit. The
6   defendant's close attempt at recantation is
7   apparently Mr. Shenker took $280,000 out of the
8   SSAI account, wire transferred it to some
9   Hong Kong bank in the Stanfull Industry Account,
10  thereafter, transferred the money to Mr. Bell in
11  the beginning of 1999. They are deliberately
12  withholding despite our requests for the checkbook
13  entries for their Hong Kong outfit.
14       THE COURT: Let me see the request.
15       MR. MCDEVITT: Sorry, Your Honor, you want
16  it?
17       THE COURT: Yes. However you want to do it.
18       MR. COLBERT: Not the actual interrogatory,
19  it's a note. It's a note.
20       THE COURT: Not an interrogatory?
21       MR. COLBERT: Just typed on counsel notes not
22  the actual interrogatory.
23       THE COURT: I'm looking at it. I think
24  arguably that's going to fall within. Can you
25  respond, within fifteen days?
26       MR. NOLIN: No problem, Your Honor. We have
27  produced the check records showing the payments.

```
 1            THE COURT:   They want interrogatory
 2   response.
 3            MR. NOLIN: We'll have it.
 4            THE COURT:   Any other interrogatories you
 5   haven't responded to?
 6            MR. MCDEVITT:  First, that's the big one
 7   we're concerned about.
 8            THE COURT:   All right.  Okay.  Number two,
 9   you requested SSAI have ordered to file by
10   February 11 a complete statement listing page and
11   line number, specific testimony Shenker intended
12   to recant, together with full and complete
13   proffer, Stanley would give -- attempt at
14   recantation, then the response was interesting
15   because counsel says that plaintiff will file
16   corrections.
17            I think you're both wrong.  Let me tell you
18   why.  Number one, can you cite me any basis they
19   have to tell you before you actually have another
20   meeting with him and a deposition, why they have
21   to tell you anything?  Why would they have to tell
22   you that it's not worth anything so what counsel
23   says that they think he's going to say something,
24   what do you care what he's going to say?
25            MR. MCDEVITT:  First, Your Honor, this is
26   rather a unique case.
27            THE COURT:   I thought a number of these
```