UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

WORLD WRESTLING ENTERTAINMENT, INC.,

                                                             No. 04-CV-8223 (KMK)

                 Plaintiff,                Hon. Kenneth M. Karas

       -against-

JAKKS PACIFIC, INC.. et al.                ECF Case

                 Defendants.
----------------------------------------------------------------x

**THE SHENKER DEFENDANTS' REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF THEIR
<u>MOTION TO DISMISS OR STAY THE RICO CLAIMS</u>**

LAW OFFICES OF MICHAEL A. FREEMAN

24 West 40th Street, 17th Floor
New York, New York  10018
(646) 366-0881

Counsel for Defendants Stanley Shenker and
Stanley Shenker and Associates, Inc.

## TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES**

I.  INTRODUCTION ................................................................................................ 1

III. ARGUMENT ON REPLY ................................................................................... 1

    A.  WWE's Opposition To the Shenker Defendants' Motion To Dismiss the RICO Claims on the Grounds of *Res Judicata* Is Without Merit ................ 1

        1.  *Res judicata* can be raised on a Rule 12 motion .................................... 1

        2.  The decision in the Connecticut Action is sufficient to trigger the principle of *res judicata* .................................................................... 2

        3.  The Shenker Defendants' *res judicata* defense is not barred by fraud where WWE had prior notice of the facts that make up its RICO claims here. ......................................................................... 3

        4.  WWE cannot avoid claim preclusion simply by alleging new facts or theories arising from the same series of events alleged in its Counterclaim .................................................................................. 4

    B.  If the Criteria for *Res Judicata* Are Not Satisfied, This Action Should Still Be Dismissed Under the Prior Pending Action Doctrine ............... 6

    C.  WWE Has Alleged Only One Injury Arising from the Shenker Defendants' Alleged Misconduct ....................................................................................... 8

II. CONCLUSION .................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

## CASES

Ambase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63 (2d Cir. 2003) ................ 1

Chazin v. Lieberman, No. 89 CIV. 5968 (RPP), 1990 WL 115716
 (S.D.N.Y. Aug. 6, 1990) ........................................................................................................ 6

Duhaime v. American Reserve Life Ins. Co., 511 A.2d 333 (1986) ........................................ 5

Joe's Pizza, Inc. v. Aetna Life and Cas. Co., 675 A.2d 441 (Conn. 1996) ............................... 4

Linens of Europe, Inc. v. Best Mfg., Inc., No. 03 Civ. 9612(GEL),
2004 WL 2071689 (S.D.N.Y. Sep. 16, 2004) ....................................................................... 7, 8

Macy's East, Inc. v. Emergency Environmental Services, 925 F. Supp. 191
 (S.D.N.Y. 1996) ..................................................................................................................... 6

Mancuso v. Consolidated Edison, 905 F. Supp. 1251 (S.D.N.Y.1995) ..................................... 3

McKenna v. Wright, 386 F.3d 432 (2d Cir. 2004) ................................................................... 1

Reinz v. Berman, 589 F.2d 735 (2d Cir.1978), cert. denied, 444 U.S. 834 (1979) .................. 3

Rivet v. Regions Bank, 522 U.S. 470 (1998) ........................................................................... 3

U.S. v. McGann, 951 F. Supp. 372 (E.D.N.Y. 1997) ........................................................ 2, 3, 4

Zdanok v. Glidden Co., Durkee Famous Foods Division, 327 F.2d 944 (2d Cir. 1964) ........... 2, 3

## I. INTRODUCTION

Pursuant to the Court's August 26, 2005 Scheduling Order, the Shenker Defendants submit this reply brief in further support of their motion to dismiss the RICO claims against them on the grounds of *res judicata*, the prior pending action doctrine, and the "one satisfaction" rule.[1] The Shenker Defendants also adopt and incorporate by reference the arguments on reply submitted by the other defendants in support of their motions to dismiss the RICO claims on the ground that the amended complaint filed by plaintiff WWE does not satisfy the pleading requirements for the RICO "enterprise."

## II. ARGUMENT ON REPLY

A.   WWE's Opposition To the Shenker Defendants' Motion To Dismiss the RICO Claims on the Grounds of *Res Judicata* Is Without Merit.

  1.   *Res judicata* can be raised on a Rule 12 motion.

The Second Circuit has repeatedly stated that a defendant is permitted to use "a Rule 12(b)(6) motion to raise the affirmative defense of *res judicata*." McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004) (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67 (2d Cir.1998). WWE's contention that this Court not consider the Shenker Defendants *res judicata* defense on this motion because the order and pleadings from the Connecticut Action are not part of "this Court's own records" (WWE's Opposition Brief ("Opp. Br.") at 2) is specious where these documents were submitted with the motion. (See Freeman Decl. Exhs. B and C.) Indeed, WWE's position is undermined by the very case upon which it relies, Ambase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72-73 (2d Cir. 2003) (cited in Opp. Br. at 2), where the Second Circuit considered both a Delaware judgment and the pleadings in the

---

[1] All capitalized terms and abbreviations not defined herein shall have the same meaning that they had in the Shenker Defendants' prior brief.

