USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**K&L**
Kirkpatrick & Lockhart Nicholson Graham LLP

Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
412.355.6500
Fax 412.355.6501
www.klng.com

**MEMO ENDORSED**

MEMO ENDORSED
MEMO ENDORSED

September 30, 2005

Jerry S. McDevitt
412.355.8608
jmcdevitt@klng.com

**VIA FAX**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

    Re:    World Wrestling Entertainment, Inc. v. JAKKS Pacific, Inc., et al.
           1:04-CV-08223-KMK

Dear Judge Karas:

    We write to oppose Mr. Lerner's request for an enlargement of the page limits applicable to the Jakks Defendants reply brief on the RICO enterprise and Robinson-Patman Act ("RPA") claims. As an initial matter, the request is made on behalf of the Jakks Defendants alone, so we are unsure first of all whether the defendants as a group would not then be subject to cumulative page limits, which has been the practice to date.

    As the Court will recall, the Jakks Defendants insisted that their arguments on these two issues made in their original brief seeking dismissal remained good as against the Amended Complaint without further briefing on their part. On the enterprise point, both in opening briefs and at the August 18, 2005 hearing, Jakks maintained that the Second Circuit decision in First Capital was dispositive.[1] We have now demonstrated otherwise, and it should not take 25 pages to explain why a single case controls the enterprise issue, which has been their position.

    As I understand the page limit discussion referred by Mr. Lerner, the portion he cites was in regard to the page limits for the opening antitrust brief to be filed by defendants, not the reply brief on the enterprise and RPA issues. Originally, Mr. Lerner asked for 30 pages, then Mr. Marenberg asked for 15. I took Mr. Lerner's comment then, and now, as asking for 45 pages to be the cumulative limitation of their opening brief for the Sherman Act claims.[2] The only

---

[1]    See 8/18/05 Hearing Transcript at 17:21-25. [Mr. Lerner] "One doesn't have to go beyond the 2004 Second Circuit case to see that there is no separate enterprise, there is no hierarchy, no structure . . . which falls prey to the Second Circuit controlling authority."

[2]    THQ joined in a 30-page brief of the Jakks Defendants on the Sherman Act issues. Thus, WWE's brief on that will be 30 pages, not 45.

PI-1446935 v1

BOSTON · DALLAS · HARRISBURG · LONDON · LOS ANGELES · MIAMI · NEWARK · NEW YORK · PALO ALTO · PITTSBURGH · SAN FRANCISCO · WASHINGTON



**Kirkpatrick & Lockhart Nicholson Graham** LLP

**MEMO ENDORSED**

Honorable Kenneth M. Karas
September 30, 2005
Page 2

comment regarding reply briefs was when the Court indicated that ten (10) pages was customary for reply briefs, but if an extra four or five pages are needed, that was fine. Clearly, a reply brief is typically not the same length as the brief of the party opposing the motion. We see no reason to deviate from traditional reply brief practice for the reply brief due next week for defendants or the reply to the Sherman Act brief we will file next week.

Given the length of the pages requested, we believe it will be extremely unfair and prejudicial if defendants were now permitted to open up new lines of argument in a reply brief to which we will, by definition, have no chance to respond. Accordingly, we respectfully request that defendants be cumulatively limited to a total of fifteen (15) pages for both reply briefs and that they not be permitted to brief any issues not raised in their opening briefs.

Very truly yours,

*[signature]*

Jerry S. McDevitt

JSM/emw

Enclosure

cc:   All Counsel of Record (via electronic mail)

*[handwritten:]* The Court has granted Defendants' application. However, if Defendants do make new arguments, as Plaintiff fears, the Plaintiff is granted leave to raise the possibility of a sur-reply.

SO ORDERED

*[signature]* KENNETH M. KARAS U.S.D.J.
9/30/05

```
58inwwen                Conference
```

1

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF NEW YORK |
| 2 | ------------------------------x |
| 3 | WORLD WRESTLING ENTERTAINMENT, |
| | INC., |
| 4 | |
| | Plaintiff,         New York, N.Y. |
| 5 | |
| | v.                 04 Civ. 8223 (KMK) |
| 6 | |
| | JAKKS PACIFIC, INC., et al., |
| 7 | |
| | Defendants. |
| 8 | |
| | ------------------------------x |
| 9 | |
| | August 18, 2005 |
| 10 | 2:50 p.m. |
| 11 | Before: |
| 12 | HON. KENNETH M. KARAS, |
| 13 | District Judge |
| 14 | APPEARANCES |
| 15 | NICOLOSON GRAHAM |
| | Attorneys for Plaintiff |
| 16 | BY:  JERRY SCOTT McDEVITT |
| | AMY LYN BARRETTE |
| 17 | WILLIAM O. PURCELL |
| 18 | SKADDEN ARPS SLATE MEAGHER & FLOM LLP |
| | Attorneys for Jakks and individual defendants |
| 19 | BY:  JONATHAN J. LERNER |
| | MAURA BARRY GRINALDS |
| 20 | MICHAEL H. GRUENGLAS |
| | MARCO G. ARGENTIERI |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

S8inwwen                    Conference

1   red-line copy. It will be easier. We expected a matrix,
2   Robinson-Patman unchanged, mincing argument changed in this
3   way, so we would all have a grid and we could see what the
4   damage is.
5          But since that time there has been difficulty -- I'll
6   put it that way -- difficulty teasing out of the plaintiff
7   exactly what impact this amended complaint has on our
8   arguments.
9          We have the argument that, well, the enterprise, we
10  illuminated the facts, we've added more factual detail. We
11  cannot find -- in the amended complaint, we can't find
12  allegations that change the enterprise.
13         We think, your Honor, that with respect to
14  Robinson-Patman and the enterprise claim that there is
15  controlling legal authority in this circuit. With respect to
16  enterprise, they took a crack, they put in their cases, and
17  they said the first amended -- the first complaint, not the
18  amended, the first complaint states a claim, and they cited
19  Turkette and they made their pitch and they said, well, the
20  proof at trial can coalesce.
21         One doesn't have to go beyond the 2004 Second Circuit
22  case to see that there is no separate enterprise, there is no
23  hierarchy, no structure, there's no distinction between the
24  predicate acts and the enterprise here, which falls prey to the
25  Second Circuit controlling authority.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300