# RICO
## Civil and Criminal
## Law and Strategy

### § 1.05  The "Enterprise"

Engaging in a pattern of racketeering activity, or using the proceeds thereof, does not, by itself, constitute a RICO violation. Rather, such activity or investment of proceeds must, *inter alia*, impact upon an interstate "enterprise."[1] "Enterprise" is thus the third element of a RICO claim.

Under RICO, the definition of an enterprise "includes any individual, partnership, corporation, association or other legal entity, and any union or *group of individuals associated in fact* although not a legal entity."[2] Resolving, early on, what could otherwise have been a major issue regarding the enterprise element, the Supreme Court held in 1981 that an enterprise can be a legitimate or illegitimate entity such as a group of criminal conspirators.[3] Most of the remaining controversy over the enterprise element of a RICO claim concerns the concept of a "group of individuals associated in fact" included in the definition.[4]

### [1]—"Associated in Fact" Enterprises

The Supreme Court has described an "association-in-fact" enterprise as "a group of persons associated together for a common purpose of engaging in a course of conduct" and as an "ongoing organization, formal or informal [with] . . . various associates function[ing] as a continuing unit."[5] Further, the Court has stated that an enterprise is "an entity separate and apart from the pattern of activity in which it engages."[6] A formal enterprise, such as a corporation or other business entity, necessarily has an ascertainable structure apart from the predicate acts. Thus, the restriction regarding separation between the enterprise and the pattern of racketeering activity is largely directed towards those enterprises not having such a structure and, therefore, constituting "associations-in-fact."

---

[1] See § 1.06 *infra* for a discussion of the ways such conduct must impact the enterprise.

[2] 18 U.S.C. § 1961(4). (Emphasis added.)

[3] United States v. Turkette, 452 U.S. 576, 580-593, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981).

[4] See § 1.05[2] *infra* for a further discussion of "associations-in-fact."

[5] United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). See also, United States v. Weinstein, 762 F.2d 1522, 1537 n.13 (11th Cir. 1985) (emphasizing that a "continuing unit" does not require participation of all members throughout the life of the enterprise).

[6] See *United States v. Turkette*, N. 5 *supra*, 452 U.S. at 583.

Most, but not all, courts have interpreted this aspect of the enterprise element to require that the enterprise have an organization or structure beyond that which is necessary to commit the racketeering acts.[7] In *United States v. Bledsoe*[8] the Eighth Circuit concluded that the "enterprise cannot simply be the undertaking of the acts of racketeering, neither can it be the minimal association which surrounds these acts."[9] The additional factors necessary to satisfy the enterprise requirement must be met through a separate economic, temporal or spatial existence, or similar relationship.[10] In a later decision, the

---

[7] See, e.g.:

*First Circuit:* Miranda-Rodriguez v. Ponce Federal Bank, F.S.B., 751 F. Supp. 18, 21 (D.P.R. 1990) ("[T]he term 'enterprise' must signify an association that is substantially different from the acts which form the 'pattern of racketeering activity.'") (citation omitted).

*Second Circuit:* Schmidt v. Fleet Bank, 16 F. Supp.2d 340, 349 (S.D.N.Y. 1998). ("[T]he RICO enterprise must always have an ascertainable structure distinct from that inherent in the conduct of a 'pattern of racketeering.'")

*Third Circuit:* Seville Industries Machinery Corp.v. Southmost Machinery Corp., 742 F.2d 786, 787-788 (3d Cir. 1984).

*Fourth Circuit:* United States v. Tillett, 763 F.2d 628, 632 (4th Cir. 1985).

*Fifth Circuit:* Landry v. Air Line Pilots Association International AFL-CIO, 901 F.2d 404, 433 (5th Cir. 1990). But see, United States v. Bagaric, 706 F.2d 42, 55 (2d Cir. 1983) (allowing the organization constituting the enterprise to be the sum of the predicate acts).

*Seventh Circuit:* Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (citing United States v. Neapolitan, 791 F.2d 489, 499-500 (7th Cir. 1986)); Jubelirer v. Mastercard International, Inc., 68 F. Supp.2d 1049, 1052-1053 (W.D. Wis. 1999) (alleged enterprise consisting of bank, credit card company, and on-line casino was insufficient to support RICO claim). See also, Bachman v. Bear, Stearns & Co., 178 F.3d 930, 932 (7th Cir. 1999) (allegations of an agreement to defraud might establish a conspiracy but not an enterprise because every conspiracy is not also an enterprise for RICO purposes).

*Eighth Circuit:* United States v. Bledsoe, 674 F.2d 647, 664 (8th Cir. 1982).

*Ninth Circuit:* Chang v. Chen, 80 F.3d 1293, 1298 (9th Cir. 1996).

*Tenth Circuit:* United States v. Sanders, 928 F.2d 940, 943 (10th Cir. 1991).

*Cf.* United States v. Perholtz, 842 F.2d 343, 362-363 (D.C. Cir. 1988) (the enterprise cannot be equivalent to the pattern of racketeering activity, but the organization necessary to comprise an enterprise can be inferred from the pattern).

