# Civil RICO
## A Definitive Guide

## Second Edition

Gregory P. Joseph


Section of Litigation


Defending Liberty
Pursuing Justice

than an ad hoc, basis"); *Town of Kearny v. Hudson Meadows Urban Renewal Corp.*, 829 F.2d 1263 (3d Cir. 1987) (affirming trial court conclusion that "enterprise" requirement satisfied where "the enterprise had a structure for decisionmaking"); *United States v. Tillett*, 763 F.2d 628 (4th Cir. 1985) (focusing on "the operational structure . . . within the group, within which the various associates operated according to their specific function . . . financiers, organizers and associates"); *United States v. Padgett*, 1996 U.S. App. LEXIS 4209 (4th Cir. Mar. 1, 1996) (unpublished opinion) ("The enterprise can be formal or informal, and embody the concepts of continuity, unity, shared purpose and an identifiable structure"); *Calcasieu Marine Nat'l Bank v. Grant*, 943 F.2d 1453 (5th Cir. 1991) (requiring that a RICO associated-in-fact enterprise "be shown to have continuity" and "incorporat[ing] this notion of continuity into our definition of such enterprises. An association-in-fact enterprise (1) must have an existence separate and apart from the pattern of racketeering, (2) must be an ongoing organization, and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision-making structure"); *Shaffer v. Williams*, 794 F.2d 1030 (5th Cir. 1986) ("A RICO enterprise must have an ongoing organization, with associates functioning as a continuing unit. An 'ongoing organization' is shown by the existence of a decision-making structure, whether hierarchical or consensual. The RICO enterprise must have a common or shared purpose and continuity of structure and personnel" (citations omitted)); *Bonner v. Henderson*, 147 F.3d 457 (5th Cir. 1998) ("An association-in-fact consists of personnel who share a common purpose and collectively form a decision-making structure"); *United States v. Rogers*, 89 F.3d 1326 (7th Cir.), *cert. denied*, 519 U.S. 999 (1996) ("The hallmark of an enterprise is 'structure.' It includes informal organizations such as criminal gangs, and 'there must be some structure, to distinguish an enterprise from a mere conspiracy, but there need not be much'") (citations omitted); *Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996) ("a RICO enterprise must have an ascertainable structure separate and apart from the structure inherent in the conduct of the pattern of racketeering activity"); *United States v. Sanders*, 928 F.2d .940, 944 (10th Cir.), *cert. denied*, 502 U.S. 845 (1991) ("For purposes of this appeal, we will employ the Third Circuit Court of Appeal's elaboration of a framework for analyzing the existence of an enterprise as stated in *Riccobene*").

The Second, Eleventh, and District of Columbia Circuits have rejected any independent structure requirement, although that may be a bit misleading since they are still guided by the precepts of the Supreme Court's decision in *United States v. Turkette*, 452 U.S. 576 (1981), as discussed below. *See, e.g., United States v. Bagaric*, 706 F.2d 42 (2d Cir.), *cert. denied*, 464 U.S. 840 (1983) ("a

group of individuals may join together and therefore be 'associated in fact' . . . although not a legally cognizable entity in one of the traditional forms . . . solely for the purpose of conducting their activities. That is, it is logical to characterize any associative group in terms of what it *does*, rather than by abstract analysis of its structure"); *United States v. Coonan*, 938 F.2d 1553 (2d Cir. 1991), *cert. denied*, 503 U.S. 941 (1992) (same); *United States v. Indelicato*, 865 F.2d 1370 (2d Cir.), *cert. denied*, 491 U.S. 907 (1989) (stressing "that the concepts of relatedness and continuity are attributes of activity [i.e., of a RICO pattern], not of a RICO enterprise"); *United States v. Weinstein*, 762 F.2d 1522 (11th Cir. 1985), *cert. denied*, 475 U.S. 1110 (1986) (expressly rejecting any requirement that "a RICO enterprise must possess an 'ascertainable structure' distinct from the associations necessary to conduct the pattern of racketeering activity"); *United States v. Perholtz*, 842 F.2d 343 (D.C. Cir.), *cert. denied*, 488 U.S. 821 (1988) (rejecting structure requirement and requiring only "pro[of] that the associates are bound together by some form of organization so that they function as a unit"); *but see United States v. Richardson*, 167 F.3d 621 (D.C.Cir. 1999) ("a RICO enterprise may be 'any union or group of individuals associated in fact although not a legal entity,' so long as it involves 'some structure, to distinguish an enterprise from a mere conspiracy'") (citation omitted); *United States v. Hoyle*, 122 F.3d 48 (D.C.Cir. 1997) ("we do not believe that the government must show, under [21 U.S.C. § 848], the structure of a continuing organization equivalent to a RICO 'enterprise'").

Yet other courts have either not confronted or not yet consistently resolved the issue. *See, e.g., United States v. Owens*, 167 F.3d 739 (1st Cir. 1999). *See generally* Note, *The Enterprise Requirement: Getting to the Heart of Civil RICO*, 1988 Wis. L. Rev. 663; Note, *Functions of the RICO Enterprise Concept*, 64 Notre Dame L. Rev. 646 (1989); Annotation, 52 A.L.R. Fed. 818 (Supp. 1999).

This disparity of opinion is substantive in the sense that courts rejecting the "structure" requirement believe that they are verbalizing a looser standard than those that adhere to it, and ultimately this linguistic conflict may warrant Supreme Court clarification. However, the degree of divergence between these views should not be overstated. Whether or not a "structure" exists is a matter of characterization; it is the product of a court's application of a metaphysical construct to a given set of facts. Since "structure" means somewhat different things even among those circuits adhering to a "structure" analysis, it is conceivable that courts applying distinct variants of the "structure" analysis could come to diverse conclusions on substantially the same set of facts. At the same time, depending on the judges and the facts,