

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

October 25, 2005

BY FACSIMILE
Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/05
```

Re:    World Wrestling Entertainment, Inc. v. JAKKS
       Pacific, Inc., et al., 1:04-CV-08223-KMK

Dear Judge Karas:

We are in receipt of WWE's two letters to the Court yesterday afternoon. Read together, or separately, we can only describe WWE's positions as pure temerity. In one breath, Mr. McDevitt seeks to submit a "sur-reply" to the Sherman Act dismissal motion, even though our reply admittedly contains no "new arguments," while, in another breath, he simultaneously objects to the JAKKS Defendants' request to submit a short response to WWE's RICO Enterprise Sur-Reply to address WWE's intentional violations of Second Circuit Rule 0.23 and other new arguments that Mr. McDevitt depicts as "controlling" authority. And, while offering no defense to his misconduct, Mr. McDevitt actually suggests -- as if Turkette and First Capital did not exist -- that we should have withdrawn our enterprise argument, which is based on these unassailable controlling authorities.

WWE's first letter requests another 10-page sur-reply brief, this time in response to the JAKKS Defendants' 15-page reply brief in support of their motion to dismiss WWE's Sherman Antitrust Claim. (WWE 10/24/05 Sherman Act Letter.) Even though the sole basis upon which WWE purportedly reserved its supposed "right" to request a sur-reply on the Sherman Act claims was if "Defendants attempt[ed] to raise new issues or make new arguments in their reply briefs," (see WWE 10/17/05 Letter) -- the same reason WWE pretextually claimed a right to its RICO Sur-Reply -- WWE does not even pretend that a sur-reply is warranted to address new arguments. WWE concedes, as it must, that it was the JAKKS Defendants' moving brief that established the legal principle that joint bids are not bid-rigging susceptible to per se treatment, but contends that a sur-reply is appropriate because this basic, universally-accepted rule only "received a three paragraph treatment near the end of [the JAKKS Defendants'] opening brief." (WWE 10/24/05

Honorable Kenneth M. Karas
United States District Judge
October 25, 2005
page 2

Sherman Act Letter.)  Of course, WWE does not and cannot possibly argue that such placement in any way impeded WWE from marshaling whatever legal authorities it had in its quiver to contest this (albeit incontestable) principle.  As we previously explained, we are loath to oppose any submission that could be informative to the Court (see JAKKS 10/17/05 Letter); however, we were fooled once when WWE exploited the opportunity to submit a sur-reply by going well beyond the bounds of proper advocacy -- a tactical decision that is inexplicable to us and still remains unexplained.  Given these circumstances, we respectfully submit that WWE's failure to offer any legitimate reason for yet another WWE sur-reply warrants denial of its request.

WWE's second letter, which is completely unresponsive to the issues raised by our letter dated October 24, 2005, attempts to block illumination of WWE's disregard for the Second Circuit rules, and of the other new matters raised in its sur-reply.  Given the serious nature of the issues raised, we would have fully expected Mr. McDevitt to have addressed them directly, and to have explained, if not defended, his actions.  Nowhere does WWE deny the falsity of its initial premise for its Sur-Reply -- which was purportedly to address "new arguments made by Defendants relating to the enterprise issue." (WWE 10/12/05 letter.)  Nor does WWE deny that its Sur-Reply was a vehicle for its improper citation to the Second Circuit's unpublished not-for-publication decision in Pavlov.[1]

Undaunted by consistency or elemental fairness, WWE objects to the JAKKS Defendants' request for a 10-page response to WWE's Sur-Reply on the RICO Enterprise issue, branding such a response "another diversionary tactic" or "[m]ore collateral litigation."[2] (WWE 10/25/05 RICO

---

[1]   WWE's only reference to the serious rule violation we raised is buried in the middle of its letter where it refers to the fact that a district court judge "has cited to" Pavlov in Feinberg, as if to suggest that by doing so the rule was abrogated and WWE was free to do the same.  Whatever reason the district court may had in Feinberg to depart from the Second Circuit's Rule 0.23 (even in dicta), it certainly does not permit WWE to disregard the Second Circuit's proscription, which remains in full force and effect.  The Second Circuit has emphatically held that a litigant may not cite, much less rely on, its unpublished decisions.  See, e.g., Crocco v. Xerox Corp., 137 F.3d 105, 108 n.4 (2d Cir. 1998); Hanig v. Yorktown Cent. Sch. Dist., 384 F. Supp. 2d 710, 717 n.8 (S.D.N.Y. 2005) (unpublished Second Circuit opinions "may not be cited as precedential authority to this or any other court'" (citation omitted)); Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc., 94 F. Supp. 2d 474, 475 (S.D.N.Y. 2000) (unpublished Second Circuit opinions cannot "be cited or otherwise used in unrelated cases before this or any other court" (quoting 2d Cir. R. 0.23), aff'd, 252 F.3d 218 (2d Cir. 2001).

[2]   Of course, as WWE is well aware, there is nothing "collateral" about our request to

(continued...)

Honorable Kenneth M. Karas
United States District Judge
October 25, 2005
page 3

Enterprise Letter.) As if it can make its improper conduct vanish by ignoring it, WWE proclaims that now that it has spoken the last word in its Sur-Reply, the RICO enterprise issues "have all been fully briefed" and it is "time to address the merits." (Id.)

We respectfully submit that fairness requires that the JAKKS Defendants be given an opportunity to address WWE's improper and misplaced reliance on Pavlov and the other new arguments raised by ambush in WWE's Sur-Reply. We remain prepared to do so by the close of business Friday October, 28, 2005. Given WWE's flagrant abuse of the privilege of sur-reply already accorded it, and its inability to offer any colorable basis whatsoever to further alter the rules of briefing to provide for still another sur-reply, we also respectfully urge that WWE's request for another sur-reply be denied.

Respectfully submitted,

Jonathan J. Lerner

cc:    All Counsel

*As previously noted, the Court finds no need for further briefing. So ordered.*

*10/26/05*

---

[2] (...continued)
submit a response to an improper sur-reply. Indeed, we specifically abjured seeking to proceed with a separate motion to strike to avoid the need for further satellite litigation. In all events, it was WWE's tactical decision to use a sur-reply to debut its improper reliance on Pavlov that necessitated our request to respond. Characteristically, WWE now wants to escape addressing the consequences of its transgressions.