MEMO ENDORSED

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
http://www.skadden.com

DIRECT DIAL
212-735-2550
DIRECT FAX
917-777-2550
EMAIL ADDRESS
JLERNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
─────
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
─────
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

October 24, 2005

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/05

BY FACSIMILE
Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

Re: World Wrestling Entertainment, Inc. v. JAKKS Pacific, Inc., et al., 1:04-CV-08223-KMK

Dear Judge Karas:

We are in receipt of the Sur-Reply brief (the "WWE Sur-Reply"), which WWE filed with Your Honor's permission purportedly to address "new arguments made by Defendants relating to the enterprise issue."[1] (WWE 10/12/05 letter.) We never imagined that WWE's Sur-Reply would be a vehicle for its serious, knowing -- and rampant -- violation of the Second Circuit's rule prohibiting litigants from citing, much less relying on, its unpublished decisions as precedent. See United States Court of Appeals for the Second Circuit, Rules Relating to the Organization of the Court, section 0.23 ("2d Cir. R. 0.23"); see, e.g., Crocco v. Xerox Corp., 137 F.3d 105, 108 n.4 (2d Cir. 1998) (litigant's citation to unpublished summary order was "entirely improper").

Faced with controlling Second Circuit authority in First Capital foreclosing its RICO claim, WWE has abused the extraordinary Sur-Reply opportunity afforded it by Your Honor by audaciously violating 2d Cir. R. 0.23 by heavily relying on the unreported, explicitly not-for-publication or citation decision of the Second Circuit in Pavlov decided in 2002 (two years

---

[1] Even though there were no "new arguments" raised in our Reply, and we believed that the premise of WWE's request for a Sur-Reply was false, because of the possibility it might be informative to the Court we did not object to the submission. (See Letter dated October 14, 2005.) We informed the Court that WWE's avowed basis for seeking permission -- that we had raised new matters in reply -- was false and we expressed concern that it was simply a pretext to enable WWE to "have the last word" despite the ordinary rules of briefing. There now can be no doubt that our concerns were well-founded, as WWE's Sur-Reply is principally directed at JAKKS' Moving Brief and the arguments in JAKKS' reply that "echoed" those in the moving brief -- the antithesis of "new arguments" for which the exceptional opportunity of Sur-Reply was requested by WWE.

Honorable Kenneth M. Karas
United States District Judge
October 24, 2005
page 2

before First Capital), involving an alleged international criminal enterprise including Russian organized crime factions which looted and laundered the assets of several Russian banks. WWE's disregard of 2d Cir. R. 0.23 is by no means inadvertent. WWE acknowledges its awareness that under the Second Circuit's unequivocal prohibition it is "not permitted to cite the actual Second Circuit opinion as precedential authority under the rules of the Second Circuit." (See WWE Sur-Reply at 2 n.3.) But then WWE brazenly proceeds to do precisely that -- in blatant violation of the 2d Cir. R. 0.23. It bears emphasis that we are not dealing with a single isolated citation. Rather, here, the not-for-citation opinion is the very nucleus of WWE's Sur-Reply, cited as precedential on nearly every page -- sometimes more than once. Among the myriad references to Pavlov that permeate WWE's Sur-Reply, WWE repeats that the trial court's decision in Pavlov was "reversed by the Second Circuit in 2002" (WWE Sur-Reply at 2), compares JAKKS' argument to the "losing argument previously presented to the Second Circuit in Pavlov" (id. at 3) and claims that Defendants sought the "benefit of the reversed trial court decision in Pavlov." (Id. at 9.) Indeed, it is hard to imagine what more WWE possibly could have done to tout Pavlov as "precedential."[2] Given WWE's pervasive improper efforts to convert Pavlov into a "precedent" to offset First Capital, we respectfully submit that, among other things, the Sur-Reply should be stricken in its entirety.

In lieu of requesting a pre-motion conference to address Mr. McDevitt's latest strategic decision to use a Sur-Reply to perpetrate a deliberate violation of a rule of this Court -- with the apparent conviction that he would have the "last word" -- we respectfully request leave to file a memorandum of no more than 10 pages, by the close of business Friday, October, 28, 2005, to address WWE's serious rule violation and any other new matters that were raised -- by ambush -- for the first time in WWE's Sur-Reply. We are, of course, willing to proceed in any other manner directed by the Court.

Respectfully submitted,

Jonathan J. Lerner

cc:   All Counsel

SO ORDERED

*The Court sees no need for further briefing on this issue. Therefore, Defendants' application to file another brief is DENIED.*

KENNETH M. KARAS U.S.D.J.
10/25/05

---

[2] No litigant may ethically elect to disregard the Court's rules, any more than they may properly ignore Your Honor's orders. See N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.37 ("In appearing . . . before a tribunal, a lawyer shall not: [i]ntentionally . . . violate any established rule of procedure. . . ."); see also id. (Disciplinary Rule commanding that "[a] lawyer shall not disregard . . . a standing rule of a tribunal"). Therefore, this Court may -- and we respectfully submit should -- enforce the rules governing the professional conduct of the attorneys practicing before it. See United States v. Hammad, 858 F.2d 834, 837 (2d Cir. 1988), reconsideration declined, 902 F.2d 1062, 1063-64 (2d Cir. 1990) ("The federal courts enforce professional responsibility standards pursuant to their general supervisory authority over members of the bar.").