

**Kirkpatrick & Lockhart Nicholson Graham** LLP



MEMO ENDORSED

Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
412.355.6500
Fax 412.355.6501
www.klng.com

October 24, 2005

**VIA FAX**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/05
```

Jerry S. McDevitt
412.355.8608
jmcdevitt@klng.com

Re: World Wrestling Entertainment, Inc. v. JAKKS Pacific, Inc., et al.
1:04-CV-08223-KMK

Dear Judge Karas:

We write to respectfully request leave to file a sur-reply brief of no more than ten pages in response to the reply brief submitted by defendants regarding their attempt to have the Sherman Act claim dismissed. Defendants have now provided 45 pages of argument on a single count which is subject only to notice pleading standards per recent Second Circuit authority. Twombley v. Bell Atlantic Corp., No. 03-9213, 2005 WL 2420523 (2d Cir. 2005) (at pleading phase of Sherman Act claim, Court is to consider only if defendants have fair notice of the claim).

In their reply brief, defendants do not attempt to salvage most of their opening arguments, but instead center all arguments for summary dismissal around the notion that a "disclosed joint bid" is not subject to per se treatment. The "joint bid" argument in their opening brief received a three paragraph treatment near the end of their opening brief. See Jakks opening brief, pp. 23-24. Now, citing sparse additional authorities, defendants argue that "disclosed joint bids" have been immune from per se treatment for over 150 years, and therefore, this Court can dismiss the Sherman Act claim on a motion to dismiss.

We have now demonstrated in our sur-reply brief on the enterprise issue, which defendants have championed for months, that the so-called "ascertainable structure" argument is one foreclosed from argument by controlling Second Circuit authority specifically rejecting that principle. We believe we can once again demonstrate that defendants' position on the Sherman Act claim also is simply not an accurate statement of the controlling legal principles. We respectfully request the opportunity to do so by a sur-reply filed not later than November 1, 2005.

*The Court sees no need for further briefing on this issue.*

Very truly yours,

Jerry S. McDevitt

SO ORDERED

KENNETH M. KARAS U.S.D.J.
10/26/05

JSM/emw
cc: All Counsel of Record

PI-1458979 v1

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON