

**Kirkpatrick & Lockhart Nicholson Graham LLP**

Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
412.355.6500
Fax 412.355.6501
www.klng.com

April 11, 2006

Jerry S. McDevitt
412.355.8608
jmcdevitt@klng.com

**MEMO ENDORSED**

**VIA FEDERAL EXPRESS**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/06

Re:   *World Wrestling Entertainment, Inc. v. JAKKS Pacific, Inc., et al.*
      1:04-CV-08223-KMK

Dear Judge Karas:

We are counsel to Plaintiff World Wrestling Entertainment, Inc. ("WWE"). Today WWE filed a motion for reargument (the "Motion for Reargument") of the Court's dismissal of WWE's Sherman Act claim pursuant to the Court's March 31, 2006 Opinion and Order (the "March 31 Order"). To the extent the Court is not inclined to grant WWE's Motion for Reargument, in accordance with Rule 2A of Your Honor's Chamber Rules, we write to request a pre-motion conference for a motion to direct entry of the dismissal of WWE's Sherman Act claim as a final judgment pursuant to Fed.R.Civ.P. 54(b).

To permit entry of a final, immediately appealable Rule 54(b) judgment under Second Circuit law, there must be "(1) multiple claims or multiple parties; (2) at least one claim . . . must be finally decided within the meaning of 28 U.S.C. § 1291; and (3) the district court must make an express determination that there is no just reason for delay and expressly direct the clerk to enter judgment." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992).

Factors (1) and (2) clearly are satisfied here, as the dismissal of WWE's Sherman Act claim "is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Korwek v. Hunt*, 646 F. Supp. 953, 966 (S.D.N.Y. 1986) (*quoting I.L.T.A., Inc. v. United Airlines, Inc.*, 739 F.2d 82, 84 (2d Cir. 1984)). With regard to Factor (3), there in fact is no just reason for delaying the entry of a final judgment as to this claim because considerations of sound judicial administration and judicial economy tip decidedly in favor of immediate review. *Ginett*, 962 F.2d at 1095-96; *Trugman-Nash, Inc. v. New Zealand Dairy Bd., Milk Products Holdings (North America), Inc.*, 954 F. Supp. 733, 738 (S.D.N.Y. 1997) (granting certification under Rule 54(b) of plaintiffs' antitrust claims).

PI-1554698 v1

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



Honorable Kenneth M. Karas
April 11, 2006
Page 2

    First, the viability of WWE's Sherman Act claim is based on the discrete issue of antitrust injury, which is unrelated to any other claim of WWE's Amended Complaint. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17 (2d Cir. 1997) (finding Rule 54(b) certification appropriate, in part, because "those appeals will present virtually no overlapping issues to the reviewing panels"); *Trugman-Nash*, 954 F. Supp. at 738 (granting Rule 54(b) certification because "[t]he viability of plaintiffs' antitrust claims present issues unrelated" to the remaining claims); *Korwek*, 646 F. Supp. at 966 n.13 ("[T]he distinct legal bases supporting, for example, an antitrust claim on the one hand and a common law fraud claim on the other, make the claims in and out of the case sufficient to warrant Rule 54(b) treatment."). Given the discreteness of the legal issue under which WWE's antitrust claim was dismissed, there essentially is no risk that the Court's disposition of any of the remaining claims could render an appellate decision moot, or that the appellate court would necessarily have to reach the merits of any of the claims not appealed. *Ginett*, 962 F.2d at 1095. Immediate appeal, therefore, is appropriate because the Sherman Act claim is not "inherently or inextricably intertwined" with the remaining claims. *Id.*

    Second, certification under Rule 54(b) should be granted "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Advanced Magnetics*, 106 F.3d at 16; *Grand River Enters. Six Nations, Ltd.*, No. 02 Civ. 5068(JFK), 2004 WL 2480433, at *2 (S.D.N.Y. Nov. 3, 2004), *aff'd* 425 F.3d 158 (2d Cir. 2005) ("Rule 54(b) certification and immediate appeal of the dismissed claims would avoid the need for separate trial in the event of a reversal."); *Trugman-Nash*, 954 F. Supp. at 738 ("And, if plaintiffs' antitrust claims form a proper part of this case, a single trial of all claims is preferable."). It would be highly inefficient if the parties would engage in all trial and pretrial activities with respect to WWE's RICO and fraud-based claims and then, if the Court's dismissal of WWE's Sherman Act claim were reversed on appeal, redo all trial and pretrial activities involving certain of the same underlying evidence on the Sherman Act claim. *Trugman-Nash*, 954 F. Supp. at 738 ("Resolution of the antitrust claims by the court of appeals at this time will also impact upon the proper scope of pretrial discovery, which will be considerably more extensive if the antitrust claims remain in the case."). Particularly given that further motion to dismiss briefing is contemplated under the Court's March 31, 2006 Opinion and Order (page 3 n.1), there would be no delay to the prosecution of the surviving claims by an immediate appeal.

**KL**

Kirkpatrick & Lockhart Nicholson Graham LLP

Honorable Kenneth M. Karas
April 11, 2006
Page 3

     Accordingly, under the factors articulated by the Second Circuit, there is no just reason to delay the appeal of WWE's Sherman Act claim, and we respectfully request that this Court direct the clerk to enter such a final judgment for immediate appeal under Fed.R.Civ.P. 54(b).

                                         Respectfully submitted,

                                         Jerry S. McDevitt

JSM/sm

cc:     All Counsel of Record

The Court will address the Sherman Act issues at the April 26 Conference. In the meantime, the motion for reconsideration will be treated as a pre-motion letter, thus requiring only a letter in response from defendants.

SO ORDERED

KENNETH M. KARAS U.S.D.J.
4/12/06