SKADDEN, ARPS, SLATE, MEAGHER **MEMO ENDORSED**

FOUR TIMES SQUARE

NEW YORK 10036-6522

—

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
212-735-2550
DIRECT FAX
917-777-2550

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 7, 2006

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/17/06

BY HAND
Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

Re:    World Wrestling Entertainment, Inc. v. JAKKS
       Pacific, Inc., et al., 1:04-CV-08223-KMK

Dear Judge Karas:

Pursuant to Rule 2A of Your Honor's Chamber Rules, we write on behalf of our clients JAKKS Pacific, Inc., JAKKS Pacific (H.K.) Limited, Road Champs Limited, Jack Friedman, Stephen Berman and Joel Bennett (collectively, "Defendants") to request a pre-motion conference for a motion, pursuant to 28 U.S.C. § 1292(b), to certify for appeal that portion of the Court's March 31, 2006 Opinion and Order (the "Order") denying Defendants' motion to dismiss WWE's RICO claim for failure to allege a RICO "enterprise."

As this Court noted in the Order (at 16), the panel in First Capital Asset Mgmt. Inc. v. Satinwood, Inc., 385 F.3d 159, 173-75 (2d Cir. 2004), relied on the United States Supreme Court's decision in United States v. Turkette, 452 U.S. 576, 583 (1981), in holding that the "enterprise must be distinct from the pattern of racketeering activity." First Capital, 385 F.3d at 173. First Capital further held that it is "a requirement in this Circuit" that a RICO plaintiff must "detail a[] *course* of fraudulent or illegal conduct *separate and distinct* from the alleged predicate racketeering acts themselves," and explained that existence of a separate enterprise is pled by allegations describing the "'ongoing organization, formal or informal'" and a "'hierarchy, organization and activities'" of the enterprise that shows that its "'members functioned as a unit.'" Id. at 174 (citations omitted; emphasis added). In the Order, the Court agreed that WWE's alleged RICO enterprise did not satisfy these standards: "There is little doubt that if First Capital was the only Second Circuit decision discussing the elements of a RICO enterprise, the Defendants' Motion to Dismiss would be summarily granted." Order at 16.

Honorable Kenneth M. Karas
April 7, 2006
Page 2

      The Court concluded, however, that certain statements in First Capital were "incon-sistent with the holdings of" the decision issued by another panel of the Court of Appeals "two decades ago" in United States v. Mazzei, 700 F.2d 85, 88 (2d Cir. 1983) (Order at 23), which rejected the requirement that "proof" of the two elements of enterprise and pattern of racketeering activity "be distinct and independent, as long as the proof offered is sufficient to satisfy both elements." Id. at 89 (quoted in Order at 17.) Significantly, Your Honor observed that there were a substantial number of decisions by district courts within the Second Circuit adopting the position of First Capital and requiring that the alleged enterprise must exist separately from the predicate acts. See Order at 18-20. At the same time, the Court also noted that the "courts within the Second Circuit . . . are not unanimous, as some have adhered to Mazzei . . ." Id. at 20- 21. Despite the preponderance of recent district court decisions requiring that a separate and district enterprise be pled, the Court concluded that it was "insufficiently clear" that First Capital "should be read to implicitly overrule Mazzei," and therefore held that it was constrained to follow Mazzei and deny Defendants' motion. Order at 26. The Court did not expressly address whether, even if some enter-prises may be no more than the sum of their predicate acts under Mazzei, the Turkette enterprise test requires that the predicate acts in such a case must themselves reflect the requisite form, structure and continuity (like the point-shaving/book-making operation in Mazzei), and if so, whether such structural elements were present in the predicate acts alleged by WWE.

      Defendants respectfully submit that an immediate interlocutory appeal in this case should be certified because it is needed to resolve the clear and present division in this Circuit on the important issue of the appropriate pleading requirements of a RICO enter-prise. The "enterprise" issue is a pure question of law, and its resolution not only could materially advance the ultimate termination of this case by eliminating the last alleged basis for federal subject matter jurisdiction here, but also would have great significance for other RICO litigation in this Circuit by, at minimum, preventing the issuance of additional inconsistent district court decisions.

      As courts in this Circuit have held, 28 U.S.C. § 1292(b) authorizes a district court to certify for appeal an interlocutory ruling not otherwise appealable provided it meets the following requirements: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 23 (2d Cir. 1990); Romea v. Heiberger & Assocs., 988 F. Supp. 715, 716 (S.D.N.Y. 1998) (Kaplan, J.). The precedential impact of the issue to be certified also is a factor that properly may be taken into account. Id.

Honorable Kenneth M. Karas
April 7, 2006
Page 3

Each of these criteria is more than satisfied here. First, the question of whether a plaintiff must plead an enterprise apart from the predicate acts is a controlling question of law because, if resolved in favor of Defendants, the ruling would dispose of all federal claims pending against them. Where, as here, reversal on appeal would "'effectively end plaintiffs' federal claims,'" the issue to be resolved presents a controlling question of law. German v. Fed. Home Loan Mortgage Corp., No. CIV. 6941 NRB, 2000 WL 1006521, at *1 (S.D.N.Y. July 19, 2000) (citation omitted). Second, where, as here, a clear conflict exists among the courts having considered the issue, a substantial ground for difference of opinion is established. See Romea, 988 F. Supp. at 716. The Order recognizes the conflict between First Capital and Mazzei and their respective progeny, and the fact that different courts within the Circuit are issuing inconsistent rulings. Third, "[t]he requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." 16 Charles Alan Wright et al., Federal Practice and Procedure § 3930 (2d ed. 1996). This requirement is satisfied where, as here, an appeal from an interlocutory order may result in dismissal of federal claims, thereby reducing discovery and corresponding district court time. See Chan v. City of New York, 803 F. Supp. 710, 733-34 (S.D.N.Y. 1992), aff'd, 1 F.3d 96 (2d Cir. 1993). Finally, there can be no real dispute that the pleading issue surrounding the "enterprise" requirement involves "a question of broad applicability that is of considerable importance to the bench and bar." Romea, 988 F. Supp at 717. The general significance of the issue "strongly underscores [the] conclusion that [the issue is] appropriate for interlocutory review." Id. See Klinghoffer, supra, at 23 (leave to appeal granted in part because the "determination was likely to have precedential value for a large number of other suits").

For all these reasons, we respectfully submit that this Court should certify the following related issues for review by the Court of Appeals pursuant to 28 U.S.C. § 1292(b): (1) whether a RICO enterprise may be defined solely by the alleged predicate acts; and (2) if so, whether, to constitute a cognizable RICO enterprise, the predicate acts must themselves reflect sufficient indices of form, structure and continuity, and, if so, whether the predicate acts alleged in this case satisfy this standard. Defendants respectfully request that this Court grant their request for a pre-motion conference to permit a motion pursuant to 28 U.S.C. § 1292(b), or alternatively, that the Court sua sponte certify the foregoing issues.

Respectfully submitted,

*The Court will take up the question of certifying the RICO enterprise issue at the April 26 conference.*

cc:    All counsel (via email)

Jonathan J. Lerner

SO ORDERED

KENNETH M. KARAS U.S.D.J.
4/12/06