UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

WORLD WRESTLING ENTERTAINMENT, INC.,

                                    Plaintiff,

        -against-

JAKKS PACIFIC, INC., et al.

                                 Defendants.
----------------------------------------------------------------x

No. 04-CV-8223 (KMK)
Hon. Kenneth M. Karas

ECF Case

**MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THE MOTION OF DEFENDANTS STANLEY
SHENKER AND STANLEY SHENKER AND ASSOCIATES, INC.
TO DISMISS PLAINTIFF'S CLAIM UNDER THE RICO ACT**

LAW OFFICES OF MICHAEL A. FREEMAN

24 West 40th Street, 17th Floor
New York, New York  10018
(646) 366-0881

Counsel for Defendants Stanley Shenker and
Stanley Shenker and Associates, Inc.

Defendants Stanley Shenker and Stanley Shenker and Associates, Inc. (collectively, the "Shenker Defendants") submit this brief in further support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts I and II of plaintiff's amended complaint, which assert claims under sections 1962(c) and (d) of the RICO Act, respectively.

The Shenker Defendants hereby adopt and incorporate by reference the legal arguments contained in the Shenker Defendants' Memorandum of Law In Support Of Their Motion To Dismiss Or Stay This Action, dated February 25, 2005, to the extent those arguments have not already been ruled upon by this Court. In addition, to the extent applicable to them, the Shenker Defendants adopt and incorporate by reference the legal arguments contained in the memoranda of law submitted by the Jakks Defendants and the THQ Defendants, dated June 2, 2006, which also seek dismissal of the RICO claims asserted by plaintiff.

The Shenker Defendants write separately only with respect to one point made by the Jakks Defendants not applicable to the Shenker Defendants that concerns the alleged perjury by the Shenker Defendants in the Connecticut state court action. In an attempt to artificially stretch the "back-end" of the alleged RICO scheme to meet the requirement of continuity, plaintiff alleges that the Shenker Defendants perjured themselves in the Connecticut action as a means of concealing their wrongdoing. (Amended Complaint ¶¶ 194-223.) The Shenker Defendants join in the argument by the Jakks Defendants that "efforts by a defendant to cover up the underlying conduct are inadequate to satisfy the continuity requirement of the RICO statute." Jakks' Memo of Law at Point I.A.3, citing Ray Larsen Assocs., Inc. v. Nikko Am., Inc., No 89 Civ. 2809, 1996 WL 442799 at *6-7 (S.D.N.Y. 1996). The Jakks Defendants further argue that even if the conduct of the Shenker Defendants in the Connecticut litigation could be considered part of the purported pattern, those acts cannot be attributed to the Jakks Defendants because continuity

must be proven separately as to each defendant.  See Jakks' Memo of Law at Point I.A.3, citing First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 180 (2d Cir. 2004).  While this latter point would not apply to the Shenker Defendants, the allegations of perjury likewise cannot be used against the Shenker Defendants to extend the back-end of the alleged pattern of racketeering activity because "perjury does not constitute a predicate act" under 18 U.S.C. § 1961.  Narumanchi v. Adanti,101 F.3d 108 (Table), 1996 WL 123093 at *1 (2d Cir 1996); accord, Rand v. Anaconda-Ericsson, Inc., 623 F. Supp. 176, 182 (E.D.N.Y. 1985) ("Perjury . . . is not a RICO predicate act"), aff'd, 794 F.2d 843 (2d Cir.), cert. denied, 479 U.S. 987 (1986).

Dated: New York, New York
       June 2, 2006

                      Respectfully submitted,

                      LAW OFFICES OF MICHAEL A. FREEMAN

                      By:   /s/ *Michael A. Freeman*
                           Michael A. Freeman (MAF-9600)
                           24 West 40th Street, 17th Floor
                           New York, New York  10018
                           (646) 366-0881
                           Counsel for the Shenker Defendants