

Slip Copy                                                                                                                         Page 1
Slip Copy, 2005 WL 2387573 (E.D.N.Y.)
**(Cite as: Slip Copy)**

Only the Westlaw citation is currently available.
United States District Court,E.D. New York.
Judy CHEUNG and Beverly Ramsook, Plaintiffs,
v.
NEW YORK PALACE HOTEL, Defendants.
**No. 03-CV-0091 DLI WDW.**

Sept. 28, 2005.

Sima Asad Ali, Law Office of Sima Asad Ali, Hempstead, NY, Robert M. Rosen, Rosen, Leff, Esqs., Hempstead, NY, for Plaintiffs.
Kevin B. Leblang, Llen T. Pomeroy, Robert Neil Holtzman, Kramer Levin Naftalis & Frankel LLP, Robert Steven Whitman, Orrick, Herrington & Sutcliffe, LLP, Dina R. Jansenson, Flemming, Zulack & Williamson, LLP, New York, NY, for Defendants.

*MEMORANDUM & ORDER*
IRIZARRY, J.
**\*1** Plaintiff Beverly Ramsook ("plaintiff" or "Ramsook") brings this action against the New York Palace ("defendant" or "Palace") asserting race based discrimination claims in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHR"); and the New York City Human Rights Law, N.Y.C. Admin. Code New § 8-101 *et seq.* ("NYCHR").

Pursuant to Fed. R. Civ. P. 12(c), defendant moves to dismiss all claims. The Palace argues that Ramsook is barred from asserting the instant claims because she signed a severance agreement specifically releasing any Title VII, NYSHR, and NYCHR claims. Plaintiff responds that the severance agreement is invalid because she did not knowingly and voluntarily release her claims: she signed the severance agreement while under duress, and her signature was fraudulently induced. However, defendant asserts that, even if the severance agreement is found to be voidable, Ramsook ratified the severance agreement by failing to tender back the consideration she received in exchange for the release of her claims. With respect to her state discrimination claims, defendant argues that under basic principles of New York State contract law, the release serves to bar plaintiff's NYSHR and NYCHR claims. Finally, defendant contends that plaintiff has failed to timely exhaust her administrative remedies because she filed her complaint with the Equal Employment Opportunity Commission ("EEOC") one day late and therefore cannot now assert a Title VII claim. For the reasons that follow, defendant's motion is granted.

Background

On September 28, 2001, Ramsook, an African-American woman, was terminated from her position with the Palace after sixteen years of service. (Compl.¶ ¶ 32, 36.) At the time of her termination, she was the Director of Revenue Management and therefore a member of the Executive Committee. (Compl.¶ ¶ 33, 35, 46.) Although the Palace claims to have terminated her because they were eliminating her position, her job duties were transferred to three other individuals. (Compl.¶ 36.) Two of these individuals are white. (Compl.¶ 46.)

After her termination, Ramsook signed a severance agreement ("Agreement") on November 12, 2001. According to its terms, plaintiff agreed to release any and all potential claims against the defendant in exchange for $80,096.15. Under a section entitled "COMPLETE RELEASE," in addition to waiving a variety of general claims, plaintiff specifically agreed to waive Title VII, NYSHR, and NYCHR statutory claims relating to her termination. The Agreement included, *inter alia,* a provision advising plaintiff to "seek the advice of a lawyer."

Three hundred and one days after signing the Agreement, Ramsook filed a charge of discrimination with the Equal Employment Opportunity Commission against the Palace claiming race-based discrimination in the Palace's decision to terminate her employment. (Holtzman Aff. Ex. C.) On January 8, 2003, she commenced the instant action. Defendant now moves to dismiss the complaint.

Discussion

Standard under Fed. R. Civ. P. 12(c)

**\*2** A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is analyzed by the same standard as one made under Fed. R. Civ. P. 12(b)(6).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                    Page 2
Slip Copy, 2005 WL 2387573 (E.D.N.Y.)
**(Cite as: Slip Copy)**

See *Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir.1999). Thus the court accepts as true the allegations set forth in the complaint "and draw[s] all reasonable inferences in favor of the nonmoving party." *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 79 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A complaint need only provide fair notice of the grounds upon which a claim is based. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Moreover, "[t]hese liberal pleading rules apply with particular stringency to complaints of civil rights violations." *Phillip v. Univ. of Rochester,* 316 F.3d 291, 293-294 (2d Cir.2003) (internal citation omitted). However, the court will dismiss the action if plaintiff can prove no set of facts in support of the allegations in the complaint. *See Burnette,* 192 F.3d at 56.

For purposes of this motion, both the severance agreement and the EEOC charge are deemed incorporated by reference. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). All other materials outside of the pleadings are excluded.

