

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1998 WL 960299 (E.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.
Kimberly HOLMES Plaintiff,
v.
THE LONG ISLAND RAILROAD, Michael Goonan, Barbara Nicholes, John Cimperman, A.F. Norrby, Robert E. Carbaugh, Eileen Stocker, and the Metropolitan Transit Authority (MTA) of the State of New York Defendants.
**No. 96 CV 6196(NG).**

Dec. 10, 1998.

MEMORANDUM AND ORDER

GERSHON, J.

**\*1** Plaintiff Kimberly Holmes alleges that she was terminated from her employment with defendant Long Island Railroad ("LIRR") in violation of Title VII of the Civil Rights Act of 1964, § § 701 et seq., 42 U.S.C. § § 2000e et seq., ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., ("ADA"), and 42 U.S.C. § 1983. Plaintiff also asserts a claim for intentional infliction of emotional distress. Defendants now move to dismiss the Second Amended Complaint ("the complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4) & (6). For the reasons set forth below, defendants' motion will be granted in part and denied in part.

FACTS

The complaint alleges the following: On May 21, 1982, the LIRR hired plaintiff Kimberly Holmes as an "Extra Special Service Attendant." (¶ 7).[FN1] On an unspecified date prior to her 1994 termination, plaintiff was promoted to the position of "Trainman-Passenger" or "Assistant Conductor," which was the position she held at the time of her termination. (¶ 7). During her employment with the LIRR, plaintiff was severely injured in several work-related accidents and subjected to unsolicited and inappropriate remarks and sexual advances during a physical examination by defendant Goonan, the physical therapist for the LIRR. (¶ ¶ 8, 11). Plaintiff reported these claims of sexual harassment to defendants Nicholes and Stocker, LIRR officials. (¶ 11). Defendant Nicholes forced plaintiff to return to Goonan for additional examinations. (¶ 12). Although plaintiff was not on duty during 1994, she was placed on active duty, or "in service" for one day so that she could be subjected to a mandatory physical examination, including an urine test. (¶ 13). On or about May 25, 1994, plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") alleging that defendants LIRR and Goonan unlawfully discriminated against her on the basis of her sex. On August 20, 1994, plaintiff was terminated from her employment with the LIRR. (¶ 7). On or about March 14, 1996, plaintiff amended her complaint with the NYSDHR to allege that her employment was terminated on the basis of the prior incidents of sexual harassment. The Equal Employment Opportunity Commission ("EEOC") issued a right to sue letter on September 19, 1996. On December 19, 1996, plaintiff filed the instant action.

> FN1. References to "¶ _" are to paragraphs of the Second Amended Complaint, dated May 5, 1997.

DISCUSSION

"A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When considering a motion to dismiss, the court "must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Gant v. Wallingford Bd. of Education, 69 F.3d 669, 673 (2d Cir.1995) (quoting Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.1994)).

A. Intentional Infliction of Emotional Distress

**\*2** As plaintiff's counsel acknowledged at oral argument, a one-year statute of limitations applies to claims for intentional infliction of emotional distress under New York law. See Chacko v. Dynair Services, Inc., No. 96CV2220, 1998 WL 199866,*3 (E.D.N.Y. March 15, 1998). Plaintiff's claim for intentional infliction of emotional distress is time-barred because

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 960299 (E.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Page 2

plaintiff filed her original complaint more than two years after the incidents giving rise to her claim. Accordingly, plaintiff's intentional infliction of emotional distress claim is dismissed.

### B. Conspiracy Under 42 U.S.C. § 1983

Plaintiff alleges that defendants conspired to deny her civil rights in violation of 42 U.S.C. § 1983. In order to state a claim of conspiracy under 42 U.S.C. § 1983 the complaint must contain more than "mere conclusory allegations." *See Dwares v. City of New York,* 985 F.2d 94, 99 (2d Cir.1993). Indeed, "[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Sommer v. Dixon,* 709 F.2d 173, 174 (2d Cir.1983). Moreover, a private party cannot be sued under Section 1983 for conspiracy unless the complaint "allege[s] facts demonstrating that the private entity acted in concert with the state to commit an unconstitutional act." *Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir.1992). In the present action, plaintiff merely asserts that defendants "did conspire, plan, and purposefully deny the plaintiff civil right to employment." The complaint contains no specific allegations which, if true, would support plaintiff's theory that a conspiracy existed. Thus, plaintiff's conspiracy claim under 42 U.S.C. § 1983 is dismissed.

