

Not Reported in F.Supp.2d  Page 1
Not Reported in F.Supp.2d, 2004 WL 1392372 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Howard LEVINE, Plaintiff,
v.
COLUMBIA LABORATORIES, INC., Defendant.
**No. 03 Civ. 8943(LAK).**

June 22, 2004.

ORDER

KAPLAN, J.
*1 This matter is before the Court on defendant's motion to dismiss Count III of the complaint, which asserts a claim for breach of a letter agreement dated March 4, 1993.

The motion to dismiss Count III is based on a release contained in plaintiff's Separation and Consulting Agreement, dated February 14, 2003, which Columbia alleges bars Count III because the claim there asserted arose prior to the date of the release. Plaintiff rejoins that the release was procured by fraud. Columbia answers that the complaint fails to allege fraud in the inducement of the release.

The fundamental difficulty here is that the release is not referred to in the complaint. Columbia is seeking to invoke the release, an affirmative defense, in a motion to dismiss. While an affirmative defense properly may be raised by a motion to dismiss, that is so only where the defense appears on the face of the pleading and the documents incorporated therein. That is not the case here. Although the complaint contains a passing reference to the Separation and Consulting Agreement, it would be inappropriate to regard it as incorporating that document by reference.

In the circumstances, the appropriate course is to deny the motion to dismiss, saving to defendant the ability to raise the release as a defense on a motion for summary judgment or at trial. Motion denied.

SO ORDERED.

S.D.N.Y.,2004.
Levine v. Columbia Laboratories, Inc.
Not Reported in F.Supp.2d, 2004 WL 1392372

(S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:03cv08943 (Docket) (Nov. 12, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.