

Not Reported in F.Supp.  
Not Reported in F.Supp., 1986 WL 9688 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

H

Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
WING HING (TANG) FABRICS
MANUFACTURING CO., LTD., Plaintiff,
v.
RAFAELLA SPORTSWEAR, INC., Defendant.
**No. 84 Civ. 9024 (JFK).**

Aug. 26, 1986.

Carmela Ackman, New York, for the Plaintiff:
Harold W. Grubart, New York, for the Devendant:

JOHN F. KEENAN, U.S.D.J.:

**\*1** Plaintiff brings this action to recover monies allegedly owed to it for the sale of 30,000 yards of fabric to defendant. Before the Court is plaintiff's motion for an order pursuant to Fed.R.Civ.P. 56 granting summary judgment in its favor. Finding that plaintiff has failed to meet its burden, the Court denies the motion.

*Background*

On October 28, 1983, defendant Rafaella Sportswear, Inc. ("Rafaella") contracted to purchase from plaintiff Wing Hing (Tang) Fabric Manufacturing Co., Ltd. ("Wing Hing") approximately 55,000 yards of fabric for the price of $67,032.29. Rule 3(g) Statement of Wing Hing para. 1; Affidavit of Elie Hadad, Vice President of Rafaella ("Hadad Affidavit") para. 2. Payment under the contract was guaranteed by irrevocable letter of credit established at Bankers Trust Co., to be payed through a correspondent bank, the Hong Kong & Shanghai Banking Corp. Rule 3(g) Statement of Wing Hing para. 3; Hadad Affidavit para. 2-3.

Wing Hing delivered a first installment of 25,000 yards of fabric and was paid $30,486.11 by Rafaella. Hadad Affidavit para. 2. Wing Hing then purportedly delivered the remainder of the goods on January 26, 1984. Rule 3(g) Statement of Wing Hing para. 7. Payment under the letter of credit was denied, however, on the instructions of Rafaella, due to late shipment, late presentation of documents to the bank and the presentation to the bank of a photocopy of an inspection certificate instead of the original. *Id.* para. 8. Wing Hing has never received payment for the second shipment of fabric.

Wing Hing asserts that the contract of sale provided 14 days leeway at either end of the delivery period. Rule 3(g) Statement of Wing Hing para. 2. Accordingly, Wing Hing contends, delivery to Horizon Associates Ltd. (a Hong Kong entity alleged to be Rafaella's agent for receipt of the fabric) as evidenced by an inspection certificate dated January 26, 1984, and a forwarder cargo receipt dated January 27, 1984, satisfied the requirements of the contract, provisions in the letter of credit to the contrary notwithstanding, and entitled Wing Hing to payment. *See id.* para. 7. Photocopies of these documents and of the purported contract are annexed to an affidavit of counsel submitted in support of the motion. *See* Affidavit of Carmela Ackman and Exhibits thereto.

Rafaella asserts that delivery was late, although it fails to distinguish the terms of the letter of credit from those of the contract, and that timely delivery was essential to the agreement. *See* Hadad Affidavit para. 3-5. Moreover, Rafaella asserts, Horizon Associates Ltd. was not authorized to accept the goods on its behalf, but was merely a "drop-off place." *Id.*

*Discussion*

Under Rule 56, summary judgment should be granted in favor of a movant "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The movant "bears the initial responsibility of informing the district court of the basis of its motion, and identifying those [materials] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* No. 85-198, 54 U.S.L.W. 4775, 4777 (U.S. June 25, 1986). Thereafter, the burden of coming forward with evidence with respect to each issue falls upon the party who would have the burden of proving that item at trial. *Id.* Wing Hing, seeking to recover on a contract, must show that there is no genuine issue of fact as to the existence and the material terms of that contract, and as to Wing Hing's fulfillment of conditions precedent to its payment under the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1986 WL 9688 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

contract. This burden Wing Hing has failed to meet.

**\*2** The affidavit of counsel submitted by Wing Hing in support of its motion is not based on first-hand knowledge of the events recited therein, and is entitled to no weight in the Court's considerations. Wyler v. United States, 725 F.2d 156, 160 (2d Cir.1983). Moreover, the documents annexed as exhibits to that affidavit must also be disregarded, as they are not submitted by "a person through whom the exhibits could be admitted into evidence," *see* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2722, at 485-86 (1973), nor are they sworn or certified copies of the original documents, as required by Rule 56(e), *see* Henkin v. Rockower Bros., Inc., 259 F.Supp. 202, 206 (S.D.N.Y.1966).

The Court is left, then, to consider the pleadings and the Rule 3(g) statements, as well as the affidavit of Elie Hadad. Upon this record, the Court cannot determine whether the contract called for delivery of the fabrics by January 15, 1984 or whether Horizon, as Rafaella's agent for purposes of this transaction, took possession of the fabrics without notifying Wing Hing of their rejection or holding them for repossession by Wing Hing. These issues must await determination at trial upon competent evidence, if any there be. As these disputed issues are central to the case, summary judgment, in either party's favor, is inappropriate.

*Conclusion*

For the foregoing reasons, plaintiff's motion for summary judgment is denied.

Counsel are directed to appear before the Court for a pretrial conference at 10:00 a.m. on October 17, 1986.

SO ORDERED.

S.D.N.Y.,1986.
Wing Hing (Tang) Fabrics Mfg. Co., Ltd. v. Rafaella Sportswear, Inc.
Not Reported in F.Supp., 1986 WL 9688 (S.D.N.Y.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.