

Not Reported in F.Supp.  
Not Reported in F.Supp., 1993 WL 88209 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

H  
Briefs and Other Related Documents  
Only the Westlaw citation is currently available.  
United States District Court, S.D. New York.  
I.M. OBERMAN ASSOCIATES, INC., Plaintiff,  
v.  
REPUBLIC FINANCIAL SERVICES, INC.,  
Republic Insurance Company and Compact Service Corporation, Defendants.  
**No. 92 Civ. 1843 (MBM).**

March 25, 1993.

Bernard Persky, Goodkind Labaton Rudoff & Sucharow, New York City, Jonathan Waller, Haskell Slaughter Young & Johnston, Professional Ass'n, Williams, Taliaferro & Ledbetter, Birmingham, AL, for plaintiff.  
Timothy M. Hughes, Peter N. Hillman, Thomas J. McCormack, Robert S. Pruyne, Chadbourne & Parke, New York City, for defendants.

OPINION AND ORDER  
MUKASEY, District Judge.  
\*1 Plaintiff sues defendants under state law for damages arising from defendants' actions to evade payment of valid insurance claims in New York. Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. In a previous opinion, familiarity with which is assumed, this Court granted defendants' motion to dismiss plaintiff's fraud claim for lack of particularity, pursuant to Fed.R.Civ.P. 9(b), subject to plaintiff's opportunity to replead. Plaintiff submitted an Amended Complaint, dated December 23, 1992, with three claims for relief: (1) fraud, (2) breach of fiduciary duty, and (3) deceptive business practices. Now defendants move to dismiss plaintiff's amended fraud claim for lack of particularity, pursuant to Fed.R.Civ.P. 9(b), and for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, defendants' motion is denied.

I.

Plaintiff I.M. Oberman Associates marketed certain insurance service contracts as defendant Republic Insurance's agent from 1985 through 1987. (Am.Compl. ¶¶ 19, 22) Republic Insurance stopped issuing these contracts, and plaintiff ceased marketing them, at the end of 1987, although the obligation to pay claims arising from the contracts extended into the mid-1990s. (*Id.* ¶ 24) In late 1988 defendants Republic Financial and Republic Insurance created defendant Compact to administer claims "in-house." (*Id.* ¶ 25) The Amended Complaint contains allegations that defendants failed to pay claims as the contracts required. This opinion addresses only plaintiff's fraud claim.

In a previous opinion, *I.M. Oberman Assoc., Inc. v. Republic Fin. Servs., Inc.,* No. 92 Civ. 1843, 1992 U.S.Dist. LEXIS 18626 (S.D.N.Y. Dec. 7, 1992) (the "Opinion and Order"), I held that plaintiff's original complaint did not satisfy the requirement that, in all averments of fraud, "the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). *See* Opinion and Order at 4-6. In particular I noted that  
Plaintiff fails to plead the names of ... representatives who instructed plaintiff to offer variances to auto dealers, or where and when such communications occurred. (Compl. ¶ 20) Plaintiff does not specify the precise nature or number of variances it issued or the auto dealers who received them. (Compl. ¶¶ 20-21, 31-33) Plaintiff does not specify when and where it requested guidance on how to advice its clients with respect to unauthorized repairs. (Compl. ¶¶ 65-67)  
Even though the alleged fraud included phone calls, mailings, and statements about specific information, the complaint does not indicate the precise time of any misrepresentation. The complaint contains only general references to dates; the closest in time plaintiff can place any act by defendants is one month.

Opinion and Order at 5-6.

Defendants maintain that plaintiff's Amended Complaint, dated December 23, 1992, still does not plead certain names, dates, and places. (Def.Mem. at 15-16) However, plaintiff need not and, consistent with Fed.R.Civ.P. 8(a), should not, be required to plead evidentiary matters in order to state a claim for fraud. *See In re Columbia Sec. Litig.,* 747 F.Supp. 237, 241 (S.D.N.Y.1990). In determining whether a plaintiff has pleaded fraud with sufficient particularity, "a court must read the complaint generously, and draw all inferences in favor of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1993 WL 88209 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

pleader." *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989).

