Westlaw.

Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1997 WL 154011 (S.D.N.Y.), Fed. Sec. L. Rep. P 99,454, RICO Bus.Disp.Guide 9255
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents

United States District Court,S.D. New York.
In re MOTEL 6 SECURITIES LITIGATION.
REDTAIL LEASING, INC., individually and on behalf of all others similarly situated, Plaintiffs,
v.
Hugh THRASHER, et al., Defendants.
Robert J. ROSENER, individually and on behalf of all others similarly situated, Plaintiffs,
v.
Hugh THRASHER, et al., Defendants.
**Nos. 93 Civ. 2183 (JFK), 93 Civ. 2866 (JFK).**

April 2, 1997.

Sachnoff & Weaver, Chicago, IL, (Jonathan S. Quinn, John W. Moynihan, of counsel), Lawrence Walner & Associates, Chicago, IL, (Lawrence Walner, of counsel), Robin J. Oahana, Chicago, IL, (Robin J. Oahana, of counsel), Susman, Buehler & Watkins, Chicago, IL, (Charles R. Watkins, of counsel), Chicago, IL, Pollack & Greene, L.L.P., New York City, (Alan M. Pollack, of counsel), for Plaintiffs.
Nagler & Associates, Beverly Hills, CA, (Lawrence H. Nagler, Robert M. Zaab, of counsel), for Jonathan Hirsh.

*OPINION AND ORDER*

KEENAN, District Judge.
***1** Before the Court is Defendant Jonathan Hirsh's motion to dismiss, pursuant to Fed. R. Civ. Pro. 12(b)(6), Plaintiffs' Securities Exchange Act claims, New York General Business Law claim, and common law fraud and unjust enrichment claims. For the reasons stated below, the Court grants Defendant's motion in part and denies Defendant's motion in part.

*Background*

Plaintiffs allege a nationwide insider trading scheme by persons who possessed material, nonpublic information concerning the proposed acquisition of Motel 6, L.P., a Dallas-based national chain of owner-operated economy motels, by Accor, S.A. ("Accor"), a French-based company.[FN1] Plaintiffs were the holders of call options on Motel 6 securities. Plaintiffs assert that Defendants were part of a conspiracy to trade on highly sensitive inside information about tender offer negotiations occurring in New York between Motel 6's largest shareholder, Kohlberg Kravis Roberts & Company ("KKR"), and Accor. Defendant Hugh Thrasher ("Thrasher") was executive vice-president of Motel 6 in charge of communication at the time of the tender offer negotiations. Thrasher allegedly tipped Carl V. Harris ("Harris") about the tender offer negotiations in May 1990. Am. Compl. ¶¶ 94-95. Harris then allegedly told nine others, including Defendant Jeffrey Sanker. Am. Compl. ¶¶ 97-99, 110-12, 121, 125, 162, 177-180. Jeffrey Sanker allegedly tipped Defendant Jonathan Hirsh, who then purchased Motel 6 call options. Am. Compl. 168-169. Plaintiffs claim Hirsh realized illegal profits of at least $29,262 from these transactions in his personal securities accounts. Am. Compl. ¶ 169. Hirsh also allegedly entered into a partnership with Defendant Lee Rosenblatt to trade Motel 6 securities through Rosenblatt's securities account and split the illegal profits. Pursuant to that partnership, these Defendants realized profits of about $360,000, of which Defendant Hirsh received $180,000. Am. Compl. ¶¶ 170-74. Hirsh is also alleged to have tipped Defendant Roger Odwak. Am Compl. ¶¶ 175-76.

> FN1. The Court has also discussed the facts underlying this action in *In re Motel 6 Securities Litigation v. Thrasher,* No. 93-2183, 1995 WL 431326 (S.D.N.Y. July 20, 1995). That decision addressed a prior motion to dismiss by certain other Defendants in this action and provides a background against which this Court bases this decision.

