

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1990 WL 300795 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Danny J.H. KAUFFMANN, individually and as Trustee of the D.J.H. Kauffmann, M.D., P.C., Profit Sharing Trust and DJH Kauffmann Pension Trust and Danny J.H. Kauffmann, M.D., P.C., Plaintiffs,
v.
Sidney YOSKOWITZ and Sidney Yoskowitz & Co., Inc., Defendants.
**No. 85 Civ. 8414 (PKL).**

April 6, 1990.

*Memorandum Order*

LEISURE, District Judge,

**\*1** This is a securities fraud action alleging violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 promulgated thereunder, and of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). Discovery in the action has been completed, and a pre-trial order has been submitted and approved by the Court. At the request of the parties, time has been granted to allow completion of expert discovery before the case is considered ready for trial by the Court. Despite that imminent trial readiness of this action, defendants have filed a motion to dismiss plaintiffs' RICO claims, pursuant to Fed.R.Civ.P. 12(b)(6), on the grounds that the civil RICO statute, as applied in this case, is unconstitutionally vague. For the reasons stated below, defendants' motion is denied.

*DISCUSSION*

The Court assumes familiarity with the complex background of this action and will not repeat it here. *See Kauffmann v. Yoskowitz,* No. 85 Civ. 8414 (PKL) (S.D.N.Y. July 13, 1989). Previously this Court granted defendants' motion for summary judgment on plaintiffs' original sixth and ninth claims for relief and on the second cause of action to the extent it attempted to assert a claim under the Investment Advisor's Act of 1940. The Court found, however, that plaintiffs had stated viable claims under § 10(b) and RICO. *Id.* The Court will not revisit those rulings in considering the instant motion.

Defendants assert that, as applied in this case, the civil RICO statute is unconstitutionally vague. They argue that as currently defined by the courts, the RICO statute allows the pleading of offenses, so undefined, as to make a defense against them unnecessarily difficult, if not impossible. In particular, defendants point to the broad definitions given to the "pattern" and "enterprise" requirements of a RICO offense.

The Court is not without sympathy towards defendants' position. The civil RICO statute has been one of the most troublesome federal laws for the courts since its passage. By the middle of 1989, the definitional requirements of various Circuit Courts for a RICO violation were so disparate, as to make RICO almost a different law in application in each of those circuits. In this Circuit, different panels of the Circuit Court had developed such diverse requirements for a proper pleading of RICO that the Court felt it essential to resolve the issue through an en banc rehearing of a major civil RICO action. *See Beauford v. Helmsley,* 865 F.2d 1386 (2d Cir.), *vacated and remanded,* 109 S.Ct. 3236 (1989), *reaff'd by order dated Sept. 15, 1989* (2d Cir.), *cert. denied,* 110 S.Ct. 539 (1989). The Supreme Court, soon thereafter, endeavored to resolve the continuing divergence among the circuits by imposing uniform definitional requirements on civil RICO claims. *See H.J. Inc. v. Northwestern Bell Telephone Co.,* 109 S.Ct. 2893 (1989).

While the Supreme Court was unanimous in its result in *H.J. Inc.,* the Court indicated a split on the definitional requirements of a successful RICO claim. Justice Blackmun, writing for the Court, stated that the "pattern" and "enterprise" requirements must be read rather broadly, given the language of the statute. Justice Scalia, joined by the Chief Justice and Justices O'Connor and Kennedy, concurred in the judgment, but expressed concern about the breadth of the definitional requirements outlined in the majority opinion. Justice Scalia wrote,

**\*2** No constitutional challenge to this law has been raised in the present case, and so that issue is not before us. That the highest Court in the land has been unable to derive from this statute anything more than today's meager guidance bodes ill for the day

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 300795 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.)**

Page 2

when that challenge is presented.

109 S.Ct. at 2909. Defendants rest heavily on this *dicta* in their argument that this Court should find RICO unconstitutionally vague as applied in the instant action. Defendants argue implicitly that Justice Scalia's language should be read as inviting a finding of unconstitutionality based on the definitional requirements, as described by Justice Blackmun, and that this Court should undertake that initiative in the instant action.

