

Slip Copy                                                                                                                         Page 1
Slip Copy, 9 Misc.3d 1125(A), 2005 WL 2899876 (N.Y.Sup.), 2005 N.Y. Slip Op. 51787(U)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents

NOTE: THIS OPINION WILL NOT BE PUBLISHED IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.

Supreme Court, New York County, New York.
Yolanda R. LANDA, Plaintiff,
v.
Zeva HERMAN, M.D., Miriam Levy, M.D. a/k/a Miriam Levy-Ravetch, M.D. and Medical Imaging of Manhattan, LLC, Defendants.
**No. 105360/03.**

Oct. 27, 2005.

STANLEY L. SKLAR, J.

**\*1** Defendant Dr. Miriam Levy moves for summary judgment dismissing this action as to her on the ground that she is not vicariously liable for any malpractice of others treating plaintiff at Medical Imaging of Manhattan, LLC., including Dr. Zeva Herman who read and issued a report with respect to the September 26, 2000 mammogram in issue here.

Dr. Levy had examined the plaintiff and performed mammograms of plaintiff in certain years through 1997. The only other involvement Dr. Levy had with plaintiff's case after October 1997 occurred when she reviewed 1998 studies of the plaintiff and countersigned Dr. "Herman's report relative to her findings on review of those studies.... (She) did not discuss the plaintiff's care and treatment with any other physicians or medical care providers subsequent to October 1997" (Levy January 24, 2005 affidavit, Ex I to Swimmer affirmation, ¶ 4).

Dr. Levy moved to dismiss on statute of limitations grounds, and the parties entered into a March 8, 2005 stipulation of partial discontinuance (insofar as is relevant here) as against Dr. Levy of "all individual claims of malpractice ..." (Ex H to Swimmer moving affirmation). The stipulation further "reserve[d] all rights with respect to claims of vicarious liability against the defendant Miriam Levy, M.D." and state[d] "that the purpose and scope of Dr. Levy's EBT was to be limited to issues concerning the nature and extent of any legal relationship existing by and between Dr. Levy, Dr. Herman and Medical Imaging of Manhattan, LLC during the period in question. Dr. Levy will not be asked any questions at her EBT that call for expert opinion testimony, or that otherwise require her to read, review, interpret or in any way analyze any of the plaintiff's mammogram /sonogram imaging studies" (Id).

Medical Imaging of Manhattan, LLC was formed on May 15, 2000 (Swimmer affirmation, Ex G). Dr. Levy, in an unnotarized "affidavit" asserted that she is the "President of Medical Imaging of Manhattan, LLC, as well as a shareholder and an employee of the LLC since its formation in May 2000" (Id, Ex E). An LLC "combines the corporate limitation on personal liability of the owners (who are called 'members') with the partnership's operating and management flexibility by its members (which would be 'member-managed') or by persons selected by its members (which would be 'manager-managed') ...". Limited Liability Company Law ("LLCL"), McKinney's Practice Commentaries, I. Background A. General, Bruce A. Rich.

Medical Imaging is manifestly a Professional Service Limited Liability Company under Article XII of the LLCL. Section 1205(a) of that Article states:
(a) Each member, manager, employee or agent of a professional service limited liability company shall be personally and fully liable and accountable for any negligent or wrongful act or misconduct committed by him or her or by any person under his or her direct supervision and control while rendering professional services on behalf of such limited liability company.

**\*2** Subdivision (b) provides for liability of a shareholder, member or manager, agent or employee "for any negligent or wrongful act or misconduct committed by him or her or by any person under his or her direct supervision and control while rendering professional services on behalf of such limited liability company".Section 1204 (c) declares: Each report, diagnosis, prognosis and prescription made or issued by a professional service limited liability practicing medicine ... shall bear the signature of one or more physicians ..., who are in responsible charge of such report, diagnosis, prognosis or prescription.

The language of the stipulation limiting the ambit of an ebt of Dr. Levy makes it clear that the stipulation discontinues the action as against Dr. Levy for all wrongful actions or failures to act on her part. Thus,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                          Page 2
Slip Copy, 9 Misc.3d 1125(A), 2005 WL 2899876 (N.Y.Sup.), 2005 N.Y. Slip Op. 51787(U)
**(Cite as: Slip Copy)**

under that stipulation, she cannot be held liable for any policy she set or did not set while a shareholder member or employee of the LLC or for any negligent supervision on her part. The LLC is liable for any malpractice by Dr. Herman. It is basic that a shareholder or employee of a business corporation cannot be liable for the negligence of another shareholder or employee. See *Connell v. Hayden, 83 A.D.2d 30, 58-59, 443 N.Y.S.2d 383 (2nd Dept, 1981)* In similar fashion as a member or shareholder of the LLC, Dr. Levy cannot be liable in respondeat superior for the claimed malpractice of Dr. Herman, unless she agreed to such liability pursuant to LLCL § 609(b), Section 609 of that law provides that

(a) Neither a member of a limited liability company, a manager of a limited liability company managed by a manager or managers nor an agent of a limited liability company (including a person having more than one such capacity) is liable for any debts, obligations or liabilities of the limited liability company or each other, whether arising in tort, contract or otherwise, solely by reason of being such member, manager or agent or acting (or omitting to act) in such capacities or participating (as an employee, consultant, contractor or otherwise) in the conduct of the business of the limited liability company.

(b) Notwithstanding the provisions of subdivision (a) of this section, all or specified members of a limited liability company may be liable in their capacity as members for all or specified debts, obligations or liabilities of a limited liability company if (1) a statement to such effect is specifically contained in the articles of organization of the limited liability company and (2) any such member so liable shall have (i) specifically consented in writing (A) to the adoption of such provisions or (B) to be bound by such provision or (ii) specifically voted for the adoption of such provision. The absence of either such statement in the articles of organization or such consent or vote of any such member shall in no way affect or impair the ability of a member to act as a guarantor or a surety for, provide collateral for or otherwise be liable for, the debts, obligations or liabilities of a limited liability company as authorized pursuant to section six hundred eleven of this article.

**\*3** Section 609 applies to Article XII LLCs. See Section 1213 Limited Liability Company Law.

This motion was orally argued on July 7, 2005 but was adjourned to September 15, 2005 to permit the submission of additional papers on the issue of whether LLCL § 609(b) applies. Dr. Levy then via covering letter dated August 1, 2005 provided a copy of the Articles of Organization of Medical Imaging of Manhattan, LLC which did not contain a statement pursuant to LLCL § 609(b)(a)(1) imposing liability on Dr. Levy. In addition, Dr. Levy provided her affidavit indicating that the Articles of Organization, a copy of which she provided, have not to the best of her knowledge been modified or amended since the company's formation in May 2000 nor have any resolutions been adopted. She further states in that affidavit that she has not signed any documentation, agreement or resolution after the LLC's formation wherein she agreed to be held liable for the action of any other member, shareholder or employee of the company. Plaintiff did not submit papers in response to Dr. Levy's further submission, although she had until September 15, 2005 to do so.

Dr. Levy's further submission is adequate to demonstrate her entitlement to summary judgment. Accordingly the motion is granted and the action is dismissed as to her.

Settle order.

N.Y.Sup.,2005.
Landa v. Herman
Slip Copy, 9 Misc.3d 1125(A), 2005 WL 2899876 (N.Y.Sup.), 2005 N.Y. Slip Op. 51787(U)

Briefs and Other Related Documents (Back to top)

• 0105360/2003 (Docket) (Mar. 31, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.