

10 Misc.3d 1053(A) Page 1
10 Misc.3d 1053(A), 809 N.Y.S.2d 483, 2005 WL 3193701 (N.Y.Sup.), 2005 N.Y. Slip Op. 51941(U)
**(Cite as: 10 Misc.3d 1053(A))**

Briefs and Other Related Documents
(The decision of the Court is referenced in a table in the New York Supplement.)
Supreme Court, Nassau County, New York.
RECOVERY RACING, LLC d/b/a Mercedes Benz of Massapequa, Plaintiff,
v.
SUNRISE MOTORS, LLC and Wayne Rivardo, Defendants.
**No. 12834-04.**

Nov. 23, 2005.

Elias C. Schwartz, Esq., Great Neck, for Plaintiff.
Westerman, Ball, Ederer, Miller & Sharfstein, LLP, Mineola, for Defendant.
LEONARD B. AUSTIN, J.

**\*1** Defendants Sunrise Motors, LLC and Wayne Rivardo move for an order, pursuant to CPLR 3211(a)(1) and (7), dismissing the complaint based upon documentary evidence and the failure to state a cause of action. Plaintiff cross-moves to amend the complaint and stay consideration of the motion pending the determination of the motion to consolidate this action with the action entitled *Sunrise Motors, LLC v. Mercedes-Benz USA, LLC* (Index No. 00309/05). [FN1]

> FN1. This branch of Plaintiff's cross-motion has been rendered academic inasmuch as the motion to consolidate was denied by Hon. Ira B. Warshawsky on September 8, 2005.

### BACKGROUND

This lawsuit involves the purchase of a Mercedes Benz dealership by Plaintiff Recover Racing, LLC d/b/a Mercedes Benz of Massapequa ("Recovery Racing") from Defendant Sunrise Motors, LLC ("Sunrise") for the purchase price of $15,434,000 plus the value of inventory and other adjustments. Defendant Wayne Rivardo ("Rivardo") is the managing member of Sunrise.

In its complaint, Plaintiff seeks recovery against Sunrise for breach of contract, money had and received, fraud and deceptive business practices. Against Rivardo, Plaintiff seeks recovery for intentional interference with a business relationship, conversion and fraudulent and negligent misrepresentation.

The complaint alleges that the financial statements provided to Recovery Racing for a due diligence review did not reveal information which should have been produced and intentionally provided false information. Plaintiff avers that the documents provided showed a net annual profit of $642,610 while, in fact, there was a $63,398 loss.

Plaintiff also contends that Defendants inflated customer lists and sales, received $100 for each of 134 vehicles which should have been recorded as an asset of Sunrise, and received deposits in the amount of $9,801.25 prior to closing, which Plaintiff had to credit upon delivery of the vehicles. Plaintiff also avers that it discovered damage to the dealership building after closing, and that it incurred expense in bring the building up to code as demanded by the Fire Marshal. Finally, Plaintiff alleges that, prior to closing, Sunrise failed to pay vendors such as American Guardian Warranty Services, Inc. ("AGWS"), a company retained to cover vehicle service contracts and failed to do business in its customary and usual manner, as required by the Agreement.

With respect to Rivardo, Recovery Racing alleges that he removed personal property from the dealership premises; specifically, cell phones with a value of $900 and a television with a value of $10,000. He is alleged to have interfered with the operation of the dealership by converting Plaintiff's mail, failing to pay bonuses and salaries to key employees, taking credit at closing for payment to vendors who had not been paid and failing to disclose unpaid vendors.

