## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
212-735-2600
DIRECT FAX
917-777-2550
EMAIL ADDRESS
ALERNER@SKADDEN.COM

**MEMO ENDORSED**

July 7, 2006

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/06

BY FACSIMILE
Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

Re: World Wrestling Entertainment, Inc. v. JAKKS Pacific, Inc., et al., 1:04-CV-08223-KMK

Dear Judge Karas:

We were surprised to receive by email yesterday (at 4:49 p.m.), the afternoon before its response to our dismissal motion is due, WWE's July 6, 2006 letter to the Court requesting a pre-motion conference for permission to file a separate motion to strike an exhibit to my transmittal declaration consisting of the January 15, 2004 Release ("Release") executed by WWE.

Consistent with WWE's pattern of disrupting the Court's briefing schedules and seeking to obtain the "last word" on all motions, WWE has waited until the eve of its deadline to oppose the JAKKS Defendants' motion to dismiss to seek a pre-motion conference (or to dispense with that requirement) on an issue that WWE has known about for a year and a half and that has been the subject of numerous discussions in open court.[1] This belated action not only violates Your Honor's

---

[1] The Release exhibit that WWE now seeks to strike apparently on authenticity grounds is the _identical_ Release which accompanied the JAKKS Defendants' original motion to dismiss in this action – filed a year and a half ago – and
(continued...)

Honorable Kenneth M. Karas
United States District Judge
July 7, 2006
page 2

Individual Practices, which provide a specific timetable for pre-motion letters, but threatens to derail the carefully crafted briefing schedule established at the last conference before Your Honor on April 26, 2006.

    We are concerned that WWE's request to submit a separate formal motion – rather than simply raising any arguments it may have in its opposition papers – is an attempt by WWE to unilaterally alter the Court's April 26, 2006 Scheduling Order by preemptively granting itself the right to file an additional reply brief on the Release issue. As in the Court's November 21, 2005 Order on the class plaintiffs' similar motion to strike, we urge that no additional reply be permitted. See Ex. A, hereto.

    In accordance with Your Honor's April 26, 2006 Scheduling Order, we respectfully submit that WWE should be required to raise today, by motion or otherwise, any and all arguments it may have in response to our dismissal motion, including on the Release. As contemplated by the Court's Scheduling Order, the JAKKS Defendants remain prepared to respond on August 11, 2006 to any legitimate arguments WWE wishes to make, so that all outstanding dismissal issues may be fully briefed and ready for oral argument on September 6, 2006.

Respectfully submitted,

Jonathan J. Lerner /yr

Jonathan J. Lerner

cc: All Counsel (via email)

Attachment

*The briefing schedule set on April 26, 2006 remains in effect, and will not be altered in any way. In other words, there will be no submissions after August 11, 2006.*

---

¹ (...continued)
was transmitted in exactly the same manner, without any objection by WWE until yesterday. See February 16, 2005 Declaration of Michael H. Gruenglas. Indeed, one purpose of the pre-motion conference is precisely to ferret out, and resolve, such technical issues to avoid unnecessary motion practice.

SO ORDERED

KENNETH M. KARAS U.S.D.J.
7/8/06