# michael a. freeman | attorney at law

24 West 40th Street, 17th Floor
New York, New York 10018

tel 646.366.0881
fax 646.366.1384
maf@freemanlawyer.com
www.freemanlawyer.com

May 13, 2005

**BY FACSIMILE 212.805.7968**

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

    Re:   World Wrestling Entertainment, Inc. v. Jakks Pacific Inc. et al.
             No. 04-CV-8223

Dear Judge Karas:

    I represent defendants Stanley Shenker and Associates, Inc. and Stanley Shenker (collectively the "Shenker Defendants") in the above-referenced action. As Your Honor knows, several other defendants have been granted permission to respond to the May 6, 2005 letter brief submitted by plaintiff World Wrestling Entertainment, Inc. ("WWE") pursuant to the Court's Order of April 27, 2005. In light of this, the Shenker Defendants do not believe it necessary to respond directly to the points raised in WWE's May 6 letter, but join in the arguments of the other defendants.

    I respectfully request leave to bring to the Court's attention, however, that WWE's May 6 letter does not respond to my prior letter to the Court, dated April 14, 2005, in which I observed, with respect to the RICO claims asserted against the Shenker Defendants, that "WWE has not identified how the filing of an amended complaint will enable WWE to overcome the defenses [of] *res judicata*, the prior pending action doctrine, as well as the 'one satisfaction' rule" given the judgment that already has been entered in the prior Connecticut state court action. These defenses are all fully described in the brief in support of the motion to dismiss submitted on behalf of the Shenker Defendants on February 26, 2005.

    To this, I would add only that the financial hardship visited upon the Shenker Defendants in having to defend two separate lawsuits arising out of the same transactions has been exacerbated by the circumstances under which the amended complaint was filed. Accordingly, an

Hon. Kenneth M. Karas
May 13, 2005
Page 2

award of sanctions against WWE and/or its counsel in favor of the Shenker Defendants is particularly appropriate.

      If the Court grants leave so that Your Honor may consider these points, I would have no objection to the Court granting WWE permission to file a belated response to my April 14 letter.

Respectfully submitted,

/s/

Michael A. Freeman

Cc:    All Counsel *(by e-mail)*



**Kirkpatrick & Lockhart Nicholson Graham** LLP

Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
412.355.6500
Fax 412.355.6501
www.klng.com

May 23, 2005

Jerry S. McDevitt
412.355.8608
jmcdevitt@klng.com

<u>VIA FACSIMILE (212) 805-7968</u>

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

Re:   World Wrestling Entertainment, Inc. v. JAKKS Pacific, Inc., et al.
      1:04-CV-08223-KMK

Dear Judge Karas:

I wanted to express my gratitude to the Court for modifying the date by which we had to respond to the latest submission of Defendants until this Wednesday, May 25, 2005. I was able to complete our response after the funeral ahead of the extended date, and we enclose our response herewith.

Very truly yours,

Jerry S. McDevitt

JSM/emw

Enclosure

cc:   All Counsel of Record (via electronic mail)

PI-1370450 v1

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



**Kirkpatrick & Lockhart Nicholson Graham LLP**

Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
412.355.6500
Fax 412.355.6501
www.klng.com

May 23, 2005

Jerry S. McDevitt
412.355.8608
Fax: 412.355.6501
jmcdevitt@klng.com

**VIA FACSIMILE (212) 805-7968**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

    Re:   **World Wrestling Entertainment, Inc. v. JAKKS Pacific, Inc., et al.**
            **1:04-CV-08223-KMK**

Dear Judge Karas:

    WWE hereby submits a consolidated response to the letters of the Jakks Defendants ("Jakks") and THQ dated May 13, 2005. WWE has placed before this Court, in the manner prescribed by law, claims involving misconduct by the highest ranking executives of Jakks Pacific, Inc. and THQ which go to the heart of the free enterprise system. WWE respectfully submits it is entitled to have its claims adjudicated in accordance with the Federal Rules either through motions and briefing or at trial, and that further letter writing would serve no purpose.[1] For the reasons stated herein, we again request that the Court set a response date and/or briefing schedule for all Defendants to answer or move to dismiss the Amended Complaint and end the collateral litigation unrelated to the merits of the case.

