UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
WORLD WRESTLING ENTERTAINMENT, INC.,        :
: 04 CV 8223 (KMK)
Plaintiff,         : (ECF CASE)
:
- against -            :
: February 1, 2008
JAKKS PACIFIC, INC.; JAKKS PACIFIC (H.K.)   :
LIMITED; ROAD CHAMPS LIMITED; THQ, INC.;    :
THQ/JAKKS PACIFIC LLC; STANLEY SHENKER      :
AND ASSOCIATES, INC.; STANLEY SHENKER;      :
BELL LICENSING, LLC; JAMES BELL; JACK       :
FRIEDMAN; STEPHEN BERMAN; JOEL              :
BENNETT; and BRIAN FARRELL,                 :
:
Defendants.        :
:
------------------------------------------------------------X :


**MEMORANDUM OF LAW IN OPPOSITION TO THE JAKKS DEFENDANTS'
MOTION FOR RECONSIDERATION OF THE PORTION OF THE COURT'S
<u>DECEMBER 21, 2007 DISMISSAL ORDER RELATED TO THE RELEASE</u>**


Peter N. Flocos
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022-6030
(212) 536-3900 (phone)
(212) 536-3901 (fax)

Jerry S. McDevitt
Curtis B. Krasik
Amy L. Barrette
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
(412) 355-6500 (phone)
(412) 355-6501 (fax)

Attorneys for Plaintiff, World Wrestling Entertainment, Inc.


PI-1922348 v1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.     INTRODUCTION ........................................................................................................1

II.    ARGUMENT ................................................................................................................3

        A.     The Jakks Defendants' Motion Should Not Even Be Considered Because It Is Not The Proper Subject Of A Motion For Reconsideration ..........................................3

        B.     The Jakks Defendants' Motion Is An Improper Attempt to Reassert Arguments That Previously Were Considered And Rejected by the Court In Interpreting The Release ................................................................................................................5

               1.     The Jakks Defendants Ignore the Standards For a Motion For Reconsideration Under Local Civil Rule 6.3 ..............................................5

               2.     The Court Did Not Consider Or Rely On Extrinsic Evidence From WWE In Interpreting The Release ...................................................................8

               3.     The Jakks Defendants' Motion Seeks To Avoid The Consequences of Their Tactical Decision To Move To Dismiss Based On the Release ......10

III.   CONCLUSION............................................................................................................11

# TABLE OF AUTHORITIES

Cases:                                                                                                          Page:

*Abbs v. Sullivan*, 963 F.2d 918 (7th Cir. 1992) ...........................................................................4, 5

*American Elastics, Inc. v. United States*, 84 F. Supp. 198 (S.D.N.Y. 1949) ..................................4

*FDIC v. Ernst & Young, LLP*, 216 F.R.D. 422 (N.D. Ill. 2003) .....................................................4

*General Star Indemn. Co. v. Anheuser-Busch Cos., Inc.*, No. Civ. 3:97CV2542(EBB), 1999 WL 795555 (D. Conn. Aug. 27, 1999) ..........................................................................................3

*In re Francis O'Brien*, 184 F.3d 140 (2d Cir. 1999) .......................................................................4

*In re Matthews*, 324 B.R. 324 (N.D. Ohio. Bankr. 2005)................................................................4

*Klickads, Inc. v. Real Estate Bd. of N.Y.*, No. 04 Civ 8042(LBS), 2007 WL 2981422 (S.D.N.Y. Oct. 9, 2007) ..............................................................................................................................5

*Knoll v. Equinox Fitness Clubs*, No. 02 Civ. 9120 (SAS), 2004 WL 439500 (S.D.N.Y. Mar. 10, 2004) ...........................................................................................................................................8

*Man Ferrostaal, Inc. v. M/V VERTIGO*, No. 05-CV-10326, 2006 WL 2669315 (S.D.N.Y. Sept. 18, 2006) ......................................................................................................................................6

*Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841 (NRB), 2004 WL 1794504 (S.D.N.Y. Aug. 10, 2004) ............................................................................................................................8

*RJE Corp. v. Northville Indus. Corp.*, No. 02-CV-1440(FB), 2002 WL 1750763 (E.D.N.Y. July 29, 2002) ..................................................................................................................................3, 4

*RJE Corp. v. Northville Indus. Corp.* 329 F.3d 310 (2d Cir. 2003)..............................................3, 5

*Romero v. Peterson*, 930 F.2d 1502 (10th Cir. 1991)......................................................................4

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) .........................................................3, 4

*Slavich v. Local Union No. 551, UAW*, No. 84 C 454, 1991 WL 117921 (N.D. Ill. June 26, 1991) ....................................................................................................................................................4

*Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.*, No. 99 Civ. 4677 (WK), 2002 WL 1967032 (S.D.N.Y. June 4, 2002)..............................................................................................................8

Other Authorities:

Local Civil Rule 6.3 ................................................................................................5, 6, 7, 11

11 Charles Allan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure §
    2810.1 (2007) ........................................................................................................................4

Plaintiff World Wrestling Entertainment, Inc. ("WWE") respectfully submits this Memorandum of Law in opposition to the Motion for Reconsideration of the Portion of the Court's December 21, 2007 Dismissal Order Related to the Release (the "Motion") filed by Defendants Jakks Pacific, Inc. ("Jakks"), Jakks Pacific (H.K.) Limited, Road Champs Limited, Jack Friedman, Stephen Berman and Joel Bennett (collectively, the "Jakks Defendants").

## I. **INTRODUCTION**

In a shameless display of gamesmanship that involves the taking of multiple contradictory positions, and truly pushes the boundaries of proper advocacy, the Jakks Defendants move for reconsideration to attempt to avoid the consequences of their own tactical decision to move to dismiss based on the "Settlement Agreement and General Release of All Claims" (the "Release") between WWE and Jakks. In the Motion, the Jakks Defendants do not actually seek reconsideration of any judgment, but rather ask the Court to make some editorial changes to its December 21, 2007 Opinion and Order (the "12/21/07 Opinion and Order"), so as to remove mention of the Release.

In their June 2, 2006 Memorandum of Law in Support of Motion to Dismiss, however, the Jakks Defendants submitted the Release to the Court and asked the Court to interpret it to bar all of WWE's claims, contending that it was "unambiguous[]" and could be interpreted "as a matter of law." *See* 6/2/06 Mem. of Law at 35. The Court subsequently did read and apply the plain language of the Release in its Opinion, and correctly concluded that the position urged by the Jakks Defendants was without merit because "the Release does not bar the claims at issue here." *See* 12/21/07 Opinion and Order at 77. Now, in their Motion, the Jakks Defendants completely reverse course and argue that the Court should *not* in fact have reached the Release

1

issue, despite the fact that the Jakks Defendants were the sole reason why that issue was placed before the Court in the first instance.

Just as disingenuously, the Jakks Defendants now claim over and over again that the Court improperly considered extrinsic evidence in its Opinion, without ever actually identifying what that supposed evidence is. The Jakks Defendants are unable to identify any such evidence because none was considered by the Court: as is evident from the Opinion, the Court merely read the plain language of the Release submitted by the Jakks Defendants themselves, and did not even hint at one shred of extrinsic evidence. In fact, the only party urging consideration of extrinsic evidence is the Jakks Defendants who, in true Alice in Wonderland fashion, discuss such evidence at length in their Motion while at the same time falsely admonishing the Court for having considered extrinsic evidence. The Jakks Defendants even have the audacity to now claim that "questions of fact abound" which preclude the Court from interpreting the Release on a motion to dismiss. *See* Motion at 3. Further demonstrating their hypocrisy, the Jakks Defendants belatedly—and surreally—attempt to embrace the arguments and authorities advanced by WWE in opposition to their Motion to Dismiss.