1

underlying Delaware state court action in reviewing the lower court's dismissal of the action based on *res judicata*.

> 2. The decision in the Connecticut Action is sufficient to trigger the principle of *res judicata*.

WWE blithely asserts that because the Connecticut court's decision entering a default against SSAI states that "its findings do not constitute findings on the merits of the underlying case . . ." the decision cannot be considered a decision on the merits for *res judicata* purposes. (Opp. Br. at 2.) While the Shenker Defendants agree that the entry of default precluded the case from being tried on the merits, a default is the same as a decision on the merits that has been fully litigated for *res judicata* purposes. (See the Shenker Defendants' brief in support of their motion ("Mov. Br.") at 15-16.)

WWE also contends, later in its brief (Opp. Br. at 8-9), that the Order entering a default against SSAI in the Connecticut Action is not a "final judgment" for purposes of *res judicata*. It has long been settled law in the Second Circuit that issue or claim preclusion "do[ ] not require a judgment 'which ends the litigation . . . and leaves nothing for the court to do but execute the judgment,' but includes many dispositions which, though not final in that sense, have nevertheless been fully litigated." Zdanok v. Glidden Co., Durkee Famous Foods Division, 327 F.2d 944, 955 (2d Cir. 1964) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). See also U.S. v. McGann, 951 F. Supp. 372, 379-82 (E.D.N.Y. 1997) (containing a detailed discussion of the meaning of "finality" in the context of a *res judicata* defense). As particularly relevant here, in finding that the results of a prior proceeding precluded re-litigation of the same claim in a later action even though a final judgment had not yet been entered in the first action, the Zdanok Court observed that:

> [t]he mere fact that the damages of the Zdanok plaintiffs have not yet been assessed should not deprive that ruling of any effect as collateral estoppel it would otherwise have. It was simply a matter of procedural convenience that caused the district court to consolidate the Zdanok and Alexander actions, rather than allow the Zdanok action to go first to the final judgment to which, in the absence of Supreme Court review, it now shortly must.

Zdanok, 327 F.2d at 955.[2]  Likewise here, the mere fortuity that almost two years have passed since the Connecticut court entered a default against SSAI in the Connecticut Action without the court having held a hearing on damages, should not bar use of a *res judicata* defense where a final judgment in an amount equal to the full extent of WWE's provable losses is a *fait accompli*.

    3.    The Shenker Defendants' *res judicata* defense is not barred by fraud where WWE had prior notice of the facts that make up its RICO claims here.

As previously stated (Mov. Br. at 11,15) *res judicata* precludes "parties or their privies from relitigating issues that were <u>or</u> <u>could</u> <u>have</u> <u>been</u> <u>raised</u> in that action." Rivet v. Regions Bank, 522 U.S. 470, 474 (1998) (emphasis added).  WWE asserts that the reason it did not bring the RICO claims in the Connecticut Action is that Shenker fraudulently concealed the facts upon which WWE's RICO claims in this action are based.  (Opp. Br. at 3.)  The chronology of events does not support this position.

Courts do not look with favor on a claim or defense grounded in fraud where the party asserting it possessed information sufficient to place them under a duty to inquire further and ascertain the relevant facts for themselves.  E.g., Reinz v. Berman, 589 F.2d 735, 751 (2d Cir.1978), cert. denied, 444 U.S. 834 (1979); Mancuso v. Consolidated Edison, 905 F. Supp. 1251, 1258 (S.D.N.Y. 1995).  The decision in the Connecticut Action states that copies of invoices to Bell that revealed payments by Shenker, which led Shenker to recant his earlier testimony, were obtained by WWE on September 26, 2002.  (Freeman Decl. Exh. B at p. 967.)

---

[2] Although Zdanok focused on collateral estoppel, the question of whether a judgment is "final" is the same as it is here for the Shenker Defendants' *res judicata* defense.   See McGann, 951 F. Supp. at 379-82 (discussing both *res judicata* and collateral estoppel).