[8] United States v. Bledsoe, 674 F.2d 647 (8th Cir. 1982).

[9] *Id.*, 674 F.2d at 664.

[10] See, e.g.:

*First Circuit:* Libertad v. Welch, 854 F. Supp. 19, 25-28 (D.P.R. 1993) (alleged association-in-fact was not a valid RICO enterprise when it had no structure or organization beyond that necessary to commit the underlying predicates).

*Second Circuit:* In re Sumitomo Copper Litigation, 995 F. Supp. 451, 453-454 (S.D.N.Y. 1998) (construing the enterprise element of RICO liberally and finding an allegation that the defendants coordinated their copper trading through joint and individual accounts in an effort to manipulate prices sufficient to allege an illegal enterprise).

Eighth Circuit noted that it is not necessary to show that the enterprise has a function wholly unrelated to the racketeering activity and observed that the existence of an association-in-fact enterprise is often more readily proven by what the enterprise does, rather than by its structure.[11] The Seventh Circuit noted that an enterprise must have "a structure and goals separate from the predicate acts themselves," but observed that since RICO applies "not only to formal enterprises, but also to informal ones like criminal gangs,"[12] there need not be much structure to distinguish an enterprise from a conspiracy. Moreover, said the court, "the continuity of an informal enterprise, and the differentiation of roles can provide the necessary 'structure' to satisfy RICO's statutory requirement."[13] The Ninth Circuit held that the participation of a corporation in a racketeering scheme is sufficient to give the enterprise a structure separate

---

*Third Circuit:* United States v. Console, 13 F.3d 641, 649-652 (3d Cir. 1993) (requiring proof of an ongoing organization functioning as a continuing unit that is separate from the pattern of racketeering activity).

*Fourth Circuit:* United States v. Fiel, 35 F.3d 997, 1003-1004 (4th Cir. 1994) (a motorcycle club was an enterprise because it was a group of individuals with an identifiable structure, associated for a common purpose).

*Fifth Circuit:* Wardlaw *ex rel.* Owen v. Whitney National Bank, No. 94-2026, 1994 U.S. Dist. LEXIS 15215, at *9 (E.D. La. Oct. 18, 1994) (requiring an association-in-fact enterprise to be more than a summation of predicate acts and to continue beyond the time necessary to commit the predicate acts).

*Seventh Circuit:* Johnson v. Midland Career Institute, No. 93 C 1363, 1996 U.S. Dist. LEXIS 1308, at *17 (N.D. Ill. Feb. 8, 1996) (a group of associated businesses operating in concert do not make an enterprise and requiring a structure distinct from the RICO predicate acts). *Cf.* McCullough v. Suter, 757 F.2d 142, 144 (7th Cir. 1985) (a sole proprietorship could be an enterprise because the proprietor had several employees that together constituted more than one entity).

*Ninth Circuit:* In re Omnitrition International, Inc., No. C-92-4133, 1994 U.S. Dist. LEXIS 13089, at *38-*39 (N.D. Cal. July 26, 1994) (requiring that an enterprise have an ascertainable structure distinct from the racketeering activity); United Energy Owners Committee, Inc. v. United States Energy Management Systems, 837 F.2d 356, 362 n.13 (9th Cir. 1988); Allington v. Carpenter, 619 F. Supp. 474, 478-479 (C.D. Cal. 1985).

[11] See, e.g.:

*Sixth Circuit:* Vandenbroeck v. CommonPoint Mortgage Co., 22 F. Supp.2d 677, 682 (W.D. Mich. 1998) (allegations were insufficient to establish an enterprise, because plaintiffs essentially alleged nothing more than a typical business relationship).

*Eighth Circuit:* United States v. Darden, 70 F.3d 1507, 1521 (8th Cir. 1995).

[12] United States v. Korando, 29 F.3d 1114, 1117 (7th Cir. 1994). See also, United States v. Stokes, 64 Fed. Appx. 352, 358 (4th Cir. 2003) (group of drug dealers an enterprise where elements of continuity, unity, shared purpose and identifiable structure are satisfied).

[13] *Id.*, 29 F.3d at 1117-1118. See also, Sikes v. American Telephone & Telegraph Co., 179 F.R.D. 342, 352 (S.D. Ga. 1998) (plaintiffs may rely on the same evidence to show the commission of the predicate acts and the existence of the enterprise; no need to show that an enterprise had an ascertainable structure).

from the racketeering activity.[14] The court also found that even a corporation set up to conduct only illegal activities can constitute an enterprise separate from the racketeering activity.[15]

The Eighth Circuit has held that an enterprise must exhibit three characteristics:

> (1) a common or shared purpose;
> (2) some continuity of structure and personnel; and
> (3) an ascertainable structure distinct from that inherent in a pattern of racketeering.[16]