Analysis

Plaintiff concedes that she signed an Agreement containing a provision releasing any potential discriminatory termination claims against the Palace. (Compl.¶ 40.) Therefore, the central issue before the court is whether that release is valid.

The validity of a release of Title VII claims is determined by examining the "totality of the circumstances." *See Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 438 (2d Cir.1998) (citing *Bormann v. AT & T Commc's., Inc.,* 875 F.2d 399, 403 (2d Cir.1989), *cert. denied,* 493 U.S. 924, 110 S.Ct. 292, 107 L.Ed.2d 272 (1989)). Relevant factors include the following:
1) the plaintiffs education and business experience, 2) the amount of time the plaintiff had possession of or access to the agreement before signing it, 3) the role of plaintiff in deciding the terms of the agreement, 4) the clarity of the agreement, 5) whether the plaintiff was represented by or consulted with an attorney, and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

*Id.*

Whether a release contained a provision advising an employee to consult an attorney is considered an additional relevant factor. *Id.*

Applying this standard, the court finds that the release in the instant case is valid. In her complaint, Ramsook states that she worked for the Palace for sixteen years rising through the ranks to become a member of the Executive Committee. (Compl.¶ 32.) At the time of her termination, she was the Director of Revenue Management. (Compl.¶ 46.) A finding that Ramsook is an experienced executive thus is warranted. Second, the Agreement is styled as a letter from the Palace to the plaintiff dated October 1, 2001. It is signed by Ramsook and dated November 12, 2001. Based upon these dates, Ramsook appears to have had the Agreement for approximately forty-two days-ample time to consider the release. *See e.g., Cordoba v. Beau Deitl & Assocs.,* No. 02 Civ. 4951, 2003 WL 22902266, at *5 (S.D.N.Y. Dec.8, 2003) (four days to sign and return release is sufficient to make a considered decision). Third, the language of the release is clear and unambiguous:

**\*3** The release matters include, without limitation:
(a) ... discrimination on the basis of sex, age, race, religion, color, national origin, sexual orientation or actual or perceived disability; retaliation; and harassment or hostile work environment;
(b) discrimination or retaliation based on any other ground including, but not limited to those arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § § 2000e et seq.; ... the New York State Human Rights Law, N.Y. Exec. Law § § 290 et seq.; ... the New York City Human Rights Law, N.Y. Admin. Code § § 8-101 et seq.

(Holtzman Aff. Ex. B pp. 3-4.)

Fourth, defendant clearly advised Ramsook to consult an attorney:
In order to receive this Severance Package you will be required to sign and return this Agreement which is a legally binding document and includes a general release. You should review this agreement thoroughly and you are advised to seek the advice of a lawyer.

(Holtzman Aff. Ex. B. p. 3.)

Finally, plaintiff does not dispute that she received consideration for the release. Indeed the release plainly states "[y]ou acknowledge that the Severance Package described in this Agreement provides you with valuable benefits to which you would not otherwise be entitled." *Id.* This factor thus inures to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                Page 3
Slip Copy, 2005 WL 2387573 (E.D.N.Y.)
**(Cite as: Slip Copy)**

the benefit of defendant.

Ramsook's lack of input in negotiating the terms of the Agreement fails to tip the balance in her favor, since the totality of the circumstances suggests that the release of her claims was knowing, voluntary, and therefore valid. *See e.g., Nicholas v. NYNEX., Inc., 929 F.Supp. 727, 731 (S.D.N.Y.1996)* ("Even if we were certain that plaintiff could not have negotiated the terms of the release, we would conclude that plaintiff chose to sign the release knowingly and voluntarily because the other *Bormann* factors overwhelmingly favor defendant").

Plaintiff argues that the release is invalid for two reasons: (1) her signature was fraudulently induced, and (2) she signed the Agreement while under duress.

Her claim of fraudulent inducement is based upon defendant's representation that Ramsook's position was being eliminated due to the events of September 11, 2001. (Compl.¶ 36, 38.) Plaintiff alleges that rather than eliminating her position, the Palace assigned her duties to three other employees, two of whom are white. (Compl.¶ 36.)

To claim fraudulent inducement, plaintiff must allege "misrepresentation, concealment or nondisclosure of a material fact; an intent to deceive; and an injury resulting from justifiable reliance by the aggrieved party." *Aetna Cas. and Surety Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 585 (2d Cir.2005)* (*quoting Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir.1991)*).