### C. ADA

It is well-established that "[a] district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *See Butts v. City of New York Dept. of Housing,* 990 F.2d 1397, 1401 (2d Cir.1993) (quoting *Stewart v. I.N.S.* 762 F.2d 193, 198 (2d Cir.1985)). The ADA has the same exhaustion requirement. *See* 42 U.S.C. § 12101 *et seq.* (incorporating the administrative procedures of Title VII for enforcement of claims of employment discrimination under the ADA). Here, plaintiff's ADA claim is not reasonably related to the sexual harassment claim alleged in the EEOC charge. *See, e.g., Gallegos v. New York City Health & Hospital Corp.,* No. 98 Civ. 0435, 1998 WL 726025 (S.D.N.Y. Oct. 14, 1998) (holding that plaintiff's ADA claims were not reasonably related to her claims of sex-based discrimination alleged in her EEOC complaint). Therefore, plaintiff's ADA claim is dismissed.

### D. Title VII

The complaint alleges that "all defendants" subjected plaintiff to sexual harassment or failed to take action to remedy complaints of sexual harassment. (¶ 20). Read liberally, this claim is based on Title VII. Defendants argue that plaintiff's Title VII claim is procedurally barred and that the claim against the individual defendants must be dismissed because there is no individual liability under Title VII.

#### 1. Procedural Bar

**\*3** Title VII provides that "a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved" within 90 days of receipt of a "right to sue" letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The timely receipt of a right to sue letter is a statutory requirement that is subject to waiver, estoppel, or tolling, but "only upon a showing by plaintiff of a sufficient reason for such equitable modification." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392 (1982); *Hladki v. Jeffrey's Consol. Ltd.,* 652 F.Supp. 388, 392 (E.D.N.Y.1987).

Here, plaintiff's counsel originally stated that plaintiff had lost the right to sue letter that she had received from the EEOC. However, after filing this action and after oral argument, plaintiff submitted to the court a right to sue letter from the EEOC dated September 19, 1996. Because it now appears that the statutory prerequisite was satisfied, plaintiff's Title VII claim is not procedurally barred. The complaint will be deemed amended to plead receipt of the right to sue letter.

#### 2. Individual Liability Under Title VII

Individual defendants-even those with supervisory control-may not be held personally liable for alleged violations of Title VII. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir.1995). Accordingly, plaintiff's Title VII claim against the individual defendants is dismissed.

### E. Sexual Harassment Under 42 U.S.C. § 1983

Although it is not clear from the face of the

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 960299 (E.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Page 3

complaint, plaintiff also appears to raise a sexual harassment claim against the MTA and the LIRR pursuant to 42 U.S.C. § 1983. It is well-established that a "plaintiff cannot use § 1983 to gain perceived advantages not available to a Title VII claimant, but a plaintiff can assert a claim under § 1983 *if some other law* than Title VII is the source of the right alleged to have been denied." Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 142 (2d Cir.1993) (citations omitted) (emphasis added); Carrero v. New York City Housing Auth., 890 F.2d 569, 576 (2d Cir.1989). During oral argument, plaintiff's counsel clarified that plaintiff's Section 1983 claim essentially tracks the Title VII claim and acknowledged that he had no authority for bringing a separate Section 1983 action. (10/8/98 Tr. at 14). Because plaintiff's Section 1983 sexual harassment claim is based on Title VII and not "some other law," plaintiff's Section 1983 claim is dismissed.

### F. Release Form

Defendants contend that the complaint should be dismissed against the LIRR because plaintiff released the LIRR with respect to these claims. Because the release form in question is not attached to the complaint as an exhibit or incorporated by reference, its interpretation is not a proper subject for defendants' motion to dismiss. *See Newman & Schwartz v. Asplundh Tree Expert Co.,* 102 F.3d 660, 662 (2d Cir.1996). Thus, defendants' motion to dismiss claims against the LIRR pursuant to the release is denied.

### G. The MTA

**\*4** Plaintiff failed to serve defendant MTA within 120 days, and plaintiff's counsel has offered no excuse for the failure. Fed.R.Civ.P. 4(m). In addition, while the court has construed the complaint liberally to include a Title VII claim against defendant LIRR, which was plaintiff's employer and was named in plaintiff's EEOC charge, it does not read the complaint to include a Title VII claim against the MTA, which was not named in the EEOC charge. *See, e.g., Mann v. Sunshine Biscuit,* No. 97CV8562, 1998 WL 352534 (S.D.N.Y. April 23, 1998). Accordingly, the complaint is dismissed in its entirety as against defendant MTA.

### H. Punitive Damages

Finally, on consent of plaintiff, all claims for punitive damages are dismissed.

### CONCLUSION

The motion to dismiss is GRANTED to the extent that the Second Amended Complaint is dismissed in its entirety as against defendants Goonan, Nicholes, Cimperman, Norrby, Carbaugh, Stocker and the MTA; as against the LIRR, plaintiff's intentional infliction of emotional distress, Section 1983 and ADA claims are dismissed, as is her demand for punitive damages.

The motion to dismiss is DENIED as to plaintiff's Title VII claim against the LIRR, which is the only remaining claim.

E.D.N.Y.,1998.
Holmes v. Long Island R.R.
Not Reported in F.Supp., 1998 WL 960299 (E.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:96cv06196 (Docket) (Dec. 19, 1996)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.