***2** Although there is no bright line rule for deciding whether a complaint has satisfied Rule 9(b), one important factor is whether the complaint comports with the purposes behind Rule 9(b):  (1) to give a defendant fair notice of the plaintiff's claim, enabling preparation of an adequate defense;  (2) to protect a defendant from unwarranted harm to its reputation or good will;  and (3) to reduce the number of strike suits.   See *Di Vittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir.1987). Accordingly, plaintiff need not plead dates, times, and places with absolute precision, so long as "the allegations sufficiently put the defendant[s] on notice as to the circumstances of the charged misrepresentations." *Harris v. Wells,* 757 F.Supp. 171, 174 (D.Conn.1991).

In *Cody v. Republic Ins. Co.,* No. 2:92cv00218 (PCD) (D.Conn. Oct. 22, 1992), the Court upheld a complaint against defendant Republic Insurance-similar to plaintiff's complaint here-on the bases (i) that the facts alleged sufficiently put the defendants on notice of the circumstances and general time period of the alleged fraud, and (ii) that the complaint alleged in detail the relationships between and among the defendants, thereby putting them on notice of the nature of their alleged participation in the fraud.   *Id.,* slip op., at 7-9.

The Amended Complaint alleges facts that are similar to those alleged in *Cody* and that put defendants on notice of the circumstances and general time period of the alleged fraud.   The Amended Complaint identifies the executive who issued and approved variances on behalf of defendant Republic Insurance, the auto dealers who received these variances, the extent of coverage of these variances, and the specific times and places of requests for guidance from defendant Compact. (Am.Compl. ¶¶ 48-68, esp. ¶¶ 66-68) The Amended Complaint alleges in detail the relationships between and among the three defendants.   (*Id.* ¶¶ 3, 25-26) Thus, plaintiff has pleaded fraud with sufficient particularity to satisfy Fed.R.Civ.P. 9(b).

II.

In addition, defendants move to dismiss plaintiff's claims for fraud for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6).   "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3 Int'l Bhd. of Elec. Workers,* 905 F.2d 35, 37 (2d Cir.1990).   Thus, a motion to dismiss must be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Morales v. New York State Dep't of Corrections,* 842 F.2d 27, 30 (2d Cir.1988).

In deciding a motion to dismiss, the court must accept the plaintiff's allegations of fact as true, together with such reasonable inferences as may be drawn in his favor. *Papasan v. Allain,* 478 U.S. 265, 283 (1986).   Nevertheless, the complaint must set forth enough information to suggest that relief would be based on some recognized legal theory. *Telectronics Proprietary, Ltd. v. Medtronic, Inc.,* 687 F.Supp. 832, 836 (S.D.N.Y.1988).   "The District Court has no obligation to create, unaided by plaintiff, new legal theories to support a complaint." *District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1081-82 (D.C.Cir.1984).

***3** As I noted in the Opinion and Order, in order to state a claim for fraud under New York law, a plaintiff must plead that (1) defendants represented a material fact;  (2) the representation was false;  (3) defendants knew that the representation was false;  (4) plaintiff justifiably relied on the representation in taking action or refraining from action;  and (5) plaintiff was damaged from such reliance.   Opinion and Order at 4 (citing cases).   Defendants argue that plaintiff has failure to allege the last three elements of fraud.   Although defendants attempt to divide the Amended Complaint into three distinct sets of allegations, it is more appropriate here to consider the Amended Complaint as a whole.   See *Kober v. Kober,* 16 N.Y.2d 191, 264 N.Y.S.2d 364, 211 N.E.2d 817 (1965).

A.

First, defendants argue that plaintiff has not alleged specific facts to support its claims that defendants knew their representations were false.   More precisely, defendants argue that
[p]laintiff has failed to allege that [defendants] did not intend to honor their alleged promise to pay dealers' claims submitted without prior authorization or their alleged promise to pay dealers' resubmitted claims at the time [defendants'] representative made

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1993 WL 88209 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

those promises.