Plaintiffs further contend that the scheme to trade on inside information also included a conspiracy to cover-up the alleged tipping and trading activity through fraud, perjury, money laundering, the widespread dissemination of inside information, and the willful failure to disclose material facts. Am. Compl. ¶¶ 69, 87, 164, 189, 200, 201, 206-07, 212, 224.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                              Page 2
Not Reported in F.Supp., 1997 WL 154011 (S.D.N.Y.),   Fed. Sec. L. Rep. P 99,454,   RICO Bus.Disp.Guide 9255
**(Cite as: Not Reported in F.Supp.)**

*Discussion*

A motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The factual allegations set forth in the complaint must be accepted as true, *see Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990), and the Court must view the allegations in the light most favorable to the pleader. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

**\*2** As a preliminary matter, the Court will not readdress arguments addressed or decided in the July 5, 1995 Opinion and Order denying a motion to dismiss the RICO claims by Defendants Chammah, Kuznetsky, Schor, Thrasher, and Darrell Sandy Marsh. The Court assumes the readers' familiarity with that decision. Additionally, the Court notes that in his reply papers Defendant Hirsh raised an argument regarding Plaintiffs' failure to specifically allege their losses for RICO standing. In that Hirsh did not raise this argument in his papers in support of the motion to dismiss, and Plaintiffs did not have a chance to address the argument, the Court declines to address the issue raised for the first time in reply papers.

A. The Securities Exchange Act Claims

Defendant Hirsh argues that the Securities Exchange Act claims must be dismissed because the Amended Complaint fails to allege that Plaintiffs' trades were contemporaneous with those of Hirsh.

The Second Circuit has held that only those investors who trade contemporaneously with the inside trader have standing to sue on an insider trading claim. *See Wilson v. Comtech Telecommunications Corp.,* 648 F.2d 88, 94-95 (2d Cir.1981). Defendant argues that Plaintiffs have not adequately pleaded contemporaneous trading because the Amended Complaint does not specifically allege the dates of the purchases and sales of Hirsh and Plaintiffs to demonstrate contemporaneous trading. Defendant therefore contends that the Plaintiffs have not demonstrated standing and the federal securities law claims must be dismissed.

In the September 16, 1996 decision granting Plaintiffs' motion for class certification, this Court addressed the issue as to the adequacy of Plaintiffs' allegations that they traded contemporaneously with the Defendants. Several Defendants had argued that the Plaintiffs did not have standing because they "pleaded the bare legal conclusion that they traded 'contemporaneously' with defendants but only plaintiff Redtail has specified in the Amended Complaint what it traded and when." Defs. Joint Mem. in Supp. of Class Cert. at 20. Addressing this argument, the Court stated:

Defendants also argue that the proposed class representatives are inadequate because the proposed representatives, especially Hull Trading, are not contemporaneous sellers of securities and therefore lack standing ... The Court disagrees. The Court finds that a motion to dismiss and not a motion for class certification would have been the proper vehicle to raise this argument. The Court nevertheless finds that Plaintiffs adequately alleged the standing of the proposed representatives such that they would have survived a pre-discovery motion to dismiss: any more detailed examination of the representative Plaintiffs' contemporaneous trading status before discovery and the development of the record would be premature. Defendants are of course free to reassert their argument under the contemporaneous trading rule after discovery as a defense to liability.

**\*3** *In re Motel 6 Securities Litigation,* 1996 WL 531819, at \*2 (S.D.N.Y. Sept.18, 1996). This holding is equally applicable to the argument Defendant Hirsh makes here.

B. The RICO Claims

Defendant argues that the RICO claims must be dismissed because the Amended Complaint fails to plead (1) a causal connection between the RICO violation and Plaintiffs' injury, and (2) the required pattern of racketeering activity.

1. RICO's Proximate Cause Requirement

Defendant asserts that the RICO claims are governed by common law concepts of proximate cause, which are narrower than the proximate cause requirement for a § 10(b) insider trading claim based upon material omissions brought by contemporaneous traders on a public market. Defendant recognizes that for this particular type of § 10(b) securities fraud claim a plaintiff need not demonstrate contractual privity or actual reliance on a defendant's omissions