This Court will not accept defendants' invitation. As plaintiffs have pointed out, defendants have indicated no cases which have found civil RICO unconstitutional either on its face or as applied. While numerous Courts have strongly criticized the definitional vagaries of the civil RICO statute, including Justice Blackmun in *H.J. Inc.,* no Court has taken the step of finding that the statute does not meet constitutional muster. Further, this statute has been subject to extensive court scrutiny. While numerous courts have criticized the drafting failures contained in the statute which makes its application difficult and sometimes confusing, no court has found it so unmanageable either for the court or the litigants that it must fail a constitutional test. Indeed, Justice Blackmun explicitly criticized Congress's failure to meet the challenge set forth by numerous courts, including the Supreme Court, to redraft the statute so as to make it clearer and more manageable. *H.J. Inc.* at 2899.[FN1] Nonetheless, Justice Blackmun felt it possible to develop a workable definitional framework for the application of RICO, and set forth to do so. His efforts received the support of the majority of the Court, which apparently also believed that such a framework would result in a workable and proper application of the statute by lower courts. Justice Scalia's scathing criticism of Justice Blackmun's definitional requirements failed to win a majority of the Court. Thus, this Court believes it is bound by the implicit, as well as the explicit, conclusions reached by the majority in *H.J. Inc.* to the effect that, while flawed, RICO is a valid and utilitarian part of our civil law.

This Court has already decided that plaintiffs' RICO claim, as pled, meets the definitional requirements for a RICO claim as provided in *H.J. Inc.* and *Beauford v. Helmsley, supra.*[FN2] There is no doubt that in this case the enterprise and pattern in the instant action are pled with brevity. However, while predicate acts of fraud must be pled with particularity as required by Fed.R.Civ.P. 9(b), the Second Circuit has recently made it clear that the pleading of the elements of a RICO offense itself need only meet the less stringent requirements of Fed.R.Civ.P. 8(a). Speaking of the pleading of a RICO conspiracy, the Court wrote, "Rule 9(b) applies only to fraud or mistake, not to conspiracy. [The] pleading of conspiracy, apart from the underlying acts of fraud, is properly measured under the more liberal requirements of Rule 8(a)." *Hecht v. Commerce Clearing House, Inc.* No. 89-7515, slip op. at 1312 n. 4 (2d Cir. Jan. 25, 1990). *See also* Rose v. Bartle, 871 F.2d 331, 336 (3rd Cir.1989); Andreo v. Friedlander, Gaines, Cohen, Rosenthal & Rosenberg, 660 F.Supp. 1362, 1372 (D.Conn.1987). While defendants have not explicitly raised a Rule 9(b) challenge to plaintiffs' pleadings in the instant motion, the Court believes that the pleadings would survive such a challenge. As the Court noted in its prior opinion in this action, the enterprise alleged by plaintiffs can be discerned from the face of the pleadings, as can the pattern of alleged racketeering activity in violation of the statute. The Court agrees with defendants that a jury may well have difficulty with the concept of a civil RICO claim. However, there are numerous other federal statutes that create great difficulty for lay juries to comprehend and apply. Such problems have not and cannot affect the constitutionality of a statute.

**\*3** Thus, the Court will not, based on the *dicta* of a concurring Supreme Court justice, and in the face of all existing case law, find the civil RICO statute unconstitutional either on its face or as applied in the instant action.

The Court notes that the parties have informed the Court that expert discovery was to commence March 15, 1990, and that final amendments to the pre-trial order would be submitted by May 1, 1990. In light of the instant motion, the Court feels it appropriate to grant the parties additional time to ensure that all discovery is completed before trial. Accordingly, final amendments of the pre-trial order are to be submitted by June 1, 1990.

*CONCLUSION*

Defendants' motion to dismiss is denied.

The parties shall submit final amendments to the pre-trial order on or before June 1, 1990. No discovery shall be permitted after that date. The Court will consider this case ready for trial on June 1, 1990. No extensions of this schedule will be granted.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1990 WL 300795 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

SO ORDERED.

> FN1. Congress appears to have belated responded to the need to address these issues. The Senate Judiciary Committee, under the leadership of it chairman, Senator Joseph Biden (D-De), has been considering significant revisions of the RICO statute.

> FN2. Defendants have attempted to reargue whether plaintiffs have properly pled a RICO enterprise and a pattern of racketeering activity. As defendants know, the Court decided this pleading issue in its prior opinion in this action. The Court will not entertain defendants' untimely and improper attempt to reargue these issues.

S.D.N.Y.,1990.
Kauffmann v. Yoskowitz
Not Reported in F.Supp., 1990 WL 300795 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:85cv08414 (Docket) (Oct. 24, 1985)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.