Sunrise contends that the foregoing claims are barred by the express terms of the Asset Purchase Agreement ("Agreement"), which contains a merger clause and numerous related agreements signed at closing. In those agreements, Plaintiff expressly acknowledged that Sunrise Motors complied with all terms of the Agreement. Sunrise urges that Recovery Racing is attempting to convert its contract claims into tort claims and improperly bring claims against Rivardo who was acting in his corporate capacity.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

10 Misc.3d 1053(A) Page 2
10 Misc.3d 1053(A), 809 N.Y.S.2d 483, 2005 WL 3193701 (N.Y.Sup.), 2005 N.Y. Slip Op. 51941(U)
**(Cite as: 10 Misc.3d 1053(A))**

## DISCUSSION

### A. *Legal Standard*

**\*2** A motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action will be denied if, from the four corners of the pleadings, there are factual allegations which "manifest any cause of action cognizable at law." *Maldonado v. Olympia Mechanical Piping & Heating Corp.,* 8 AD3d 348, 350 (2nd Dept.2004). See also, *Rinaldo v. Casale,* 13 AD3d 603, 604 (2nd Dept.2004). Where the motion addresses each of the claims, the court will treat that motion "as applying to each individual cause of action alleged ." *Gamiel v. Curtis & Riess-Curtis, P.C.,* 16 AD3d 140, 141 (1st Dept.2005).

The court must accept all pleaded facts as true and must afford the plaintiff "the benefit of every possible favorable inference." *Id.;* and *511 West 232nd Street Owners Corp. v. Jennifer Realty Co.,* 98 N.Y.2d 144 (2002). The validity of a claim need not be demonstrated. The inquiry is restricted to whether "the relevant allegations of the complaint liberally construed state a theory upon which relief can be granted." *CAE Indus. Ltd. v. KPMG Peat Marwick,* 193 A.D.2d 470, 472 (1st Dept.1993). However, "legal conclusions or factual claims which [are] either inherently incredible or flatly contradicted by documentary evidence" need not be accepted as true. *Greene v. Doral Conference Center Assocs.,* 18 AD3d 429, 430 (2nd Dept 2005).

CPLR 3211(a)(1) permits the court to dismiss an action based upon documentary evidence. To warrant dismissal on this ground, the court must find that the documentary evidence totally refutes Plaintiff's claim and conclusively establishes a defense as a matter of law. *Goshen v. Mutual Lide Ins. Co. of New York,* 98 N.Y.2d 314 (2002); and *Leon v. Martinez,* 84 N.Y.2d 83 (1994). See also, *Montes Corp. v. Charles Freihfer Baking Co., Inc.,* 17 AD3d 330 (2nd Dept.2005); *730 J & J LLC v. Fillmore Agency, Inc.,* 303 A.D.2d 486 (2nd Dept.2003); and *Berger v. Temple Beth-el of Great Neck,* 303 A.D.2d 346 (2nd Dept.2003).

### B. *The Agreement and Related Documents*

Defendants urge that all of Plaintiff's claims are precluded by the terms of the Agreement. Under Section ELEVEN (A), the purchaser [Recovery Racing] acknowledged that "he has not relied on any oral representations of Seller [Sunrise] or any written documents not expressly included in this Agreement or the exhibits annexed ... *including but not limited to financial statements,* in determining to enter into this Agreement (emphasis supplied)." Thus, the Agreement contains a specific disclaimer regarding financial statements.

Section NINETEEN, entitled *Conditions Precedent to Closing,* paragraph (D) provides that all of the obligations of the parties contained in the Agreement "shall have either been met or waived by the party intended to be benefitted by said obligation." Section (F) states that the purchaser "shall have completed its due diligence of the books and records of Seller and Purchaser shall have determined to his reasonable satisfaction, that the financial reports provided to Purchaser by Seller are reasonably accurate and fairly present the financial results of Seller for the periods shown". It was Recovery Racing's obligation to determine the accuracy of financial reports provided before closing.

**\*3** The Bill of Sale, also executed by Plaintiff, provides that "all of the terms and conditions precedent provided in the Asset Purchase Agreement have been materially met and performed by the respective parties thereto or have been waived or otherwise adequately provided for ..." Defendants take the position that the foregoing language, together with the merger clause, bar Plaintiff from claiming a breach of the Agreement.

The proffered defense based upon documentary evidence, however, is not a total bar. The Agreement contains clauses which, in order to have meaning, preclude such interpretation. See, *Hudson Iron Works, Inc v. Beys Specialty Contracting, Inc.,* 262 A.D.2d 360 (2nd Dept.1999) (a contract must be interpreted so as to give full effect to all of its provisions).