---

[1] We must admit to some confusion as to the purpose or legal effect of the latest round of letters by Jakks, THQ and Shenker, since letters are not motions under your Honor's individual practices or the Local Rules of this Court. Also, none shed light on the issues identified by the Court at the last conference.

PI-1368333 v3

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON

Honorable Kenneth M. Karas
May 23, 2005
Page 2

## I. DEFENDANTS' LETTERS FAIL TO ADDRESS THE ISSUES IDENTIFIED BY THE COURT AT THE LAST CONFERENCE

WWE has performed exactly two official legal acts to date in these proceedings. On October 19, 2004, it filed an original Complaint. On March 30, 2005, it filed an Amended Complaint adding an additional defendant, an additional claim, and even more substantial facts relating to the illegal conduct of Defendants. By law, WWE had an absolute right to amend once as of right under Rule 15(a), and no Local Rule, Individual Practice or Order of this Court indicated otherwise.

Jakks did not address the issue identified by the Court at the last conference of whether the right to amend as of right is absolute. Instead, despite the Court's admonition to cease personal attacks, Jakks continued their personal attacks, a strategy initially unleashed after WWE performed its second legal act in this case and amended its Complaint. The accusations *du jour* have now involved pleas to hold WWE in contempt; charges of bad faith and vexatiousness; disingenuity and other polemics. All these attacks have been made because WWE amended the Complaint and exercised a right which is, in fact, absolute, and numerous courts have so stated in those words.[2]

---

[2] See Shaver v. Operating Eng'rs Local 428 Pension Trust Fund, 332 F.3d 1198, 1201 (9th Cir. 2003) ("[T]he motion to dismiss was not a responsive pleading within the meaning of Fed.R.Civ.P. 15(a). Thus, at the time of the hearing, the appellants still had an absolute right to amend their complaint . . .") (internal citation omitted); Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 420 (6th Cir. 2000) ("Fed.R.Civ.P. 15(a) gives plaintiffs an absolute right to amend their complaint one time before a 'responsive pleading' is served."); James V. Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 282-83 (D.C. Cir. 2000) ("The Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading."); Smith v. Nat'l Collegiate Athletic Ass'n, 139 F.3d 180, 189 (3d Cir. 1998) ("[A] plaintiff has an absolute right to amend her complaint once at any time before a responsive pleading is served."); Am. Postal Workers Union v. United States Postal Serv., 823 F.2d 466, 478 (11th Cir. 1987) ("Appellant . . . had an absolute right to

Honorable Kenneth M. Karas
May 23, 2005
Page 3

No matter how the attack is packaged or repackaged, the plain thrust of Defendants' arguments is that WWE's absolute right to amend once under Rule 15(a) was implicitly lost on January 25, 2005 because Defendants obtained a briefing schedule that day pursuant to your Honor's individual practices. Defendants are clearly asking this Court to repudiate controlling law universally applied in every Circuit that only an answer, not a motion to dismiss, cuts off the right to amend.[3] Defendants are also asking this Court to abrogate WWE's right to amend prior to the time the Second Circuit has ruled that the right is lost, which occurs when there is an order of dismissal if no attempt has been made to exercise the right. Swan v. Bd. of Higher Educ. of the City of New York, 319 F.2d 56, 60-61 (2d Cir. 1963). In inviting the Court to err on multiple grounds, Defendants also never address how this Court could explicitly, let alone implicitly, deny WWE the right to file a pleading authorized by law without ignoring controlling Second Circuit law consistently holding that trial courts cannot prevent a litigant from filing a pleading authorized by the Federal Rules in the first place.[4]

---

amend its complaint."); Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("As no defendant has answered, plaintiff has an absolute right to amend his complaint, without seeking leave of the Court."); Heller v. First Town Mortgage Corp., No. 97 Civ. 8575(JSM), 1998 WL 614197, at *1 (S.D.N.Y. Sept. 14, 1998) ("The defendant . . . has not served an answer. Therefore, plaintiff has an absolute right to amend."). The right is not lost just because a defendant obtains a briefing schedule, which happens every time such a motion is filed. See, e.g., Ciro, Inc. v. Gold, 816 F.Supp. 253, 256 (D. Del. 1993) (Court noted plaintiff amended as of right "days before the scheduled oral argument" and simply reset the schedule after defendants moved to dismiss the amended complaint).