The Jakks Defendants' stunning and troubling about-face is a transparent ploy to avoid the consequences of their decision to move to dismiss based on the Release. Such disingenuous gamesmanship surely does not meet the high burden for a motion for reconsideration. Specifically,

- The Jakks Defendants' Motion is not the proper subject of a motion for reconsideration because it does not seek to actually alter the Court's judgment.
- Although the Jakks Defendants claim to be moving to reconsider because the Court supposedly relied on extrinsic evidence from WWE without affording them an opportunity to respond, in reality, the Court did not by any stretch of the imagination consider or rely on extrinsic evidence. Indeed, WWE's arguments exclusively were based on the express terms of the Release and all the Court did was consider those terms.

2

- The Jakks Defendants' Motion merely asserts the same arguments and the same evidence from the record that the Court had before it in ruling on their motion to dismiss.

## II. ARGUMENT

**A. The Jakks Defendants' Motion Should Not Even Be Considered Because It Is Not The Proper Subject Of A Motion For Reconsideration**

The Jakks Defendants' Motion should not even be considered because it does not seek to actually alter the Court's judgment and thus is not the proper subject of a motion for reconsideration.[1] It is well-settled that "reconsideration will generally be denied unless the moving party can point to ... matters ... that might *reasonably be expected to alter the conclusion reached by the court.*" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (emphasis added). This requirement has been applied by courts in this Circuit and elsewhere to mandate the denial of motions for reconsideration—like the Motion here—that do not seek to alter the court's judgment, but merely seek reconsideration of statements that were not necessary to the court's judgment. *See RJE Corp. v. Northville Indus. Corp.*, No. 02-CV-1440(FB), 2002 WL 1750763, at *1 (E.D.N.Y. July 29, 2002), *aff'd*, 329 F.3d 310, 316 (2d Cir. 2003); *General Star Indemn. Co. v. Anheuser-Busch Cos., Inc.*, No. Civ. 3:97CV2542(EBB), 1999 WL 795555, at *1 (D. Conn. Aug. 27, 1999) (denying Rule 60 motion where plaintiff did not "request relief from the Court's ruling" but only "request[ed] certain statements be stricken from [the court's

---

[1] The Jakks Defendants' Motion also appears to be untimely, which is an additional ground mandating its denial. On January 3, 2008, all parties received via the ECF system a copy of the Judgment in this case which specifically stated "ENTERED AS A JUDGMENT ON: 12/28/2007." *See* Exhibit 1. WWE filed its Notice of Appeal that same day. Apparently, without notice to the parties, at sometime after all parties received that Judgment, the clerk's office altered the document to state that it was entered on "1-3-08," as per the date on the original transmittal of the Judgment. Based on the date in the original Judgment itself, however, which was the only judgment ever provided to all parties, the Jakks Defendants' Motion is time-barred under the Local Civil Rules since it was not served "within ten (10) days after the entry of the judgment," excluding weekends and holidays. *See* Local Civil Rule 6.3.

rulings]"); *American Elastics, Inc. v. United States*, 84 F. Supp. 198, 199 (S.D.N.Y. 1949) (denying Rule 59(e) motion because plaintiff's request that the court add certain statements to its judgment would "accomplish nothing"). *Accord Romero v. Peterson*, 930 F.2d 1502, 1505 (10th Cir. 1991) ("The motion to amend did not really seek to challenge the district court's order as required by Rule 59(e); rather, plaintiff sought simply to add another citation to support the judgment he won."); *In re Matthews*, 324 B.R. 324, 325 (N.D. Ohio. Bankr. 2005) (denying plaintiff's motion for reconsideration because plaintiff sought to correct certain statements made by court that "had no bearing on this Court's final decision"); *FDIC v. Ernst & Young, LLP*, 216 F.R.D. 422, 423 (N.D. Ill. 2003) (denying motion seeking reconsideration of statements not necessary to decision); *Slavich v. Local Union No. 551, UAW*, No. 84 C 454, 1991 WL 117921, at *2 (N.D. Ill. June 26, 1991) (denying plaintiff's motion to alter and or amend judgment because plaintiff's requested relief did "not affect the judgment of this court"); 11 Charles Allan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 2810.1 (2007) ("[A]mendment of the judgment will be denied if it would serve no useful purpose.").