3

The Counterclaim is dated September 30, 2002, four days later. (Freeman Decl. Exh. C.) Indeed, by the time the Counterclaim was filed, WWE had enough information to allege (a) the existence of a conspiracy between Shenker and Bell for unlawful commissions; (b) illegal payments to Bell; (c) and the destruction of documents to conceal this alleged misconduct. (Freeman Decl. Exh. C at pages 23 (¶18), 33 (¶¶ 48-51), and 39-40 (¶¶ 42-47).) Further, when WWE commenced a separate action against Bell in February 2003, well before the Connecticut court entered a default against Shenker, WWE included a RICO claim against Bell based on the same facts alleged here. (A copy of the complaint is attached as Exhibit C to the Declaration of Michael Gruenglas, dated February 16, 2005, submitted with the Jakks Defendants' original motion to dismiss.)

Simply put, assuming *arguendo* that WWE did not have actual notice of facts sufficient to allege a RICO claim in the Connecticut Action, it was certainly on inquiry notice, and cannot now claim that Shenker's actions prevented it from bringing a RICO claim in the prior action. See McGann, 951 F. Supp. at 379-80 (rejecting fraudulent concealment defense where all facts were known to the government well before claim was barred).

  4.  <u>WWE cannot avoid claim preclusion simply by alleging new facts or theories arising from the same series of events alleged in its Counterclaim.</u>

WWE further contends that *res judicata* does not bar plaintiff from pursuing its RICO claims in this Court because it did not have an opportunity to fully litigate its RICO claims in the Connecticut Action and, correspondingly, that its claims against Shenker in the Connecticut Action are fundamentally different from those here. (Opp. Br. 3-8, 9-10.) The requirement that *res judicata* not be applied unless a party has been given an "adequate opportunity to litigate" exists to protect the <u>losing party</u> from being bound by a decision that it was not given a reasonable chance to defend. See Joe's Pizza, Inc. v. Aetna Life and Cas. Co., 675 A.2d 441,

4

446 (Conn. 1996) (citing Jackson v. R.G. Whipple, Inc., 627 A.2d 374 (Conn. 1993), and State v. Ellis, 497 A.2d 974 (Conn. 1985)).  It is not intended to give the prevailing party the opportunity to demonstrate how many different ways it can prove the same case against the losing party.

Further, without directly addressing each item on the laundry list of "differences" between the two actions identified by WWE in its brief (Opp. Br. at 4-8), WWE cannot avoid the defense of *res judicata* merely because its ongoing investigation may have revealed additional evidence that has enabled it to add more bells and whistles to the claims asserted against Shenker in the Connecticut Action.  As aptly put by the Connecticut Supreme Court in Duhaime v. American Reserve Life Ins. Co.:

> Because the operative effect of the principle of claim preclusion or merger is to preclude relitigation of the "original claim," it is crucial to define the dimensions of that "original claim." The Restatement (Second), Judgments provides, in § 24, that "the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." In amplification of this definition of "original claim," § 25 of the Restatement (Second) states that "[t]he rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action.

511 A.2d 333, 335 (Conn. 1986) (emphasis added). Applying the "pragmatic" approach mandated by the Connecticut Supreme Court, the operative pleadings here and in the Connecticut Action conclusively establish that both are based on the same transactions. (Compare Freeman Decl. Exh. A at ¶¶ 46-58, 64-65, 89, and Freeman Decl. Exh. C at pages 33 (¶¶ 48-51), and 39-40 (¶¶ 42-47.).)

B.   If the Criteria for *Res Judicata* Are Not Satisfied, This Action Should Still Be Dismissed Under the Prior Pending Action Doctrine.

If this Court were to find – which it should not – that *res judicata* does not apply for any of the reasons cited by WWE, this case nonetheless cries out for application of the prior pending action doctrine to dismiss the RICO claims against the Shenker Defendants.  (See Mov. Br. at 17-19.)  This is particularly so given that the Connecticut Action has progressed to the point that an assessment of damages and entry of a final judgment in that action is, if not imminent, certain to occur years before the conclusion of this action, assuming this action is otherwise permitted to proceed.[3]  Under these circumstances, the prior pending action doctrine neatly fills the gap that might be left by an inability to meet all the technical requirements of *res judicata* by nonetheless enabling the Court to accomplish the laudatory objectives of judicial consistency and conserving the resources of litigants and the courts.