The Second Circuit takes a somewhat different view of what may constitute an enterprise. While it seems clear that "the enterprise must have an ascertainable structure distinct from the pattern of racketeering, and cannot simply be the sum of the predicate acts,"[17] the Second Circuit does not require that an enterprise have "an independent economic significance from the pattern of racketeering activity."[18] Nor does the Second Circuit require that "the evidence offered to prove the 'enterprise' and 'pattern of racketeering' . . . be distinct."[19] Standing alone on this issue, the Eleventh Circuit does not require that the RICO enterprise "possess an 'ascertainable structure' distinct from the associations necessary to conduct the pattern of racketeering activity."[20]

Summarizing these and other decisions, the Ninth Circuit, in *Chang v. Chen*,[21] reviewed the state of the law regarding whether a RICO enterprise must have an ascertainable structure separate and

---

[14] Webster v. Omnitrition International, Inc., 79 F.3d 776, 786 (9th Cir. 1996).

[15] *Id.*

[16] United Healthcare Corp. v American Trade Insurance Co. Ltd., 88 F.3d 563, 570 (8th Cir. 1996).

[17] Schmidt v. Fleet Bank, 16 F. Supp.2d 340, 349 n.5 (S.D.N.Y. 1998). Accord Pavlov v. The Bank of New York Co., 135 F. Supp.2d 426, 430 (S.D.N.Y. 2001) ("[T]here must be more to an 'enterprise' than simply an aggregation of predicate acts of racketeering activity. . . . [A]n 'enterprise' must exhibit more structure than is inherent simply in the alleged pattern or racketeering activity."); In re Sumitomo Copper Litigation, 104 F. Supp.2d 314, 318 (S.D.N.Y. 2000) (the enterprise "cannot simply be the sum of the predicate acts" and must have an ascertainable structure distinct from the pattern of racketeering).

[18] Moss v. Morgan Stanley, Inc., 719 F.2d 5, 22 (2d Cir. 1983).

[19] *Id.* (citing United States v. Mazzei, 700 F.2d 85, 89-90 (2d Cir. 1983)).

[20] United States v. Weinstein, 762 F.2d 1522, 1537 n.13 (11th Cir.), *modified* 778 F.2d 673 (11th Cir. 1985).

[21] Chang v. Chen, 80 F.3d 1293 (9th Cir. 1996).

apart from that inherent in the pattern of racketeering activity, or may be no more than the sum of the predicate racketeering acts.[22] The court observed that the Supreme Court's decision in *Turkette* did not specify how much structure an organization must have in order to constitute an enterprise under RICO.[23] The Court further noted that six circuits had interpreted *Turkette* to require an enterprise to have an ascertainable structure separate and apart from the pattern of racketeering activity, whereas two circuits (the Second and Eleventh) had interpreted *Turkette* to permit the organization constituting the enterprise to be no more than the sum of the predicate racketeering acts.[24] The Ninth Circuit then adopted the majority interpretation, reasoning that the minority approach would render the enterprise element superfluous because, applying the minority view, "every 'pattern of racketeering activity' becomes an 'enterprise' whose affairs are conducted through the 'pattern. . . .'"[25] The court further reasoned that the minority approach ignores the organizational nexus essential to a RICO scheme, thereby removing the statute's intended focus on organized crime.[26]

Based on this analysis, the Ninth Circuit required that an enterprise exhibit a structure, whether hierarchical or consensual, for the making of decisions, but found that the enterprise need not have a function unrelated to the racketeering activity, as long as it had an existence beyond that which is necessary to commit the predicate acts of racketeering.[27] In the case before it, the Ninth Circuit found no decision-making apparatus limiting or guiding the defendants in the performance of their duties and no allegation that the defendants utilized the structures separate and apart from the predicate acts.[28] Accordingly, the court found that the plaintiff failed to establish a RICO enterprise.[29]

---

[22] *Id.,* 80 F.3d at 1297-1299.

[23] *Id.,* 80 F.3d at 1297.

[24] *Id.,* 80 F.3d at 1297-1298.

[25] *Id.,* 80 F.3d at 1298. (Citation omitted).

[26] Chang v. Chen, 80 F.3d 1293, 1298 (9th Cir. 1996).

[27] *Id.,* 80 F.3d at 1299.

[28] *Id.,* 80 F.3d at 1299-1301.

[29] *Id.,* 80 F.3d at 1301. See also: Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1083-1084 (9th Cir. 2000) (dismissing claim under § 1962(c) where plaintiff failed to allege enterprise separate from the racketeering activity); Moreland v. Behl, No. C-92-1238, 1996 U.S. Dist. LEXIS 5653, at *69-*70 (N.D. Cal. Apr. 17, 1996) (an enterprise must have a structure separate and apart from the structure inherent in the conduct of the pattern of racketeering activity).