Here, plaintiff asserts a misrepresentation where there is none: noticeably absent from her complaint is the assertion that her position still exists. Additionally, Ramsook fails to specify the particulars of the alleged misrepresentation, for example, the who, when, where, and how. "Fed.R.Civ.P. 9(b) requires that fraud claims be pleaded with particularity, and mere general allegations that there was fraud, corruption or conspiracy or characterizations of acts or conduct in these terms are not enough to survive a Rule 12(b)(6) motion." *Allen, 945 F.2d at 44* (quoting *Segal v. Gordon, 467 F.2d 602, 607 (2d Cir.1972)*) (alterations omitted). Plaintiff's efforts to invalidate the release on this ground fails.

**\*4** Plaintiff next argues that she did not sign the Agreement knowingly and voluntarily because she signed it while under duress. (Compl., ¶¶ 40, 42-43.) In her complaint, plaintiff alleges that defendant was aware that "she is a single parent responsible for the support of her 2 children, ages 11 and 13," (Compl.¶ 40), and that she had "no alternative but to sign that agreement if [she] wanted to continue to obtain money to support her family." (Compl.¶ 42.)

A release is rendered voidable for duress when a plaintiff can show that the release was procured by (1) threat(s) "precluding the exercise of free will; (2) under the press of financial circumstances; (3) where circumstances permitted no other alternative." *Nicholas, 929 F.Supp. at 732* (*citing Bormann, 875 F.2d at 403 n. 1; Frumkin v. Int'l Bus. Mach. Corp., 801 F.Supp. 1029, 1043 (S.D.N.Y.1992)*). Although Ramsook fails to allege that defendant made a wrongful threat, and states, in a conclusory manner, that she had no other financial alternative to signing the release, these assertions are enough to cast some doubt on the validity of the release and raise a "viable claim of duress." *Livingston, 141 F.3d at 438* (finding plaintiff's conclusory assertions that he was threatened and forced to sign a release sufficient to raise a "viable claim of duress" allowing his Title VII claims to survive a motion to dismiss).

Defendant argues that even if the release is voidable, plaintiff has ratified the Agreement by her failure to tender back the consideration she received in exchange for the release of her claims. Some courts, applying basic principles of contract law to Title VII cases, require the return of consideration where a plaintiff seeks to rescind a contractual release of those claims. *See Fleming v. United States Postal Service, 27 F.3d 259, 260-261* (7th Cir.1994), *cert. denied,* 506 U.S. 955, 113 S.Ct. 412, 121 L.Ed.2d 336 (1992); *Reid v. IBM Corp., No. 95 Civ. 1755, 1997 WL 357969*, at \*11 (S.D.N.Y. June 26, 1997) (listing cases). In this Circuit, the Court of Appeals, in *Tung v. Texaco, Inc.,* affirmed the district court's dismissal of plaintiff's Title VII claims while explicitly noting plaintiff's failure to tender back the consideration received for executing a release. 150 F.3d 206, 208 (2d Cir.1998). And, as recently as 2004, the Second Circuit adopted this approach in *Brown v. City of S. Burlington, Vt.,* a false claims act case, wherein the court cited *Fleming, supra,* with approval: "In order to avoid a finding of ratification where consideration has been paid, it is essential that the releasor tender back the sum received." 393 F.3d 337, 344 (2d Cir.2004). Thus, the rule requiring the return of consideration before a contractual release may be rescinded is controlling.

In the instant case, it is undisputed that plaintiff has failed to tender back the consideration she received for releasing her claims nor has she made such an

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 4
Slip Copy, 2005 WL 2387573 (E.D.N.Y.)
**(Cite as: Slip Copy)**

offer. Therefore, plaintiff cannot rescind the Agreement and her Title VII claims are consequently barred. Accordingly, Ramsook's Title VII claims are dismissed.

***5** With respect to the remaining state claims, "[i]t is well settled that the totality-of-the-circumstances standard is stricter than the ordinary contract law principles for determining whether a release is knowing and voluntary." *Cordoba,* 2003 WL 22902266, at *6 (*citing Bormann,* 875 F.2d at 403; *Laramee v. Jewish Guild for the Blind,* 72 F.Supp.2d 357, 359 (S.D.N.Y.1999); *Nicholas,* 929 F.Supp. At 730). Given that this court has found Ramsook's Title VII release to be knowing and voluntary and given that she raised no additional arguments concerning its enforceability as to her NYSHRL and NYCHRL claims, those claims are dismissed as well.

In view of the foregoing, there is no need to pass on defendant's contention that plaintiff's complaint is untimely.

Conclusion

Plaintiff's Title VII, NYSHRL, and NYCHRL claims are barred by Ramsook's contractual release of those claims and her subsequent ratification of the Agreement. Accordingly, defendant's motion to dismiss is granted.

E.D.N.Y.,2005.
Cheung v. New York Palace Hotel
Slip Copy, 2005 WL 2387573 (E.D.N.Y.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.