(Def.Mem. at 13) In other words, defendants argue that their promises to honor claims were not fraudulent, because plaintiff does not, and cannot, allege that defendants did not intend to honor the promises at the time they made them.

It is well settled under New York law that a fraud claim based on a promise of future action-such as plaintiff's claim that defendants promised to pay claims-must allege that at the time the promise was made the promisor did not intend to honor the promise. *See, e.g., Pope v. New York Prop. Ins. Underwriting Ass'n,* 66 N.Y.2d 857, 858, 498 N.Y.S.2d 360, 489 N.E.2d 247 (1985). "Mere promissory statements as to what will be done in the future are not actionable.... [T]he distinction must be observed between a mere assurance that something will be done in the future and a present intention not to act on such assurance." *Adams v. Clark,* 239 N.Y. 403, 410-11, 146 N.E. 642, 644 (1925).

Defendants criticize as conclusory some of the Amended Complaint's allegations that defendants did not intend to honor claims. (Def's Reply at 7-9; Am.Com pl. ¶¶ 67-68) Defendants argue that such conclusory allegations do not state a claim, because a complaint based upon a statement of future intention must allege facts to show that the defendant, at the time the promissory representation was made, never intended to honor or act on his statement.

*Lanzi v. Brooks,* 54 A.D.2d 1057, 1058, 388 N.Y.S.2d 946, 948 (3d Dep't 1976), *aff'd,* 43 N.Y.2d 778, 402 N.Y.S.2d 384, 373 N.E.2d 278 (1977). (Def.Reply at 8)

Defendants are correct that many of plaintiff's allegations are simply conclusory charges that defendants "formulated, implemented, authorized and/or ratified a fraudulent plan and scheme to deny and obstruct payment of millions of dollars of valid claims." (Am.Compl. ¶ 26) However, the Amended Complaint also pleads facts that support these broader allegations. Plaintiff alleges more than "only that [defendants'] representatives made certain statements to plaintiff as to future actions Compact would take, and that Compact failed to take those actions." (Def.Mem. at 14) Plaintiff alleges that defendants' purpose in creating Compact was to deny claims fraudulently. According to the Amended Complaint, defendants Republic Financial and Republic Insurance
**\*4** created a new entity known as Compact, to administer claims "in-house" [and] Republic Insurance's purpose in taking claims-handling "in-house" was to reduce claims losses ... through improper, fraudulent, bad faith, and unlawful claims handling and through the denial of valid claims, among other methods.

(Am.Compl. ¶ 25) In addition plaintiff alleges that defendantsknew that the thousands of individual dealer claims were in relatively small amounts and anticipated that the bad faith denial or obstruction of proper claims would cause many dealers to abandon such claims and to fail to submit future claims.

(*Id.* ¶ 27) Plaintiff alleges that defendants expected to save millions of dollars by denying valid claims, and that defendants set up systems-including a plan to avoid telephone calls to Compact by plaintiff and its dealer-clients-and adopted claims handling practices to with the intent to deceive and injure plaintiff's dealer-clients. (*Id.* ¶¶ 27, 31, 34-36, 47, 63)

Accordingly, it does not "appear beyond a doubt" that plaintiff can prove no set of facts which would support its claim that defendants had the knowledge required to establish fraud under New York law. *See Scheuer v. Rhodes,* 416 U.S. at 236; *Conley v. Gibson,* 355 U.S. at 45-46. The Amended Complaint, read as a whole, supports a finding that plaintiff has alleged that defendants knew certain misrepresentations were false at the time they were made.

B.