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.    Page 3
Not Reported in F.Supp., 1997 WL 154011 (S.D.N.Y.), Fed. Sec. L. Rep. P 99,454, RICO Bus.Disp.Guide 9255
**(Cite as: Not Reported in F.Supp.)**

of material inside information. The contemporaneous trading requirement serves as a proxy for contractual privity in a § 10(b) claim, and consequently, a plaintiff need not show actual reliance on the omission for standing in such an insider trading action. However, the RICO proximate cause requirement means that a plaintiff must prove both transaction and loss causation, which requires actual reliance, and therefore Defendant argues that Plaintiffs must show a direct relationship between the fraud-doing defendant and the RICO plaintiff. Insofar as Plaintiff has not adequately alleged privity with Defendant Hirsh or actual reliance on his material omission, Defendant contends that the RICO claims based on securities fraud cannot survive because Plaintiff has not adequately met the RICO proximate cause requirement. Defendant makes the argument that "since reliance-which is required under RICO, is *not* required under § 10(b) as broadly read to permit insider trading claims by contemporaneous traders on a public market, such claims are not actionable under RICO." Defs. Mem. in Supp. at 9.

The Supreme Court has held that where a material omission serves as the basis for the § 10(b) claim, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor [would] have considered them important in the making of this decision.

*Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 153-54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972); *see also dupont v. Brady,* 828 F.2d 75, 78 (2d Cir.1987) (stating that for a § 10(b) and Rule 10b-5 claim, "in instances of total non-disclosure, ... it is of course impossible to demonstrate reliance" and finding that reliance may be presumed where the plaintiff proves that the facts withheld are material in the sense that a reasonable investor would have considered them important (quoting *Titan Group, Inc. v. Faggen,* 513 F.2d 234, 239 (2d Cir.), *cert. denied,* 423 U.S. 840, 96 S.Ct. 70, 46 L.Ed.2d 59 (1975))). Once a plaintiff shows the materiality of the omission for a § 10(b) claim, and thus reliance, defendant can avoid liability by proving by a preponderance of the evidence that disclosure of that information would not have altered plaintiff's investment decision. See *duPont,* 828 F.2d at 78. In the instant case, Plaintiffs have adequately pleaded reliance to support a § 10(b) and Rule 10b-5 claim. The Court does not accept Hirsh's view that Plaintiffs, contemporaneous traders on a public market, alleging insider trading claims as a predicate

act in a RICO action must show actual reliance on the omission and privity beyond that required for the § 10(b) claim. The Supreme Court, and this Circuit, have recognized that actual reliance need not be proved for a § 10(b) insider trading claim based on material omissions and brought by contemporaneous traders because it is near impossible to prove such reliance. To accept Defendant's argument-requiring proof of actual reliance for such § 10(b) nondisclosure claims which are pleaded as RICO predicate acts-would necessitate application of a standard of proof for such claims that the Supreme Court and this Circuit abandoned as unworkable. This Court declines to impose an actual reliance requirement for § 10(b) omission claims pleaded as predicate acts in RICO actions.

2. RICO Continuity Requirement

**\*4** Defendant Hirsh argues that in considering whether the RICO pattern requirement is met, including whether continuity is sufficiently alleged, the Court must separately evaluate the pattern of racketeering acts by each defendant. Hirsh contends that Plaintiffs have not sufficiently pleaded that he engaged in a pattern of racketeering activity because Plaintiffs do not adequately plead that he engaged in two predicate acts which represent a threat of continuity. Therefore, Hirsh argues that the RICO claims must be dismissed as against him. Hirsh also makes an argument that while Plaintiffs make general conspiracy allegations, Plaintiffs have not alleged a RICO conspiracy because (1) they make no claim under 18 U.S.C. § 1962(d), which is the exclusive means for asserting a RICO conspiracy claim, and (2) Plaintiffs' conspiracy allegations are too conclusory.

The Court finds that Plaintiffs have adequately pleaded a pattern of racketeering activity by Hirsh. Plaintiffs have alleged that the twenty-four Defendants, including Hirsh, were part of a RICO conspiracy to trade on material, nonpublic information concerning Motel 6 and that this scheme included a continuing conspiracy to conduct illegal acts to cover-up the alleged tipping and insider trading activity concerning Motel 6. Plaintiffs have sufficiently pleaded that Defendant Hirsh participated in two predicate acts: Hirsh made illegal trades on inside information, utilizing mail or wire transmission to execute those trades, Am. Compl. ¶ ¶ 169, 194; Hirsh knowingly disclosed the inside information to Rosenblatt with the expectation of benefit and with knowledge that Rosenblatt would trade on that information, Am. Compl. ¶ 170; and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1997 WL 154011 (S.D.N.Y.), Fed. Sec. L. Rep. P 99,454, RICO Bus.Disp.Guide 9255
**(Cite as: Not Reported in F.Supp.)**