The Bill of Sale, Section 3(b), provides that the "Assignor shall from time to time pay or transfer to Assignee, promptly upon receipt, any amounts received, from and after the date hereof, directly or indirectly by Assignor ... in respect of any Assets sold, assigned or transferred to Assignee pursuant thereto". The Bill of Sale contemplates that the seller may receive sums due to the purchaser after closing. In addition, several provisions in the Agreement, including the seller's warranties and representations, explicitly survive closing. For example, several of the alleged breaches raised in the first cause of action are

10 Misc.3d 1053(A) Page 3
10 Misc.3d 1053(A), 809 N.Y.S.2d 483, 2005 WL 3193701 (N.Y.Sup.), 2005 N.Y. Slip Op. 51941(U)
**(Cite as: 10 Misc.3d 1053(A))**

subject to this survival provision; to wit: that Sunrise failed to pay sums due to AGWS, a company which provides automobile contract services; and that Sunrise failed to pay employees bonuses and salary due. Both are warranted by the seller under Section EIGHT (F) and (G), and survive closing "for a period of three years."

The conflict between the waiver and survival terms presents a contract construction issue. A cardinal rule of contract construction is that a court should "avoid an interpretation that would leave contractual clauses meaningless" or, stated otherwise, a contract must be interpreted "so as to give meaning to all of its terms." *150 Broadway N.Y. Assocs., L.P. v. Bodner,* 14 AD3d 1, 4 (1st Dept.2004). See also, *Hudson Iron Works, Inc v. Beys Specialty Contracting, Inc., supra.* Those terms which expressly survive closing would be rendered meaningless if they were automatically deemed waived upon closing.

C. *First Cause of Action*

The first cause of action, alleging breach of the Asset Purchase Agreement against Sunrise must survive the motion to dismiss. The pleaded facts if accepted as true, accorded the benefit of every possible favorable inference, and evaluated only as to whether they fit within any cognizable legal theory sufficiently state a cognizable claim for Plaintiff. The Agreement and other documentary evidence do not present a complete bar to the claim of breach. Thus, Defendants' motion to dismiss the first cause of action must be denied.

D. *Second Cause of Action*

***4** The second cause of action is for money had and received. The essential elements of this cause of action are "the defendant received money belonging to ... plaintiff ... defendant benefitted from receipt of the money ... and ... under principles of equity and good conscience, the defendant should not be permitted to keep the money." *Matter of Estate of Witbeck,* 245 A.D.2d 848, 850 (3rd Dept.1997). However, money had and received is a quasi-contract claim. It is not viable where "the parties entered into an express agreement." *Lum v. New Century Mortg. Corp.,* 19 AD3d 558, 560 (2nd Dept.2005). Accordingly, all allegations which refer to the obligation of Sunrise to turn over funds received after closing fail to state a cause of action for money had and received. *Id.* This includes those payments received by Sunrise for four vehicles sold by Recovery Racing, as well as the alleged $100 reimbursements associated with advertising. These claims are properly part of the cause of action for breach of contract.

Notwithstanding the foregoing, the second cause of action includes one claim for funds received prior to closing; to wit: four down payments for vehicles which were delivered by Recovery Racing after closing. If Recovery Racing paid such sums to Sunrise at closing as part of the purchase price for the 134 vehicles and Sunrise had already received such sums from the prospective vehicle purchasers, the claim would adequately state a cause of action for money had and received inasmuch as the parties have not indicated any part of the Agreement which addresses such circumstances.

Accordingly, the second cause of action for money had and received must survive insofar as it alleges Sunrise's receipt of down payments before closing on vehicles transferred to Recovery Racing.

E. *Third Cause of Action*

The third cause of action is raised against Rivardo for conversion of a television set and cell phones. The Agreement includes an itemized list of personalty transferred to Recovery Racing, including telephone (with phone numbers listed) and television equipment by location. The Agreement makes no mention of the television equipment which was allegedly taken, nor cellular telephones or numbers.