[3] The only case Jakks has ever cited even remotely on point, United States v. Broadway Const., Inc., No. 97 C 8284, 1998 WL 246385 (N.D. Ill. Apr. 24, 1998), is not a case from this district or this circuit, is against the law in that district and that circuit, and stands alone uncited by any subsequent court. More importantly, the court in Broadway simply never discussed Rule 15(a)'s amendment as of right provision.

[4] Jakks simply dismisses Second Circuit authority repeatedly containing this admonition as "entirely inapposite" without ever explaining why the jurisprudential limitations repeatedly noted by the Second

Honorable Kenneth M. Karas
May 23, 2005
Page 4

Further, given the absolute nature of the right, it is not surprising that Jakks has not mustered a single case wherein any Court even considered sanctioning a party and/or its attorney and awarding the other side's costs in preparing motions to dismiss because the plaintiff exercised its absolute right to amend the complaint after such motions were filed. That alone should be a strong indication to the Court that such considerations are unprecedented and inappropriate.

We submit, therefore, that what is really going on here is clear. These defendants want WWE's claims tossed out, and/or sanctions entered in their favor, solely because WWE brought even stronger claims before this Court in the manner prescribed by law.

## II. JAKKS' RESPONSE

A. **The Charge of Non-Compliance** – At the conference on April 27, 2005, the Court directed WWE to explain how the Amended Complaint responded, if at all, to the arguments advanced by Defendants in the Motions to Dismiss and to address whether sanctions could be imposed to pay counsel fees incurred in preparing motions to dismiss. WWE's May 6, 2005 submission did exactly that.

Ignoring this Court's direction not to respond and to await the Court's directives after reading WWE's submission, Jakks, then THQ, sought and received permission to file yet another letter. Despite the Court's admonition to refrain from *ad hominem* attacks, Jakks' response opens with personal attacks on WWE's counsel. Out of whole cloth, Jakks constructs what it calls "unequivocal admissions" of contumacious intent regarding the Court's briefing schedule

---

Circuit are not engaged by the request that this Court deny WWE the right to file a pleading authorized by the Rules.

and then charges WWE's counsel with being "disingenuous" and "gamesmanship." After once again trying to pre-condition the Court with such portrayals of opposing counsel, Jakks next accuses WWE of being "conspicuously silent" on how the Amended Complaint cures "multiple dispositive defects" supposedly demonstrated by Jakks. Despite the broad generality of that charge, Jakks thereafter identified precisely two specific issues on which WWE was supposedly "conspicuously silent" – the Robinson-Patman claims and Jakks' "enterprise" argument.[5]

Regarding the "enterprise" issue, WWE was not "conspicuously silent" as Jakks contends. To the contrary, WWE's response to that argument is conspicuously present at pages 9-10 of its May 6, 2005 letter, and demonstrated that argument was meritless. WWE's statement of the law which governs the enterprise issue is hardly "conspicuous silence" or a good faith basis to charge an adversary with violating an order. Likewise, failing to distinguish a case cited by the opposing party is hardly grounds for charging contempt, especially when the quote from First Capital relied upon by Jakks neither alters nor changes the law cited by WWE.[6]

---

[5] Ad hominem attacks always create a dilemma. If ignored to honor the Court's admonition, a risk is taken that the Court will construe silence as a form of admission. If responded to in kind, the incivility escalates.