Judge Block's ruling in *RJE Corp.* is particularly germane here. Like the Jakks Defendants' Motion, Judge Block noted that "the entire purpose" of the defendant's motion for reconsideration "is to convince the court to reissue the decision omitting the contested portions" that the defendant contended were dicta. *RJE Corp.*, 2002 WL 1750763, at *1. Applying the foregoing authorities, the court concluded that "[s]ince [the defendant], by its own admission, is not seeking to 'alter the conclusion reached by the court,' its motion must be denied." *Id.* (citing *Shrader*, 70 F.3d at 257); *see also Abbs v. Sullivan*, 963 F.2d 918, 924 (7th Cir. 1992) (Posner, J.) ("Rules 59(e) and 60(b) speak of motions to amend or vacate or modify the court's judgment. Dicta are not judgments. A motion to vacate a dictum is outside the scope of these rules ...."); *In*

re *Francis O'Brien*, 184 F.3d 140, 141 (2d Cir. 1999) (citing *Abbs*). On appeal, Judge Block's ruling, including, specifically, his ruling on the defendant's motion for reconsideration, was affirmed by the Second Circuit. *See RJE Corp.*, 329 F.3d at 316.

Similarly, the Jakks Defendants, by their own admission, do not seek to alter, amend or vacate the *judgment* reached by this Court, and by definition could not do so, because the judgment was *in their favor*. To the contrary, they expressly and repeatedly assert in their Motion that "the Court's statement on the Release was not necessary to [the Court's] dismissal order" and that it "under any circumstances was unnecessary to the Court's holding." Motion at 3. It is, therefore, undisputed that the Motion only seeks reconsideration of statements that the Jakks Defendants contend were not necessary to the Court's judgment. *See id.* This is not the proper subject of a motion for reconsideration under the Federal Rules or the Local Civil Rules. *See Klickads, Inc. v. Real Estate Bd. of N.Y.*, No. 04 Civ 8042(LBS), 2007 WL 2981422, at *1 (S.D.N.Y. Oct. 9, 2007) ("Motions for reargument and reconsideration pursuant to Local Rule 6.3 are governed by the same standards governing motions pursuant to Rule 59(e) of the Federal Rules of Civil Procedure."); *see also World Wrestling Entertm't Inc. v. Jakks Pacific, Inc.*, 04-CV-8223 (KMK), at 12 n.3 (S.D.N.Y. Dec. 21, 2007) (Order denying reconsideration (the "12/21/07 Reconsideration Order")) ("The legal standard governing motions under Local Civil Rule 6.3 is the same as that governing Fed. R. Civ. P. 59(e)."). For this reason alone, the Court must deny the Motion.

**B.     The Jakks Defendants' Motion Is An Improper Attempt To Reassert Arguments That Previously Were Considered And Rejected By The Court In Interpreting The Release**

**1.     The Jakks Defendants Ignore The Standards For A Motion For Reconsideration Under Local Civil Rule 6.3**

Even if the Court were to consider the Jakks Defendants' Motion, it must be denied

because it ignores the governing standards for a motion for reconsideration under Local Civil Rule 6.3—indeed, the very same standards the Jakks Defendants previously cited against WWE in these proceedings.