While the Shenker Defendants do not disagree with the legal principle that the prior pending action doctrine should not be applied simply because two cases are pending (Opp. Br. at 10), the cases cited by WWE against application of the doctrine are easily distinguished on their facts.  For example, in Macy's East, Inc. v. Emergency Environmental Services, 925 F. Supp. 191, 193 (S.D.N.Y. 1996), the district court refused to apply the prior pending action doctrine where the other action was commenced a scant four days earlier and the defendant conceded that the federal action would like move more quickly than the earlier commenced state action.  Similarly, in Chazin v. Lieberman, No. 89 CIV. 5968 (RPP), 1990 WL 115716 at * 3 (S.D.N.Y. Aug. 6, 1990), although the district court refused to apply the prior pending action doctrine to dismiss a later-filed federal action despite some discovery and motion practice already having

---

[3] A hearing to assess damages in the Connecticut Action is currently scheduled for January 2006, although Shenker's Connecticut counsel advises that a new judge was recently assigned, so it is uncertain whether that date will be retained.

taken place in the earlier action, the court observed that the "progress [of the first action] has not been so great" that dismissal of the second action is warranted, indicating that there was still a ways to go before the first action would be concluded. Here, by contrast, the parties in the Connecticut Action have engaged in "more than two years of extensive discovery, including . . . the production of 92,000 pages of documents, the taking of more than twenty-five depositions, and the filing of more than 150 motions, briefs and other pleadings . . . " (Freeman Decl. Exh. B), and the only substantive event remaining in the state court action is a hearing to assess damages which is all but certain to occur within the next several months. Compare Linens of Europe, Inc. v. Best Mfg., Inc., No. 03 Civ. 9612(GEL), 2004 WL 2071689 at *6 (S.D.N.Y. Sep. 16, 2004) (cited in Opp. Br. at 10-11) (denying relief under prior pending action doctrine where, *inter alia*, "neither party represents that the state action is anywhere close to a potential resolution").

Further, WWE's assertion that all six factors that a federal court should consider in determining whether to dismiss a later-filed action "overwhelmingly weigh" in favor of this Court retaining jurisdiction (Opp. Br. at 11) is gross hyperbole. Although SSAI was incorporated in New York, both Shenker and WWE's offices are in Connecticut. Further, it is difficult to fathom how the Shenker Defendants' application to dismiss this action in favor of another involving the same underlying events and transactions "fosters . . . piecemeal litigation" (Opp. Br. at 11 ) as opposed to reducing the number of pending litigations from two to one. Nor has WWE adequately explained how its rights will not be adequately protected by the Connecticut Action where the state court has already entered a default in WWE's favor on claims that provide for relief that equals, if not exceeds, the relief WWE could obtain from the Shenker Defendants on its RICO claims here. (See Mov. Br. at 5-6.)

7

There is also authority in the cases cited by WWE that a court should consider whether the second-filed litigation is "vexatious or reactive" in deciding whether to apply the prior pending action doctrine. Linens of Europe, 2004 WL 2071689 at *5 (quoting Telesco v. Telesco Fuel and Mason's Materials, Inc., 765 F.2d 356, 363 (2d Cir.1985), and Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 17 n. 20 (1983)). WWE's commencement of a second action after having already obtained a default that will entitle them to recover the full extent of its provable losses plus treble damages and attorneys' fees can only be described as vexatious conduct against the less well-funded Shenker Defendants.

For these reasons, if *res judicata* does not apply, the action should be dismissed against the Shenker Defendants under the prior pending action doctrine. At a minimum, this action should be stayed pending the outcome of the damages hearing in the Connecticut Action. See Linens of Europe, 2004 WL 2071689 at *6 (finding the defendant's complaint of having to engage in piecemeal litigation to be a "plight [ ] entirely of its own making" where the defendant declined the plaintiff's offer to stay the first-filed litigation).

C.  WWE Has Alleged Only One Injury Arising from the Shenker Defendants' Alleged Misconduct.

WWE's contention that the "one satisfaction" rule does not apply because "the injury alleged in the Connecticut Action is fundamentally different from the injury alleged here . . ." (Opp. Br. at 11) should be rejected where the amended complaint here and Counterclaim in the Connecticut Action reveal that both seek the identical relief, *i.e.*, damages equal to the alleged loss of revenue from WWE's videogame and toy licenses proximately caused by the Shenker Defendants. (Compare Freeman Decl. Exh. A at ¶ 1 and Prayer for Relief at pp. 124-25, with Exh. C, Prayer for Relief at pp. 43-44.) To the extent WWE contends that it is premature to apply the "one satisfaction" rule because the amount of WWE's damages in the Connecticut

8

Action are presently unknown (Opp. Br. at 11), this fact further militates in favor of dismissal or stay under either *res judicata* or the prior pending action doctrine.

### III. <u>CONCLUSION</u>

The RICO claims against the Shenker Defendants should be dismissed or, at a minimum, stayed pending final resolution of the Connecticut Action.

Dated: New York, New York
October 3, 2005

>Respectfully submitted,
>
>LAW OFFICES OF MICHAEL A. FREEMAN
>
>By: _____/s/_____
>Michael A. Freeman (MAF-9600)
>24 West 40th Street, 17th Floor
>New York, New York 10018
>(646) 366-0881
>
>Counsel for Defendants Stanley Shenker
>and Stanley Shenker and Associates, Inc.

9