An issue distinct from, but related to, whether an enterprise must have an ascertainable structure beyond the pattern of racketeering activity is whether *proof* of the "enterprise" and "pattern of racketeering" elements must be separate or distinct. Most courts addressing the issue have concluded that proof of the "enterprise" and "pattern of racketeering" elements need not be distinct.[30]

A few other applications bear mention. A district court has noted that even contractual relationships can establish a RICO enterprise.[31] Also, even though the statutory language refers to an "association of *individuals* in fact,"[32] most circuits have held that all the members of an "association-in-fact" enterprise do not have to be individuals: a group of corporations can be such an enterprise.[33] According to one

---

[30] See, e.g.:

*First Circuit:* United States v. Patrick, 248 F.3d 11, 19 (1st Cir. 2001) ("While 'enterprise' and 'pattern of racketeering activity' are separate elements of a RICO offense, proof of these two elements need not be separate or distinct but may in fact 'coalesce.'" (citing United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981)).

*Second Circuit:* United States v. Mazzei, 700 F.2d 85, 89 (2d Cir. 1983) ("We do not . . . read *Turkette* to hold that proof [of the enterprise and pattern] elements be distinct and independent, as long as the proof offered is sufficient to satisfy both elements.").

*Fourth Circuit:* United States v. Griffin, 660 F.2d 996, 1001 (4th Cir. 1981).

*Fifth Circuit:* United States v. Diecidue, 603 F.2d 535, 545 (5th Cir. 1979).

*Sixth Circuit:* United States v. Qaoud, 777 F.2d 1105, 1115 (6th Cir. 1985) ("Although 'enterprise and 'pattern of racketeering activity' are separate elements, they may be proved by the same evidence.").

*Ninth Circuit:* United States v. DeRosa, 670 F.2d 889, 895-896 (9th Cir. 1982); United States v. Bagnariol, 665 F.2d 877, 890-891 (9th Cir. 1981).

*Eleventh Circuit:* United States v. Cagina, 697 F.2d 915, 920-921 (11th Cir. 1983).

[31] Loma Linda University Medical Center, Inc. v. Farmers Group, No. S-94-0681, 1995 U.S. Dist. LEXIS 9668 (E.D. Cal. May 15, 1995).

[32] 18 U.S.C. §1961(4).

[33] See, e.g.:

*First Circuit:* United States v. London, 66 F.3d 1227, 1243 (1st Cir. 1995).

*Second Circuit:* United States v. Huber, 603 F.2d 387, 393-394 (2d Cir. 1979); C.A. Westel De Venezuela v. American Telephone & Telegraph Co., No. 90 Civ. 6665, 1994 U.S. Dist. LEXIS 14481, at *13-*15 (S.D.N.Y. Oct. 11, 1994).

*Third Circuit:* United States v. Console, 13 F.3d 641, 652 (3d Cir. 1993).

*Fourth Circuit:* Chisolm v. Charlie Falk's Auto Wholesale, Inc., 851 F. Supp. 739, 746-747 (E.D. Va. 1994), *vacated on other grounds by* Chisolm v. TranSouth Financial Corp., 95 F.3d 331 (4th Cir. 1996).

*Fifth Circuit:* United States v. Thevis, 665 F.2d 616, 625-626 (5th Cir. 1982).

*Seventh Circuit:* Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (a group of businesses could constitute an association-in-fact). Trak Microcomputer Corp. v. Wearne Brothers, 628 F. Supp. 1089, 1094 (N.D. Ill. 1985), *later*

district court,[34] this interpretation is due to the fact that the statutory language is not to be read as all-inclusive, and because otherwise such a limitation of the concept of enterprise would insulate the most sophisticated racketeering combinations from RICO's sanctions.[35]

Although seemingly counterintuitive and difficult to assert, some courts have accepted the theory that the plaintiff itself is the enterprise "where [the] plaintiff alleges that the defendants infiltrated the enterprise and used it as a tool to defraud it and others."[36]

### [2]—Tests to Establish Existence of an Enterprise: Associations-in-Fact

In 1982 the Eighth Circuit enunciated a three-pronged test for establishing an association-in-fact enterprise:

    (1)   those engaged in the enterprise must share a "commonality of purpose";

    (2)   the enterprise must "function as a continuing unit"; and

    (3)   the enterprise must have "an ascertainable structure distinct from that inherent in the conduct of a pattern of racketeering activity."[37]

In a 1983 case,[38] the Third Circuit adopted a variation of the Eighth Circuit's test, requiring:

    (1)   an ongoing organization with a decision-making structure;

    (2)   he various members of the organization "function[ing]as a continuing unit"; and

---

*proceeding* Trak Microcomputer Corp. v. Wearne Brothers, Ltd., No. 84-C-7970, 1988 WL 96380 (N.D. Ill. Sept. 14, 1988).

    *Eighth Circuit*: Atlas Pile Driving Co. v. DiCon Finance Co., 886 F.2d 986, 995 n.7 (8th Cir. 1989).

    *Ninth Circuit*: United States v. Blinder, 10 F.3d 1468, 1473 (9th Cir. 1993).

    *District of Columbia Circuit*: United States v. Perholtz, 842 F.2d 343, 352-353 (D.C. Cir. 1988).