Second, defendants argue that plaintiff fails to allege that defendants made representations "with the purpose of inducing the [plaintiff] to rely on it," *Clearview Concrete Products Corp. v. S. Charles Gherardi, Inc.,* 88 A.D.2d 461, 467, 453 N.Y.S.2d 750, 754-55 (2d Dep't 1982), and that the plaintiff did so rely "in taking action or refraining from it." *Ainger v. Michigan General Corp.,* 476 F.Supp. 1209, 1227 (S.D.N.Y.1979), *aff'd,* 632 F.2d 1025 (2d Cir.1980). According to defendants, "[p]laintiff makes no allegation that it acted or failed to take any action in reliance on [defendants'] misrepresentation[s]" that certain variances were "improper and unauthorized." (Def.Mem. at 12; Am.Compl. ¶¶ 61, 63)

Plaintiff's rely on paragraph 70 of the Amended Complaint which states that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1993 WL 88209 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.)**

Page 4

if [p]laintiff had known that Republic Insurance would only live up to its insurance obligations ... for as long as it appeared profitable for it to do so, [p]laintiff would not have become or remained an insurance agent for Republic Insurance and would not have solicited [p]olicies on behalf of Republic Insurance, or sold and marketed ... to [p]laintiff's Dealer-Clients in New York State.

(Am.Compl. ¶ 70) However, paragraph 70 does not support a finding of reliance. As stated above, defendants stopped underwriting the insurance policies at issue in 1987. The misrepresentations in the Amended Complaint are claimed to have been made in 1989. (*Id.* ¶ ¶ 61-63, 66-67, 68) Thus, plaintiff could not have relied on post-1987 misrepresentations in becoming an agent for Republic Insurance or in continuing as an agent to market and solicit policies.

**\*5** Nevertheless, it is irrelevant that plaintiff did not rely on these statements in determining whether to market defendants' policies, because plaintiff pleads that it relied after 1987 on representations by defendant Compact. After several dealer-clients complained to plaintiff that Compact was inaccessible to authorize certain repairs, on May 8, 1989 Compact "promised not to deny ... claims for lack of prior authorization." (Am.Compl. ¶ 66) Plaintiff claims that "[i]n reasonable reliance on th[at] information ... [it] so informed its Dealer-Clients ... who, as intended by Compact, undertook to perform covered repairs." (*Id.* ¶ 67) Plaintiff alleges that because Compact never paid claims, this reliance damaged its relationships with those dealer-clients. (*Id.*)

Moreover, plaintiff alleges that Compact represented that it would honor certain claims which had not been paid as of April 3, 1989, if plaintiff's dealer-clients sent duplicate documentation to Compact. (*Id.* ¶ 68) Plaintiff claims that "[i]n reliance on such representations, within the next few days, [p]laintiff so informed its Dealer-Clients ... and requested them to resubmit their proof-of-loss documentation once again." (*Id.*) Plaintiff alleges that because Compact never paid claims, this reliance damaged its relationships with those dealer-clients. (*Id.*) In other words, plaintiff has pleaded that it relied on defendants' statements in advising customers about how to proceed with their insurance claims and in refraining from corrective action it might have taken had the misrepresentations been known. Thus, plaintiff has pleaded reliance. *See Cody v. Republic Insurance,* slip op., at 5-6.

C.

Third, defendants argue that plaintiff fails to allege damages. Plaintiff alleges that its dealer-clients, with whom plaintiff has dealt for years, refused to do business with plaintiff, and that plaintiff's "flourishing and profitable insurance business with these automobile dealers in New York State was virtually destroyed." (Am.Compl. ¶ 54) Plaintiff alleges that defendants' practices "have had a devastating and deleterious impact on [its] business, income and profits" in the sum of $4 million. (Am.Compl. ¶ ¶ 71-72)