Hirsh agreed to pay and paid Sanker for the tip, Am. Compl. ¶ 174. Whether these acts establish a threat of continued racketeering activity depends on the facts of each case, *H.J., Inc. v. Northwestern Bell Tele. Co.,* 492 U.S. 229, 242, 109 S.Ct. 2893, 2902, 106 L.Ed.2d 195 (1989), and "external facts may ... provide evidence of the requisite threat of continuity...." *United States v. Kaplan,* 886 F.2d 536, 542-543 (2d Cir.1989), *cert. denied,* 493 U.S. 1076, 110 S.Ct. 1127, 107 L.Ed.2d 1033 (1990). The Court need not examine one defendant's actions in isolation when considering continuity.

The allegations concerning Hirsh's activities indicate that Hirsh was aware that the insider trading was not limited to him, that others were involved in the tipping and trading, including a Motel 6 insider, and that the information was disseminated to many others who would trade on it. Plaintiffs allege a RICO conspiracy based upon close personal and business relationships among the Defendants. The Amended Complaint contains factual allegations that Defendants conspired to cover up the insider trading scheme through fraud, perjury, money laundering, the widespread dissemination of inside information, and the willful failure to disclose facts that they were under a legal duty to disclose. Am Compl. ¶ ¶ 69, 87, 164, 189, 200, 201, 206-07, 212, 224. Defendant Hirsh is specifically alleged to have played a role in this widespread dissemination of inside information by tipping Rosenblatt and Odwak. Am. Compl. ¶ ¶ 170-175. In the July 5, 1995 decision, the Court viewed the allegations in the light most favorable to Plaintiffs and found that Plaintiffs had adequately pleaded continuity. The allegations concerning Hirsh's insider trading, his extending the conspiracy by disseminating information to others, his willingness to engage in the illegal actions of the conspiracy, and the close relationships among the Defendants, is enough at the pleading stage for this Court to find the same continuity. with respect to Hirsh that this Court found in the July 5, 1995 decision. The Court gives Plaintiffs the benefit of the doubt on 12(b)(6) motions. Viewing the allegations in the light most favorable to the pleaders and drawing all reasonable inferences in their favor, the Court will deny Hirsh's motion to dismiss the RICO claims. Defendant Hirsh, however, may reassert these arguments and put the Plaintiffs to their proof in a post-discovery motion.

**\*5** The Court also finds that Plaintiffs have adequately pleaded a RICO conspiracy claim. The heading of the very first claim cites 18 U.S.C. § 1962(d) and includes allegations of violations of that statute. The Court also finds that Plaintiffs' factual allegations sufficiently support the conspiracy claim against Defendant Hirsh. This Circuit has stated:
[To demonstrate a RICO conspiracy, the plaintiff must show] that the defendant agree[d] to commit the substantive racketeering offense [here, Section 1962(b) and (c) ] through agreeing to participate in two predicate acts, ... that he [knew] the general nature of the conspiracy and that the conspiracy extend[ed] beyond his individual role.

*United States v. Rastelli,* 870 F.2d 822, 828 (2d Cir.), *cert. denied,* 493 U.S. 982, 110 S.Ct. 515, 107 L.Ed.2d 516 (1989). In addition, those "two predicate crimes" must, as with every other RICO violation, constitute a pattern of racketeering activity. *United States v. Ruggiero,* 726 F.2d 913, 923 (2d Cir.), *cert. denied,* 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 60 (1984). The Plaintiffs "need not prove that a conspirator-defendant agreed with every other conspirator, or knew all the other conspirators, or had full knowledge of all the details of the conspiracy." *United States v. Rastelli,* 870 F.2d at 828. As discussed above, Plaintiffs adequately pleaded that Hirsh engaged in two predicate acts which constituted a pattern, and the factual allegations support a conclusion that Hirsh knew the nature of the conspiracy and that the conspiracy extended beyond his role.