Recovery Racing contends that the Agreement did not list every piece of personalty, such as staplers and garbage cans, which were transferred and that it is entitled to keep all personalty which was on the premises during the walkthrough.

Plaintiff's claim is contrary to the documentary evidence. The Agreement addressed specific television equipment not including the one taken, and explicitly dealt with telephone equipment, not including any cellular telephones. The documentary evidence does not support Recovery Racing's claim that it was entitled to keep everything on premises at the walkthrough.

A merger clause precludes the use of parol evidence to support a claim of an oral understanding, as contradicting the express terms of a written agreement. See, *Citibank v. Plapinger,* 66 N.Y.2d 90,

10 Misc.3d 1053(A)                                                                                                                                  Page 4
10 Misc.3d 1053(A), 809 N.Y.S.2d 483, 2005 WL 3193701 (N.Y.Sup.), 2005 N.Y. Slip Op. 51941(U)
**(Cite as: 10 Misc.3d 1053(A))**

96 (1985). Indeed, the Agreement explicitly provides that Rivardo's personalty was not included in the transfer. Accordingly, the documentary evidence precludes any claim of ownership of the items taken and the third cause of action must be dismissed.

### F. *Fourth Cause of Action*

**\*5** The fourth cause of action alleges that Rivardo, as managing agent for Sunrise, fraudulently misrepresented the true state of Sunrise's books and records and concealed information which should have been provided. Plaintiff claims that Rivardo failed to pay Sunrise's bills and concealed $100 payments due for each of the 134 vehicles Sunrise purchased at closing.

Members of limited liability companies, such as officers "may be held personally liable if they participate in the commission of a tort in furtherance of company business." Rothstein v. Equity Ventures, LLC, 299 A.D.2d 472, 474 (2nd Dept.2002). However, Plaintiff is precluded by the Agreement from claiming reliance upon any misrepresentation regarding Sunrise's financial statements.

Nevertheless, a general disclaimer and merger clause in a contract for the sale of the businesses "is not a basis to preclude parol evidence of fraud in the inducement." Marinis v. Scherr, 306 A.D.2d 448 (2nd Dept.2003). Simply put, "a general sweeping disclaimer" cannot serve "to disclaim any and all extrinsic fraud between sophisticated parties." JPMorgan Chase Bank v. Liberty Mut. Ins. Co., 189 F.Supp.2d 24, 27 (S.D.NY 2002). The touchstone of an enforceable disclaimer is specificity, "that is, a clear indication that the disclaiming party has knowingly disclaimed reliance on the specific representations that form the basis of the fraud claim." Manufacturers Hanover Trust Co. Yanakso, 7 F.3d 310, 316 (2d Cir.1993). Here, Plaintiff made a specific representation that it did not rely upon oral representations or documents not included in the Agreement, specifically citing financial statements. Accordingly, Plaintiff cannot rely upon same as a basis for fraud.

Moreover, a fraud claim will not survive where the alleged fraud was discoverable through due diligence. Danann Realty Corp. v. Harris, 5 N.Y.2d 317, 322 (1959). See also, Cohen v. Cerier, 243 A.D.2d 670 (2nd Dept.1997). As Plaintiff had a contractual right and duty to conduct a due diligence review of Sunrise's financial circumstances, any fraud claim is precluded upon this ground as well.

With respect to the allegations of concealment, no duty to disclose exists in the absence of a confidential or fiduciary relationship between two parties to a contract. George Cohen Agency, Inc. v. Donald S. Perlman Agency, Inc., 114 A.D.2d 930, 931 (2nd Dept.1985), app. den., 68 N.Y.2d 603 (1986), citing Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, NA, 731 F.2d 112, 123 (2d Cir.1984) (omissions of material fact may rise to a level constituting fraud only if there is a showing "that a duty of disclosure existed"). Mere silence "without some act which deceived" cannot constitute a concealment that is actionable as fraud. Mobil Oil Corp. v. Joshi, 202 A.D.2d 318 (1st Dept 1994). Plaintiff has not alleged nor indicated any basis for a finding of a fiduciary or special relationship. Thus, the allegations of concealment cannot support a claim for fraud.