[6] Personal attacks do obscure principled legal argument, as noted by the Court at the last conference and as evidenced by this aspect of Jakks' response. There is no dispute, nor could there be after Turkette, that a RICO plaintiff must prove the existence of an enterprise and separate and distinctly the additional element that the enterprise engages in a pattern of racketeering activity. United States v. Turkette, 452 U.S. 576, 583 (1981). First Capital adds precisely nothing to that formulation and does not claim to do so. The cases cited by WWE, in particular United States v. Coonan, 938 F.2d 1553 (2d Cir. 1991), are the law of this Circuit and First Capital neither overrules that law nor is Coonan inapposite because it is an older criminal case, as Jakks suggests. Indeed, Coonan is cited with approval a few sentences after the quote from First Capital which Jakks relies upon and also in First Nationwide Bank v. Gelt Funding, Corp., 820 F.Supp. 89, 98 (S.D.N.Y. 1993), which was the sole authority cited by the Second Circuit in First Capital for the quote Jakks relies upon. First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 174 (2d Cir. 2004). Thus, evidently neither Judge Mukasey nor the Second Circuit so blithely dismisses Coonan as an older inapposite criminal case not applicable to civil RICO cases.

Honorable Kenneth M. Karas
May 23, 2005
Page 6

The only other point used to charge WWE with impropriety is equally meritless. The arguments regarding whether the Robinson-Patman Act covers the bribes paid to WWE's agents raise an issue of law regarding the proper interpretation and scope of a federal statute. As WWE's letter clearly pointed, the Amended Complaint made no amendments (nor could it) aimed at addressing pure issues of law raised by Defendants.[7]

No other matters are advanced by Jakks to support their personal attack or the charge that WWE violated the Court Order of April 27, 2005. Indeed, Jakks does not even seriously suggest that any other of their grounds for dismissal remain viable in the face of WWE's fifteen-page submission on the actual law which governs the claims. For that reason, the rest of Jakks' submission is a plea to the Court to just toss out the whole case without briefing and provide Jakks and its officers with a judicial pass for their conduct, all because WWE filed an Amended Complaint to assert those claims fully.[8]

---

[7] Contrary to the suggestion that the issues of statutory interpretation involved in that legal argument have been conclusively determined, neither the Supreme Court nor the Second Circuit has determined the issue *sub judice*. See Federal Trade Commission v. Simplicity Pattern Co., 360 U.S. 55, 65 (1959) (holding that the RPA section in question "unqualifiedly" makes certain business practices other than price discrimination unlawful); Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 221 (2d Cir. 2004) (noting that Second Circuit has not decided if 15 U.S.C. §13(c) embraces commercial bribery). Such issues of law require full briefing to respond to Defendants' arguments. The same is true with respect to Shenker's *res judicata* and other legal arguments, as well as issues raised by THQ as to whether there is a private right of action for commercial bribery, all of which are matters of law requiring briefs to address.

[8] Although the May 6, 2005 letter of WWE to which Jakks is allegedly responding nowhere mentions "supplemental pleading," and Jakks neither sought nor obtained leave to reopen that issue, Jakks nonetheless reopens its supplemental pleading argument and states that WWE "erroneously" claimed only four paragraphs supplement the original Complaint. Jakks, not WWE, asserted that the pleading had been supplemented by four paragraphs in their opening letter of April 4, 2005 on the subject. Based on authorities previously provided to the Court, it was and is WWE's position that the Amended Complaint supersedes for all purposes the original Complaint; that the paragraphs in question are continuations of matters originally alleged; and that constructing a leave requirement puts Defendants in no different a

Honorable Kenneth M. Karas
May 23, 2005
Page 7

**B.   Sanctions** – First, Jakks and THQ appear to contend that the entire case should be dismissed without any Defendant ever identifying what arguments they maintain apply to the Amended Complaint and with no opportunity given to WWE to contest their remaining arguments by proper legal briefing. No authority cited by Defendants comes remotely close to holding that this Court can just toss out the Amended Complaint without following some articulated procedure under Rule 15(a) providing an opportunity to contest dismissal after Defendants indicate what arguments they maintain are viable as against the Amended Complaint.