As the Jakks Defendants previously argued, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." 6/23/06 Mem. of Law at 4-5 (citations omitted). In fact, this Court found that there are only four occasions where a motion under Local Civil Rule 6.3 may be granted: (1) in response to a change in controlling law; (2) where new evidence has become available; (3) if there is a need to correct a clear error (facts or law overlooked by the trial judge); or (4) if there is a need to prevent manifest injustice. *See* 12/21/07 Reconsideration Order at 2 (citations omitted). This Court went on to find that:

> [m]otions for reconsideration and reargument are heavily circumscribed. The movant bears a heavy burden, . . . and the standard is strict, . . . Rule 6.3 is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court. . . . Courts have warned that reconsideration is not a "second bite at the apple" for a party dissatisfied with a court's ruling.

*Id.* at 2-3 (citations and quotations omitted).

These principles apply with particular force here. The Jakks Defendants completely ignore, and make no attempt to comply with, the controlling legal standards as articulated by this Court. At bottom, there is no assertion in the Jakks Defendants' Motion "that there has been a change in the controlling law or that new evidence not previously available has subsequently come to light." *Id.* at 4. "This failure alone is sufficient basis to deny [the Jakks Defendants'] motion." *Id.* (citing *Man Ferrostaal, Inc. v. M/V VERTIGO*, No. 05-CV-10326, 2006 WL 2669315, at *1 (S.D.N.Y. Sept. 18, 2006)).

6

Undaunted by the governing law, the Jakks Defendants disingenuously claim that the Motion somehow "is not a proverbial 'second bite at the apple'" because supposedly the Court improperly determined factual issues relating to the Release on a motion to dismiss and the Jakks Defendants "had no advance notice that the Court would credit WWE's uncorroborated assertions as to the intent and purpose of the Release, without at least giving the Jakks Defendants the opportunity to respond." *See* Motion at 1-3, 8. This, however, is a contrived attempt to circumvent the Local Civil Rule 6.3 standard by blatantly mischaracterizing the Court's ruling, WWE's arguments and, perhaps most flagrantly, the Jakks Defendants' own arguments that this Court could and should interpret the Release to bar WWE's claims as a matter of law based on nothing more than the affidavit of their trial counsel. *See* 6/2/06 Mem. of Law at 33 (stating court may consider release on motion to dismiss and citing cases).

As discussed below, the Court did not even hint at any extrinsic evidence in its Opinion, but rather considered only the plain terms of the Release submitted by the Jakks Defendants. Nor do the Jakks Defendants actually identify any extrinsic evidence considered by the Court. Rather, they resort to a trick, by making it seem as though the Court delved into extrinsic issues by considering the "purpose" of the audit, when in fact *all the Court did in that regard was to read the definition of the "Audit" contained in the Release*. *See* 12/21/07 Opinion and Order at 76-77.

In reality, the Motion merely urges on the Court an interpretation of the Release that the Court already considered and rejected. Much of the Motion is spent rehashing the Release language and the allegations of WWE's Amended Complaint already before the Court. The Motion also claims that the Court "overlooked" the "Covenant Not to Sue" language in the Release. However, that provision, like the rest of the Release, was part of the record before the

7

Court and already discussed by the Jakks Defendants in their initial motion to dismiss. As this Court previously noted in these proceedings, merely because "the Court may not have quoted verbatim each of the allegations contained in the Amended Complaint" and the provisions of the Release, does not mean that the Court failed to consider the full record before it in reaching its conclusions. *See* 12/21/07 Reconsideration Order at 12 n.3. Moreover, even the Jakks Defendants do not dispute that the "Covenant Not to Sue" is keyed to the "Audit." Therefore, their argument on the "Covenant Not to Sue" again amounts to a mere disagreement over the Court's interpretation of the "Audit" definition in the Release.

The Jakks Defendants' Motion thus is revealed to be nothing more than their disagreement with the Court's interpretation of the Release—a quintessential attempt at a "second bite at the apple" that must be denied. *See, e.g., Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841 (NRB), 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004) (a motion for reargument is not a way to take "a 'second bit at the apple' for a party dissatisfied with a court's ruling"); *Knoll v. Equinox Fitness Clubs*, No. 02 Civ. 9120 (SAS), 2004 WL 439500, at *1 (S.D.N.Y. Mar. 10, 2004) (a motion for reargument is not "a vehicle 'to reargue those issues already considered when a party does not like the way the original motion was resolved'"); *Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.*, No. 99 Civ. 4677 (WK), 2002 WL 1967032, at *2 (S.D.N.Y. June 4, 2002) ("While the Plaintiffs may disagree with our application of the relevant law to the Defendants' allegations, their disagreement with our decision is not the appropriate subject of a motion for reconsideration.").

### 2. The Court Did Not Consider Or Rely On Extrinsic Evidence From WWE In Interpreting The Release

Contrary to the premise of the Jakks Defendants' Motion, the Court expressly noted that it was not considering, and could not consider, extrinsic evidence in interpreting the Release.

8

*See* 12/21/07 Opinion and Order at 76 ("Given the clear language of the Release, the Court may not consider outside evidence.") (citations omitted). Accordingly, based solely on the express terms of the Release, the Court found:

> It is clear from the language of the Release that the Parties intended to bar claims arising out of the Audit itself. The purpose of the Audit was to determine whether Jakks had reported all of its sales or taken unsupported deductions, and whether Jakks had overpaid WWE. The language of the Release does not remotely suggest that the Audit was intended to investigate potential bribes paid by Jakks to WWE's agents in an effort to procure licenses at below-market rates, or to reach alleged misrepresentations made via mail and wire in an effort to allegedly deprive WWE of the honest services of its agents.... The instant claims do not pertain to the Audit. They pertain to an alleged fraud and commercial bribery scheme, unrelated to any sales payments or deductions, allegedly perpetrated by Defendants. Therefore the Release does not bar the claims at issue here.

*Id.* at 76-77 (citations omitted) (emphasis added).

Even now, the Jakks Defendants cannot, and do not, identify any extrinsic evidence considered by the Court. Although they try to make it seem as though the Court delved into extrinsic issues by considering the "purpose" of the audit, the Court actually only referred to the definition of "Audit" as contained in the Release. *See* 12/21/07 Opinion and Order at 76-77.

It is equally unfounded for the Jakks Defendants to suggest that WWE's arguments on the Release involved uncorroborated extrinsic evidence. As set forth in WWE's briefs and the transcript of the September 6, 2006 oral argument, WWE's arguments exclusively were based on the express terms of the Release, including, in particular, that it (1) only released claims "arising from or relating to the Audit," (*see* Release at ¶ 2); (2) describes the "Audit" as "an audit of Jakks accounting records for the accounting period of the second quarter of 1996 through June 30, 2002," (*see id.,* Recitals); (3) makes clear that the audit came about because "a dispute exist[ed] between the Parties concerning the Audit in that WWE contends Jakks failed to report

various sales and that Jakks took unsupported deductions and wherein Jakks contends that it overpaid WWE," (*see id.*); (4) contains an express "Reservation of Rights" provision that states, "Nothing, however, contained herein shall limit any right or remedies that the Parties may have in contract, by law or otherwise in respect of any claim not related to the Audit," (*see id.* ¶ 17); and (5) does not in any way reference Stanley Shenker, Jim Bell, improper payments, and/or the corruption of Shenker's and Bell's fiduciary duties of honest services to WWE. Plainly, arguments grounded in the language of the Release that the Jakks Defendants injected into these proceedings are not "extrinsic evidence" and the Jakks Defendants have offered no reason why they would be.