    [34] C.A. Westel de Venezuela v. American Telephone & Telegraph Co., No. 90 Civ. 6665, 1994 U.S. Dist. LEXIS 14481, at *13-*15 (S.D.N.Y. Oct. 11, 1994).

    [35] *Id.*

    [36] Hexagon Package Corp. v. Manny Gutterman and Associates, Inc., No. 96 C 4356, 1997 U.S. Dist. LEXIS 8345, at *36 (N.D. Ill. June 6, 1997).

    [37] United States v. Bledsoe, 674 F.2d 647, 665 (8th Cir. 1982). See also, United Healthcare Corp. v. American Trade Insurance Co. Ltd., 88 F.3d 563, 570 (8th Cir. 1996); Saine v. A.L.A., Inc., 582 F. Supp. 1299, 1305 (D. Colo. 1984) (adopting the Eighth Circuit test).

    [38] United States v. Riccobene 709 F.2d 214 (3d Cir. 1983). See also, Boyd v. Florida, 578 So.2d 718, 721-723 (Fla. Dist. Ct. App. 1991) (reversing state RICO convictions by strictly applying the *Riccobene* approach).

(3) a distinct organization, separate from the pattern of racketeering activity, with an existence beyond that necessary to commit the predicate acts.[39]

The Fourth Circuit has largely followed the Third and Eighth Circuit tests, usually finding the existence of an independent enterprise. In 1981, the Fourth Circuit held that the government established an association-in-fact enterprise where the enterprise consisted of a group of independent "bookies" who associated to bribe police, by proving an ongoing bookmaking organization with persons associated for a common purpose and functioning as a continuing unit.[40] The Fifth Circuit has adopted an approach similar to that of the Third Circuit.[41] Similarly, the Seventh Circuit has distinguished the organizational structure and goals of the enterprise from the predicate acts themselves.[42] The Sixth Circuit recognizes that the "enterprise" and "pattern" are separate elements of a RICO claim, but does not require separate proof for each element.[43] Some circuits, notably the Second and Eleventh, have

---

[39] *Riccobene*, 709 F.2d at 223-224. See also: United States v. Console, 13 F.3d 641, 650 (3d Cir. 1993); Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 790 (3d Cir. 1984) (emphasizing that this proof analysis is not to be used in determining the sufficiency of the allegations of the complaint).

[40] United States v. Griffin, 660 F.2d 996, 999 (4th Cir. 1981). See also, United States v. Tillett, 763 F.2d 628, 631 (4th Cir. 1985) (a marijuana smuggling venture constituted an illegitimate association-in-fact enterprise because of its common purpose and the ongoing nature of the enterprise beyond that necessary to commit predicate crimes).

[41] Calcasieu Marine National Bank v. Grant, 943 F.2d 1453, 1461 (5th Cir. 1991) ("An association in fact enterprise (1) must have an existence separate and apart from the pattern of racketeering, (2) must be an ongoing organization and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure."). This represents a departure from earlier Fifth Circuit cases rejecting a structural approach. See, e.g., United States v. Williams, 809 F.2d 1072, 1093-1094 (5th Cir. 1987) (rejecting the Eighth Circuit's "ascertainable structure" and "common goal" requirements).

[42] Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995); United States v. Neapolitan, 791 F.2d 489, 500 (7th Cir. 1986) ("An enterprise must be more than a group of people who get together to commit a 'pattern of racketeering activity.'"). See also, Wardlaw *ex rel.* Owen v. Whitney National Bank, No. 94-2026, 1994 U.S. Dist. LEXIS 15215, at *8 (E.D. La. Oct. 17, 1994).

[43] VanDenBroeck v. Commonpoint Mortgage Co., 210 F.3d 696, 699 (6th Cir. 2000); United States v. Qaoud, 777 F.2d 1105, 1114-1115 (6th Cir. 1985).

rejected the Third, Fourth, and Eighth Circuit tests,[44] whereas others have not formulated a precise test.[45]

After some initial hesitation, most courts now agree that virtually any combination of persons and entities can constitute an association-in-fact as long as it satisfies the applicable test within its circuit. The Seventh Circuit has even held that a sole proprietorship can be an "enterprise" with which the proprietor can be "associated."[46] In a later decision, however, the Seventh Circuit held that when an entity is an individual who conducts his own affairs through a pattern of racketeering, there is no enterprise and no valid Subsection 1962(c) claim.[47] Addressing the same issue, the First Circuit rejected an individual defendant's allegation that he was legally indistinguishable from the alleged enterprise consisting of two businesses that he owned.[48] The

---

[44] See:

*Second Circuit:* United States v. Ferguson, 758 F.2d 843, 853 (2d Cir. 1985) (allowing RICO action where enterprise and predicate acts were essentially the same); United States v. Mazzei, 700 F.2d 85, 89 (2d Cir. 1983) (proof of an enterprise and a pattern of racketeering activity need not be distinct and independent); Hansel 'n Gretel Brand, Inc. v. Savitsky, No. 94 Civ. 4027, 1997 U.S. Dist. LEXIS 13324, at *7-*10 (S.D.N.Y. Sept. 3, 1997) (proof of an enterprise need not be distinct from the pattern of racketeering activity so long as the proof offered is sufficient to satisfy both elements); Colony at Holbrook, Inc. v. Strata, G.C., Inc., 928 F. Supp. 1224, 1235-1236 (E.D.N.Y. 1996) (rejecting the view that an enterprise encompasses only an association with an ascertainable structure having an existence apart from the commission of the predicate acts constituting the racketeering activity).