In order to establish fraud damages, plaintiff must plead the actual pecuniary loss it allegedly sustained as a result of the fraud. *See, e.g., Dress Shirt Sales, Inc. v. Hotel Martinique Assocs.,* 12 N.Y.2d 339, 343, 239 N.Y.S.2d 660, 663, 190 N.E.2d 10, 12 (1963); *Morris v. Lewis,* 75 A.D.2d 844, 427 N.Y.S.2d 858 (2d Dep't 1980). However, as Judge Sand held recently, although a plaintiff alleging fraud is not entitled to the traditional contractual measure of recovery-the "benefit of the bargain"-it is "clear that consequential damages may be awarded where necessary to compensate a plaintiff for costs incurred in reliance on a fraudulent misrepresentation." *Academic Indus., Inc. v. Untermeyer Mace Partners, Ltd.,* 1992 WL 73473, at \*1, 1992 U.S.Dist. LEXIS 3953, at \*4-5, Fed.Sec.L.Rep. (CCH) ¶ 96,654 (S.D.N.Y. Apr. 1, 1992). In the Second Circuit, "damages for fraud include the costs incurred in preparing for, performing, or passing up other business opportunities," *Commerzanstalt v. Telewide Sys., Inc.,* 880 F.2d 642, 649 (2d Cir.1989), so long as plaintiff can "establish the causal nexus with a good deal of certainty." *Zeller v. Bogue Elec. Mfg. Corp.,* 476 F.2d 795 (2d Cir.), *cert. denied,* 414 U.S. 908 (1973). As stated above, plaintiff alleges damages from passing up other business opportunities, and damages from the destruction of its once-thriving business. These allegations support plaintiff's claim that it was damaged by defendants' fraudulent misrepresentations. Whether plaintiff can prove that damage at trial is not at issue now.

III.

**\*6** Finally, defendants argue that plaintiff's fraud claim against Republic Financial should be dismissed, because plaintiff does not allege any misrepresentation by Republic Financial. (Def.Mem.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1993 WL 88209 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.)**

Page 5

at 18) Plaintiff responds that Republic Financial is the alter ego of Compact. (Pl.Mem. at 22) In other words, Compact is a "shell" corporation whose corporate entity can be disregarded-*i.e.,* piercing the corporate veil-for the purposes of plaintiff's claims against Republic Financial. (*Id.*)

In New York, a party alleging fraud can pierce the corporate veil only if it proves facts sufficient to show that the control exercised by the dominant party was used specifically to conduct the fraud. *See, e.g., Megaris Furs, Inc. v. Gimbel Bros., Inc.,* 172 A.D.2d 209, 213, 568 N.Y.S.2d 581, 585 (1st Dep't 1991). Defendants dispute plaintiff's allegations that domination or control of Compact by Republic Financial led to the misrepresentations at issue. (Def.Reply at 14) However, the Amended Complaint recites enough facts to support plaintiff's claims against Republic Financial. Plaintiff alleges that "Compact is and was dominated, directed, and controlled at all times by Republic Financial and Republic Insurance, and Compact is the alter ego of Republic Financial and Republic Insurance." (Am.Compl. ¶ 26) [FN1] Moreover, plaintiff alleges that Republic Financial created Compact expressly to administer claims "in-house." (Am.Compl. ¶ 25) Plaintiff's omission of Republic Financial from paragraph 25 of the Amended Complaint appears to be inadvertent; in any case, Republic Financial is mentioned twice in paragraph 26-relating to its decision to use Compact to avoid paying claims-and both Compact and Republic Financial are charged throughout the Amended Complaint with various misrepresentations.

Accordingly, the Amended Complaint fills the gaps that led me to dismiss plaintiff's fraud claim. Defendants' motion to dismiss the fraud claim in the Amended Complaint is denied.

SO ORDERED:

> FN1. In the Amended Complaint, plaintiff describes together defendants Republic Financial and Compact, and notes that "Republic Financial has disregarded any alleged separate corporate existence and status of Compact, has assumed active, ongoing, and continuing dominion, control of and authority over the activities of Compact with respect to the New York insurance claims and claims handling matters at issue in this action, and has exerted direct control over the fraudulent insurance and claims handling practices of Compact in the State of New York; Compact is the alter ego and instrumentality of Republic Insurance and Republic Financial with respect to the claims handling matters at issue in this action...." (Am.Compl. ¶ 3(b)) For purposes of defendants' motion to dismiss, I must assume that these allegations are true.

S.D.N.Y.,1993.  
I.M. Oberman Associates, Inc. v. Republic Financial Services, Inc.  
Not Reported in F.Supp., 1993 WL 88209 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:92cv01843 (Docket) (Mar. 13, 1992)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.