C. New York General Business Law Claim

Plaintiffs' New York General Business Law § 349(a) claim against Defendant Hirsh is dismissed for the same reasons this Court dismissed this claim against Defendants Chammah, Kuznetsky, Schor, Thrasher and Marsh in the July 5, 1995 Opinion and Order. *See In re Motel 6 Securities Litigation,* 1995 WL 431326, \*6-7 (S.D.N.Y. July 20, 1995).

D. Common Law Fraud Claim

Defendant argues that because a common law fraud claim requires privity and actual reliance, and the Amended Complaint does not allege direct dealings between the Plaintiffs and Hirsh or any facts which demonstrate direct reliance on the omissions, the fraud claim must be dismissed. This Court agrees to the extent that Plaintiffs have failed to alleged facts to support a claim that they directly relied on Defendants' omissions.

Common law fraud claims must be supported by

Not Reported in F.Supp.  Page 5
Not Reported in F.Supp., 1997 WL 154011 (S.D.N.Y.),   Fed. Sec. L. Rep. P 99,454,   RICO Bus.Disp.Guide 9255
**(Cite as: Not Reported in F.Supp.)**

factual allegations demonstrating plaintiff's actual, direct reliance on the misrepresentation or omission. See Golden Budha Corp. v. Canadian Land Co., 931 F.2d 196, 202 (2d Cir.1991); Turtur v. Rothschild Registry Int'l. Inc., 1993 WL 338205, at *6 (S.D.N.Y. Aug.27, 1993); see also Aniero Concrete Company, Inc. v. New York City Construction Authority, 1997 WL 3268, at *13 (S.D.N.Y. Jan.3, 1997) ("The elements of fraudulent concealment under New York law are: a relationship between the contracting parties that creates a duty to disclose, knowledge of the material facts by the party bound to disclose, scienter, reliance, and damage."). Consequently, common law fraud claims

**\*6** are distinct from actions brought under the federal securities laws, which "permit a rebuttable presumption of reliance where a plaintiff purchases his shares on the open market."

Common law fraud cases such as the present one are therefore to be distinguished from cases that involved a fraud on the market theory or other theories in which reliance on a material omission is presumed to have existed and which are applicable primarily in the context of federal securities fraud claims arising under section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

Turtur, 1993 WL 338205, at *7 (citations omitted); see also Basic Inc. v. Levinson, 485 U.S. 224, 241-47, 108 S.Ct. 978, 988-91, 99 L.Ed.2d 194 (1988) (observing that actions under § 10(b) and Rule 10b-5 are distinct from common law deceit and misrepresentation claims and are designed to add to the protections provided investors by common law). Plaintiffs contend that for a common law fraud claim based on an "omission" theory, reliance is presumed upon a showing that the omissions were material and that the defendant had a duty to disclose. Pls. Mem. in Opp. at 23 (citing Pollack v. Laidlaw Holdings, Inc., 1995 WL 261518, at *11 (S.D.N.Y. May 3, 1995)). Rather, this is the standard for showing reliance under a § 10(b) or Rule 10b-5 securities fraud claim based on a fraud on the market theory, not common law fraud, and the sole case Plaintiffs cite for this proposition discussed reliance under § 10(b)-not common law fraud. See Pollack, 1995 WL 261518, at *11. Common law fraud claims do not enjoy a presumption of reliance once a material omission and duty to speak have been sufficiently pleaded. See Turtur, 1993 WL 338205, at *7 ("Because common law fraud claims must be supported by a showing of direct reliance on the misrepresentation or omission, they are distinct from actions brought under the federal securities laws, which 'permit a rebuttable presumption of reliance where a plaintiff purchases his shares on the open market.' "); Schultz v. Commercial Programming Unlimited Inc., 1992 WL 396434, at *4 (S.D.N.Y.1992) (stating that "this Court will not permit Schultz to circumvent the [reliance] requirement by infusing the fraud on the market theory into his common law fraud action" and dismissing the common law fraud claim). Certainly, Plaintiffs have alleged facts to support a claim of reliance in their § 10(b) and Rule 10b-5 causes of action for insider trading based on a fraud on the market theory. However, where Plaintiffs' factual allegations focus solely on an insider trading conspiracy that perpetrated a fraud on the market, and Plaintiffs have alleged no connection to the Defendants other than the fact that Plaintiffs traded on the market contemporaneously with Defendants, Plaintiffs have not alleged facts to support a claim of actual, direct reliance on Defendants' omissions. In that Plaintiffs have failed to plead facts to support the direct reliance element of the common law fraud claim, the Court grants Defendant Hirsh's motion to dismiss the common law fraud claim. Cf., In re 3COM Securities Litigation, 761 F.Supp. 1411, 1419 (N.D.Cal.1990) (finding that Plaintiff adequately pleaded a 10b-5 claim, but dismissing common law fraud claim because Plaintiff had not adequately pleaded actual reliance).