**\*6** Accordingly, the fourth cause of action must be dismissed. Plaintiff's motion for leave to replead a cause of action for fraudulent inducement against Sunrise must be denied as the proposed amendment is without merit. *Mobil Oil Corp. v. Joshi, supra* at 319.

It is noted, however, that the claims against Rivardo, where it is alleged that he acted in his own interest, and not that of Sunrise, by retaining payments in a personal account which rightfully belong to Recovery Racing, states a valid cause of action for conversion by Rivardo, as an agent guilty of conversion, is liable personally for the independent tort Greyhound Corp. v. Commercial Cas. Ins. Co., 259 App. Div. 317, 320 (1st Dept.1940). An action will lie for the conversion of money where there is "a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." Manufacturers Hanover Trust Co. v. Chemical Bank, 160 A.D.2d 113, 124 (1st Dept.1990), app. den., 77 N.Y.2d 803 (1991). See also, Batsidis v. Batsidis, 9 AD3d 342 (2nd Dept.2004); and Fiorenti v. Central Emergency Physicians, PLLC, 305 A.D.2d 453 (2nd Dept.2003). Accordingly, identifiable funds such as the $100 payments due for each automobile sold by Recovery Racing may be the subject of an action in conversion. Plaintiff is granted leave to replead in order to allege a cause of action in conversion against Rivardo for 134 payments in the amount of $100 each or $13,400.

### G. *Fifth Cause of Action*

10 Misc.3d 1053(A) Page 5
10 Misc.3d 1053(A), 809 N.Y.S.2d 483, 2005 WL 3193701 (N.Y.Sup.), 2005 N.Y. Slip Op. 51941(U)
**(Cite as: 10 Misc.3d 1053(A))**

Plaintiff fails to address the fifth cause of action alleging Rivardo's intentional interference with business relations. Rivardo was the managing member of a limited liability company and cannot be held personally liable for his acts on behalf of the company. Limited Liability Law § 609. Nor can he be held liable for inducing Sunrise Motors to breach a contract. *Greyhound Corp. v. Commercial Cas. Ins. Co., supra* at 320. If the claim was raised as against Sunrise itself, as Plaintiff proposes in an amended complaint, the claim remains insufficient to state a cause of action. A business cannot interfere with its own contracts and any failure by Sunrise to pay its vendors or employees cannot support a claim for intentional or tortious interference with business relations. *Manley v. Pandick Press, Inc.,* 72 A.D.2d 452, 454 (1st Dept.), *app. dism.,* 49 N.Y.2d 981 (1980). Thus, this cause of action must be dismissed without leave to replead.

Accordingly, it is,

ORDERED, that Defendants' motion to dismiss the complaint is granted to the extent that the third, fourth and fifth causes of action are hereby dismissed, denied with regard to the first cause of action; and granted with regard to the second cause of action except as to pre-closing down payments received by Sunrise Motors, LLC; and it is further,

ORDERED, that Plaintiff's cross-motion for leave to replead is granted to the extent of repleading the fourth cause of action as to its conversion claim against Wayne Rivardo; and it is further,

**\*7** ORDERED, that the amended complaint, consistent herewith, shall be served within 30 days of the date of this Order; and it is further,

ORDERED, that counsel shall appear for a Preliminary Conference on December 20, 2005 at 9:30 a.m.

This constitutes the decision and Order of the Court.

N.Y.Sup.,2005.
Recovery Racing, LLC v. Sunrise Motors, LLC
10 Misc.3d 1053(A), 809 N.Y.S.2d 483, 2005 WL 3193701 (N.Y.Sup.), 2005 N.Y. Slip Op. 51941(U)

Briefs and Other Related Documents (Back to top)

• 0012834/2004 (Docket) (Jun. 07, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.