Rule 15(a) does not impose a duty of clairvoyance on WWE as to what any Defendant will do once an Amended Complaint is filed. For that reason, Rule 15(a) explicitly provides that Defendants "shall plead in response to an amended pleading." WWE has no way of knowing in advance of amending whether Defendants will move again for dismissal and, if so, on what grounds. That is particularly true with respect to arguments based on alleged factual insufficiencies. All WWE asks for is what Rule 15(a) and procedural due process requires, and that is a clear identification of the basis for moving to dismiss the Amended Complaint and the opportunity to brief those arguments. If Defendants truly believe their original arguments still have merit, they can stand on their briefs and need not file anything further. WWE will file its response and Defendants can then reply.

---

position than adherence to Rule 15(a)'s language requiring them to plead to the Amended Complaint. Jakks has never disputed that the paragraphs they question are continuations of matters set forth in the original Complaint. Likewise, Jakks has yet to identify any basis upon which they could or would oppose leave to add these paragraphs if it should be required.

Honorable Kenneth M. Karas
May 23, 2005
Page 8

Jakks also contends that WWE should be sanctioned by being required to pay the costs incurred by Defendants in preparing their Motions to Dismiss.[9] For reasons previously stated, this argument is as unprecedented and improper as is the request to toss out a lawsuit alleging hundreds of millions of dollars in damages because an Amended Complaint was filed. After arguing that sanctions can flow from the Court's "inherent powers," all of which require a finding of bad faith in these circumstances[10] and which this Court has stated does not exist, Jakks then cites cases dealing with the Court's powers under Rule 16 as if the same thing. Jakks does not point out that the cases relied upon all deal with a party's right to amend after the deadline established in a Rule 16(b) order.[11] Indeed, the authorities cited by Jakks demonstrate that the lenient standard for court approved leave to amend embodied in Rule 15(a) does not give way until a Rule 16(b) order has been entered establishing the last date for amending pleadings; the

---

[9] An additional observation is in order about Jakks' argument that they disclosed the basis for their Motion to Dismiss in their pre-motion letter and related notion that WWE should have to pay their counsel fees. In reliance on Jakks' pre-motion letter, WWE spent substantial time and money doing additional factual and legal research regarding Jakks' anticipated arguments about personal jurisdiction and venue—both of which Jakks indicated they intended to raise. At some point thereafter, Jakks clearly decided not to raise such issues. Jakks neither announced to the Court, or WWE, in advance of filing their Motion to Dismiss that they no longer intended to raise such issues. Instead, Jakks simply made their filing; offered no explanation for why they said they would raise issues which they did not raise; and voiced no concern about legal costs WWE incurred researching issues they in fact did not raise. WWE did not bother the Court with collateral motion practice about the costs it incurred as a result of Jakks' failure to brief such issues, accuse them of bad faith, or seek sanctions and costs. WWE went about its business; determined to file the Amended Complaint, and did so in accordance with the Rules and in exactly the manner that Jakks had done.

[10] United States v. Seltzer, 227 F.3d 36, 41-42 (2d Cir. 2000).

[11] Ironically, Rule 16(b) orders traditionally provide that either party is permitted to amend without leave if done by a cutoff date. Thus, had such an order been entered, there would be no issue about WWE's right to amend once as of right or for that matter again as long as within the schedule set forth in a Rule 16(b) order.

Honorable Kenneth M. Karas
May 23, 2005
Page 9

passage of that date; and an attempt to amend thereafter. See <u>Parker v. Columbia Pictures Indus.</u>, 204 F.3d 326, 339-40 (2d Cir. 2000). Here, we are not even dealing with the leave requirement of Rule 15(a), but the as-of-right clause. And as Jakks knows, no Rule 16(b) order has been entered here, largely because Jakks moved to stay discovery from the onset. The January 25, 2005 conference and Order were pursuant to your Honor's individual practices, and so understood by everybody, including Jakks, which never cited Rule 16 in any of their prior submissions seeking sanctions.[12] That order was decidedly not a Rule 16(b) order and did not address WWE's right to amend. Implied orders are not a basis for sanctions under Rule 16 or any other sanction. See, e.g., <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1133 (2d Cir. 1986) (finding that Rule 16(f) "did not loose a strange and capricious new beast"; requires a violation of an explicit court order; and that "implied" orders do not justify sanctions under Rule 16(f)).