### 3. The Jakks Defendants' Motion Seeks To Avoid The Consequences Of Their Tactical Decision To Move To Dismiss Based On The Release

At bottom, the Jakks Defendants' Motion seeks to avoid the consequences of their tactical decision to move to dismiss based on the Release. It was the Jakks Defendants that implored the Court to interpret the Release as a matter of law on their motion to dismiss. It is highly inappropriate and hypocritical for the Jakks Defendants now to claim that such an interpretation involves a factual determination that cannot be made on a motion to dismiss. If that were the case, why did the Jakks Defendants move to dismiss on that basis in the first instance? No doubt the Jakks Defendants would not have been concerned with the Court making factual determinations had they been in their favor.

Further demonstrating their hypocrisy, the Jakks Defendants belatedly and disingenuously attempt to embrace the arguments advanced by WWE that the Court could not interpret the Release as a matter of law on a motion to dismiss and that there were factual disputes as to the parties' intentions in executing the release. The Jakks Defendants now even go so far as to rely on authorities cited by WWE, which they claim preclude interpretation of the

10

Release on a motion to dismiss. *See* Motion at 19-20. Again, it is telling that the Jakks Defendants have only raised these concerns, which squarely contradict positions that they took in their Motion to Dismiss, after the Court decided this issue against them. To be sure, such desperate attempts to avoid the consequences of their own tactical decisions ring hollow and do not warrant reconsideration under Local Civil Rule 6.3.

### III. CONCLUSION

For all the foregoing reasons, the Jakks Defendants' Motion for Reconsideration of the Court's December 21, 2007 Dismissal Order Related to the Release should be denied.

Respectfully submitted,

By: /s/ Peter N. Flocos
Jerry S. McDevitt (Pro hac vice)
Curtis B. Krasik (Pro hac vice)
Amy L. Barrette (Pro hac vice)
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
(412) 355-6500 (phone)
(412) 355-6501 (fax)

Peter N. Flocos
599 Lexington Avenue
New York, New York 10022-6030
(212) 536-3900 (phone)
(212) 536-3901 (fax)

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP

Attorneys for Plaintiff, World Wrestling Entertainment, Inc.

Dated: February 1, 2008

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **MEMORANDUM OF LAW IN OPPOSITION TO THE JAKKS DEFENDANTS' MOTION FOR RECONSIDERATION OF THE PORTION OF THE COURT'S DECEMBER 21, 2007 DISMISSAL ORDER RELATED TO THE RELEASE** was served on the following counsel of record via electronic mail service and first-class U.S. mail, postage prepaid this 1st day of February, 2008:

_/s/ Peter Rees_

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
WORLD WRESTLING ENTERTAINMENT, INC.

#_____

04 Civ. 8223 (KMK)

**Plaintiff,**

**JUDGMENT**

-against-

JAKKS PACIFIC, INC., JAKKS PACIFIC (H.K.)
LIMITED, ROAD CHANMPS LIMITED, THQ, INC.,
THQ/JAKKS PACIFIC, L.L.C., THE JOINT VENTURE
OF THE THQ, INC., STANLEY SHENKER AND
ASSOCIATES, INC., STANLEY SHENKER, BELL
LICENSING, L.L.C., JAMES BELL, JACK FRIEDMAN,
STEPHEN BERMAN, JOEL BENNETT, BRIAN
FARRELL, QUANTUM EQUITIES, LLC, FRANK
WHITING,

**Defendants.**
--------------------------------X

Whereas the above entitled action having been assigned to the Honorable Kenneth M. Karas, U.S.D.J., and the Court thereafter on December 21, 2007 having handed down an Opinion and Order (Docket # 194) granting Defendants' Motions to Dismiss, and denying Plaintiff's Motion to Strike as moot, it is,

**ORDERED, ADJUDGED AND DECREED:** that Defendants' Motions to Dismiss are granted with prejudice and Plaintiff's Motion to Strike is Denied as Moot and the case is hereby closed.

Dated: White Plains, N.Y.
December 28, 2007

*J. Michael McMahon*

Clerk of Court - J. Michael McMahon

ENTERED AS A JUDGMENT ON: 12/28/2007

I:\JUDGMENT\WWE.223.wpd