*Eleventh Circuit:* United States v. Weinstein, 762 F.2d 1522, 1537 n.13 (11th Cir. 1985), *modified* 778 F.2d 673 (11th Cir. 1985) (the definitive factor in determining existence of RICO enterprise is an association of individuals, however loose or informal, furnishing a vehicle for commission of two or more predicate crimes); United States v. Hewes, 729 F.2d 1302, 1310 (11th Cir. 1984) (rejecting defendants' argument that an ascertainable structure distinct from the pattern of racketeering activity is an essential element of a RICO enterprise).

*District of Columbia Circuit:* United States v. Perholtz, 842 F.2d 343, 362-363 (D.C. Cir. 1988) (the organization necessary to comprise an enterprise can be inferred from the pattern of racketeering activity).

[45] The First Circuit in particular has not squarely addressed this question.

[46] McCullough v. Suter, 757 F.2d 142, 144 (7th Cir. 1985). This holding, however, was partly based on the fact that Suter had other employees with whom he could associate and was not just a "one man show." *Id.* See also, Mirman v. Berk & Michaels, P.C., No. 91 Civ. 8606, 1994 U.S. Dist. LEXIS 10771, at *16-*17 (S.D.N.Y. Aug. 3, 1994) (an individual may be both the RICO person and the enterprise if he is merely a part of that enterprise and not its sole member).

[47] Richmond v. Nationwide Cassel, L.P., 52 F.3d 640, 646-647 (7th Cir. 1995).

[48] United States v. London, 66 F.3d 1227, 1244 (1st Cir. 1995).

court found that the government had established an enterprise because one of the entities, although a sole proprietorship, had at least one other employee, and the corporation, of which the defendant was the sole shareholder, had several employees.[49] Essentially, when a close-ly-held corporation or a sole proprietorship employs others, an association-in-fact may be found to exist.[50]

The various circuit tests described above that are used to distinguish a genuine enterprise from a mere conspiracy in the context of an association-in-fact enterprise are not always easy to apply. In practice, the determination of whether an association-in-fact enterprise has been adequately alleged often turns on the court's view of whether the Supreme Court's 1984 *Copperweld* doctrine—that a corporation cannot conspire with its own employees or subsidiaries[51]—applies in the RICO context. Most courts addressing this issue in the context of RICO hold that a defendant employer and its employees do not constitute an association-in-fact when the employees' alleged racketeering activities consist of the conduct of their regular course of business.[52]

---

[49] *Id.*

[50] See, e.g.:

First Circuit: United States v. London, 66 F.3d 1227, 1244 (1st Cir. 1995).

*Sixth Circuit:* United States v. Blandford, 33 F.3d 685, 703 (6th Cir. 1994) (the office of a state legislator could be an association-in-fact enterprise); Fleischhauer v. Feltner, 879 F.2d 1290, 1297 (6th Cir. 1989) (the sole shareholder of a corporation is distinct from the corporation).

*Seventh Circuit:* Ashland Oil Co. v. Arnett, 875 F.2d 1271, 1280 (7th Cir. 1989) (a close corporation is distinct from its employees).

*Ninth Circuit:* United States v. Feldman, 853 F.2d 648, 655-656 (9th Cir. 1988) (allowing an enterprise consisting of two individuals and seven corporations).

But see, Guidry v. Bank of LaPlace, 954 F.2d 278, 283 (5th Cir. 1992) (sole proprietor not distinct from the proprietorship itself because the proprietorship had no employees).

[51] Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 777, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984).

[52] See, e.g.:

First Circuit: Odishelidze v. Aetna Life & Casualty Co., 853 F.2d 21, 23-24 (1st Cir. 1988).

*Second Circuit:* Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A., 30 F.3d 339, 344 (2d. Cir. 1994); Lorentzen v. Curtis, 18 F. Supp.2d 322, 331 (S.D.N.Y. 1998).

*Third Circuit:* Brittingham v. Mobil Corp., 943 F.2d 297, 301-302 (3d Cir. 1991) (a corporate defendant and its agents do not constitute an association-in-fact unless the corporation took a "distinct role" in the wrongdoing); United National Insurance Co. v. Equipment Insurance Managers, Nos. 95-0116, 95-2892, 1995 U.S. Dist. LEXIS 15868, at *18-*19 (E.D. Pa. Oct. 27, 1995) (dismissing a conspiracy claim because employees of a corporation acting in the course and scope of their employment cannot conspire with each other unless they are acting in pursuit of their own ends).

*Fourth Circuit:* NCNB National Bank v. Tiller, 814 F.2d 931, 936 (4th Cir. 1987).

*Fifth Circuit:* Old Time Enterprises, Inc. v. International Coffee Corp., 862 F.2d 1213, 1217 (5th Cir. 1989).

Similarly, some courts have rejected efforts to allege an association-in-fact enterprise solely comprised of a defendant employer and its outside agents.[53] In addition, some courts have concluded that the relationship between a corporation and its unincorporated divisions and offices, or wholly owned subsidiaries, is not an association-in-fact.[54] In addressing this issue, at least one court looked to whether the parent and its subsidiary were distinct when the alleged RICO violations occurred, rather than looking at the corporation's structure

---

*Seventh Circuit:* Emery v. American General Finance, Inc. 134 F.3d 1321, 1325 (7th Cir. 1998) (a corporation cannot be an enterprise distinct from its employees).

*Tenth Circuit:* Board of County Commissioners v. Liberty Group, 965 F.2d 879, 885 (10th Cir. 1992).

*District of Columbia Circuit:* Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639, 883 F.2d 132, 139-141 (D.C. Cir. 1989) (alleged association-in-fact of union local and agent not distinct from union).

[53] See, e.g., Brittingham v. Mobil Corp., 943 F.2d 297, 301 (3d Cir. 1991); *Yellow Bus Lines, Inc.,* N. 52 *supra,* 883 F.2d at 139-141 (refusing to recognize enterprise consisting of the defendant union, its business agent, and trustee), *adopted on reh'g* 913 F.2d 948, 951 (D.C. Cir. 1990) (*en banc*). But see, Gassner v. Stotler and Co., 671 F. Supp. 1187, 1191-1192 (N.D. Ill. 1987).

[54] See, e.g.:

First Circuit: Odishelidze v. Aetna Life & Casualty Co., 853 F.2d 21, 23-24 (1st Cir. 1988) (an insurance company and its subsidiaries and employees are not an association-in-fact).

*Second Circuit:* Black Radio Network, Inc. v. NYNEX Corp., 44 F. Supp.2d 565, 580-581 (S.D.N.Y. 1999) (corporate affiliates and their employees, by themselves, cannot constitute a RICO enterprise); Rush v. Oppenheimer & Co., 628 F. Supp. 1188, 1194-1198 (S.D.N.Y. 1985) (branch office not distinct from corporation).

*Third Circuit:* Brittingham v. Mobil Corp., 943 F.2d 297, 301 (3d Cir. 1991) (corporation and wholly owned subsidiary were not an association-in-fact); Medcalf v. PaineWebber Inc., 886 F. Supp. 503, 511-515 (W.D. Pa. 1995) (PaineWebber was not distinct from its subsidiaries, related corporations, agents, and affiliates).

*Fourth Circuit:* NCNB National Bank v. Tiller, 814 F.2d 931, 936 (4th Cir. 1987) (wholly owned subsidiary and corporation did not constitute an association-in-fact), *overruled on other grounds by* Busby v. Crown Supply, Inc., 896 F.2d 833, 840-842 (4th Cir. 1990) (*en banc*).

*Fifth Circuit:* Atkinson v. Anadardo Bank & Trust Co., 808 F.2d 438, 440-441 (5th Cir. 1987) (bank, its holding company, and employees insufficient to form an association-in-fact).

*Seventh Circuit:* Emery v. American General Finance, Inc., 134 F.3d 1321, 1324 (7th Cir. 1998) (plaintiff must show that defendant firm used its agents or affiliates to conduct a pattern of racketeering activity, rather than simply showing that the firm had agents or affiliates); Miller v. Chevy Chase Bank, No. 97 C 4494, 1998 U.S. Dist. LEXIS 3651, at *7-*8 (N.D. Ill. Mar. 24, 1998) (parent and subsidiary constituted an enterprise); Chamberlain Manufacturing Corp. v. Maremont Corp., 919 F. Supp. 1150, 1157 (N.D. Ill. 1996) (parent and subsidiary must be meaningfully distinct in order for plaintiff to allege an enterprise consisting of parent and subsidiary); Richards v. Combined Insurance Company of America, No. 93 C 3541, 1993 U.S. Dist. LEXIS 17883, at *5-*6 (N.D. Ill. Dec. 15, 1993) (parent and its subsidiary distinct for purposes of the enterprise test).

during the litigation.[55] The court concluded that where there was an integrated operational relationship at the time the alleged violations occurred,[56] the corporation and its subsidiary are not distinct.[57]

The Seventh Circuit rejected a claim in which the plaintiff alleged an enterprise consisting of Chrysler Corporation, its subsidiaries, its dealers, and certain trusts controlled by Chrysler that sold retail installment contracts, noting that it had previously held that an employer and its employees together cannot, without more, constitute an illegal enterprise.[58] The court observed that in a typical RICO case, "a person bent on criminal activity seizes control of a previously legitimate firm and uses the firm's resources, contacts, [and] facilities . . . to perpetrate criminal acts. . . ."[59] A slight variation on this fact pattern is where the defendant "uses the acquired enterprise to engage in some criminal activities but [is largely] content to allow [the enterprise] to continue to conduct its normal, lawful business. . . ."[60]

In yet another variation on this theme, the defendant seizes control of a subsidiary of a corporation and turns the subsidiary into a criminal enterprise that successfully wrests control from or exerts influence over the parent.[61] The major issue in such a case is whether the subsidiary can be deemed a RICO person.[62] The court found no support for applying RICO to a free—standing corporation such as Chrysler merely because Chrysler does business through agents as virtually every manufacturer does, reasoning that if Chrysler were even larger and had no agents, but only employees it could not be made liable for warranty fraud under RICO."[63]

The court found it irrelevant for purposes of RICO "that Chrysler sells its products to the consumer through franchised dealers rather than through dealerships that it owns."[64] Finally, the court concluded that ordinary interaction between a reputable manufacturer and its various agents are insufficient to constitute a RICO enterprise.[65]

There is, however, a minority view. In particular, the Ninth Circuit has held that a corporation can engage in a RICO conspiracy with its own officers and representatives and that Subsection 1962(d) applies

---

[55] Fogie v. Thorn Americas, Inc., 190 F.3d 889, 896-898 (8th Cir. 1999); Deane v. Weyerhaeuser Mortgage Co., 967 F. Supp. 30, 33-34 (D. Mass. 1997).

[56] Id., 967 F. Supp. at 34-35.

[57] Id.

[58] Fitzgerald v. Chrysler Corp., 116 F.3d 225, 226 (7th Cir. 1997).

[59] Id., 116 F.3d at 227.

[60] Id.

[61] Id.

[62] Id.

[63] Id.

[64] Id.

[65] Id., 116 F.3d at 228.

to intra-corporate conspiracies.[66] Although this is not a decision on "enterprise" *per se*, in practical terms the concepts of "enterprise" and "pattern" tend to merge in courts that impose RICO liability for intra-corporate conspiracies, because proof of one necessarily provides proof of the other. In these courts, RICO has effectively become just a very broad conspiracy statute.

### [3]—Separation of Enterprise and Defendant

As explained below, a "person" commits a RICO violation by using a pattern of racketeering activity, or the proceeds thereof, to impact an enterprise in any of three prohibited ways.[67] One of those ways, however, applies only to a person *"employed by or associated with any enterprise"* and makes it unlawful for such a person "to conduct or participate in the conduct of such enterprise's affairs through a pattern of racketeering activity."[68] As earlier discussed,[69] courts have construed this language to mean that, in a RICO claim based on Subsection 1962(c), the same individual or entity may not be both the liable "person" (the defendant) and the enterprise (the "victim") because it makes little sense to speak of a person being "employed by" himself or victimizing himself. In *Haroco, Inc. v. American National Bank & Trust Co.*[70] the Seventh Circuit enunciated the majority view, holding that Subsection 1962(c) requires the liable person and the enterprise to be separate entities.[71] By requiring plaintiffs

---

[66] Webster v. Omnitrition International, Inc., 79 F.3d 776, 787 (9th Cir. 1996). See also, Ashland Oil, Inc. v. Arnett, 875 F.2d 1271, 1280-1281 (7th Cir. 1989).

[67] See § 1.06 *infra*.

[68] 18 U.S.C. § 1962(c). (Emphasis added.)

[69] See §1.03 *supra*.

[70] Haroco, Inc. v. American National Bank & Trust Co., 747 F.2d 384 (7th Cir. 1984).

[71] *Id.*, 747 F.2d at 400. See also:

*First Circuit:* Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996).

*Second Circuit:* United States v. Gelb, 881 F.2d 1155, 1164 (2d Cir. 1989).

*Third Circuit:* Brittingham v. Mobil Corp., 943 F.2d 297, 300-303 (3d Cir. 1991). But see, Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., 46 F.3d 258, 268 (3d Cir. 1995) (allowing plaintiff to allege enterprise consisting of corporation and its officers and employees who manage the corporation through a pattern of racketeering activity).

*Fourth Circuit:* Palmetto State Medical Center, Inc. v. Operation Lifeline, 117 F.3d 142, 148 (4th Cir. 1997).

*Fifth Circuit:* Guidry v. Bank of LaPlace, 954 F.2d 278, 283 (5th Cir. 1992).

*Sixth Circuit:* Davis v. Mutual Life Insurance Company of New York, 6 F.3d 367, 378 (6th Cir. 1993).

*Eighth Circuit:* Atlas Pile Driving Co. v. DiCon Finance Co., 886 F.2d 986, 995 (8th Cir. 1989). *Cf.* United States v. Fairchild, 189 F.3d 769, 776-777 (8th Cir. 1999) (allowing indictment charging defendant as both a person and part of an enterprise).

*Ninth Circuit:* Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1533 (9th Cir. 1992).