E. Common Law Unjust Enrichment Claim

**\*7** Defendant assets that under New York law, unjust enrichment is a quasi-contract claim and therefore requires direct dealing between the parties to submit to the quasi-contract. In that Plaintiffs allege no such privity, direct dealings or actual relationship with Hirsh, Defendant argues that the unjust enrichment claim must be dismissed.

Plaintiffs counterargue that privity is not a required element of an unjust enrichment claim. In support of their position that privity is not an express requirement of the claim, Plaintiffs correctly point out the elements required:

In order to recover for unjust enrichment under New York law, a plaintiff must show that (1) defendant was enriched, (2) enrichment was at plaintiff's expense and (3) the circumstances were such that equity and good conscience require defendant to make restitution.

Pls.' Mem. in Opp. at 24 (citing Violette v. Armonk Associates, L.P., 872 F.Supp. 1279, 1282 (S.D.N.Y.1995)); see also Dolmetta v. Unitak Nat'l

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Corp.,* 712 F.2d 15, 20 (2d Cir.1983).

This Court agrees with Defendant Hirsh's contention, that an unjust enrichment claim requires some type of direct dealing or actual, substantive relationship with a defendant. While the elements of the unjust enrichment claim quoted by Plaintiffs do not explicitly spell out such a requirement, those elements imply a more substantive relationship, or greater connection, between a defendant and plaintiff than Plaintiffs have alleged in this case. The requirements that a defendant be enriched at plaintiff's expense and that good conscience necessitate that defendant make restitution to plaintiff, clearly contemplate that a defendant and plaintiff must have had some type of direct dealings or an actual, substantive relationship.

In the instant case, Plaintiffs do not allege any direct dealings or actual, substantive relationship with Defendants other than a "contemporaneous" trading relationship. Plaintiffs claim that they sold their Motel Six shares or call options during the period in which Defendants purchased Six shares and options based upon material inside information regarding the impending acquisition of Motel Six by Accor. Plaintiffs contend that they would not have sold those shares or options had they known about the impending acquisition and that Defendants were unjustly enriched at Plaintiffs' expense in purchasing shares of Motel Six at the same time Plaintiffs sold their shares. These factual allegations do not sound in the quasi-contract common law claim of unjust enrichment. Without factual allegations that Plaintiffs had a more substantive connection to the Defendants beyond a contemporaneous trading relationship, Plaintiffs have not alleged facts to support a claim that Defendants were unjustly enriched at the Plaintiffs' expense and that Defendants should make restitution to Plaintiffs. *Cf. Martes v. USLIFE Corp.,* 927 F.Supp. 146, 149 (S.D.N.Y.1996) (holding that an unjust enrichment claim lies only where the defendant possesses money or received a benefit which defendant should not retain because it belongs to the plaintiff, and dismissing the unjust enrichment claim because defendant received nothing that belonged to plaintiff or had no contractual or other relationship with plaintiff). Therefore, the Court grants Defendant Hirsh's motion to dismiss the unjust enrichment claim.

*Conclusion*

**\*8** For the reasons stated above, the Court denies Defendant Hirsh's motion to dismiss the RICO and Securities and Exchange Act claims, and grants the motion to dismiss the New York General Business Law claim, and common law fraud and unjust enrichment claims.

SO ORDERED.

S.D.N.Y.,1997.
In re Motel 6 Securities Litigation
Not Reported in F.Supp., 1997 WL 154011 (S.D.N.Y.),  Fed. Sec. L. Rep. P 99,454,  RICO Bus.Disp.Guide 9255

Briefs and Other Related Documents (Back to top)

- 1:93cv02866 (Docket) (Apr. 30, 1993)
- 1:93cv02183 (Docket) (Apr. 06, 1993)

END OF DOCUMENT