### III.   THQ'S RESPONSE

Finally, THQ's submission is clearly another ten pages of argument more properly contained in a brief in support of a motion to dismiss the Amended Complaint. Together with its original brief, THQ has now set forth over 35 pages of legal arguments for dismissal. If THQ wishes to stand on its original brief, as supplemented by its recent letter, in opposition to the Amended Complaint, it certainly can do so. It need file nothing more. WWE is prepared to file its brief on any issues any Defendant wishes to identify which are contended to be applicable to

---

[12] On December 23, 2004, the Court ordered all counsel to appear "for a pre-motion conference on January 25, 2005." The January 25, 2005 Order referenced rulings made "at today's pre-motion conference."

Honorable Kenneth M. Karas
May 23, 2005
Page 10

the Amended Complaint. It is plainly unreasonable, however, to expect WWE to respond to 35 pages of briefing in five pages.

    Accordingly, WWE respectfully requests the Court to establish a briefing schedule with respect to the Amended Complaint and terminate the collateral litigation over WWE's exercise of its absolute right to file the Amended Complaint.

Very truly yours,

Jerry S. McDevitt

JSM/emw

cc:    All Counsel of Record (via electronic mail)

## CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to practice law before this Court, hereby certifies under penalty of perjury, that on May 23, 2005, I caused a true copy of the foregoing to be served upon the following parties via electronic mail service:

John R. Williams
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

Michael A. Cornman
Schweitzer Cornman Gross & Bondell, LLP
292 Madison Avenue
New York, NY 10017

Steven A. Marenberg
Irell & Manella, LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Steven M. Bierman
Sidley Austin Brown & Wood
787 Seventh Avenue
New York, NY 10019

Michael A. Freeman
24 West 40th Street
17th Floor
New York, NY 10018

Jonathan J. Lerner
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

Murray L. Skala, Esquire
Feder, Kaszovitz, Isaacson, Weber, Skala, Bass & Rhine, LLP
750 Lexington Avenue
New York, NY 10022-1200

Richard Schaeffer
Dornbush Schaeffer Strongin & Weinstein, LLP
747 Third Avenue
New York, NY 10017

_____
Jerry S. McDevitt

Dated: May 23, 2005



**Kirkpatrick & Lockhart Nicholson Graham LLP**

599 Lexington Avenue
New York, NY 10022-6030
212.536.3900
Fax 212.536.3901
www.klng.com

July 25, 2005

Jerry S. McDevitt
412.355.8608
jmcdevitt@klng.com

**VIA HAND DELIVERY**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

Re:  World Wrestling Entertainment, Inc. v. JAKKS Pacific, Inc., et al.
     1:04-CV-08223-KMK

Dear Judge Karas:

We are writing pursuant to your Honor's Individual Practice Rules which require counsel for the movant to send a letter to the Court if a motion is not decided within 60 days of the time it is fully submitted. Independent of that requirement of your Honor's Individual Practice Rules, we write to once again respectfully request that your Honor establish a schedule for the Defendants to answer or move to the Amended Complaint filed nearly four months ago on March 30, 2005. At the last conference before the Court on April 27, 2005, the Court indicated that a conference would be scheduled within a week or two of receiving the submission of WWE ordered that day by the Court. WWE submitted that letter on May 6, 2005, and all ensuing responses of the parties were completed on May 23, 2005.

It is our understanding that the Court has established a briefing schedule for the Amended Complaint in the shareholder litigation against Jakks, et al. The Amended Complaint in that case, together with the Amended Complaint in our case, alleges massive violations of RICO, the Antitrust laws, and the Securities laws by the highest ranking officers of Jakks. As we trust the Court will understand, our client is desirous of having the claims it has set forth in great detail in the Amended Complaint adjudicated on the merits, and we therefore respectfully request the Court either establish a schedule to do so or convene a conference in order to discuss the status of this case.

Very truly yours,

*Jerry S. McDevitt / RLM*

Jerry S. McDevitt

JSM/emw

cc:  All Counsel of Record (via electronic mail)

PI-1404953 v1

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON